FILED
U.S. DISTRICT COURT
12 MAR 02 PM 3:57
DISTRICT OF UTAH
BY: DEPUTY CLERK

Susan Rose #7984
*Attorney for the Defendants*
9553 South 1335 East
Sandy, Utah 84092
(801) 545-0441

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**
**UNITED STATES OF AMERICA**

| | |
|---|---|
| UNITED STATES<br>*PLAINTIFFS*<br><br>V.<br><br>DANNY C. AND SALLY J. SIMONS<br>*DEFENDANTS.* | MOTION TO DISMISS<br>IRS CLAIMS FOR LACK OF<br>SUBJECT MATTER JURISDICTION<br>MEMORANDUM OF LAW<br>ORAL HEARING REQUESTED<br>CIVIL No. 2:92CV1017B |

NOW COME THE DEFENDANTS, in the above-entitled action, by and through their undersigned attorney, Susan Rose, Esq., (based in part upon new evidence released to the Taxpayer under subpoena of records on March 1, 2002 DEF. EX. 8), pursuant to Federal Rules of Civil Procedure at Rules 12 and 56, and 28 USC 1345,[1] 1658, and 28 USC 1291 and 1292, move the Court for dismissal of IRS claims and/or summary judgment, based upon violations of Taxpayer entitlements found in following Internal Revenue Code (IRC) sections: 26 USC 6203 (proper assessment), and 6215 (assessment of Tax Court Deficiencies), 6302 and 6303 (timely

[1] "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress. " emphasis added. 28 USC 1345.



164

TABLE OF CONTENTS

**SUMMARY OF THE ARGUMENTS**.................................................. 2

*No Liabilities- Full accord and satisfaction*.................................. 2

*No Liabilities- Lack of Timely or Valid assessment* ....................... 3

*Lack of Notice and Demand* ........................................................ 3

*Lack of any Reliable Evidence in Opposition to the Taxpayers*..... 4

*The Quiet Title Action is Moot*...................................................... 4

*The Evidence was Withheld* ........................................................ 4

**JURISDICTION OF THE COURT**.................................................... 5

**SUMMARY JUDGMENT MOTION AND STANDARD** .................. 7

**LACK OF ANY RELIABLE EVIDENCE SHOWING ANY LIABILITY**.. 7

**NO LIABILITY DUE TO A FULLY SATISFIED SETTLEMENT AGREEMENT**...9

*The Undisputed Facts Verifying Full Payment of a Contract*........ 10

*Legal Arguments*.......................................................................... 11

**NO LIABILITY DUE TO A LACK OF TIMELY ASSESSMENT**.... 14

*Undisputed Facts as to Why the July 25, 1983 Alleged Assessment was Untimely and Invalid* ............................ 15

**NO TIMELY NOTICE AND DEMAND**............................................ 17

*Undisputed Facts as to why Taxpayers Received No Notices and the Computer Readout is in Error*........................... 18

*Legal Arguments*.......................................................................... 19

**CONCLUSION** ............................................................................. 20

***Table of Cases***

Abrams v. Commissioner,
787 F.2d 939, 941 (4th Cir.), cert. denied , 479 U.S. 882 (1986) ..........

Alabama State Federation of Labor v. McAdory,
325 U.S. 450, 461 (1945)............................................................ 6

American Fire & Casualty Co. v. Finn,
341 U.S. 6, 17 -18 (1951)............................................................ 5

Anderson v. Liberty Lobby, Inc
477 U.S. 242, 251 (1986)).................................................................. 7

Anthony v. United States ,
987 F.2d 670, 673-74 (10th Cir. 1993)............................................. 2,9,11,17

Big Spring v. United States,
767 F.2d 614, 616 (9th Cir. 1985) cert. denied,
476 U.S. 1181 , 106 S. Ct. 2914, 91 L. Ed. 2d 543 (1986)..................... 5

Brewer v. U. S.,
764 F. Supp. 309 (S.D.N.Y. 1991) ..................................................... 15

Capron v. Van Noorden,
2 Cranch 126, 127 (1804).................................................................. 5

Celotex Corp. v. Catrett ,
477 U.S. 317, 322 (1986).................................................................. 7

Coggin v. Commissioner,
71 F.3d 855, 861-63 (11th Cir.1996)................................................... 16

Freytag v. Commissioner,
501 U.S. 868 (1991).......................................................................... 5

Giles v. Harris,
189 U.S. 475, 486 (1903).................................................................. 6

Grunwald v. Commissioner ,
86 T.C. 85, 89 (1986)........................................................................ 17

Guthrie v. Sawyer,
970 F.2d 733, 735 (10th Cir. 1992)..................................................... 18,19

Heckler v. Community Health Service,
467 U. S. 51, 61 (1984)..................................................................... 13

Holof v. Commissioner ,
872 F.2d 50, 52 (3d Cir. 1989............................................................ 9,16

Hurt v. U. S.
70 F. 3d 1261, (4th Cir. 1995)............................................................ 9,11

King v. Union Oil Co. ,
117 F.3d 443, 445 (10th Cir. 1997)........................................................ 13

Kurio v. U. S. 71-1 USTC, 85,556 ........................................................ 18

Loring v. United States,
610 F.2d 649, 650 (9th Cir. 1979)........................................................ 5

Malkin v. United States,
http://laws.findlaw.com/2nd/006083.html............................................ 16

Mansfield, C. & L. M. R. Co. v. Swan,
111 U.S. 379, 382 (1884) ..................................................................... 5

Muskrat v. United States,
219 U.S. 346, 361 (1911)...................................................................... 13

Pursifull v. USA,
92-2 USTC ¶50,346 (DC SD Ohio 1992)............................................. 14,15

Raymond E. and Dorothy J. O'Bryant,
dkt. No.94-2230 7th Cir. Decision entered on March 13, 1995)............ 13

