# In the United States Court of Federal Claims

| | |
|---|---|
| DANNY C. SIMONS AND SALLY J. SIMONS, | ) |
| | ) Electronic Filing |
| Plaintiffs, | ) |
| | ) No. 06-115C |
| v. | ) |
| | ) The Honorable Judge Braden |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | |

## PLAINTIFFS' MOTION TO STRIKE THE GOVERNMENT'S RULE 12(B)(1) and (6) MOTION TO DISMISS

**NOW COME THE PLAINTIFFS**, by and through undersigned counsel pursuant to the RCFC at Rules 7 and 12(f), to move the Court to strike the government's motion to dismiss as the motion (1) does not conform to the rules; (2) is without legal merit; (2) is misleading to the Court and to the public as filed in the public record, (3) invites the Court to error, (4) is prejudicial to the Plaintiffs, while wasting the Court's time and resources, as based upon the accompanying memorandum of points and authorities in support hereto. Plaintiffs pray for this Court to strike the motion as based upon immaterial, irrelevant, and prejudicial materials, that is insufficient as a matter of law, or in the alternative, dismiss the motion, and then order the government to file within 60 days a verified answer to the Plaintiffs' complaint and evidence incorporated therein, and grant the Plaintiffs an opportunity to be heard and present their evidence to the Court, and pray the Court will grant the plaintiffs all other relief, as is fair in equity and just under the law.

So Signed this 13th day of June, 2006

________/s/___________________

Susan Rose, (Utah Bar No. 7985)
*Counsel for the Plaintiffs*
9553 South Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing is being emailed and mailed by U.S. mail to opposing counsel, by U.S. mail on this 13th day of June, 2006

MICHAEL O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530
Attention: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, DC 20530

# In the United States Court of Federal Claims

DANNY C. SIMONS AND SALLY J. SIMONS,)
) Electronic Filing
Plaintiffs, )
) No. 06-115C
v. )
) The Honorable Judge Braden
THE UNITED STATES, )
)
Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES FOR PLAINTIFFS' MOTION TO STRIKE THE GOVERNMENT'S RULE 12(B)(1) and (6) MOTION TO DISMISS OR IN THE ALTERNATIVE THE PLAINTIFFS' OBJECTION TO THE MOTION**

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES FOR PLAINTIFFS' MOTION TO STRIKE THE GOVERNMENT'S RULE 12(B)(1) and (6) MOTION TO DISMISS OR IN THE ALTERNATIVE THE PLAINTIFFS OBJECTION TO THE MOTION** **1**

***DEFENDANT'S MOTION DOES CONFORM WITH THE RULES*** **1**

***DEFENDANT'S MOTION IS WITHOUT LEGAL MERIT*** **1**

***Undisputed Facts- a fully satisfied 1983 contract with the government*** **2**

**ARGUMENT AND LEGAL POINTS AND AUTHORITY** **6**

***Undisputed Facts As to a Fully Paid Contract Trigger Res Judicata and Collateral Estoppel Against the Government's 1992 litigation, Nullifying it Entirely*** **6**

***Further Collections for the 1983 Contract w as Barred by Statutes the Government Violated*** **8**

***The Motion seeks to mislead this Court as to its own jurisdiction, by Interjecting into the question of jurisdiction Irrelevant and immaterial void judgments, and a governments' memorandum from Courts lacking all Subject Matter Jurisdiction over the Governments continued pursuit of the Simons on a Fully Paid Contract*** **10**

