# In the United States Court of Federal Claims

DANNY C. SIMONS AND SALLY J. SIMONS,)
) Electronic Filing
Plaintiffs, )
) No. 06-115C
v. )
) The Honorable Judge Braden
THE UNITED STATES, )
)
Defendant.

**PLAINTIFFS' RESPONSE TO THE DEFENDANTS' MOTION TO CORRECT ITS RULE 12(B)(1) AND (6) MOTION TO DISMISS**

NOW COME THE PLAINTIFFS, to respectfully object to the government's motion to correct the government's Rule 12(b)(1) and (6) to dismiss nonconformity with rule 5, unless the government also corrects its motion's legal insufficiencies, in which case the Simons will stipulate to an attached order granting the government permission to correct its motion to dismiss, as long as the Plaintiffs can respond to the amended/corrected motion. A proposed order allowing for the filing of an amended Rule 12(b)(1) and (6) based on the following, is attached hereto. Plaintiffs submit that in order to for this Court to rule properly as to its own jurisdiction, and the motion to dismiss be legally sufficient to support dismissal, the motion to dismiss should be obliged to-

(1) explain how there can be 'two settlements,' meeting this Court's criteria for contracts, as the government professes in its motion, legally *bona fide* and binding, signed by persons with delegated authority, with mutual consideration, on the Simons' 1974 account, one in 1983 and another in 2002, in light of 26 U.S.C. §7121, and how the 2002 alleged settlement was not breached upon the further billing of the Simons when the statutes for appealing the case to the Supreme Court ran. Even with the eventual attempt to refund about $23.00, the government was letting the Simons know the alleged 2002 settlement and order

meant nothing to the government, and it could do whatever it wished. Under the I.R.C. §7121 statute, only the 1983 settlement can be correct. ( If the first is valid and fully paid, then the 2002 alleged settlement must legally fail, and the motion to dismiss should likewise fail);

(2) explain how specifically and in what way, in light of the evidence incorporated into the amended complaint, the Simons did not fully pay the 1983 contract, as IRS District Counsel-described, for years 1972, 1973 and 1973 memorialized in two Tax Court decisions with identical math computations income averaging the three years, given the interest restrictions in 26 U.S.C. §1314;

(3) explain how the government did not conceal the two documents essential to the Simons defense against further administrative and 1992 District Court litigation collections for the 1974 year, ( their original tax return and the form 872), from at least 1988 --- until about February 15, 2000 when the IRS Special Procedures function disgorged them;

(4) explain how this Court should dismiss the Plaintiffs complaint and uphold government violations of (A) 26 U.S.C. §7121, (B) 28 U.S.C. §1359, (C) 28 U.S.C. §2202 (the District Court 'declaring' a handwritten document was a contract when it was never signed by anyone with authority to bind the government, and the government rewrote the document with different terms the Simons disagreed with), (D) lack of any TIMELY I.R.C. § 6203 assessment made within the I.R.C. §6501 statutes of limitation, that prevents collections permanently; (E) lack of any 26 U.S.C. §6303 WRITTEN notice and demand at any time, nullifying the liens and levies upon which the government sought to

quiet title in 1992, except for the 1989 notice of intent to levy issued after the levies were issued and liens began to be put into place; (F) lack of any I.R.C. §6213(a) required Notice of Deficiency's for supplemental assessments to be collectable and the 2004 denial of appeal relief, if these required actions for collections did not take place, prior to collecting another $55,000 in 2002;

(5) explain how the Simons should not have the statutes tolled, and how the concealment of the records did not wholly prejudice them and deny them any full and fair opportunity to be heard, when they submitted to the District Court and Tenth Circuit Court the evidence, about 8 years after the government filed its case, and the District Court without testing the evidence did not believe the evidence, while ORDERING the Simons to make an offer and pay, with the Tenth Circuit Court being equally incredulous;

