# In the United States Court of Federal Claims

DANNY C. SIMONS AND SALLY J. SIMONS,)
) Electronic Filing
Plaintiffs, )
) No. 06-115C
v. )
) The Honorable Judge Braden
THE UNITED STATES, )
)
Defendant.

## PLAINTIFFS' RCFC RULE 15 MOTION TO AMEND/SUPPLEMENT THE AMENDED COMPLAINT

**NOW COME THE PLAINTIFFS**, by and through undersigned counsel pursuant to the RCFC at Rule 15 to supplement and amend the Amended complaint, without displacing it, as based upon the supporting memorandum of fact and law.

So Signed this 29th day of June, 2006

________/s/___________________

Susan Rose, (Utah Bar No. 7985)
*Counsel for the Plaintiffs*
9553 South Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing is being emailed and mailed by U.S. mail to opposing counsel, by U.S. mail on this 29th day of June, 2006

MICHAEL O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530
Attention: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, DC 20530

# In the United States Court of Federal Claims

DANNY C. SIMONS AND SALLY J. SIMONS,)

) Electronic Filing

Plaintiffs, )

) No. 06-115C

v. )

) The Honorable Judge Braden

THE UNITED STATES, )

)

Defendant.

## MEMORANDUM OF POINTS AND AUTHORITIES FOR PLAINTIFFS' RCFC RULE 15 MOTION TO AMEND/SUPPLEMENT THE AMENDED COMPLAINT

NOW COME THE PLAINTIFFS, by and through undersigned counsel, to move the Court, under RCFC Rule 15, to allow them to amend the Complaint with the claim of 'Fraud Upon the Court' in regards to the decree issued by the District Court, that was eventually violated anyway by the government's billing of the Plaintiffs after the date for appealing to the U.S. Supreme Court had run [Pltf. App. 138-139], and to which the government wishes to continue to bind the Plaintiffs by their motion to dismiss.

About May 13, 2006, the government placed before this Court a motion to dismiss. This motion is based upon a summary judgment motion filed in the U.S. District Court for the State of Utah by government counsel Jeffery Snow, and it is filled with misrepresentations. Motion to Dismiss Appendix 1. The District Court relied upon the

assertions as shown by the District Court's DEMAND for the parties to 'settle' rather than accepting the evidence given to the Court. [Pltf. App. 225-230]. But for this summary judgment motion, the Plaintiffs would have prevailed.

The summary judgment motion is produced as an appendix in this Court for this Court to rely upon the same misrepresentations. Current Justice Alito, as a Third Circuit Court judge, in *Herring v. United States*, 424 F.3d 384 (3d Cir. 09/22/2005)found this formula for the Third Circuit. Fraud on the Court must show (1) an intentional fraud; (2) by an officer of the Court; (3) which is directed at the court itself; and (4) in fact deceives the Court.

As appendix 1 of the government's motion to dismiss shows, the summary judgment was filed by an officer of the Court. It was directed to the Court itself. The officer knew that the representations and precisely which facts to omit, and made a false representation. And the Court relied upon those assertions.

The summary judgment motion states falsely by representation and omission, as follows, with the pertinent parts of the government's Appendix 1 copied verbatim from the document, as follows:

1. The government creates the presumption of a 1974 liability for the Simons to the U.S. District Court:

Undisputed Facts

The underlying liability pertaining to the Simons' (a) 1974 tax year was assessed "On July 25, 1983... [for] a $17,071 deficiency in income tax and an $854 addition to tax against taxpayers for tax year 1974", United States v. Dan C. Simons, et al., 129 F.3d at 1386, 1388 (10th Cir. 1990), and *was based upon* an "agreed" Tax Court Decision entered on April 22, 1983.[1] A copy

A. The government omits: (i) this 'assessment' was done after the statutes of limitation was run [P. app. 5,57-59,100-109] and with a 'restricted interest' code TC 340 that disallows full interest and holds notices and demands from being mailed; (ii) another 'assessment' was done in October, 1983 for zero amount as shown on the Plaintiffs' IMF computer readout when the account was closed [P. Ap. 62a] with a 'restricted' interest code of TC 340 that holds all notices, disallows full interest; (iii) the 'agreed' Tax Court decision entered April 22, 1983 included the netting of three tax years 1972, 1973 and 1974, with attached 26 U.S.C. 1311-1314 agreed to income averaging documents as drafted by the IRS and required to be submitted with the stipulated decisions as per U.S. Tax Court rule 155. [[1]] (iv) there was no timely notice and demand provided for this alleged initial assessment.

