IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DANNY C. SIMONS AND SALLY J. SIMONS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-115C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
TO AMEND/SUPPLEMENT THEIR AMENDED COMPLAINT

Pursuant to Rule 15 of the Rules of the Court of Federal Claims ("RCFC"), defendant respectfully submits this opposition to the Simons' motion to amend/supplement the amended complaint.[1]

ARGUMENT

I. The Standard

RCFC 15(a) provides that when a response to a complaint has been served, "a party may amend the party's own pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although RCFC 15 has been liberally construed to permit relevant amendments, its scope is not unlimited. E.g., E.W. Bliss Co. v. United States, 77 F.3d 445, 449-50 (Fed. Cir. 1996); First Interstate Bank of Billings v. United

[1] In the body of their motion, the Simons request leave to amend. Only the title of the motion seeks leave to supplement their complaint. RCFC 15(a) governs amended pleadings, while RCFC 15(d) governs supplemental pleadings. As defined in RCFC 15(d), supplemental pleadings are limited to "transactions, occurrences, or events which have happened since the date of the pleading sought to be supplemented." Since the Simons seek leave to add allegations concerning allegedly improper actions committed by the Government during district court litigation several years prior to their filing of this action, RCFC 15(d) is not applicable to their motion.

States, 960 F.2d 1576, 1582-83 (Fed. Cir.), cert. denied, 506 U.S. 953 (1992); Te-Moak Bands of W. Shoshone Indians of Nevada v. United States, 948 F.2d 1258, 1260-63 (Fed. Cir. 1991); Herndon v. United States, 36 Fed. Cl. 198, 202-04 (1996), aff'd, 121 F.3d 727 (Fed. Cir. 1997) (table); Cupey Bajo Nursing Home, Inc. v. United States, 36 Fed. Cl. 122, 132 (1996); Spalding & Son, Inc. v. United States, 22 Cl. Ct. 678, 680-81 (1991). "The decision whether to allow leave to amend pleadings . . . is within the sound discretion of the trial court." First Interstate Bank, 61 F.3d at 881 (citing Te-Moak Bands, 948 F.2d at 1260); accord E.W. Bliss, 77 F.3d at 450.

Commonly identified grounds for a court's denial of a proposed amended pleading include: (1) undue delay; (2) bad faith; (3) dilatory motive; (4) repeated failure to cure deficiencies; (5) undue prejudice to opposing party; or (6) futility of proposed amendment. Te-Moak Bands, 948 F.2d at 1260 (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)); Misui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989); Herndon, 36 Fed. Cl. at 202; St. Paul Fire & Marine Ins. Co. v. United States, 31 Fed. Cl. 151, 153 (1994); Siemens Aktiengesellschaft v. United States, 26 Fed. Cl. 312, 313 (1992). As stated in Spalding, "[t]he existence of any one of these criteria is sufficient to deny a motion to amend, the theory being that the amendment would not be necessary to serve the interests of justice under the circumstances." 22 Cl. Ct. at 680. When futility is asserted as a basis for denying a proposed amendment, "courts simply decide whether a party's proposed amendment is facially meritless and frivolous, i.e., 'Where futility is proposed as a basis for denying amending a complaint, courts will discern whether a pleading is frivolous and insufficient on its face or has been adequately addressed in the prior complaint.'" St. Paul Fire & Marine, 31 Fed. Cl. at 155

(quoting State of Alaska v. United States, 15 Cl. Ct. 276, 280 (1988)).

II. The Issues That The Simons Seek To Raise In The Amended Complaint Are Res Judicata

The Simons seek to amend their complaint for a second time to add two paragraphs which allege that the Government committed fraud upon the District Court for the District of Utah during a collection action against the Simons' for their unpaid 1974 taxes. They allege that the Government committed fraud when it filed a summary judgment motion. The Simons set forth extensive quotations from that summary judgment motion (Appendix to motion to dismiss (Def. App.") at 1-11), followed by their arguments as to why the Government's motion was legally and factually defective. Because the Simons had an opportunity to file an opposition to the Government's summary judgment motion, and file their own motions, these arguments were or could have been raised by the Simons in the district court.

