IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DANNY C. SIMONS AND SALLY J. SIMONS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-115C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STAY RESPONSES TO PLAINTIFFS' MOTIONS

Pursuant to Rules 1, 6.1, and 7.2 of the Rules of the Court of Federal Claims, defendant respectfully requests that the Court stay defendant's response to the Simons' motion for partial summary judgment, and their motion to strike the defendant's response to the plaintiffs' motion to strike the defendant's motion to dismiss. Defendant requests that the Court enter an order stating that defendant shall have until 28 days after the Court issues a decision on the defendant's motion to dismiss to respond to these motions.

In support of this motion, defendant states that the Simons' motions for partial summary judgment and to strike are duplicative of their earlier filings, and premature prior to a decision upon the defendant's motion to dismiss. Defendant's motion to dismiss established that the Simons' amended complaint should be dismissed because of the doctrine of res judicata, in that all of the issues raised in the complaint were or should have been raised by the Simons in the district court, because this action is untimely, and because the Court does not possess jurisdiction to consider their tort and takings claims. If the Court decides the motion to dismiss in defendant's favor, it would obviate the need for the Court to reach these motions.

The Simons motion for partial summary judgment and their most recent motion to strike are also redundant because they repeat arguments made in earlier filings. For example, in the motion for partial summary judgment, the Simons state that the following question is presented in the motion:

> Was the Government's filing of a 1992 action in District Court for further collection for year 1974, outside the District Court's statutory jurisdiction, such that all its orders, decrees and judgments are void ab initio?

Motion for partial summary judgment, table of contents. Similarly, in their new motion to strike, the Simons contend that they can attack the district court consent judgment if it is void for lack of subject matter jurisdiction. Motion to strike at 5. The issue of whether this Court can review a district court judgment and declare it void was briefed thoroughly in defendant's motion to dismiss, the Simons' motion to strike that motion, and defendant's opposition to the motion to strike. It appears unlikely that further briefing on these issues by defendant will assist the Court.

WHEREFORE, defendant respectfully requests that the Court enter an order staying defendant's response until 28 days after the Court issues a decision on the defendant's motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Michael N. O'Connell
MICHAEL N. O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-0282
Attorneys for Defendant

Dated: July 18, 2006

Certificate of Filing

I hereby certify that on this 18th day of July, 2006, a copy of the Defendant's Motion For To Stay Response to Plaintiffs' Motions was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Michael N. O'Connell
Michael N. O'Connell