Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA,
*Defendant*.

Case No. 06-115
Judge Susan Braden

---

**RESPONSE TO THE DEFENDANTS' MOTION TO STAY THE GOVERNMENT RESPONSES TO THE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO STRIKE THE DEFENDANTS RESPONSE TO THE PLAINTIFFS MOTION TO STRIKE THE DEFENDANTS MOTION TO DISMISS**

---

## TABLE OF CONTENTS

**THE GOVERNMENT'S MOTION TO STAY IS CONTRARY TO RULE 1, RULE 6.1 AND 7.2 AND ULTRA VIRES OF ALL THE RULES** 2

***Electronic Filing Disallows Combined Motions based on the same issues, same or similar facts and law, in response to duplicative government motions*** 2

**THE PLAINTIFFS' MOTIONS TO STRIKE ARE TO KEEP THE RECORD ACCURATE AND PRESERVE THE COURT'S VALUABLE RESOURCES** 3

**THE PLAINTIFFS' MOTIONS ARE NOT BURDENSOME TO ANSWER AS THE SIMONS' STORY OF OBEDIENCE TO THEIR GOVERNMENT IS REALLY VERY SIMPLE AND SHOULD BE FAIRLY ANSWERED** 3

**ARGUMENT** 9

**THE GOVERNMENT KNOWS THAT THIS COURT HAS PROPER EXCLUSIVE JURISDICTION** 9

**THE GOVERNMENT KNOWS THAT THIS COURT HAS EQUITABLE TOLLING OF THE STATUTES OF LIMITATION IS JUSTIFIED HERE** 11

**THE GOVERNMENT KNOWS THAT RCFC RULE 12 AND 7 ARE APPROPRIATE FOR PLAINTIFFS' MOTIONS TO STRIKE** 12

**CONCLUSION** 15

**PROPOSED ORDER** 17

## TABLE OF AUTHORITIES

*Anthony v. United States*, 987 F.2d 670 (10th Cir. 1992) 11

*Boatmen's First Nat'l Bank v. Kansas Public Employees Retirement System*, 57 F.3d 638, 640 n.4 (8th Cir. 1995); 9

*Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986) 9

*Carney v. U. S. , 462 F.2d 1142, (1972)* 9

*Catawba Indian Tribe of South Carolina v. United States*, 982 F.2d 1564, 1571 (Fed. Cir. 1993) 12

*Catellus Dev. Corp. v. United States*, 31 Fed. Cl. 399, 407-08 (1994) 12

*Cobell v. Norton*, No. 96-1285, 2003 WL 721477 (D.D.C. Mar. 3, 2003)) 12

*Entines v. United States*, 39 Fed. Cl. 673, 680 (1997) 12

*Goble v. Marsh,* 684 F.2d 12 (D.C. Cir. 1982). 9

*Hurt v. U. S.* 70 F.3d 1261 (4th Cir. 1995) 11

*Larouche v. Department of the Treasury*, No. 91-1655, 2000 WL 805214 (D.D.C. Mar. 21, 2000) 12

*Japanese War Notes Claimants Assoc. of the Phillippines, Inc. v. United States*, 178 Ct. Cl. 630, 634, 373 F.2d 356, 358-59 (1967) 11

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, ___, 114 S. Ct. 1673, 1675 (1994) (citations omitted) 9

*Kurio v. U. S.*, 429 F. Supp. 42, 970.STX.0000028http://www.versuslaw.com. 10

*Newhard, Cook & Co. v. Inspired Life Ctrs., Inc*., 895 F.2d 1226, 1228 (8th Cir. 1990) 9

*Pigford v. Veneman*, 215 F.R.D. 2, 4 n.1 (D.D.C. 2003) 12

*Stone v. United States*, 683 F.2d 449, 451 (D.C. Cir. 1982) 9

*United States v. Feinberg* [67-1 USTC ¶9176], 372 F. 2d 352 (3d Cir. 1965), aff'd on rehearing en banc, 372 F. 2d 352, 359 (1967) 12