Ripley v. Commissioner of Internal Revenue ,
103 F.2d 332, 334 n.3 (4th Cir. 1996).................................................. 16,17

Robinson v. USA,
91-1 USTC ¶50,001, 920 F. 2d 1157 (CA-3 1990)................................ 15

Roszkos v. Commissioner
850 F.2d 514, 516-17 (9th Cir. 1988), cert. denied , 489 U.S. 1012 (1989)...... 17

Silverman v. Commissioner
1st Cir., Docket no. 95-2062, decision entered June 20, 1996............... 16

Simons v. CIR,
Docket Nos. 98-9012 & 98-9013, decision entered July 13, 1999.......... 10

Sisseton-Wahpeton Sioux Tribe v. United States,
895 F.2d 588, 592 (9th Cir.), cert. denied,
498 U.S. 824 , 111 S. Ct. 75, 112 L. Ed. 2d 48 (1990)........................... 5

Stallard v. USA
92-2 USTC ¶50,596, 806 F. Supp. 152 (DC WD Tex. 1992) .................. 14,15

Stange v. United States ,
282 U.S. 270, 276 (1931) .................. 16

Thomas v. Wichita Coca-Cola Bottling Co. ,
968 F.2d 1022, 1024 (10th Cir. 1992) .................. 7

Treaty Pines Investments Partnership v. Comm.
70 AFTR2d 92-5435 (967 F.2D 206). .................. 14

United States v. Hodgekins ,
28 F.3d 610, 614-15 (7th Cir. 1994) .................. 17

United States v. National Steel Corp. ,
75 F.3d 1146, 1151 (7th Cir. 1996) .................. 17

USA v. Simons, Tenth Circuit Court,
No. 96-4093 and No. 95-4200 (1996) .................. 8

*UOP v. USA*,
9th Circuit September 16, 1996 .................. 6

William v. United States,
289 U.S. 553, 566 (1933) .................. 6

Yakus v. United States,
321 U.S. 414, 467 -468 (1944) .................. 6

## CONSTITUTIONAL PROVISIONS

Article III .................. 5,6

## STATUTES

26 USC 6203 .................. 1
26 USC 6312 .................. 15
26 USC 6215 .................. 1
26 USC 6302 .................. 1,3
26 USC 6303 .................. 1, 3,18
26 USC 6321 .................. 19

Case 1:06-cv-00115-SGB Document 12-8 Filed 05/13/2006 Page 6 of 34

26 USC 6331 .......... 18
26 USC 6404 .......... 1
26 USC 6406 .......... 9
26 USC 6503 .......... 1,16
26 USC 7402 .......... 6
28 USC 1291 .......... 1
28 USC 1292 .......... 1
28 USC 1345 .......... 1,6
28 USC 1658 .......... 1

RULES OF CIVIL PROCEDURE

FRCP 12 .......... 1,7
FRCP 56 .......... 1,7

IRS MANUAL

Internal Revenue Manual at 35.10.7.4 .......... 11

Internal Revenue Manual at 35.10.7-1 .......... 11

Internal Revenue Manual at 5314.1 .......... 16

OTHER SOURCES

Treasury Department's "Report to Congress on Netting of Interest on Tax Overpayments and Underpayments" April 17, 1977 .......... 12

Susan Rose #7984
*Attorney for the Defendants*
9553 South 1335 East
Sandy, Utah 84092
(801) 545-0441

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**
**UNITED STATES OF AMERICA**

| | |
|---|---|
| UNITED STATES<br>*PLAINTIFFS*<br><br>V.<br><br>DANNY C. AND SALLY J. SIMONS<br>*DEFENDANTS.* | MOTION TO DISMISS<br>IRS CLAIMS FOR LACK OF<br>SUBJECT MATTER JURISDICTION<br>MEMORANDUM OF LAW<br>ORAL HEARING REQUESTED<br>CIVIL No. 2:92CV1017B |

NOW COME THE DEFENDANTS, in the above-entitled action, by and through their undersigned attorney, Susan Rose, Esq., (based in part upon new evidence released to the Taxpayer under subpoena of records on March 1, 2002 DEF. EX. 8), pursuant to Federal Rules of Civil Procedure at Rules 12 and 56, and 28 USC 1345,[1] 1658, and 28 USC 1291 and 1292, move the Court for dismissal of IRS claims and/or summary judgment, based upon violations of Taxpayer entitlements found in following Internal Revenue Code (IRC) sections: 26 USC 6203 (proper assessment), and 6215 (assessment of Tax Court Deficiencies), 6302 and 6303 (timely

[1] "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress. " emphasis added. 28 USC 1345.

notice and demand), 6331 (a) (levy only if taxpayer is liable), 6503 (three year statute of limitations on assessment), 6321 (Liens, only if liable); 6404 (IRS can not pursue those amounts relinquished in an agreement). Further, the Taxpayers also rely upon the legal theory of res judicata that precludes this Court from having jurisdiction over the IRS claims. The Taxpayers exhausted administrative remedies when their records were withheld and the Taxpayer Advocate (Problems Resolution person would or could not assist them.) DEF. EX. 19

**SUMMARY OF THE ARGUMENTS**

*No Liabilities- Full accord and satisfaction*

Taxpayers assert any stipulated Tax Court decision liabilities were paid with very restricted interest. The IRS policies in 1982 calls for the IRS to include in the stipulated decision specific paragraphs to protect any IRS interest claims and to preclude later disagreements. A underlying work sheet also calls for the IRS personnel to fill in a blank identifying the IRC section that interest is to be applied. Neither the fill- in - the - blank sentence or the paragraphs designated by policy were included in the stipulated decision or underlying work documents to protect any IRS claims of additional interest being included in the agreement. Any ambiguities in a stipulated Tax Court decision are to be construed against the IRS drafters. See Anthony v. United States , 987 F.2d 670, 673-74 (10th Cir. 1993). Under principals of *res judicata*, the IRS could have followed its own policies to protect any claims of interest. Other evidence also demonstrates that the amount paid fully sastisfied the tax, interest, and penalties upon which the IRS is seeking to quiet title.