***Plaintiffs Complaint meets the non frivolous standard to at least have a hearing and present their evidence*** **11**

***The Plaintiffs Amended Complaint meets Rule 12(b)(1) Statute of Limitations challenges*** **12**

***Statutes of Limitation Can be Tolled by the Concealment Doctrine*** **13**

***The Motion itself is Prejudicial to the Plaintiffs*** **18**

## TABLE OF AUTHORITIES

Cases

*Allen v. United States*, 100 F.3d 133 (Fed. Cir. 1996) 11

*Anthony v. United States*,987 F.2d 670(10th cir.1993)) 12

*Atwood v. Sturm, Ruger & Co., 823 P.2d 1064 (Utah 1992)* 13

*Brigham Young Univ. v. Paulsen Constr. Co., 744 P.2d 1370 (Utah 1987)*. 14

*Brown v. United States*, No. 91-898L (Fed. Cl. 12/08/1998) 13

*Brown Park Estates-Fairfield Development Co. v. United States*,

127 F.3d 1449, 1456 (Fed. Cir. 1997) 13

*California v. San Pablo R. Co., 149 U.S. 308;* 8

*CTA Incorporated, v. United States*, 44 Fed. Cl. 684, 698 (1999) 12

*Edwards v. United States*, 19 Cl. Ct. 663, 669 (1990) 12

*Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) 7

*First Nat'l Bank & Trust Co. of Wyo. v. Lawing*,

731 F.2d 680, 684 (10th Cir. 1984) 9

*Freytag v. Commissioner*, 1991 U.S. LEXIS 3818,*49-50 ;501 U.S. 868; 8

*Garcia Carranza v. United States*, 67 Fed. Cl. 106, 112 (2005) 7

*Hamling et al v. U.S.* 418 U.S. 87 (U.S. 06/24/1974) 19

*Hough v. Commissioner of Internal Revenue,* No. 10661-97 (U.S.T.C. 09/25/2000)9

*Hurt v. United States*, 70 F.3d 1261(4th Cir.1995) 12

*In re Pacific Ry. Comm., 32 Fed. 241.* 7

*Jones v. Giles*, 741 F.2d 245, 248 (9th Cir. 1984) 9

*Jordan v. Gilligan*, 500 F.2d 701, 704 (6th Cir. 1974) 10

*Kurio v. United States, 281 F. Supp. 252 (S.D. Texas 1968)* 13

*Liberty Warehouse Co. v. Grannis, 273 U.S. 70.* 8

*Little v. Bowers, 134 U.S. 547;* 8

*Lonegran v. U.S.* 303 U.S. 33 (U.S. 01/31/1938) 19

| | |
|---|---|
| *Marbury v. Madison*, 5 U.S. 137, 162-3 (1803) | 17 |
| *Martinez v. United States*, No. 99-757C (Fed. Cl. 03/20/2001) | 11,15 |
| *Muskrat v. United States, 219 U.S. 346;* | 8 |
| *Osborn v. United States Bank, 9 Wheat. 737;* | *7* |
| *Philadelphia & Reading Corp. v. U.S., 944 F. 2d 1063 (3d Cir. 1991)* | 8 |
| *Ripley v. Comm'r Ripley v. Commissioner*, 103 F.3d 332 (4th Cir. 1996) | 9 |
| *Rodd v. Region Constr. Co*., 783 F.2d 89, 91 (7th Cir. 1986) | 9 |
| *Russell Packard Development Inc., et al v. Carson et al*, 2005 Utah LEXIS 24, | 13 |
| *Russell v. United States, 774 F. Supp. 1210, 1213-16 (W.D. Mo. 1991)* | *8* |
| *Schulman v. Commissioner*, 93 T.C. 623, 639 (1989) | 9 |
| *Senger v. United States*, 245 F.Supp. 109 (Del. 1965) | 9 |
| *Singleton v. United States, 128 F.3d 833, 838-39 (4th Cir. 1997)* | *8* |
| *Smith v. Adams, 130 U.S. 167;* | *7* |
| *Summit Contractors v. Inc. v. United States*, 22 Cl. Ct. 54, 56 (1990) | 12 |
| *Torrence v. Shedd, 144 U.S. 527;* | 8 |
| *United States v. Indoor Cultivation Equip. From High Tech* | |
| *Indoor Garden Supply*, 55 F.3d 1311, 1317 (7th Cir. 1995) | 9 |
| *United States v. Thompson*, 941 F.2d 1074, 1080 (10th Cir. 1991) | 9 |
| *Vulcan Detinning Co. v. American Can Co., 130 Fed. 635.* | 7 |
| *Walker Drug Co. v. La Sal Oil Co., 902 P.2d 1229 (Utah 1995)* | 13 |
| *Warren v. Provo City Corp., 838 P.2d 1125 (Utah 1992)* | 13 |
| *Walsonavich v. United States*, 335 F.2d 96 (3rd cir. 1964) | 9 |
| *Wood v. United States*, 961 F.2d 195, 198 (Fed. Cir. 1992) | 12 |

IRC [IRS code]

IRC 108 13

IRC 1314 5

IRC 6203 7

IRC 6213 8

IRC 6303 8

IRC 6501 8

IRC 7121 9

28 U.S.C. 2801 12

28 U.S.C. § 1491(a)(1) 11

FRCP RULES

Rule 1 19

Rule 5 1

Rule 7 1

Rule 12(b)(1) 11

Rule 12(b)(6) 3,11

Rule 12(f) 1

Saltzman, IRS PRACTICE AND PROCEDURE

(Warren, Gorham & Lamont: 1991 ed. (with current supplement),

par. 5.03[4][a], p. 5-24. 9

**NOW COME THE PLAINTIFFS**, by and through undersigned counsel pursuant to the RCFC at Rules 7 and 12(f), to move the Court to strike the government's motion to dismiss as the motion (1) does not conform to the rules; (2) is without legal merit; (2) is misleading to the Court and to the public as filed in the public record, (3) invites the Court to error, (4) is prejudicial to the Plaintiffs, and relies upon immaterial, irrelevant, and legally insufficient materials, while wasting the Court's time and resources, as based upon the memorandum of points and authorities below:

***DEFENDANT'S MOTION DOES COMFORM WITH THE RULES***

The defendant's motion to dismiss violates RFCF Rule 5 lacking any table of contents and table of authorities.

***DEFENDANT'S MOTION IS WITHOUT LEGAL MERIT, IMMATERIAL, IRRELEVANT AS TO THIS COURT'S JURISDICTION AND PREJUDICIAL***

The defendant's motion is without legal merit due to (1) if fails to *specifically* disagree or challenge the specific facts and evidence of the Plaintiffs except to say basically the government did nothing wrong, thereby disagreeing with all the Plaintiffs' factual assertions as to statutory violations that left the Simons open to the torts and takings and contract claims arising therefrom; (2) the Plaintiffs' Complaint shows *res judicata* barred the 1992 government initiated District Court litigation upon which the government wants to mislead this Court into relying upon, which is irrelevant, immaterial and prejudicial to the Plaintiffs; (3) the government now admits to a 'settlement' in 1983, but wishes the Court to rely on a second 'settlement' in 2001, the basis of a void consent decree, from a District Court without subject matter jurisdiction over the governments District Court complaint, that is barred by statutes,

and that the government wishes this Court to uphold to nullify the bona fide contract entered in 1983 for which the Simons fully paid.