(6) explain how this Court presuming the truthfulness of the Complaint, in specifics for fraud, should then (A) uphold, ratify, by dismissal, the presumptively deceptively-generated litigation barred by 28 U.S.C. §1359 and 26 U.S.C. §7121, and therefore, absolutely void judgments or decrees of a District Court or Appellate Court,( in an unpublished opinion refusing to even acknowledge the jurisdictional arguments the Simons raised), and (B) equitably uphold them by dismissal, when the government's claims were not grounded in the fact that the Simons owed, so much as, the government had the records showing the Simons did not owe, knew the Simons could not prove they did not owe, and that the government could profit and did profit $55, 000 from the Court's legal presumptions in its favor as long as the Simons were without their records;

(7) explain how the government does not have a duty to deal honestly with its citizens such that it should support this Court's equitable tolling of any statutes of limitation as is necessary to provide an honest redress for Hohfeldian injuries arising directly, arising from the government's refusal to forebear further collections from a breach of their fully paid 1983 contract. *Marbury v. Madison*, 5 U.S. 137, 162-3 (1803); *Anthony v. United States*,987 F.2d 670(10th cir.1993)). *Hurt v. United States*, 70 F.3d 1261(4th Cir.1995) *Kurio v. United States, 281 F. Supp. 252 (S.D. Texas 1968).*

(8) Explain how this Court construing Rule 12 under Rule 1, for the Simons' 'just' resolution of their claims, should equitably and fairly dismiss the Simons claims in light of the foregoing missing government-known and documented information, that can be included in their motion to dismiss, as is necessary for this Court to write a fact specific order of dismissal.

Plaintiffs suggest that the subject matter jurisdiction question is and always has rested upon a contract claim arising under a now government admitted contract in 1983, within this Court's exclusive jurisdiction under the Tucker Act. The government is essentially asking this Court, in the government's silence as to specific facts and specific statutes applicable to the contracts payment, and without outright specific denial of the Plaintiffs' facts, to presume that the Simons did not completely and quickly fully pay for the satisfaction and accord of the 1983 contract on or about November 8, 1983 with certified funds. The Plaintiffs' IRS generated records show there were about half a dozen or more people with the IRS and as tax professionals with the Simons who, with the records readily available, with actions overseeing the closing of their account by about 4 levels of

management approval, all the way from the appeals office down. Therefore, it is unlikely a mistake was made in closing the account and posting the money to 1973, the only way the computer easily posts payments due to its restrictions on posting anything other than the statute barred 6601(a) interest, at the time. The mistake was likely later in reopening a closed account without the original IRS staff involved. That mistake turned to fraud when records to show the error were concealed from the Simons tax professionals, attested to by this counsel [P. App. 126], his previous counsel [P. App. 123-124], with request letters during litigation [P. App. 125], with settlement documents based on lack of documents and her information and belief they had been destroyed [P. App. 64-66a], and his CPA Dennis Larsen's affidavit [P. App. 117-118] who attempted to discover the documents in 1988, and never received them, and the FOIA response showing no extensions were signed by the Simons [P. App. 137-138], when in fact, form 872 precisely setting the all important assessment date, showing it was late and barring all further collections, did exist [P. App. 57-59], and was disgorged in a FOIA/privacy act response about February 15, 2000. If nothing else, the government should be bound by its own admissions, and there is at least one FOIA/privacy act response where the IRS identified the only single timely 'assessment' done in 1975 and paid immediately, as the IRS highlighted the year. [P. App. 100-109]

It is not inconsequential, that Revenue Officer Thurman admits in his own hand [P. App. 68-74] that he had the Simons original returns and records, copied them, and frequently told the Simons if they did not find their records to show the government erred, he would seize their property, he had already levied [ P. App. 81-83] without prior

written notice and demand [P. App. 80]. His notes show the Simons were ardently looking for them along with correspondence. [P. App. 79].