[1] **RULE 155. COMPUTATION BY PARTIES FOR ENTRY OF DECISION**
**(a) Agreed Computations:** Where the Court has filed or stated its opinion determining the issues in a case, it may withhold entry of its decision for the purpose of permitting the parties to submit computations pursuant to the Court's determination of the issues, showing the correct amount of the deficiency, liability, or overpayment to be entered as the decision. If the parties are in agreement as to the amount of the deficiency or overpayment to be entered as the decision pursuant to the findings and conclusions of the Court, then they, or either of them, shall file promptly with the Court an original and two copies of a computation showing the amount

2. The Government without getting into details, states there is an 'escalating liability':

> attached as Exhibit IV-A to Plaintiff's Motion. A compilation of the escalating 1974 liability, as of June 5, 1992, is set forth in a Department of the Treasury Certificate of Assessments and Payments which is attached as Exhibit IV-B to Plaintiff's Motion. (This calculation will be brought current should Plaintiff's Motion be granted by this Court.)

A. The government omits informing the Court that the IRS computer in 1995 showed a zero amount owing, as the IRS had closed out the account. [Plnt. App. 100-109 the IRS highlighting the ONLY timely assessment on the account and showing in 1995 the IRS released any liability].

3. The government recharacterizes the complaint for 1974 in District Court by saying it was an 'action to reduce income tax assessments', when it was titled a quiet title action. [P. Aplt. 180] Any 'assessments' would have been the result of a Tax Court judgment, that the Simons plead for the U.S. District Court to find were fully satisfied.

> **Introduction**
>
> The United States brought this action to reduce income tax assessments against Dan C. Simons and Sally J. Simons for (a) 1974,

A. Omits informing the Court that this action for collection is for a new amount, never agreed to as evidenced by the income averaging IRS work

---

of the deficiency, liability, or overpayment and that there is no disagreement that the figures shown are in accordance with the findings and conclusions of the Court. In the case of an overpayment, the computation shall also include the amount and date of each payment made by the petitioner. The Court will then enter its decision.

documents [P. Ap. 16-21 to which full interest can not apply 26 U.S.C. 1314], is prohibited by 26 U.S.C. 7121.

4. The government then mischaracterizes the Plaintiffs position. Plaintiffs sought to have the District Court uphold the original Tax Court decision as fully paid, but if the Decisions were as the government was currently representing them to be, then to vacate them:

**"Disputed" Fact**

The Simons are imploring this Court to reopen the aforesaid April 22, 1983 "agreed" Tax Court Decision pertaining to their 1974 tax liabilities. They seek to convince this Court that the said Tax Court Decision did not reflect the parties' "true" settlement agreement. Thus, see the Simons' recently filed "Amendment and

A. The government in violation of 26 U.S.C. 7121 was reopening the 1974 agreement, decisions, based upon the Plaintiffs inability prior to about 2000 to show the government was in error, due to withheld evidence, false statements of timely notice and demand, that NEVER issued, until a few notices of liens around 1988 and 1989, when the Taxpayers could not prove the government to be wrong.

5. The government cites to the District Counsel's Decision as being in support of the Plaintiffs' position,

**First**, a reading of the "District Counsel's Decision" dated "1/26/83" (Exhibit VI to Plaintiff's Motion) at its pp. 2-3 reaffirms Plaintiff's position that the 1974 year has been resolved as stated in the Tax Court Decision. E.g., as pertains to the year 1974, District Counsel states that certain deductions would be disallowed as business expenses but allowed as short term capital losses; that the negligence penalty by consent of Mr. Simons would be asserted; and that because District Counsel (unilaterally) determined that fraud could not be proven, the United States would not assert a civil fraud penalty for 1974 against Mr. Simons.

A. The government omits however, that in this same document, as approved by Appeals office, all three tax years, 1972, 1973, and 1974 were to be treated 'together' [P. Ap. 28], consistent with the Plaintiffs offer of a package agreement for all three years [P. Ap. 22-25] and were treated 'together' by the underling Rule 155 income averaging documents, [P. Ap. 16-21], that were identical for a package agreement entered into the Court for two Tax Court decisions for all three years.

B. The government's admission that it lacked evidence of fraud, also shows that the government's delay in the agreement was the government's fault, and reason why the Plaintiffs should not be subjected to full interest claims going back all the way to the date the return was due. By using income averaging in the mitigation provisions of 26 U.S.C. 1311-1314, the use of full interest is prohibited.

6. The government then makes a huge misrepresentation:

**Fourth**, the Simons--as would persons who were "comfortable" with a negotiated Tax Court Decision--did nothing for 6 years.

A. The Simons absolutely in 1983, PAID IN FULL [P. Ap. 51] ALL three years (1972, 1973, 1974), in 1983, just about 21 days after being told, by phone [P. Ap. 141], that Plaintiffs fully account for by way of

a. An experts report P. Ap. 6-11, the CPA certified calculation to within .007 of what was paid and how it accounted for all three years [P. Ap. 52], the self admission that for about 6 years the government 'did nothing' based on a closed 1974 account [P. Ap. 62a], as was closed in accord with agreement and payment in 1983.

B. It was the government who did nothing, after the verbal collection for 1974, and after full payment, who did nothing, except reopen the case, and seek payment of the 1983 decision for 1974, separately and while ignoring the underlying Tax Court rule 155 IRS drafted documents that inseparately connected the two Tax Court decisions and all three years into one decision.

7. The Government knew their case and assertions were false as based upon the government's reasoning in footnote 5 of its summary judgment motion.