As we established in our motion to dismiss, res judicata bars the Simons from relitigating issues that were or should have been advanced in the earlier lawsuit. E.g., Garcia Carranza v. United States, 67 Fed. Cl. 106, 112 (2005) (quoting Carson v. Dept. of Energy, 398 F.3d 1369, 1375 (Fed. Cir.2005)). Review of various documents filed by the Simons in the district court demonstrate that they have already litigated, or had the opportunity to litigate, the issues they seek to add in a second amended complaint. For example, at page 3 of their memorandum in support of their motion to amend, the Simons allege that the IRS failed to make a timely notice and demand for the tax assessment. However, they already made this argument in their opposition to the Government's summary judgment motion (Def. App. 13), and in a motion to dismiss for lack of subject matter jurisdiction in the district court. Def. App. 42, 53-58. At page 4 of their memorandum, they argue that, in 1995, the IRS computer showed that they owed no

taxes. They made this argument in their motion to dismiss in the district court. Def. App. 47. At pages 4-6 of their memorandum, they argue that IRS "income averaging" documents support their arguments, but they raised this argument in their opposition to the Government's summary judgment motion. Def. App. 18. At pages 5 and 7 of their memorandum, they argue that they had already paid the IRS in full before the IRS filed the district court action. They raised this argument in their district court motion to dismiss. Def. App. 49-52. Thus, the allegations that the Simons seek to raise in a second amended complaint are facially meritless because they are res judicata, and the Court should deny the Simons leave to amend.

III. This Court Does Not Possess Jurisdiction To Consider Whether A District Court Judgment May Be Set Aside For Fraud

As we have previously noted, the Simons settled the district court action by agreeing to pay the Government $55,000. United States v. Simons, 86 Fed. Appx. 377, 378 (10th Cir. 2004) ("Simons IV"). Although the Simons argue here that the Government's summary judgment arguments lacked merit, the district court apparently did not agree because it stated prior to settlement that it would grant the motion if the parties did not settle. Id. at 379. According to the partial transcript that the Simons attached to their amended complaint, the court stated that it would enter judgment for the Government for "considerably more than $55,000." Pl. app. 229. The Simons present no compelling argument why it should be allowed to reargue in this Court arguments that did not persuade the district court or the United States Court of Appeals for the Tenth Circuit.

Notwithstanding their preparation of a consent judgment for the district court and payment of the $55,000, the Simons appealed to the United States Court of Appeals for the Tenth

Circuit. Id. at 378-79. The Tenth Circuit observed that it "is a well accepted rule that a party to a consent judgment waives any objection to matters within the scope of the judgment" and affirmed the district court judgment. Id. at 379. The Tenth Circuit held that "the government argues persuasively for applying waiver here, noting the overlap between the substance of the appeal and the matters necessarily encompassed within the consent judgment ..." Id. In addition, the Tenth Circuit noted that the Simons "did not reserve a right of appeal in either the consent decree or the underlying settlement agreement." Id.

In our opposition to the Simons' motion to strike our motion to dismiss, we established that the Simons' argument that the district court judgment was void was not a colorable argument in this Court because the Court does not possess jurisdiction to declare district court judgments void. Carney v. United States, 199 Ct. Cl. 160, 462 F.2d 1142 (1972). We further established that the procedure for obtaining relief from a void judgment is to file a motion for relief from judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b)(4) in the district court that rendered that judgment. E.g., Indian Head Nat'l Bank of Nashua v. Brunelle, 689 F.2d 245, 248 (1st Cir. 1982). However, we also noted that such a motion likely would be unsuccessful since the Simons had voluntarily settled the action and had already unsuccessfully raised their arguments with respect to the alleged lack of jurisdiction and other alleged errors of the district court in their appeal to the Tenth Circuit.

Our response to the Simons new allegation that the Government committed fraud upon the district court is similar to our response to their void judgment allegation. FRCP 60(b)(3) prescribes the method of obtaining relief where the other party has committed fraud upon the court:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... The motion shall be within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

RCFC 60(b)(3). As we established in our opposition to the Simons' motion to strike, this Court does not have jurisdiction to consider a Rule 60(b) motion directed at the judgment of a district court. Carney v. United States, 199 Ct. Cl. 160, 462 F.2d 1142 (1972).

In addition, the Simons' Rule 60(b)(3) would be untimely because such a motion must be filed within one year after the entry of the judgment. The district court entered its judgment in August, 2002, and a Rule 60(b)(3) motion is untimely by almost three years. Appendix to plaintiffs' complaint at 215. The one year rule is strictly construed. For example, in Algonac Mfg. Co. v. United States, 198 Ct.Cl. 258, 458 F.2d 1373, 1376 (1972), the Court of Claims denied as untimely a motion for relief from judgment that was filed one year and four days after the entry of judgment.

The Simons' motion to amend, therefore, is futile because the Court does not possess jurisdiction to consider the issues that the Simons raised and because it is untimely by several years.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny the Simons' motion to amend/supplement their complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Michael N. O'Connell
MICHAEL N. O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-0282
Attorneys for Defendant

Dated: July 13, 2006

Certificate of Filing

I hereby certify that on this 13th day of July, 2006, a copy of the Defendant's Motion For To Dismiss was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Michael N. O'Connell
Michael N. O'Connell