*U.S. Philips Corp. v. Sears Roebuck & Co.,* 55 F.3d 592 (Fed. Cir. 1995). 12

*Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002). 9

*Woodrum v. Southern Railway Co.*, 750 F.2d 876, 1985.C11.41890 http://www.versuslaw.com 10

Tucker Act of 1887 10
Federal Courts Improvement Act of 1982 10
26 U.S.C. 108 13
26 U.S.C. 6215 passim
26 U.S.C. 6303 passim
26 U.S.C. 6331 9
26 U.S.C. 6501 passim

| | |
|---|---|
| 26 U.S.C. 7121 | 9 |
| 26 U.S.C. 7122 | 9 |
| 28 U.S.C. 1346 | 9,10 |
| 28 U.S.C. 1491 | 9,10 |
| RCFC rule 1, 6.1, and 7.2 | 1 |
| RCFC Rule 7 | 12 |
| RCFC Rule 9 | 3 |
| RCFC Rule 11 | 11 |
| RCFC Rule 12 | 12 |
| RCFC Rule 56 | 12 |
| U. S. Attorneys Civil Resource Manual 47 Court of Federal Claims litigation. http://www.usdoj.gov/usao/eousa/foia_reading_room/usam/title4/civ00047.htm | 9 |

NOW COME THE PLAINTIFFS, by and through undersigned counsel to respond to the Plaintiffs motion to stay their responses to the Plaintiffs' (1) motion for partial summary judgment, and Plaintiffs' (2) motion to strike the defendant's response to the plaintiffs' motion to strike the defendant's motion to dismiss, as follows:

The Plaintiffs object to the government's motion, and ask for its denial, for the following reasons: (1) the government's motion is contrary to and outside of the rules they sight to, 1, 6.1, and 7.2, and *ultra vires* of all the rules; (2) the Plaintiffs motions greatly expedite litigation and achieve the purposes of Rule 1, and (3) Plaintiffs motions save all parties enormous resources that could be spent attempting to unravel false, misleading, prejudicial, harassing, defamatory filings, that if not prejudicial here, could be as part of the case file on appeal, and should not be part of the record, and provide no question of a material fact; (4) the government's motion to stay offers no legal or factual basis, other than the government does not wish to answer the Plaintiff citizens charges, and is in reality, is *a de facto* motion to dismiss the Plaintiffs ' motions.

## THE GOVERNMENT'S MOTION TO STAY IS CONTRARY TO RULE 1, RULE 6.1 AND 7.2 AND *ULTRA VIRES* OF ALL THE RULES

The government does not identify in what way eliminating the government's response to the Plaintiffs' filings encourages a Rule 1 'just' resolution of the case. If Courts of equity have the power to just dismiss any case based on the government's false bare assertion that it 'did nothing wrong' , then the Court's calendar can be cleared most rapidly, most inexpensively----- but for this Congressionally-designated Court of contracts and equity, not 'justly'. Demonstrably injured Plaintiffs should be minimally allowed to obtain the government's answer to their individually numbered claims, required by RCFC Rule 9, as supported by and referenced to the submitted record with

specificity. No rules provide for the government to simply say we did nothing wrong and we do not have to answer the Plaintiffs motions. The government seeks to rewrite the rules by saying if one motion is file and another is filed this or that motion responses must be stayed. Their motion is *ultra vires* of all the rules.

The government's motion does not identify the number of days requested as mandated by the Rules they cite, RCFC 6.1 and 7.2. They are essentially moving the Court to strike the Plaintiffs' motions and act as if they do not exist.

***Electronic Filing Disallows Combined Motions based on the same issues, same or similar facts and law, in response to duplicative government filings***

The governments complaint the motions are duplicative as a reason for not filing answers to them, has no foundation, and is an effort to dismiss one or the other. The government cites to no law whatsoever in support of their reasoning for not filing answers. Electronic filing does not allow two motions to be filed simultaneously based on the same facts and law, but for different purposes. The government's filings are duplicative for their error, their misleading law and misleading facts, that are embarrassing, defamatory, and immaterial and irrelevant, and **that the government knows** is misleading and misrepresentative of the truth. The government's bare assertions and allegations are unsupported by any evidence and should be stricken from this Court's record, and warrant summary judgment because there are no remaining questions of material fact, as to the governments liability for the Simons claims based on a 1983 contract.