Case 1:02-cv-00115-SDB Document 128 Filed 05/12/2006 Page 9 of 34

*No Liabilities- Lack of Timely or Valid assessment*

Taxpayers are entitled to a timely and valid assessment (IRC 6215, 6203, 6503, 6331, 7402) and accurate proof of such prior to any IRS collection efforts by way of a IRC 6302 and 6303 . The Taxpayers assert that a March 1, 2002 letter from the Ogden Service Center and a form 872 extension of the statutes of limitation for assessment to a time certain, shows that there was no timely or valid determination of assessment done after October 16, 1975. An internal assessment request document shows an assessment was ordered to be done after the IRS' own designated assessment statute expiration date. The March 21, 2002 letter stated that ""Notice and Demand" notices are computer-generated and automatically forwarded to the taxpayer upon *determination of assessment.*" (emphasis added), that no paper record of notices and demands exists, however, a "highlighted transcript of account for tax year 1974 ...reflects the notice issuance date." The single issuance date applies to an October 16, 1975 'determination of assessment' date, and to no others.

*Lack of Notice and Demand*

Taxpayers are entitled to a IRC 6302 and 6303 timely written notice and demand for any assessments. None have been received since 1975. The March 1, 2002 letter verifies that no notices and demand were issued on the account other than initially in 1975 that was paid less than a month later. Numerous Computer codes show any notices later than 1975 would be held or destroyed by way of the Service Center Replacement System policy.

*Lack of any Reliable Evidence in Opposition to the Taxpayers*

Taxpayers are entitled to an accurate Certificate of Assessment. No case law exists allowing the IRS to collect a claim based upon a materially and demonstrably flawed Certificate of Assessment. Here, this Certificate of Assessment is the only evidence the IRS relies upon for evidence of an assessment or mailing of notices, is untimely as signed nearly a decade after the 1983 stipulated Tax Court decisions, and fails to contain codes identifying the 1988 liens and levies, the notice of intent to levy sent AFTER the levy, the form 872 statute extension of the Assessment statute expiration date until a time certain, the issuance of the Notice of Deficiency, among others.

*The Quiet Title Action is Moot*

Since 1995 -1996 there have been no liens and levies upon which to collect. All were released and the account credited with $76,000 to close the account.

*The Evidence was Withheld*

The Tenth Circuit has found that documents were being withheld from the Simons' administratively and via Freedom of Information Act and Privacy Act requests. The withholding of records, particularly original returns, and the form 872 assessment statute expiration date extension until a time certain, have lead to prolonged and vexatious litigation. The fact that it is now, March 1, 2002, nearly two decades since their stipulated Tax Court decision that the Taxpayers are receiving any kind of explanation by the IRS of their account and verification of the lack of a timely assessment and valid notice and demand. Such withheld

records, when the IRS had access to them all along, should be grounds for granting the Taxpayers relief under the Court's enumerated powers.

Under all the above circumstances, there is no IRC 7340 'substantial justification' for the IRS having liens and levies on the account or bringing this suit into this Court as in each instance, the IRS failed to adhere either to a statute, revenue ruling, or other written and published advice. There is no basis in fact or law to support the IRS. None. Thus, this Court lacks jurisdiction to hear or grant relief for IRS claims arising outside the revenue laws.

**<u>JURISDICTION OF THE COURT</u>**

The IRS can not circumvent the statutes defining and confining it by use of Court pleadings. "Such an error [lack of subject matter jurisdiction] may be raised by a party, and indeed <u>must be noticed</u> sua sponte by a court, at all points in the litigation, *see*, e. g., *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17 -18 (1951); *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382 (1884); *Capron v. Van Noorden*, 2 Cranch 126, 127 (1804). " Emphasis added. <u>Freytag v. Commissioner</u>, 501 U.S. 868, 897 (1991)(J. Scalia Concurrence) "Even if both litigants not only agree to, but themselves propose, such a course, the judge must tell them no." Id.[2] This Court's jurisdiction is based on Article III, Sec. 1, of the United States

---

[2]See <u>Sisseton-Wahpeton Sioux Tribe v. United States</u>, 895 F.2d 588, 592 (9th Cir.), cert. denied, 498 U.S. 824 , 111 S. Ct. 75, 112 L. Ed. 2d 48 (1990) ("The plaintiff's failure to sue within the period of limitations is not simply a waivable defense; it deprives the court of jurisdiction to entertain the action."); see also <u>Big Spring v. United States</u>, 767 F.2d 614, 616 (9th Cir. 1985) ("Section 2401(a), if it applies, is jurisdictional."), cert. denied, 476 U.S. 1181 , 106 S. Ct. 2914, 91 L. Ed. 2d 543 (1986); <u>Loring v. United States</u>, 610 F.2d 649, 650 (9th Cir. 1979) (Section 2401(a) is jurisdictional). Therefore, it

Constitution and is a prerequisite to the exercise of judicial power. William v. United States, 289 U.S. 553, 566 (1933) Yakus v. United States, 321 U.S. 414, 467 -468 (1944) (Justice Rutledge dissenting). "*Except as otherwise provided by Act of Congress*, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 USC 1345. See, 26 I.R.C. 7402(e) ( jurisdiction over "any action brought by the United States to quiet title to property *if the title claimed by the United States to such property was derived from enforcement of a lien under this title*. " Emphasis Added.) The Court has authority to "issue orders, processes, and judgments. . . as may be necessary or appropriate for the enforcement *of the internal revenue laws*." 26 IRC 7402(a). If the liens are created outside of those laws, there is no jurisdiction of the Court. Procedural and substantive validity of the liens is presumed.