***Undisputed Facts- a fully satisfied 1983 contract with the government***

The government's motion does not dispute the following facts. It may omit some, but does not outright deny any of them.

1. The Plaintiffs' claims arise out of their trust in and full payment of a *bona fide* contract with their government in 1983 for tax years 1972, 1973 and 1974, and the Simons' damages that arose from the governments total disregard of the law for about a quarter of a century.

2. Despite <u>all</u> the Plaintiffs evidence, the government says in its brief, "Here, no breach or other wrong has been committed by the Government, as demonstrated <u>by the two settlements</u>. However, assuming for purposes of this motion that the Government breached and otherwise acted improperly with respect to the 1983 settlement, the alleged "breach of contract" occurred not later than 1988, when the IRS first attempted to collect the unpaid 1974 liability." *This is a material fact dispute*, brought in a Rule 12 motion, going to the jurisdiction of the Court, relying on evidence outside the pleading, converting the Rule 12(b)(6) motion into a summary judgment, with disputed material facts. Plaintiffs seek a oral hearing.

3. The government now says there are two settlements. If so, one is right and one is wrong, they both can not be right. If the first one, in 1983, is correct, then it was fully paid for, and not one of the plaintiffs facts as to full payment has been found in error by any fact finding by any Court to date, and is not disputed specifically by the government now. If that be so, there was no need for the 1992 government initiated District Court

proceedings, brought while the government was purposefully withholding the Plaintiffs key records, denying them the ability to have a full and fair opportunity to be heard in the District Court. Further res judicata principals apply to Tax Court proceedings, and res judicata prevented the District Court from ever having jurisdiction over the Plaintiffs claims. Their release of the key records in about 2000 was too little too late as the District Court refused to make any findings as to its own jurisdiction when presented with the documents, and a challenge to its authority, and instead DEMANDED a 'settlement', blaming the Plaintiffs for the governments continued baseless pursuit of them.

4. Congress enacted a statute to cover such an eventuality. 28 U.S.C. 1359. ("A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court. ")

5. Yet the government admits it filed a suit for further collections in 1992 (Motion pgs. 2-3), and that litigation extended through to 2004, and the last act on the account accrued about 2004 when the government billed the Simons for $4000 once again AFTER another $55,000 Court ORDERED payment.

6. Further, the government asserts there was another 2001 handwritten agreement that was the basis of a consent decree that is now binding, even though the IRS breached that by its further $4000 billing, and it issued from a District Court devoid of any subject matter jurisdiction.

7. Plaintiffs strongly assert there was no privity with the government at any time after the 1983 Tax Court decision and full payment. Without proof of why the Plaintiffs did not owe, as concealed by the government for about 12 years, they attempted to

extricate themselves from the District Court litigation, by attempting to vacate the Tax Court decision based upon their being told there had been no Notice of Deficiency, and no Notice of Deficiency code appearing on their computer readout. Later the Notice of Deficiency was produced, but not the form 872 that allowed its issuance a year after its statute date. This document, form 872, would have shown the Simons previous counsel that there had been a 'late' assessment, without written notices, for all the years for which the 1983 $49,545.55 payment was made.

8. Resolution of the case is simple. Examine the evidence, declare the first 'settlement' of 1983 a contract, and fully paid, as based upon the Complaint and evidence incorporated therein that the government *does not specifically* challenge. All later Court cases by res judicata, by statutes, are void, and are irrelevant, immaterial, as to the Plaintiffs contract claims here, in the Court of exclusive jurisdiction to hear the Plaintiffs contract claims. Without a District Court's jurisdiction, this Court should not rely upon the District Court's judgments that are void ab initio as a matter of law, except to show the egregiousness of the governments acts confirming the Plaintiffs harms Constitutionally, in equity, statutorily, in tort, that should be tolled due to the undisputed concealment of their key documents, and the Plaintiffs were seeking the District Court and Appellate Courts to look at their own jurisdiction and deny it. The Courts did not do so but that was not known until 2004 when the Plaintiffs' appeal ended, and the IRS breached the government's claimed 'second settlement' with a bill for about $4000.

## ARGUMENT AND LEGAL POINTS AND AUTHORITY

### *Undisputed Facts As to a Fully Paid Contract Trigger Res Judicata and Collateral Estoppel Against the Government's 1992 litigation, Nullifying it Entirely*

9. The government does not challenge the facts in the Complaint or the supporting documentation in support thereof, as to (A) the dispute, (B) the offer, (C) the District Counsel's Decision showing the government's intent and mutual assent, in keeping with the offer, that designated a package settlement with the 1972, 1973 and 1974 Tax Years being inseparable by year, (D) the government's District Counsel's description of the IRS' lack of ability to make their case, (E) the government's fault for delay in resolving the matter involving an Officer Greenwood, (F) the authority of the government and Simons' attorney to bind the parties and to sign the 1983 agreement, (G) the IRS-drafted Tax Court required math calculations; (H) the statutory interest under I.R.C. 1314 that is 'restricted interest'; (I) the inability of the IRS computer to post global net settlements; (J) the closing of year 1972's account, and (K) the closing of 1974's account with restricted interest codes and other computer closing codes that prevent any further collections just one working day after Mr. Larsen's verbal collections, leaving only year 1973 for the payment to post into and close, thus closing all three years in 1983.