Perhaps one citizen's plight is not as important as multi million dollar complex corporations with offices nationally that can effect the national economy. However, under traditional Hohfeldian doctrines, well established, this Court has exclusive jurisdiction over the Plaintiffs claims, and the Simons had legal entitlements to be left alone after payment, that the government violated its duty to protect. 28 U.S.C. §1359 and 26 U.S.C. §7121. The District Court, when presented with the Plaintiffs newly discovered and assessed evidence, should have turned the case over to this Court, *sua sponte*, or dismissed it outright. Plaintiffs should now suffer because they were locked into litigation falsely initiated by the government.

To date, unequivocally and based on extensive research under Rule 11, the assertions to this Court accurately portray obedient citizens (a) dealing honestly with their government, (b) attempting to cooperate with the government; (c) being swindled by their government; (d) being forced by their government to expend hundreds of thousands of dollars in their defense for a contract they knew they paid, but could not prove they paid, at least until now; (e) being needlessly placed in fear of losing their home and property, (e) being essentially put out of the real estate development business for years by the spoliation of the Simons excellent stellar credit, a prerequisite to obtaining capital funding for projects; (f) with damages that to this day still raises red flags when loans are sought by his son with the same name, and (g) being subjected to the heavy weight of presumptions for the government exerted by the worlds strongest government agency the IRS, (h) while their government tied their hands in every way possible to prevent them

from being able to defend themselves, (i) now leaving them open for possible further collections under I.R.C. 108. ***The government does not say it will stop further collections, and usually cannot if the 2002 triggers a statute***. The injuries due to a quarter of a century of such actions by the government are uneqivocally serious, life altering, and palpable damages ***that can continue unless help is received here***.

If the Simons facts are untrue, let the government so say. Without the foregoing explanations, the Simons are deprived of the due process of adequate notice as to why their proffered facts and law are in error, why their claims should be dismissed, and this Court is unable to include fact finding the Simons did not fully pay and the records were not concealed, tolling the statutes, in any dismissal order. The Motion's legal insufficiencies, therefore need to be corrected. Particularly, when the government has converted at least the Rule 12(b)(6) motion to a summary judgment by relying on documents outside the pleadings, leaving a material fact dispute as to if the Simons owed. Under Rule 56 the Plaintiffs are allowed a full opportunity to present their evidence prior to dismissal. Plaintiffs pray for a hearing to do so. Without the foregoing information, the government's motion is frivolous, a time waster, without legal support, and the government should not be allowed to correct is motion, and the motion itself should be stricken, and an answer mandated to the Complaint.

So Signed this 15th day of June, 2006

________/s/___________________

Susan Rose, (Utah Bar No. 7985)
Counsel for the Plaintiffs
9553 South Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing is being emailed and mailed by U.S. mail to opposing counsel, on this 15th day of June, 2006.

MICHAEL O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530
Attention: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, DC 20530

# In the United States Court of Federal Claims

DANNY C. SIMONS AND SALLY J. SIMONS,)
) Electronic Filing
Plaintiffs, )
) No. 06-115C
v. )
) The Honorable Judge Braden
THE UNITED STATES, )
)
Defendant.

**THE COURT'S ORDER GRANTING PERMISSION TO CORRECT THE DEFENDANTS' MOTION TO DISMISS**

This Court grants the defendants' motion to add a table of contents and authorities in compliance with Rule 5, subject to the following conditions:

The government in its corrected motion to dismiss will;

(1) explain how there can be 'two settlements,' meeting this Court's criteria for contracts, as the government professes in its motion, legally *bona fide* and binding, signed by persons with delegated authority, with mutual consideration, on the Simons' 1974 account, one in 1983 and another in 2002, in light of 26 U.S.C. §7121, and how the 2002 alleged settlement was not breached upon the further billing of the Simons when the statutes for appealing the case to the Supreme Court ran. Even with the eventual attempt to refund about $23.00, the government was letting the Simons know the alleged 2002 settlement and order meant nothing to the government, and it could do whatever it wished. Under the I.R.C. §7121 statute, only the 1983 settlement can be correct;