> Thus, e.g., assuming, arguendo, they would otherwise have been entitled to do so, the doctrine of *res judicata* would prevent the Simons from filing a suit in this Court *to contest* their tax liabilities for the year 1974 since the record clearly shows that after negotiations, and with the explicit consent of counsel for both parties, the Tax Court entered the Decision, Exhibit IV-A to Plaintiff's Motion, now being questioned. .

.

Assuming arguendo, "the doctrine of res judicata would prevent the [government] from filing suit in this court to " collect further alleged tax liabilities, "since the record clearly shows that after negotiations, and with the explicit consent of counsel for both parties, the Tax Court entered the Decision". The government is

also correct, in that, the only Court of exclusive jurisdiction for the Plaintiffs' contract claims is this court.

**CONCLUSION**

The artful omission of pertinent fact and law, the misrepresentation of fact that the Simons 'did nothing' after the Tax Court decisions were entered for six years, verifies the Plaintiffs' position that the summary judgment and entire case was a misrepresentation, by officers of the Court, to the District Court, and upon which the District Court relied, while the government was withholding records, within the governments' possession, to which they had access [P. Ap. 63, 64-65, 68] while denying their existence [P. Ap. 167, 137-138], and misrepresenting the Simons were attempting to undo the 1983 deal, when they were trying to either have the District Court declare it fully paid, or to vacate it.

Based on the foregoing, the Plaintiffs pray for the Court to allow them to amend their Complaint as follows:

Simply insert 2 paragraphs

"162a. Plaintiffs further assert that the government by and through its officers of the court, in District Court, committed fraud upon the Court, but the enumerated activities cited above, and by the submission of a summary judgment motion, upon which the Court relied to deny Plaintiffs relief from the government's prior collection action, and to ORDER the Plaintiffs to pay an additional $55, 000 while making them possibly continuing liable for claims under statute provision 26 U.S.C. 108 for a forgiveness of a debt the Plaintiffs' never owed. '

"254a. Plaintiffs seek for the Court to find and declare that fraud upon the court was committed by the government in the District Court, and its judgments are vacated in their entirety. The 1983 agreement, involving two Tax Court decisions, was fully paid, and breached by the government's refusal to forebear further collections under 26 U.S.C. 7121. "

Plaintiffs also pray for any and all other relief as the Court may grant.

So signed this 29th day of June, 2005

______________________________

Susan Rose
Attorney for the Plaintiffs
9553 S. Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing is being emailed and mailed by U.S. mail to opposing counsel, by U.S. mail on this 29th day of June, 2006

MICHAEL O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530
Attention: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, DC 20530

# In the United States Court of Federal Claims

| | |
|---|---|
| DANNY C. SIMONS AND SALLY J. SIMONS, | ) |
| | ) Electronic Filing |
| Plaintiffs, | ) |
| | ) No. 06-115C |
| v. | ) |
| | ) The Honorable Judge Braden |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | |

**ORDER GRANTING THE PLAINTIFFS' RCFC RULE 15 AMENDMANT/SUPPLEMENT OF THE AMENDED COMPLAINT**

NOW COMES THE COURT, having received and reviewed the Plaintiffs motion to amend their amended complaint, hereby grants their motion for good cause shown.

Signed this _____ day of _______, 2006

______________________________
Judge Susan Braden

# In the United States Court of Federal Claims

DANNY C. SIMONS AND SALLY J. SIMONS,) ) Electronic Filing
Plaintiffs, )
) No. 06-115C
v. )
) The Honorable Judge Braden
THE UNITED STATES, )
)
Defendant.

## PLAINTIFFS' RCFC RULE 15 AMENDMANT/SUPPLEMENT of THE AMENDED COMPLAINT

The Plaintiffs' complaint is to amend and supplement the Amended Complaint, without displacing it, without displacing its verification and without displacing the exhibits attached to the Amended Complaint as incorporated within the Amended Complaint, as follows:

"162a. Plaintiffs further assert that the government by and through its officers of the court, in District Court, committed fraud upon the Court, but the enumerated activities cited above, and by the submission of a summary judgment motion, upon which the Court relied to deny Plaintiffs relief from the government's prior collection action, and to ORDER the Plaintiffs to pay an additional $55, 000 while making them possibly continuing liable for claims under statute provision 26 U.S.C. 108 for a forgiveness of a debt the Plaintiffs' never owed. '

"254a. Plaintiffs seek for the Court to find and declare that fraud upon the court was committed by the government in the District Court, and its judgments are vacated in their entirety. The 1983 agreement, involving two Tax Court decisions, was fully paid, and

breached by the government's refusal to forebear further collections under 26 U.S.C. 7121. "

So Signed this 29th day of June, 2006

________/s/___________________

Susan Rose, (Utah Bar No. 7985)
*Counsel for the Plaintiffs*
9553 South Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing is being emailed and mailed by U.S. mail to opposing counsel, by U.S. mail on this 29th day of June, 2006

MICHAEL O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530
Attention: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, DC 20530