The rules for electronic filing do not demand that the parties simply choose one to file and disregard the other, if both are valid. The government fails entirely to discuss how each motion, standing on its own, is not entitled to rely on the similar law, similar or

even identical questions, and produces no law upon which this Court may rely to eliminate or stay their responses, particularly when answering the Plaintiffs' motions negates their motion to dismiss entirely.

**THE PLAINTIFFS' MOTIONS TO STRIKE ARE TO KEEP THE RECORD ACCURATE AND PRESERVE THE COURT'S VALUABLE RESOURCES**

The Simons are sensitive and empathetic to the Court's need for judicial economy. A motion to strike all irrelevant, misrepresentative law and facts from the record, expedites litigation, prevents the Plaintiffs from suffering from a record of false, maligning and defamatory accusations by the government made without a single scintilla of evidence to support them, based on previously concealed documents until about February 15, 2000. The government's answers, filed under RCFC Rule 11, will preserve, protect, and promote, the integrity of the Court, preserving its resources, inexpensively, all compliant with RCFC at Rule 1. Fraud on the Court will be prevented. Current Justice Alito, as a Third Circuit Court judge, in *Herring v. United States*, 424 F.3d 384 (3d Cir. 09/22/2005)found this formula for the Third Circuit. Fraud on the Court must show (1) an intentional fraud; (2) by an officer of the Court; (3) which is directed at the court itself; and (4) in fact deceives the Court.

**THE PLAINTIFFS' MOTIONS ARE NOT BURDENSOME TO ANSWER AS THE SIMONS' STORY OF OBEDIENCE TO THEIR GOVERNMENT IS REALLY VERY SIMPLE AND SHOULD BE FAIRLY ANSWERED**

Burdensomeness in this case derives not from the Plaintiffs' pleadings, with specificity as required by RCFC Rule 9, but from the numerous and voluminous injuries inflicted upon the Simons, obedient citizens, by the governments numerous acts over about a quarter of a century based on documents concealed from the Plaintiffs

eliminating their Congressional protections, until after about Feb. 15, 2000 when the IRS disgorged their records and they had tax professionals assess their importance.

1. The government requires the Simons to file and pay taxes.
   a. The Simons obediently fully filed their 1974 tax return with an extension about June 15, 1974. Undisputed. (P. App. pg. 31)
2. In 1975, the government found there was more owing for 1974 and sent them their only timely written 26 U.S.C. 6303 notice of 26 U.S.C. 6501 assessment.
   a. In 1975 the Simons obediently fully paid that written demand. (P. App. pg. 100, 108).
3. In 1978, while criminally prosecuting the Simons for years 1972 and 1973, the government demanded that the Simons allow them an extension of time to do a timely 25 U.S.C. 6501 assessment, refusing to release a 1975 lien (P. App. 136).
   a. Again, the Simons obediently signed a form 870 allowing an extension of time to do and assessment until a time certain. (P. Ap. pg. 57-59)
4. The government documents the terms of offer and acceptance in their District Counsel's decision, as approved by Appeals office and signed by an person with delegated authority, showing one agreement, memorialized in two Tax Court stipulated decisions. (P. App. pg. 28)
   a. The Simons' attorney offered settlement (P. App. 22-25), agreed with the IRS work documents identical for both tax years interlinking them both. P. App. 16-19, with no mention of interest, and signed both Tax Court documents, in good faith. (P. App. 13-15). Both the government and the Simons agree *before this Court* that there was a bona fide 1983 contract

involving all three years, including 1974. P. App. pg. 12-16, 6-10, 28-30, and 22 –26.

b. The IRS documents and the Simons agree, amounts collected were for a dispute, not 'taxes', because the government admits some payments were not owed or could not be proven, but the Simons consented to in order to resolve the dispute. (P. App. pg. 28-30).

c. The Simons are not attempting to challenge this contract, as the government falsely accuses them, but addresses the government's breaches- on going here-- as to fidelity and honesty in contracting with them, and addressing this Court.