Further, Article III Sec. 2, requires a case or controversy and a 'real', versus hypothetical, injury and "not to decide abstract, hypothetical or contingent questions." Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 461 (1945). A party cannot maintain a suit "for a mere declaration in the air." Giles v. Harris, 189 U.S. 475, 486 (1903). The IRS has no injury if the 1983 stipulated Tax Court decision was fully satisfied or there were no timely valid assessments upon which to collect.

---

may not be waived and *must* be reviewed de novo. See *Pit River*, 30 F.3d at 1100 (jurisdictional defect may be asserted by parties at any time or by the court sua sponte). *UOP v. USA*, 9th Circuit September 16, 1996.

## SUMMARY JUDGMENT MOTION AND STANDARD

The Plaintiffs are also moving the Court for an Order of Summary Judgment based upon no genuine issues of material fact existing, as there is no reliable IRS evidence to support the IRS claims. Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To meet the burden of production required to support summary judgment, the movant "need only point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992) (citing Celotex, 477 U.S. at 322-23). Summary judgment will then lie if the movant establishes entitlement to judgment as a matter of law "given [the] uncontroverted, operative facts." Id. (citing Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 251 (1986)).

## LACK OF ANY RELIABLE EVIDENCE SHOWING ANY LIABILITY

The Certificate of Assessments (DEF. EX. 1 CA) as submitted to the Court in 1992 in support of the IRS' current quiet title action is defective in the following omissions:

a. No Transaction Code (TC) 494 for a Notice of Deficiency

b. No TC 582 for the 1988 tax liens that were filed PRIOR to any notice and demand.

c. No TC 560 for the form 872 assessment statute expiration date extension.

d. A TC 520 IRS litigation suspension code placed on the account AFTER the stipulated decision.

e. MF-STAT notice entries when no notices were sent, as per the IRS' analysis of the Taxpayers' computer readout in their March 1, 2002 letter.

See DEF. EX. 1A-CA for code definitions.

No Court has ever relied upon a demonstrably erroneous Certificate of Assessment to find for the IRS. This flawed Certificate of Assessment is the IRS' ONLY evidence to support their claims.

Notably, here, the IRS has not even so much as designated the assessment upon which the IRS liens and levies were initially produced. And finally, the issue of foreclosing on levies and liens is moot. From 1995 through 1996, the IRS lifted all the liens and levies. The Tenth Circuit court found that the Taxpayers were having to request documents multiple times in FOIA to receive what should have been administrative and discovery available information.

> "The fact that this document is now surfacing is -- I believe one of the reasons we have a statute of limitations -- here we are some almost 20 years after the return was filed and we are dealing with documents surfacing. This is a case where Mr. Simons had filed three or four or actually four or five Freedom of Information Act Requests . . . to even receive responses from the Internal Revenue Service that the . . . 656 that was signed by the government, did not exist. He actually received a copy of an unsigned one through the Freedom of Information [sic]. There is even a letter from the district director saying that no such document exists, but in fact *we now have a document that reflects the fact that there was an agreement.* " emphasis added.

USA v. Simons, Tenth Circuit Court, No. 96-4093 and No. 95-4200 (1996).

Case 1:06-cv-00115-SGB Document 12-3 Filed 05/13/2006 Page 15 of 34

Under the law of the case, there is no question that the Taxpayers' documents were being withheld. administratively, in disregard for FOIA requests, and production requests all of which bind the IRS. Further, the Taxpayer Advocate (at that time Problems Resolution Person failed to assist the Taxpayers DEF. EX. 17). Thus, the Taxpayers exhausted administrative remedies.

**NO LIABILITY DUE TO A FULLY SATISFIED SETTLEMENT AGREEMENT**

> No *part* of the amount determined as a deficiency by the Secretary **but disallowed as such by the decision of the Tax Court which has become final** shall be assessed or be collected by levy or by proceeding in court with or without assessment. 26 USC 6215(a).
>
> "In the absence of fraud or mistake in mathematical calculation, the findings of fact in and the decision of the Secretary upon the merits of any claim presented under or authorized by the internal revenue laws and the allowance or non-allowance by the Secretary of interest on any credit or refund under the internal revenue laws shall not, except as provided in subchapters C and D of chapter 76 (relating to the Tax Court), be subject to review by any other administrative or accounting officer, employee, or agent of the United States."

Emphasis added. I.R.C. 6406.

The IRS' quiet title action is based upon alleged assessments made as a result of two Tax Court stipulated decisions presumably with 1974's being the late July 25, 1983 assessment. The Tenth and Fourth Circuit Courts have ruled that these stipulated decisions are contracts, and *any* ambiguity in the contracts are construed against the drafter. In both circuits, the cases involved post judgment IRS claims for interest. Anthony v. United States , 987 F.2d 670, 673-74 (10th Cir. 1993); Hurt v. U. S. 70 F. 3d 1261, (4th Cir. 1995).

*The Undisputed Facts Verifying Full Payment of a Contract*

(1) The Tenth Circuit Court has found in both Simons' appellate decisions that there was a 'settlement agreement' and an 'underlying agreement' referencing settlement letters. "The record before us does not contain a copy of the settlement agreement ultimately reached between the taxpayers and the IRS, but it does contain some correspondence from the taxpayers' counsel concerning proposed terms of the settlement." Emphasis Added. Simons v. CIR, Nos. 98-9012 & 98-9013 http://laws.findlaw.com/10th/989012.html. Under the law of the case, this fact has been proven. The Tenth Circuit has also stated that the details of the agreement are not fully known, mentioned the letters of settlement. Thus, the agreement is ambiguous and is to be construed against the IRS whose boilerplate language was used. (2) The 1974 Tax Court stipulated decision, Docket no. 10312-79, and Tax Court stipulated decision for 1972 and 1973, Docket no. 13016-80, (DEF. EX. 2 and 3), issued on the same day, with identical underlying work documents do not provide for protection of the IRS' claim of any specified statutory interest pursuant to IRM guidelines. (3) The IRS- drafted underlying work documents (DEF. EX. 4) identical for both Tax Court decisions, show the IRS has left empty a fill in the blank sentence identifying which statutory interest would apply to the transaction. (4) A District Counsel's Decision (DEF. EX. FOIA 5) shows that both Tax Court decisions for all three years, 1972, 1973, and 1974 was a package settlement of two tax court decisions made with Appeals approval. (5) An unrebutted Taxpayer calculation (DEF. EX. 7) accounts for how a $49, 545.65

1973, and 1974. (6) The IRS posted a late 'quick' assessment on July 25, 1983 with supervisor's approval (DEF. EX. FOIA 13) (7) the IRS'5 yr. silence shows the IRS was probably trying not to collect. (8) Multiple year payments are nearly always mis-credited. (DEF. EX. 18).