10. The government claims the Simons owed additional amounts for 1983's contract were flawed from the beginning. IRS computer readout used by the government as a basis for claiming the Simons owed in District Court is interesting as it was materially flawed and inaccurate missing entirely the TC 494 code for a Notice of Deficiency, along with numerous other codes, and the IRS zeros out the account in 1975, in 1983, and in 1995, 'freezing' it, using closing codes, and yet the presumption was that these events zeroing out the account with closing codes were in error, while the amounts claimed collectable, that is nearly impossible to accurately calculate, were considered without question. P. App. 100-109 In the District Court, the documents show it is indisputable

that Attorney Snow even added an amount back onto the computer, i.e. the government's evidence, when the DOJ saw it was zero owing, in 7-24-2001 when Plaintiffs were challenging the Court's authority and the Court was demanding a 'settlement'. P. App. 110-111.

11. Plaintiffs support their claim of full payment of the 1983 contract involving two tax court decisions, in a single agreement, with the unchallenged evidence of (1) the Tax Court decisions, (2) the underlying work documents showing both Tax Court decisions interlinked mathematically and legally, (3) an expert report [P. App. 6-11], (4) an internal document showing the closing of the account was purposeful with manager's approval; (5) a calculation using an 8 factor calculation table that comes within about 7 cents of accounting for the entire $49, 545.55 [P. App. 52] for all three years with restricted interest; (6) an affidavit of a long experienced IRS appeals officer who states it would be astronomically impossible to account for three years, averaging income, carry forwards and carry backs, using an 8 factor table, and come within 7 cents unless it is exactly the way the IRS calculated the amount owing at the time in 1983 [P. App. 119-122], (7) the District Counsel's decision, among other documents as referenced and incorporated into the complaint.

12. The foregoing documents incorporated into the Complaint with references therein to documents in the appendix are covered by pages about 20-30 in the Complaint, none of which the government specifically factually disputes with affidavits or other 'evidence'.

13. The government *can not* legally dispute that the District Court lacked all subject matter over the 1992 government initiated action, due to (1) *res judicata* of the Tax Court decisions including the underlying computational documents all agreed to at the

time[[1]] prevented any other future Courts, except this Court from having any jurisdiction; (2) equitable full satisfaction and accord depriving the District Court of a required case or controversy [[2]]; (3) lack of any TIMELY I.R.C. § 6203 assessment made within the I.R.C. §6501 statutes of limitation, that prevents collections permanently; (4) lack of any 26 U.S.C. 6303 WRITTEN notice and demand at any time, nullifying the liens and levies upon which the government sought to quiet title in 1992, except for the 1989 notice of intent to levy issued after the levies were issued and liens began to be put into place; (5) lack of any I.R.C. 6213(a) required Notice of Deficiency's for supplemental assessments to be collectable. The Notice informs the citizen of a supplemental assessment, and their right to petition the assessment into Tax Court and provides information as to what IRS

---

[1] To quote the government "The doctrine of res judicata precludes parties from relitigating issues "that were or could have been raised" in a previous action that resulted in a final judgment upon the merits of the case. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). "The preclusive effects of former adjudication ··· are referred to collectively ··· as the doctrine of ' res judicata.' Res judicata is often analyzed further to consist of two preclusion concepts: 'issue preclusion' and 'claim preclusion.' " *Garcia Carranza v. United States*, 67 Fed. Cl. 106, 112 (2005) (quoting Carson v. Dept. of Energy, 398 F.3d 1369, 1375 (Fed. Cir.2005)). Issue preclusion concerns the "effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect is also referred to as direct or collateral estoppel." Garcia Carranza 67 Fed. Cl. at 112 (quoting Carson, 398 F.3d at 1375). Claim preclusion refers to the "effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Id. (quoting Carson, 398 F.3d at 1375)."

2 The consent decree is void because there was no "case" or "controversy" before the court, to provide standing or jurisdiction within the meaning of § 2 of Article III of the Constitution. *Osborn v. United States Bank, 9 Wheat. 737; Smith v. Adams, 130 U.S. 167;* Story on the Constitution, 4th Ed., § 1646; *In re Pacific Ry. Comm., 32 Fed. 241.* It is fundamental that "the controversy, in a suit, is the one actually presented by the pleadings, and not what it might have been." Vulcan Detinning Co. v. American Can Co., 130 Fed. 635. Consent does not confer jurisdiction where there was no "case" or "controversy," within the meaning of the Federal Constitution. Little v. Bowers, 134 U.S. 547; California v. San Pablo R. Co., 149 U.S. 308; Muskrat v. United States, 219 U.S. 346; Torrence v. Shedd, 144 U.S. 527; Liberty Warehouse Co. v. Grannis, 273 U.S. 70. *See Freytag v. Commissioner*, 1991 U.S. LEXIS 3818,*49-50 ;501 U.S. 868;

personnel can handle a problem administratively. *Singleton v. United States, 128 F.3d 833, 838-39 (4th Cir. 1997); Philadelphia & Reading Corp. v. United States, 944 F.2d 1063, 1072 (3d Cir. 1991); Russell v. United States, 774 F. Supp. 1210, 1213-16 (W.D. Mo. 1991).*