(2) explain how specifically and in what way, in light of the evidence incorporated into the amended complaint, the Simons did not fully pay the 1983 contract, as IRS District Counsel-described, for years 1972, 1973 and 1973 memorialized in two Tax Court decisions with identical math computations income averaging the three years, given the interest accumulation restrictions in 26 U.S.C. §1314;

(3) explain how the government did not conceal the two documents essential to the Simons defense against further administrative and 1992 District Court litigation collections for the 1974 year, ( their original tax return and the form 872), from at least 1988 --- until about February 15, 2000 when the IRS Special Procedures function in Wyoming disgorged them;

(4) explain how this Court should dismiss the Plaintiffs complaint and uphold government violations of (A) 26 U.S.C. §7121, (B) 28 U.S.C. §1359, (C) 28 U.S.C. §2202 (the District Court 'declaring' a handwritten document was a contract when it was never signed by anyone with authority to bind the government, and the government rewrote the document with different terms the Simons disagreed with), (D) lack of any TIMELY I.R.C. § 6203 assessment made within the I.R.C. §6501 statutes of limitation, that prevents collections permanently; (E) lack of any 26 U.S.C. §6303 WRITTEN notice and demand at any time, nullifying the liens and levies upon which the government sought to quiet title in 1992, except for the 1989 notice of intent to levy issued after the levies were issued and liens began to be put into place; (F) lack of any I.R.C. §6213(a) required Notice of Deficiency's for

supplemental assessments to be collectable and the 2004 denial of appeal relief, if these required actions for collections did not take place, prior to collecting another $55,000 in 2002;

(5) explain how the Simons should not have the statutes tolled, and how the concealment of the records did not wholly prejudice them and deny them any full and fair opportunity to be heard, when they submitted to the District Court and Tenth Circuit Court the evidence, about 8 years after the government filed its case, and the District Court without testing the evidence did not believe the evidence, while ORDERING the Simons to make an offer and pay, with the Tenth Circuit Court being equally incredulous;

(6) explain how this Court presuming the truthfulness of the Complaint, in specifics for fraud, should then (A) uphold, ratify, by dismissal, the presumptively deceptively-generated litigation barred by 28 U.S.C. §1359 and 26 U.S.C. §7121, and therefore, absolutely void judgments or decrees of a District Court or Appellate Court,( in an unpublished opinion refusing to even acknowledge the jurisdictional arguments the Simons raised), and (B) equitably uphold them by dismissal, when the government's claims were not grounded in the fact that the Simons owed, so much as, the government had the records showing the Simons did not owe, knew the Simons could not prove they did not owe, and that the government could profit and did profit $55, 000 from the Court's legal presumptions in its favor as long as the Simons were without their records;

(7) explain how the government does not have a duty to deal honestly with its citizens such that it should support this Court's equitable tolling of any statutes of limitation as is necessary to provide an honest redress for Hohfeldian injuries arising directly, arising from the government's refusal to forebear further collections from a breach of their fully paid 1983 contract. *Marbury v. Madison*, 5 U.S. 137, 162-3 (1803); *Anthony v. United States*,987 F.2d 670(10th cir.1993)). *Hurt v. United States*, 70 F.3d 1261(4th Cir.1995) *Kurio v. United States, 281 F. Supp. 252 (S.D. Texas 1968).*

(8) Explain how this Court construing Rule 12 under Rule 1, for the Simons' 'just' resolution of their claims, should equitably and fairly dismiss the Simons claims in light of the foregoing missing government-known and documented information, that can be included in their motion to dismiss, as is necessary for this Court to write a fact specific order of dismissal.

If the foregoing information, with specific facts and evidence, is not provided to this Court in the government's amended Rule 12(b)(1) and (6) motion to dismiss, it will stricken from the record, and an answer to the complaint will be due as provided by the rules, without further motion interfering with the filing of the answer. The government's amended Rule 12(b)(1) and (6) motion to dismiss is due within 15 days. Plaintiffs will be given 15 days after the filing of the government's amended motion to dismiss, to file a response thereto.

Further this Court saith naught.

So signed this ________ day of 2006

______________________________

Judge Susan Braden