5. On Oct. 21, 1983 the government said to the Simons pay us $49,546.55 and we will go away, verbally, by Revenue Officer Dal Lawsen, without a 26 U.S.C. 6303 written notice and demand or a later receipt after payment.

a. The Simons obediently fully paid of all three years as shown with a) an expert CPA report by Bryan Bolander, current president of the Utah Association of CPAs, (P. App. pg. 6-10), b) the certified check of $49,546.55 (Id. pg. 51) reflecting the amount verbally collected on Oct. 21, 1983 by Rev. Officer Dal Lawsen ( Id. at pg. 141) paid about Nov. 9, 1983; c) a calculation restructuring the collection calculations for what was paid for all three years with restricted interest to within .07 cents or .001% error rate of what was paid, as certified by affidavit of CPA Henry Van Tiendren and ex Appeals officer Gail Anger who observed this would

be astronomically rare to do unless the IRS did the calculations identically (P. app. pg. 120-121).

b. In 1983 the Government in 1983 took steps to protect the Simons from further collections on all three years, unknown to the Simons until 2000 when they obtained their records, by a) not using a statutorily required written 26 U.S.C. 6303 written notice and demand for assessment and collection for any of the three years, [stops collections] b) did a manager supervised late assessment 26 U.S.C. 6215, 6501, with the IRS manager quick assessment document showing assessment statute expiration date as 7-19-1983 ( P. App. pg. 5) and ordering a 7-25-83 asssessment, and the Simons showing, using the form 872, (P. App. 58-59), an assessment expiration date of about June 21, 1983, both late and stopping collection. {6215, 6501] (id.), c) computer records, showing a closing of the account on Oct. 24, 1983 with closing codes and a ZERO assessment, [as a late assessment would do] done just one working day after the Simons agreed to pay as Dal Lawsen instructed on Oct. 21, 1983. (P. App. pg. 104, 141), and d) the IRS admission that only ONE timely assessment was done with a notice, not notice*s*, being mailed, on the 1974 account, with the IRS highlighted document showing the 1975 fully paid assessment as the only one. (P. App. pg. 100, 108,109). Mr. Thurman knew without evidence, the Simons could not show the government error. (P. App. pg. 70-71a)

6. In 1988, the government said your owe us for the year 1974, and demanded the Simons file an offer in compromise and 900 waiver (P. App. 69-74) to extend the

statutes of limitation, and filed levies on their bank accounts (P. App. pg. 81-83) without a PRIOR notice of levy. (P. App. pg. 80) and threatened seizure of their home if they did not sign. (P. App. pg. 69-74), while Mr. Thurman had records. (id. pg. 68) and never revealed their existence when asked. (P. App.pg. 117-118)

a. The Simons did not wish to file the offer in compromise, but fearful of seizure and unable to prove the government was in error, they signed as told.

b. Undisputedly, the Simons could not explain foregoing a) without their original returns showing less than 25% omission and a three year statute of limitations application for doing a 26 U.S.C. 6215 assessment and issues the deal addressed or didn't address, and b) without the District Counsel's decision showing involvement of the appeals office and the IRS' lack of adequate evidence to support fraud that prolonged collections, and the Simons consenting to amounts not owed as taxes for settlement purposes, unnecessarily, and c) without the form 872 that is essential for calculating the date for assessments statutorily expires. All, without dispute, withheld until about Feb. 15, 2000. (P. App. pg. 117-118, 123-129).

c. The government has to admit that code sections 26 U.S.C. 6215, 6501 (timely assessment after a Tax Court decision), 6303 (timely issued written notice and demand), are essential parts of the 1983 contract, if for taxes, before any further collections can take place and are inherent in the Simons 1983 stipulated Tax Court decisions contract, by 26 U.S.C. 6215.

i. The Simons never waived these statutory entitlements given them by Congress in their 1983 contract. (P. app. pg. 12-14)

7. In 1992, the government informed the U.S. District Court, without reliable proof, that the Court had jurisdiction because the government had given the Simons timely notice and demand (missing entirely in 1983) and a list of assessments that does not reveal the ZERO assessment of Oct. 24, 1983, and the Court presumption that all the statutes had been followed and all amounts owing were legitimate. (P. App. pg. 180-192 at 182-183).

   a. The Simons could not 'state a claim' administratively or in District Court, until after the tax professionals reviewed the Simons records, because the key documents were concealed by the government until Feb. 15, 2000 (P. App. pg. 68, 63, 117-119, 123-125, 126-129), leaving their tax professionals in the dark as to what was being collected, why, or how to advocate for the Simons effectively.