*Legal Arguments*

The Tenth Circuit in Anthony and the Fourth Circuit Court in Hurt, *supra*, have found that a 'settlement' agreement in a stipulated Tax Court decision is a contract between the IRS and the Taxpayer that involves all issues - tax, interest, and penalties. 'Interest' is part of the term 'tax' as is found in the stipulated decisions. Id. The Taxpayers' unrebutted calculation shows there was full payment of tax, penalties, and restricted interest for all three years. Here, if the IRS was to protect its claim to full interest in the two Tax Court Decisions, the taxpayer was to be put on clear notice by the IRS adding the following paragraph from the Internal Revenue Manual at 35.10.7.4- Interest Paragraphs in Stipulated Decision Documents (1992)

. . . "[T]he separate stipulation document or the stipulation part of the combined stipulation and decision document should contain the following paragraph:

> "It is stipulated that interest will be assessed as provided by law on the deficiency(ies) in tax, addition(s) to tax, and penalty(ies) due from the petitioner"

IRM 35. 10.7-1

> "The interest paragraphs are nonoperating insofar as the decision of the Tax Court is concerned. Rather, their purpose is to avoid any misunderstanding at a later date on the amounts to be collected under the terms of the settlement, whether such amounts involve a statutory deficiency, or liability, a deficiency to be assessed, unpaid portions of prior assessments, or overpayments."emphasis added.

assessed, unpaid portions of prior assessments, or overpayments."emphasis added.

If the IRS wished to include the paragraph in the decision at the time to specifically protect any interest claims they allegedly had, they had the policy guidance, offices of appeals, district counsel, and auditing overseeing this settlement agreement [as shown in the District Counsel's decision and underlying work documents] and could have included it, and failed to do so. Additionally, something as simple as merely filling in the blank to identify what statute would apply for any interest that was to be collected could most assuredly have been done, especially if full interest was to be collected on both accounts. Under principles of res judicata and laches, the IRS is prohibited from now claiming what they could have claimed in 1983 by merely following their own policies. Further, one can only reasonably conclude that the IRS knew the computer could only credit interest all the way back to the date the return was due [3], knew how to clearly inform the taxpayer of any substantial amount of interest due and protect the IRS' now alleged interest, and proceeded to purposefully assess 1974 late and zeroed out the account in 1983, (DEF. EX. 9 March 1, 2002 computer transcript showing zero 1983 assessment) with supervisor oversight, crediting 1974's tax payment to only 1973's full interest (DEF. EX. 10 1973 transcript). The current March 1, 2002 letter (DEF. EX. 8) does not designate the July 25, 1983 entry as one for which notices were sent (DEF. EX. 9 color copy

[3] Treasury Department's "Report to Congress on Netting of Interest on Tax overpayments and underpayments" April 17, 1997 (stating the departments showed by example how easy administering netting of interest would be, yet showed 25 pages of documents "requiring manual data input" at pg. -42- )

showing the IRS' highlighting). If the assessment is late, logically none would issue. The unrebutted Taxpayers' calculation showing how their payment paid for all three years to within .07 cents. (DEF. EX. 7).

> "When a taxpayer mails the IRS a check in the full amount of his assessed tax liability, and the IRS cashes it, the taxpayer's liability is satisfied, and unless a new assessment is made later on, any erroneous, unsolicited refund that the IRS happens to send the taxpayer must be handled on its own terms, not under the rubric of the assessed liability. "

Raymond E. and Dorothy J. O'Bryant, dkt. No.94-2230 (7th Cir. March 13, 1995) ( tp's had fully paid, and even erroneous refunds must be collected in accord with statutes).

Without IRC 7340 'substantially justifiable' claims the IRS has no standing, and without standing of the plaintiff, the Court has no 'claim or controversy' to settle. U.S. Constitution Article III, sec. 2. See, Muskrat v. United States, 219 U.S. 346, 361 (1911). Plaintiffs can find no law contrary to the Anthony and Hurt cases that declare stipulated Tax Court decisions are a contract, ambiguities are against the IRS. "Where the government enters into an agreement with its citizens, it has a duty to act with at least a 'minimum standard of decency, honor, and reliability." Heckler v. Community Health Service, 467 U. S. 51, 61 (1984). "Res judicata, or claim preclusion, precludes a party . . . from relitigating issues that were or *could have been* raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits." King v. Union Oil Co. , 117 F.3d 443, 445 (10th Cir. 1997) (emphasis added). "While we acknowledge that the fisc of the Nation should be protected when proper to

do so, protection at the expense of a taxpayer's rights is quite improper." Treaty Pines Investments Partnership v. Comm. 70 AFTR2d 92-5435 (967 F.2D 206).

## NO LIABILITY DUE TO A LACK OF TIMELY ASSESSMENT

A timely and valid 6501(a) assessment is an absolute pre requisite for establishing a taxpayers liability and to give the IRS collection authority.[4] On March 1, 2002, the IRS Ogden Disclosure office, identified only one date on the Taxpayers' Individual Master File (IMF) showing a 'determination of assessment' date of only October 6, 1975 for which notices would issue, as highlighted by the IRS (DEF. EX. 8 and 9). The IRS' highlighted transcript and letter explains the highlighting as the 'date', not 'dates', pertaining to a 'determination of assessment'. See, FOIA- ND 1. The ONLY evidence of any alleged assessments is a materially flawed 1992 Certificate of Assessment (DEF. EX 1-CA) relied upon by the IRS to support their complaint and contention that there was a valid assessment and timely notice and demand.