14. Plaintiffs were wholly unaware of nearly all of the additional assessments made on the account by any written notices, except they did receive a January 1989 notice of intent to levy, issued after the levies. Restricted interest code tc 340 held notices as per the 1985 Service Center Replacement System policy. One IRS FOIA person actually highlighted the ONLY timely assessment on the 1974 account that was paid nearly immediately in 1975. P. App. 100-109.

***Further Collections for the 1983 Contract was Barred by Statutes the Government Violated***

15. The government likewise then admits that over 90 days after the entry of the Tax Court decision, an 'assessment' was done on year 1974 about July 25, 1983, and do not and cannot dispute it was statutorily late foreclosing all further collections on the account, and then in 1992 it filed a law suit, actually a quiet title action, for further collection of amounts the IRS claimed were owing on 1974. The form 872 sets the clock running and there simply are no circuit courts that do not support the form 872 [P. App. 57-59] calculations as provided here, over statutory calculations. [[3]] Any late assessment bars

[3] There is no disagreement within the circuits that under the 872 agreement the IRS had only 60 days to do an assessment and contract principles apply. *Ripley v. Comm'r Ripley v. Commissioner*, 103 F.3d 332 (4th Cir. 1996). *Hough v. Commissioner of Internal Revenue,* No. 10661-97 (U.S.T.C. 09/25/2000) 2000.USTC.0000186 <http://www.versuslaw.com> ¶ [34] ("In determining the validity of a consent to an extension of the period of limitations,contract principles are important, and we look to objective manifestations of mutual assent to determine the existence of such an agreement. See IRC sec. 6501(c)(4); *Schulman v. Commissioner*, 93 T.C. 623, 639 (1989); *Piarulle v. Commissioner*, 80 T.C. 1035, 1042 (1983)."); *Walsonavich v.*

further collection by the government by the clear wording of the statute. Additionally, IRC 7121 bars further collections on any agreement amount in a settlement. By IRS code there are no allowances for a second settlement.

***Collateral Estoppel Does Not Apply to Void Judgments to Prevent the Plaintiffs' Current Claims Any More than Res Judicata applies to a Void District Court Judgment***

16. Collateral Estoppel is a doctrine that prevents any later Court from the 1983 Tax Court from having any authority over the governments fraudulent claims as filed in District Court, making the District Court rulings void. Collateral Estoppel does not apply to the Plaintiffs Claims here. [[4] ]

17. Collateral attack on jurisdictional grounds, as in the District Court action, is precluded in a subsequent proceeding where the jurisdictional issue was *"fully and fairly litigated and finally decided"* in the prior proceeding. The Government fails to explain how any 'fair' opportunity applies when the Plaintiffs were prevented from attacking the District Court's jurisdiction by concealment of the Plaintiffs essential and key evidence necessary to show nothing was owed in equity or by statutes.

---

*United States*, 335 F.2d 96 (3rd cir. 1964); *Senger v. United States*, 245 F.Supp. 109 (Del. 1965). Saltzman, IRS PRACTICE AND PROCEDURE (Warren, Gorham & Lamont: 1991 ed. (with current supplement), par. 5.03[4][a], p. 5-24.

[4] *See, United States v. Thompson*, 941 F.2d 1074, 1080 (10th Cir. 1991) ("Only void judgments are subject to collateral attack."); *First Nat'l Bank & Trust Co. of Wyo. v. Lawing*, 731 F.2d 680, 684 (10th Cir. 1984) (quoting Ins. Corp. of Ireland, 456 U.S. at 706); V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224 n.9 (10th Cir. 1979) ("[I]f a judgment is void, it is a nullity from the outset."); *United States v. Indoor Cultivation Equip. From High Tech Indoor Garden Supply*, 55 F.3d 1311, 1317 (7th Cir. 1995) ("[V]oid judgments are legal nullities[.]"); *Rodd v. Region Constr. Co.*, 783 F.2d 89, 91 (7th Cir. 1986) ("[A] void judgment is no judgment at all."); *Jones v. Giles*, 741 F.2d 245, 248 (9th Cir. 1984) ("A void judgment, as opposed to an erroneous one, is legally ineffective from inception."); *Jordan v. Gilligan*, 500 F.2d 701, 704 (6th Cir. 1974) ("A void judgment is a legal nullity[.]").

18. How is there a final judgment that is 'fair' if it lacks findings of facts and conclusions of law and is issued by a Court refusing to factually examine its own subject matter and makes not findings on the issue of subject matter.