**8.** The government, in a chain of breaches of the 1983 contract, just helped themselves to (a) the Simons name first in 1979, then again in 1988, with levies and liens, without <u>*prior*</u> notice, (b) to the District Court's authority and Tenth Circuit's authority without meeting statutory prerequisites, (c) the Simons peace and security and liberty interests; (d) and their property rights in; (i) their 1983 contract for all three years, (ii) Mr. Simons professional licenses, (iii) business' goodwill, (iii) bank accounts, and (iv) ability to alienate property the Simons and trusts legitimately owned, without a legal basis under 26 U.S.C. 7121, 7122, 6501, 6512, 6303, and 6331, finally unjustly enriching itself of another $55,000 by orders of a Court whose power was usurped in 1992, and void from the beginning, leaving the Simons potentially liable for further collections and unjust

enrichment based on an alleged 'forgiven debt' when they had to pay $55,000 due to a Court order to pay for an alleged 'settlement', (P. App. 130) no one with delegated authority signed (P. App. pg. 222), a prerequisite for all government contracts. The Simons, after being billed again after the $55,000 payment in March, 2004, are seeking money and declaratory judgment damages. And, now in this court, the government is still maintaining the false representation that the Simons did not pay. For most of the Simons claims, all they need do is say admit or deny.

## ARGUMENT

### THE GOVERNMENT KNOWS THAT THIS COURT HAS PROPER EXCLUSIVE JURISDICTION

Based on the foregoing, there was a bona fide contract, for amounts exceeding $10,000, that the Simons are making money claims upon in excess of $10,000, for being subjected to all the IRS chain of breaches and violations of the prohibitions found in 26 U.S.C. 7121, 7122, 6501, 6512, 6303, and 6331 among others. [1] Absolutely the government knows without a doubt, that this Court has the full exclusive authority, over a 1983 contract with the United States. [2] As to any other District Court decision

---

[1] As taken from this Court's website, " From the Tucker Act of 1887 to the Federal Courts Improvement Act of 1982, the U.S. Court of Federal Claims has been entrusted with nationwide jurisdiction over money claims (other than in tort) founded on federal statutes, executive regulations, government contracts, and the Constitution."

[2] "Although the general rule is that jurisdiction is established at the time of filing, there is precedent that a claim which is for less than $10,000 when filed but is accruing so that it will be for more than $10,000 at the time of judgment is within the exclusive jurisdiction of the Court of Federal Claims. *Goble v. Marsh,* 684 F.2d 12 (D.C. Cir. 1982). It is settled that a plaintiff may remain in the district court under the Tucker Act even if his damages exceed $10,000 as long as he waives all recovery in excess of $10,000. E.g., *Stone v. United States*, 683 F.2d 449, 451 (D.C. Cir. 1982)."
U. S. Attorneys Civil Resource Manual 47 Court of Federal Claims litigation. http://www.usdoj.gov/usao/eousa/foia_reading_room/usam/title4/civ00047.htm.