The IRS must adhere to strict compliance with the assessment laws. See, David Stallard v. USA 92-2 USTC ¶50,596, 806 F. Supp. 152 (DC WD Tex. 1992) ("Therefore, a Certificate of Assessment and Payments prepared and executed after the expiration of the statute of limitations is no evidence that a valid assessment occurred. " Emphasis Added.); Joseph R. Pursifull v.

---

[4] "1. All tax assessments must be recorded on form 23-C Assessment Certificate. The Assessment Certificate must be signed by the Assessment Officer and dated. The Assessment Certificate is the legal document that permits collection activity." IRM 3 (17)(63)(14) Account 6110 Tax Assessments. The IRS cannot assess a tax after the statute of limitations bar has fallen on assessments even if the taxpayer agrees to the assessment. Rev. Rul. 72-42, 1972-1 C.B. 398.

USA, 92-2 USTC ¶50,346 (DC SD Ohio 1992). (an unsigned 23C form rebuts any government 'certificate of assessment's ' presumed validity.) Here, we have no 23C form whatsoever. 26 CFR §§ 301.6203-1.3 . See also, Albert E. Robinson v. USA, 91-1 USTC ¶50,001, 920 F. 2d 1157 (CA-3 1990) (describing the tax assessment regulatory requirements). "A signature requirement protects the taxpayer by ensuring that a responsible officer has approved the assessment......" Brewer v. U.S., 764 F. Supp. 309, 315 (S.D.N.Y. 1991). A Certificate of Assessments and Payments, normally provided by the government but which is signed and dated after the limitation period on assessment has expired is a legal nullity and not evidence of a valid tax assessment. David Stallard *supra*. The IRS' March 1, 2002 letter clarifies for all parties that the only date of a 'determination of assessment' was October 6, 1975. Ex. FOIA-ND 1.

*Undisputed Facts as to Why the July 25, 1983 Alleged Assessment was Untimely and Invalid*

(1) The Taxpayers signed a form 872 consent to waive the time restrictions on assessment for tax year 1974 until the time certain of April 15, 1979. and for *"60 days thereafter."* (DEF. EX. 10) (2) The Taxpayers were mailed a timely notice of deficiency on April 16, 1979. (DEF. EX. 11) (3) The Taxpayers had ninety days [IRC 6213] within which to file a Tax Court petition and did so on the 89th day. (DEF. EX. 12). (4) The Taxpayers entered into two stipulated Tax Court decisions on April 22, 1983. (DEF. EX. 2 and 3) (5) The Taxpayers signed the Tax Court decision waiving any 6213(a) time restraints on immediate assessment so the IRS could assess immediately, thus making the stipulated decision essentially

final on the date it was entered. (DEF. EX. 2 and 3). (6) The IRS ordered the July 25, 1983 'quick' assessment [ made "when the statutory period for assessment will expire before assessment action can be completed under the regular procedures," IRM 5314.1 (1)(a).], *with supervisors approval*, after the IRS' indicated Assessment Statute Expiration Date (DEF. EX. FOIA 13).

The Simons' form 872 agreed time certain for a IRC 6501(a) extension of time for an assessment, left no extraneous days over the IRC 6503 three year limit and the additional 872-form's 60 day time period for assessment to perform assessments.See, Riply v. Commissioner, No. 96-1173, Fourth Circuit ( Decided: December 18, 1996 ) (The Agreed time limit controls the expiration date.) [5] Though a Form 872 is a waiver of the applicable limitations period, not a contract, many courts have recognized that principles of contractual interpretation must be utilized in construing them. [6] Since the IRS drafted the Form 872, including the language

---

[5]The Fourth, Eleventh, First, and Second Circuit Courts have uniformly agreed that a form 872, not form 872A, expires on its own and sets a time certain for the statutory time bar to fall.

1.Ripley v. Commissioner of Internal Revenue, 103 F.2d 332,333-336 (4th Cir. 1996)

2.Coggin v. Commissioner, 71 F.3d 855, 861-63 (11th Cir.1996)

3.Silverman v. Commissioner, 1st Cir., Docket no. 95-2062, decision entered June 20, 1996.

4. FindLaw: MALKIN v UNITED STATES, http://laws.findlaw.com/2nd/006083.html

[6]A Form 872 is not a contract, but a waiver of a limitations period. See, e.g., Holof v. Commissioner, 872 F.2d 50, 52 (3d Cir. 1989); see also Stange v. United States, 282 U.S. 270, 276 (1931) (waiver of limitations period is not a contract but a "voluntary, unilateral waiver of a defense by the taxpayer"). When a taxpayer limits the waiver of the limitations period on specified conditions, those conditions cannot be

specifying the date of termination of the extension agreement and statute for assessment, to the extent that the language is ambiguous it is construed against the IRS. See Anthony v. United States , 987 F.2d 670, 673-74 (10th Cir. 1993); Roszkos v. Commissioner 850 F.2d 514, 516-17 (9th Cir. 1988), cert. denied , 489 U.S. 1012 (1989). *See,* Ripley, *infra.*

IRS internal documents show an IRS order for a 'quick' assessment, ordering the assessment to be done **after the** IRS' designated Assessment Statute Expiration Date.