19. Due Process takes on a whole new meaning if you are the Simons since no law restricted the governments acts against you, when you finally obtain the information necessary to plead your case effectively, to show the District Court lacked authority, the District Court prefers to ignore the documents, and declares, in violation of 28 U.S.C. 2202, that a hand written document [P. Ap. 130] never signed by any one with authority to bind the government [P. App. 222], refused by the government and rewritten by the government [P. App. 131], the rewrite never being found applicable by the Court, then has the privilege of paying $55,000 for a breached consent decree.

20. Without this Court taking jurisdiction, the Plaintiffs are vulnerable for further possible collection under IRC 108.

***The Motion seeks to mislead this Court as to its own jurisdiction, by Interjecting into the question of jurisdiction Irrelevant and immaterial void judgments, and a governments' memorandum from Courts lacking all Subject Matter Jurisdiction over the Governments continued pursuit of the Simons on a Fully Paid Contract***

19. The Tucker Act states, in relevant part, "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress . . . or upon any express or implied contract with the United States . . . ." 28 U.S.C. § 1491(a)(1) (emphasis added).

20. The government's motion challenges the Complaint and claims, within two categories. Rule 12(b)(1) address statutes of limitation, that if violated provide this Court with no jurisdictional authority. When subject matter is fact specific, as to what facts toll the six year statute of limitations, the Court may examine evidence, outside of the

plaintiffs' pleadings. But here, the government brings in claims raised in another court. The governments' Rule 12(b)(6) addresses the Plaintiffs equity, takings, and other claims as appropriate subject matter for the Court.

***Plaintiffs Complaint meets the non frivolous standard to at least have a hearing and present their evidence***

21. The court's task is not to decide "whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236. This is so even if the pleadings facially show that "recovery is very remote and unlikely."*Martinez, infra* [37]. The facts in the pleadings are to be construed favorably for the Plaintiffs. *Martinez v. United States*, No. 99-757C (Fed. Cl. 03/20/2001) 2001.USCC.0000026 http://www.versuslaw.com ¶ [34].

22. The Court ruled in *Allen v. United States*, 100 F.3d 133 (Fed. Cir. 1996), that when a plaintiff "non-frivolously alleged a contract with the Government, and the Court of Federal Claims has jurisdiction over contract claims, there was no absence of subject matter jurisdiction" in the United States Court of Federal Claims due to its jurisdiction over contract claims. Id. at 135. Defendants don't dispute jurisdiction has been repeatedly taken jurisdiction for torts arising from contract violations. **[5]**

5 See also; *Summit Contractors v. Inc. v. United States*, 22 Cl. Ct. 54, 56 (1990) ("[T]he court has repeatedly asserted jurisdiction over claims based on tortuous breach of a government contract.") This Court's authority over tort claims is limited to where the plaintiffs' tort claim is "'entirely dependent on, and in fact evolves from the contract.'" *CTA Incorporated, v. United States*, 44 Fed. Cl. 684, 698 (1999) (quoting *Dureiko v. United States*, 42 Fed. Cl. 568, 582 (1998)). See also *Edwards v. United States*, 19 Cl. Ct. 663, 669 (1990). Where the plaintiff has stated breach of contract claims, lack of contract, and unjust enrichment, "'the fact that the alleged breach is also tortuous does not foreclose Tucker Act jurisdiction." *Wood v. United States*, 961 F.2d 195, 198 (Fed. Cir. 1992) (citation omitted).

23. As the foregoing specifically identifies, and the Complaint with documents incorporated therein shows, the Plaintiffs' claims are non frivolous, stemming from a violated 1983 settlement agreement as (1) *grounded in statutes* that have to date apparently meant nothing to any Court as to restricting the government's collection efforts; (2) *grounded in facts* showing how the government never dealt fairly and honestly with the Simons from about 1988 forward, as supported with *hundreds of pages of IRS generated and incorporated and indexed documentary evidence* the government does not challenge; (3) is *grounded in case law*, supporting the Plaintiffs claims and legal Hohfeldian rights to redress when the government violates its duty to protect those Congressional entitlements identified above. The Fourth and Tenth Circuits demand that the government deal honestly with its citizens, *See*, *Hurt v. United States*, 70 F.3d 1261(4th Cir.1995);*Anthony v. United States*,987 F.2d 670(10th cir.1993)).

***The Plaintiffs Amended Complaint meets Rule 12(b)(1) Statute of Limitations challenges***

24. Suits against the United States are subject to a six-year limitation that can be equitably tolled, 28 U.S.C. § 2501.

25. This Court has stated as doctrinal equitable concepts for tolling the statutes of limitations, that Plaintiffs claims must be "inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages." *Brown Park Estates-Fairfield Development Co. v. United States*, 127 F.3d 1449, 1456 (Fed. Cir. 1997). A clear chain is established when the government admits that there was an agreement, a 'settlement' in 1983, don't dispute full payment, and admit in 1992 the government filed a lawsuit in United States District Court and the last actions occurring were in 2004. Def. Motion pgs. 2-3. Further, the government admits

one of the last acts on the account was the billing of the Simons for about $4000 with a subsequent attempted refund, refused by the Plaintiffs of $25 dollars. The government also fails to deny that the Simons are vulnerable under I.R.C. 108 for a tax on the amount the government alleges was 'forgiven' as a 'debt', in excess of hundreds of thousands of dollars, unless this Court steps in to declare that there was a fully paid contract in 1983.