"When the prior judgment is attacked in a different court, "The new Court must be one having 'independent and substantive equity jurisdiction" as the action is equitable in nature." Citing *Carney v. U. S. , 462 F.2d 1142, (1972).* The twin Congressional directives of 28 U.S.C. 1346 and 1491, gives this Court precisely this 'independent' and 'substantive' authority. Standing is a basic Article III requirement that simply cannot be waived by a party. *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002). Without the contractually and statutorily required timely assessment and written notice and demand, the District Court, and likewise the Appeals Court, had no authority whatsoever at any time. 26 U.S.C. 6501. *See, Bender v. Williamsport Area School Dist*., 475 U.S. 534, 541 (1986). [[3]]

Referring the case back to a District Court without any statutory jurisdiction under the prior stated restrictions is illogical, illegal, and makes no common sense. [[4]] The liens and levies used to shoe horn the Simons into District Court on a quiet title action for year 1974, were void as being issued outside the expiration date for collections, that ran, when no timely assessment was made on the Simons 1974 account. 26 U.S.C. 6331. The assertions by the government as to a timely assessment and timely notice and demand to the District Court in 1992, P. App. pg. 182-183, were false, and without any

---

[3] see also *Boatmen's First Nat'l Bank v. Kansas Public Employees Retirement System*, 57 F.3d 638, 640 n.4 (8th Cir. 1995); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, ___, 114 S. Ct. 1673, 1675 (1994) (citations omitted); see also *Newhard, Cook & Co. v. Inspired Life Ctrs., Inc*., 895 F.2d 1226, 1228 (8th Cir. 1990) .

[4] 28 U.S.C. 1346, 1491. Because the Simons claims could not 'arise' until they knew of them, there is no other Court that can equitably toll the statutes. In *Woodrum v. Southern Railway Co*., 750 F.2d 876, 1985.C11.41890 http://www.versuslaw.com ¶47, the 11th Circuit found that a District Court could not entertain a Rule 60 motion for fraud unless the Court had initial jurisdiction. ".... Rule 60(b) itself, for by its terms the Rule only preserves otherwise existing jurisdiction, but does not create it anew." Id.

reliable or legitimate evidentiary or legal basis. This government knows this. Always did. ( P. App. pg. 63, 68, 100). They are equally false here.

The government's concealment of records (P. App. pg. 63, 68, 138, 117-119, 123-125, 126-129) effectively silenced the Plaintiffs from any ability to meet their burden, as the Rev. Officer realized (P. App. pg 71a), and as was done to the Kurios. [[5]] The government knows it has been and is violating its duty to deal frankly, forthrightly, honestly with these citizens, *Anthony v. United States*, 987 F.2d 670 (10th Cir. 1992); *Hurt v. U. S*. 70 F.3d 1261 (4th Cir. 1995), and this Court under RCFC at Rule 11.

**THE GOVERNMENT KNOWS THAT THIS COURT HAS EQUITABLE TOLLING OF THE STATUTES OF LIMITATION IS JUSTIFIED HERE**

---

[5] See, *Kurio v. U. S.*, 429 F. Supp. 42, 970.STX.0000028http://www.versuslaw.com. Once **"**the mistakes were finally discovered, the Government [and, here, District Court] failed promptly to admit them. The resulting snarl is now before the Court for resolution*."* *Kurio* ¶ 15.
"The returns sought by plaintiff from the Government were material and relevant because they were the best evidence of the facts on which this issue turned. [ P. App. pgs. 9, 123] They were immediately accessible to all participating IRS and Justice Department personnel, any of whom could have determined their location by computer search in the regional Service Center or the National Computer Center and obtained them by oral request. [P. App. pg. 63, 68]. See Treas. Reg. §§ 301.6103(a)-1(e), -1(h). They were sought by plaintiff through duly ordered, established, and well understood discovery procedures [and FOIA and Privacy Act requests]. Nevertheless, they were not furnished and this increased plaintiff's burden of proving his case beyond that contemplated by the Congress and the courts. In effect, plaintiff was deprived the opportunity of satisfying his burden of proof on an important part of his case."
*Kurio v. U. S.* , ¶39 [notes by Plaintiffs].