**Julian date calculations**

| | | |
|---|---|---|
| **April 22, 1983** | **stipulated decisions entered** | **Julian date 2445446.8972** |
| **June 21, 1983** | **60 day time bar of form 872** | **Julian date 2445506.8972** |
| **July 25, 1983** | **LATE ASSESSMENT** | **Julian date 2445540.8972** |
| | | **34 days after the 872 "60 days"** |

**NO TIMELY NOTICE AND DEMAND**

On March 1, 2002, the Ogden Center identified only the October 16, 1975 'determination of assessment' for which notice and demand had been sent. See DEF. EX. 8 and 9.

---

ignored. United States v. Hodgekins , 28 F.3d 610, 614-15 (7th Cir. 1994) (holding that the IRS could not induce a taxpayer to relinquish the protection afforded by the statute of limitations based on a representation contained in the extension agreement drafted by the IRS and then disregard the condition); see also United States v. National Steel Corp. , 75 F.3d 1146, 1151 (7th Cir. 1996) (indicating that conditions recited in a waiver of applicable limitations period are enforceable against IRS); Grunwald v. Commissioner , 86 T.C. 85, 89 (1986) ( "[a] deal is after all a deal, and fairness dictates that both parties adhere to the provisions of the [Form 872-A] document they both voluntarily signed").

If, first, a proper assessment has been performed, for a Court to reduce to a judgment a lien and levy, a notice and demand must be sent prior to the levy and liens, at least in the Tenth Circuit jurisdiction. See, the Tenth Circuit ruling in Guthrie v. Sawyer, 970 F.2d 733, 735 (10th Cir. 1992)(no prior notice for the Wells, no collection by the IRS). Ten days after final notice of intent to levy is mailed to the taxpayer, the IRS may levy "upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien . . . for the payment of such tax."26 U.S.C. § 6331(a). Without this notice, there is no jurisdiction of the Court over levies and liens. *Guthrie*, supra. While this notice (DEF. EX. 14) was sent, after the 1988 levies (DEF. EX. 15 A, B, C).

**Section 6303. Notice and demand for tax**

(a) General rule

Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax *pursuant to section 6203*, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.

(b) Assessment prior to last date for payment

Except where the Secretary believes collection would be jeopardized by delay, if any tax is assessed prior to the last date prescribed for payment of such tax, payment of such tax shall not be demanded under subsection (a) until after such date."

*Undisputed Facts as to why Taxpayers Received No Notices*
*and the Computer Readout is in Error*

(1) The IRS computer drives the activities of collection. See, Kurio v. U. S. 71-1 USTC, 85,556 at 9112 et seq for an examination of the IRS' computer system and relationship to

collections. (2) The IRS' Service Center Replacement System computer policy designates which codes will hold or destroy notices from being mailed. (DEF. EX. 16) (3) For the July, 1983 now claimed IRS assessment, and all alleged assessments thereafter, there is either a Transaction Code (TC) 520 litigation code, and a 340 restricted interest code, and/or HC 3 hold codes that all prevent notices from being mailed. (4) Likewise for tax year 1973, there is a TC 520 on the account prior to 60 days after the alleged assessment so any money credited to late payment penalties for year 1973 could not apply as no notice and demand had issued for the June 17, 1983 alleged assessment. (5) There are no copies of notices and demands remaining, and none were turned over in discovery. (6) Liens and levies were in place in about September, 1988, and the 'final notice' as required *prior to* a levy, was issued around January, 1989, but well after the statutory 60 days after assessment.

*Legal Arguments*

> **Section 6321. Lien for taxes**
> "If any person *liable to pay* any tax *neglects or refuses to pay the same* ***after demand***, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

The Tenth Circuit, in Guthrie v. Sawyer, 970 F.2d 733, 735 (10th Cir. 1992) *unequivocally* states that the Court has no jurisdiction to grant the IRS relief for any alleged claims without a notice and demand, and the Court may fully restrain the IRS from any collection efforts on such claims. *Guthrie, supra.* Since the IRS was not following its written

Case 2:92-cv-01107-SDB Document 164 Filed 03/12/2006 Page 26 of 30

statutes and guidelines by withholding written notices and demands after an alleged assessment based upon the use of its computer codes of 340 [restricted interest], 520 [litigation suspension], and HC 3 [hold code three] and freeze codes (DEF. EX. 9 and 16), the IRS has no IRC 7340 'substantial justification' for bringing its liens and levies into this Court for collection. Plaintiffs readily admit that a notice and demand does not have to be written on any special form, however, the statutes call for the notice and demand to be a writing.

## CONCLUSION

Based on the foregoing facts and law, the Taxpayers move the Court to dismiss all the IRS claims based upon lack of subject matter jurisdiction and grant them summary judgment based upon a finding of a fully satisfied contract, lack of timely and valid assessment, lack of notice and demand, lack of reliable evidence, withholding of evidence, and res judicata. The Taxpayers upon thorough research, has found no contrary facts and no contrary case law on point to contradict the Taxpayers' position. Further, Taxpayers pray for a finding (1) that the IRS failed to follow its own written policies, statutes, or regulations, and (2) due to withheld records and lack of assistance of the Problems Resolution person, the Taxpayers fully exhausted their administrative remedies, and therefore, the IRS was not IRC 7430 'substantially justified' in bringing this action in the first place. Also, the Taxpayers pray for the Court to also grant all other Taxpayer relief from the IRS claims, as the Court may find just and fair.

So signed this 12 day of March, 2002

Susan Rose
Susan Rose, Esq.

A true and correct copy of the foregoing PLAINTIFFS' MOTION TO DISMISS THE IRS CLAIMS DUE TO LACK OF SUBJECT MATTER JURISDICTION AND COUNTER-MOTION FOR SUMMARY JUDGMENT has been mailed by U. S. ~~Priority~~ First Class Mail to opposing Counsel this 12 day of March, 2002.

Susan Rose
Susan Rose, Esq.