***26.*** The government does not specifically deny the Plaintiffs specifically plead facts or easily identifiable and referenced evidence showing the government concealed administratively and in Court, their original returns and form 872, [the government denied its existence [P. App. 137-138]] absolutely essential evidence necessary to show the government was in error, when the government had the documents and ready access to the documents [P. App. 63], and refused to turn them over in the District Court's Rule 26 discovery, as attested to by previous counsel, and current dean of the Sandra Day O'Connor Law School at Arizona State, [ P. App. 64-66a; 123-124]. When this has occurred, other Courts have found the government caused the Plaintiffs' due process deprivations, it was inequitable, and ruled for the Plaintiffs. *Kurio v. United States, 281 F. Supp. 252 (S.D. Texas 1968).* Here, the undisputed facts prove the Court's required long chain of compensable tort, takings, and contractual injuries, and absolutely prove the governments manipulation of and interference with the District Court's processes, making them *void ab initio* for any purposes other than tolling the statutes and showing harm. The government's motion now invites this Court to follow the same path of error of due process denial of any serious discussion of the Plaintiffs non frivolous claims, arising from a breach or repudiation by the government of its 1983 contract.

***Statutes of Limitation Can be Tolled by the Concealment Doctrine***

27. The statute of limitations may nevertheless be tolled if a claim is inherently unknowable. See, *Brown v. United States*, No. 91-898L (Fed. Cl. 12/08/1998) . This case involves contracts, and this Courts equitable concepts are accurate and should apply here.

28. These doctrines fairly and justly comport with the Utah Supreme Court's concealment doctrine that tolls statutes of limitations for claims, when the statute of limitation does not provide for discovery of the wrongdoing. The Utah Supreme Court in *Russell Packard Development Inc., et al v. Carson et al*, 2005 Utah LEXIS 24,* 16-17;2005 UT 14; has borrowed from an equitable discovery rule holding that concealment may operate to toll an otherwise fixed statute of limitations period to the following two situations: (1) "where a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct," and (2) "where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action." *Walker Drug, 902 P.2d at 1231* (internal quotation omitted); *See, e.g., Walker Drug Co. v. La Sal Oil Co., 902 P.2d 1229 (Utah 1995); Warren v. Provo City Corp., 838 P.2d 1125 (Utah 1992); Brigham Young Univ. v. Paulsen Constr. Co., 744 P.2d 1370 (Utah 1987).*

29. Congress did not enact any statute of limitations to secure the sovereign immunity of the United States, when the government *intentionally* acts to deal dishonestly with its citizens in contracts, and should not be read to allow Constitutional due process deprivations as have occurred here. *Kurio, Anthony, Hurt, supra*.

30. When the government admitted in its motion, that in 1983 there was a contract, can not and does not specifically refute the evidence of full payment, now, and

then admits it filed a suit for collections on the same contract in 1992, the government admits the filing was inappropriate, outside its statutory authority, and could give the District Court no authority, making all to do with that court void ab initio, irrelevant except for damages, and confirms the ongoing harms to the Plaintiffs in Contract and for torts arising from the Contract's breach, and the taking of the Plaintiffs property by illegal liens and levies, taking of their property and liberty interest in their professional names and business reputations, such that they were in an economic prison for years.

31. "The statutes of limitation for a claim against the United States begins to run "when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment . . . .'" *Martinez v. United States*, 333 F.3d at 1303 (quoting Nager Elec. Co. v. United States, 177 Ct. Cl. 234, 240, 368 F.2d 847, 751 (1966), reh'g denied, 184 Ct. Cl. 390, 396 F.2d 977 (1968));

32. The date 'when all events' 'accrued' to fix the Governments' liability when Plaintiffs could make a claim for the damages that could be fairly assessed, was the Tenth Circuit Court's ruling on December 2, 2003 completely *ignoring* all the Plaintiffs subject matter jurisdiction claims, despite the rule the Court must examine its jurisdiction. Later, after about a $25 dollar refund in 2004, after about a $4000 bill after full payment, it became clear that the government would place no restrictions on themselves for further collection under the governments' asserted 'second settlement', and the Simons are still vulnerable to further collection on the account by the statute IRC 108. The filing of the Complaint is also within the 6 year from the date of the payment of $55,000 in 2002, when the final transfer of money took place, and the damages became more clearly known and verifiable, and so claims avoid piecemeal litigation based on best guesses.

33. Here no 'liability' could be 'fixed' to the defendants by a District Court wholly lacking any subject matter jurisdiction over the entire contract matter, and no 'liability' could be 'fixed' without evidence and documents previously withheld by the IRS, that were not mailed out until February 15, 2000, and then Plaintiffs were asking the District and Appellate Courts to examine their own jurisdiction. Only after receipt of those documents, and review by several experts, was the District Court's jurisdiction challenged and then appealed, with no Court making a ruling on the jurisdictional issue, just demanding payment.