Here, once the government filed its 1992 complaint,

"The Government as a litigant is, of course, subject to the rules of discovery." [citations omitted]. The Government therefore had no right to ignore plaintiff's discovery demands. {P. App. pg. 123-125]. Moreover, as representatives of the Government, all personnel connected with the litigation, including counsel, had an obligation "to be frank and fair and disclose all the facts." [citations omitted]. *Kurio*, ¶37

The government also knows that this Court has the equitable powers to uphold fairness in a contract, particularly if the records necessary for a party to 'know' their claims so as to state them, are concealed, by equitably tolling the 6 year statutes of limitation of the Tucker Act. (*Holmberg* v. *Armbrecht*, 327 U.S. 392, 397 (1946)). Their documents were concealed until about Feb. 15, 2000, as attested to by prior attorney Patricia White, current dean of the Sandra Day O'Connor School of Law at Arizona State University, and others (P. App. pg. 123-125, 127-129, 117-118). See, *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1229-30 (10th Cir. 1999). *Marbury v. Madison*, 5 U.S. 137, 163 (1803) (mandating redress for injuries).

Here, the government, under the Freedom of Information Act and Privacy Act, by Federal Rule of Civil Procedure 26, *Kurio, supra*, and by the 1983 contract, had a fiduciary duty (*Anthony, Hurt, supra*) to provide the Simons, their vital records. The Simons claims could not 'arise' until at least Feb. 15, 2000 and for a reasonable time thereafter for the Simons to have tax professionals review their records and identify those claims, from a voluminous IRS disgorgement of documents. **[6]** The government knows this law and is aware of it, knows it is contrary to their position, and under RCFC Rule 11 has a duty to so inform this Court.

**THE GOVERNMENT KNOWS THAT RCFC RULE 12 AND 7 ARE APPROPRIATE FOR PLAINTIFFS' MOTIONS TO STRIKE**

Citing to the governments own brief in *Cobell*, Attachment pg. 16 to Plaintiffs June 14 filed Reply, using its language at times, the government knows, that while the

---

[6] See, e.g., *Catawba Indian Tribe of South Carolina v. United States*, 982 F.2d 1564, 1571 (Fed. Cir. 1993) (quoting *Japanese War Notes Claimants Assoc. of the Phillippines, Inc. v. United States*, 178 Ct. Cl. 630, 634, 373 F.2d 356, 358-59 (1967)); accord *Entines v. United States*, 39 Fed. Cl. 673, 680 (1997); *Catellus Dev. Corp. v. United States*, 31 Fed. Cl. 399, 407-08 (1994).

language of Rule 12(f) refers to striking pleadings, the Court has authority under the rule to strike inappropriate matter in other filings, as well. *Pigford v. Veneman*, 215 F.R.D. 2, 4 n.1 (D.D.C. 2003) ("Although Rule 12(f) applies by its terms only to 'pleadings,' courts occasionally have applied the Rule to filings other than those enumerated in Rule 7(a) of the Federal Rules of Civil Procedure.") (citing *Cobell v. Norton*, No. 96-1285, 2003 WL 721477 (D.D.C. Mar. 3, 2003)); *Larouche v. Department of the Treasury*, No. 91-1655, 2000 WL 805214 (D.D.C. Mar. 21, 2000) (striking declaration that contained information that was irrelevant, speculative and redundant under Rule 12(f) and Rule 56(e)). They are judicially estopped from claiming differently here. See *U.S. Philips Corp. v. Sears Roebuck & Co.,* 55 F.3d 592 (Fed. Cir. 1995).

The Plaintiffs' Rule 56 and Rule 12 and 7 motion to strike is consistent with RCFC Rule 1 and supports the contractual principles found in *United States v. Feinberg* [67-1 USTC ¶9176], 372 F. 2d 352 (3d Cir. 1965), aff'd on rehearing en banc, 372 F. 2d 352, 359 (1967). There is only one *bona fide* 1983 contract and legitimate Court orders, P. App. pg. 12, 14, before this Court with income averaging Tax Court rule 155 IRS computations, showing three tax years inseparable. All other 'contracts' claimed are void *ab initio by 26 U.S.C. 6501 among others*. The government-alleged District Court claimed 2001 contract was never signed by anyone with delegated authority to do so. ( P. App. pg. 222). The void District Court's orders, possibly leave the Simons' exposed to future collections, potentially under 26 U.S.C. 108, with the U.S. potentially claiming a 'legitimate' 'debt' was forgiven in 2001, that was never owed after 1983.