Mr.Paul Warner
Suite 400
185 South State Street
Salt Lake City, Utah 84111

and

Mr. Jeffrey Snow
Trial Attorney
U. S. Department of Justice- tax division
P. O. Box 683
Ben Franklin Station, D.C. 20044-0683

EVIDENCE LIST OF EXHIBITS

| | |
|---|---|
| DEF. EX. 1CA | The Certificate of Assessments |
| DEF. EX. 1A-CA | The Transaction pocket guide decoder for transaction codes |
| DEF. EX. 2 | 1983 Stipulated Tax Court decision for 1974 Docket no. 10312-79 |
| DEF. EX. 3 | 1983 Stipulated Tax Court decision for 1972 and 1973 Dock. no.13016-80 |
| DEF. EX. 4 | IRS underlying work document with empty fill in the blank line for interest. |
| DEF. EX. 5 | District Counsel's Decision verifying a package settlement whereby three tax years would be entered in two Tax Court decisions but be treated together for settlement purposes, and not referencing additional interest. |
| DEF. EX. 6 | IRM manual excerpt showing missing paragraph from stip decision |
| DEF. EX. 7 | The taxpayers' unrebutted calculation showing how their 1983 fulfilled tax, interest and penalties for years 1972, 1973, and 1974 to within .07 cents. |
| DEF. EX 8 | March 1, 2002 Letter from the IRS Ogden Service Center Disclosure Office |
| DEF. EX 9 | IRS highlighted transcript - a color copy |
| DEF. EX. 10 | FORM 872 extension of the statutes of limitation for assessment until a time certain. |
| DEF. EX. 11 | Notice of Deficiency |
| DEF. EX. 12 | Tax Court docket showing petition was filed within 89 days of Notice of Deficiency issuance. |
| DEF. EX. FOIA 13 | Requisition order for a 'quick' assessment to be made AFTER the assessment statute expiration date, with supervisor's approval. |
| DEF. EX. 14 | Notice of Intent to Levy, mailed January 1989 after the 1988 levies and liens |
| DEF. EX. 15 | A. Levy- American First Credit Union -11-02-88<br>B. Levy- First Security Bank of Utah-11-02-88<br>C. Levy- Valley Bank and Trust -11-02-88 |
| DEF. EX. 16 | Service Center Replacement System Policy showing what codes hold or destroy notices, all found on the Taxpayers' account in 1983. |

DEF. EX 17 Notes from Problems Resolution Person stating they would not help taxpayers.

DEF. EX. 18 Affidavit of Gail Anger, 25 year veteran Appeals Officer attesting to lack of accuracy of the IRS computer in posting transactions to an account when there is multiple year payments.

DEF. EX. 19 Affidavit of CPA. Dennis Larsen showing he requested all records and received none and that the Problems Resolution person was not assisting, and necessity of having the original returns to resolve the matter administratively.

# Exhibits/ Attachments to this document have **not** been scanned.

# Please see the case file.

FILED
CLERK, U.S. DISTRICT COURT
20 JUN 02 AM 10: 17
DISTRICT OF UTAH
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>vs.<br><br>DAN SIMONS, et al.,<br>Defendants. | ORDER<br><br><br><br>Case No. 2:92CV-1071 |

This matter came before United States District Judge Dee V. Benson on June 18, 2002, pursuant to the United States' renewed Motion for Summary Judgment and defendants Simons' Motion to Dismiss for Lack of Subject Matter Jurisdiction. The United States was represented by Jeffrey D. Snow, Trial Attorney, U.S. Department of Justice and defendants Dan C. Simons and Sally J. Simons were represented by Susan Rose, Esquire.

The Court, having considered the arguments and memoranda submitted in support of the motions, hereby finds and orders as follows:

This case was resolved by a valid and binding settlement agreement in 2001, a copy of which is attached as Exhibit A. The settlement effort was entered into at the suggestion of the Court and was voluntarily participated in by both sides. There is no dispute that each party to this action agreed to the settlement agreement pursuant to which defendant Dan Simons

64

172

promised to pay $55,000.00 to the United States Treasury within thirty days of the terms being accepted by the United States Department of Justice. The Court finds that there is no dispute that all necessary conditions have been satisfied to require the $55,000.00 payment. The Court also finds that the defendants' failure to honor the settlement agreement was not in good faith. Under these circumstances the Court finds that the defendants must comply with their legal obligations under the settlement agreement, and orders that said payment be made to the United Sates Treasury on or before the close of business June 28, 2002. If such payment is not made by that time, the United States' renewed Motion for Summary Judgment will be granted. Defendants' Motion to Dismiss is DENIED. IT IS SO ORDERED

DATED this 19th of June, 2002.

Dee Benson
District Court Judge

blk

United States District Court
for the
District of Utah
June 20, 2002

* * CERTIFICATE OF SERVICE OF CLERK * *

Re: 2:92-cv-01071

True and correct copies of the attached were either mailed or faxed by the clerk to the following:

Mr. Kirk C. Lusty, Esq.
US POSTAL SERVICE
LAW DEPT WE AREA
9350 S 150 E #800
SANDY, UT 84070-2702
JFAX 9,9848401

Mr. David J Schwendiman, Esq.
US ATTORNEY'S OFFICE
,
JFAX 9,5245985

Jeffrey D. Snow, Esq.
US DEPARTMENT OF JUSTICE
PO BOX 683
BEN FRANKLIN STATION
WASHINGTON, DC 20044-0683

Harold Mark Simons
9016 South 1300 East
Sandy, UT 84094

Jolene J. Smith
9016 South 1300 East
Sandy, UT 84094

Sally J. Simons
9016 South 1300 East
Sandy, UT 84094

Dan C. Simons
9016 South 1300 East
Sandy, UT 84094

First City Corp.
3455 S W Temple
Salt Lake City, UT 84115

First City Corp.
3455 S W Temple

Salt Lake City, UT 84115

Mr. David E Ross, Esq.
4021 S 700 E STE 650
SALT LAKE CITY, UT 84107

Susan Rose, Esq.
9553 S INDIAN RIDGE DR
SANDY, UT 84092