34. **Tolling should also occur based on the continuing government's lack of assistance they had a statutory duty to provide**. To support the specifically unchallenged allegations of these missing documents, Plaintiffs have affidavits of prior counsel on this case Trish White, (currently Dean of the Sandra Day O'Connor law school at Arizona State), [P. App. 123-124, her request for documents wherein only the Notice of Deficiency and proof of mailing was provided at 125, and a letter of settlement noting the missing documents from mandatory FRCP Rule 26 discovery P. App. 64-66], the affidavit of Dennis Larsen CPA [117-118] showing administratively he was denied them, and this Counsel's affidavit [P. App. 126-129]. The Problems Resolution Officer refused to assist P. Ap. 77. Numerous mandatory FOIA/Privacy Act disclosures were refused. P. App. 134-179.

35. A consent decree, particularly involving a contract with the United States government that involves over $10,000 is the *exclusive* jurisdiction of the Court of Claims, and Plaintiff did not and could not waive that statutory jurisdictional bar to the U.S. District Court, nor waive the 28 U.S.C. 2202 jurisdictional bar upon the District

Court using its declaratory judgment for tax issues, and the Plaintiffs could do nothing other than bring these claims after the Tenth Circuit Court ignored their own Court's restrictions, and the government also displayed its continued disregard for it.

36. Jurisdictional issues are highly unpopular, particularly in complex tax law, where no one wishes to harm the government, nor deal with dozens of statutes and case law, that is necessarily fact specific. Yet, Plaintiffs have sought to alleviate much of the burden by cross referencing and incorporating into the Complaint the evidence to support their claims. The government should not be allowed to profit from violations of its equitable and statutory Hohfeldian duties to the Plaintiffs. [[6]]

37. The government says the Simons claims arose in about 1991 when the government refused to abate. Yet by the concealment of the key documents absolutely essential to unwinding the government's knot around the Simons, the Simons had no ability to prove their claims. [P. App. 6-11, 117-129].

38. All these foregoing specifically undisputed acts support an equitable finding that the statutes of limitation have been tolled and the Complaint was brought in good faith reliance on those equitable principals.

***The Motion itself is Prejudicial to the Plaintiffs***

39. The Motion itself, by the documents it relies upon for this Court to apply, paints the Simons as 'deal welchers' as 'reneggers' on a deal, when the Simons fully performed on the government now-admitted 1983 contract, and it is the government who has been the

---

[6] In summary, as early as 1803, Justice Marshall, in *Marbury v. Madison*, 5 U.S. 137, 162-3 (1803) stated in the majority opinion "If he has a right, and that right has been violated, do the laws of his country afford him a remedy? The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection."

'deal welchers' and 'reneggers' even as to further billing the Plaintiffs after their second $55,000 payment on the 1974 account. Automatically this Court and any future Appellate Courts will be seeing that label from a void judgment, *extremely prejudicial*.

40. If there is 'justice', 'fair play', 'full opportunity to be heard', then let this Court, of *exclusive* jurisdiction, let the government explain, now, with the Simons having their records and playing on a more level playing field, how the Simons did not fully pay in 1983. That is the crux, the crucial point here. If the Simons unchallenged evidence shows they paid, in full, in 1983, then the government admission that it filed for further collection in 1992, establishes all the other injuries of the Simons, leaving only the type and amounts of damages to be paid.

41. There can be nothing more irrelevant and immaterial here, and therefore absolutely prejudicial to be considered in this Court's processes, than a motion brought based on tainted fruits of government fraudulently procured void judgments, from federal courts, wholly without jurisdiction to say or do anything in regards to further collections on the 1974 account, than to say it doesn't have jurisdiction.

42. Such a motion is also going to be prejudicial for appeals.

**CONCLUSION**

A motion to strike does not necessarily apply here to a pleading under rule 12, but the motion to dismiss is a form of answer, nevertheless it is a litigation tool that can be used within RCFC rule 7, as in other Courts, to strike any material, statements, admissions, or here, a motion that contains any information that is prejudicial, misleading, legally insufficient, immaterial or irrelevant, and is not limited to a 20 day rule applicable only to the pleading in Rule 12. For this reason, the motion is also brought under rule 7. The

rules are to be construed for the speedy and just resolution. Rule 1. By striking this motion and ordering the government to file a verified answer, due to the fact specific complaint for fraud, the Court will expedite the case tremendously as the parties will have a clear picture of any specific facts that are materially at issue, highly judicially economical. See, *Lonegran v. U.S.* 303 U.S. 33 (U.S. 01/31/1938)(admission); *Hamling et al v. U.S.* 418 U.S. 87 (U.S. 06/24/1974)(venire)

Based on the foregoing, the Plaintiffs object to the motion to dismiss, and further move to strike the motion from the records of this Court, and pray the Court will order the government to file a verified answer to the complaint and its evidence as incorporated there in within 60 days, or dismiss the motion, and grant the Plaintiffs an opportunity to present their evidence with a full opportunity to be heard, and pray for the Court to grant the Plaintiffs all other relief as this Court finds to be fair in equity and just under the law.

So Signed this 12th day of June, 2006

________/s/____________________
Susan Rose, (Utah Bar No. 7985)
*Counsel for the Plaintiffs*
9553 South Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing is being emailed and mailed by U.S. mail to opposing counsel,
MICHAEL O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530
Attention: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, DC 20530