Disallowing the Plaintiffs so much as an answer for their claims, when they obeyed, and obeyed, and obeyed, even Court's without authority orders to pay another

$55, 000, and were further billed March 2004 (P. App. pg. 139-140) in violation again, and can not obtain relief under the form 843, is in violation of Rule 1 and the government knows it. No rule disallows an answer to motions and summary judgment.

The government's duty to answer for breaches of a contract is a continuing fiduciary duty the government has to those citizens who contract with it. Here, with the specific facts, specific documents, and records the Court and government's task is simplified if they answer. All they need do is say for most claims, admit or deny.

The Simons are not attempting to thwart the government's 'fair' collection of taxes. They raise no esoteric crazy arguments. They had a 1983 agreement, they fully paid, the government breached. And the amounts collected were for a dispute, not taxes because the government admits some payments were not owed, but consented to in order to resolve the dispute. (P. App. pg. 28-29).

But neither should they bare a burden of paying more than they owe, and being potentially vulnerable to further collections, based on mistake, fraud, misrepresentation, lack of the government to give mutual consideration for the $55,000 dollars because forebearance was obligated in 1983. The Simons were suffered several hundreds of thousands of dollars in fees and costs defending themselves from the worlds' most powerful government organization.

Now the government wishes to be excused from answering to this Court how they misrepresented fact and law in this Tribunal, how tolling the statutes is equitable with the government conceals documents, as here shown by this and prior counsel and CPA's, the only Tribunal the government knows is of proper jurisdiction, and answering the Simons claims. By allowing the government to file answers, specific to the facts, based on their

own records for the most part, as Plaintiffs provided with specific references, this Court, if it so chooses and as it probably is already well aware, can have one hearing on all virtually eliminating most of the rest of litigation as to discovery and the like.

From the Plaintiffs' perspective, once the government has to go through the mental exercise of answering the Simons, looking at their own files and documents, the government will be left with one duty. …. Simply admit that they were wrong, and as a fiduciary, privy in contract, set about to rectify the fully paid citizens' Simons' damages for what has been a gross miscarriage of justice for 25 years.

The government's motion should be denied because it doesn't meet the rule requirements of RCFC rule 1, 6.1 and 7.2, and they violate the core of RCFC Rule 1, the rules do not provide for them to be alleviated of answering the Plaintiffs respectfully filed claims, and motions to stay should not be used as motions to strike or dismiss the Plaintiffs' motions, and the government has no factual or legal basis for immunity from litigation, when the claims, as here, are based on violations of fiduciary and statutory ministerial duties. The government has the ability to determine if the Simons are or are not correct, and explain the who, what, when, where, why of how the Simons are wrong, with evidentiary supported facts, not bare assertions, and with accurate representations of the law.

## **CONCLUSION**

Based on the foregoing, after a quarter of a century of oppression from their government, the Plaintiffs, as obedient citizens, who paid, paid, and paid again, pray for this Court to deny the government's motion, order them to file timely answers to the motions, and grant all other relief to the Plaintiffs, as is fair in equity and just under law.

So Signed this 26 day of July, 2006
/s/ Susan Rose, Utah Bar. No. 7985
*Counsel for the Plaintiffs*
9553 S. Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441susan_rose@comcast.net
It is understood by Counsel that this case is an electronic file case and service to opposing counsel will be performed by the Court.

**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,

vs.

UNITED STATES OF AMERICA,
*Defendant*.

Case No. 06-115
Judge Susan Braden

---

**ORDER DENYING THE**
**DEFENDANTS' MOTION TO STAY**
**THE GOVERNMENT RESPONSES TO THE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO STRIKE THE DEFENDANTS RESPONSE TO THE PLAINTIFFS MOTION TO STRIKE THE DEFENDANTS MOTION TO DISMISS**

---

NOW COMES THE COURT, having received and reviewed the defendants' motion for a stay on answering the Plaintiffs summary judgment motion and motion to strike, and the Plaintiffs' response, hereby denies the defendants motion to stay, for good cause shown.

All filing schedules are to remain the same.

So signed this _______ day of July, 2006

______________________________
Judge Susan Braden