IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DANNY C. SIMONS AND SALLY J. SIMONS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-115C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION
TO STRIKE THE DEFENDANT'S RESPONSE TO
PLAINTIFFS' MOTION TO STRIKE THE DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1)&(6), and (f) of the Rules of the Court of Federal Claims ("RCFC"), defendant respectfully submits this opposition to the motion to strike of plaintiffs Danny and Sally Simons.

INTRODUCTION

The Simons have to this point filed a complaint, an amended complaint, a motion to amend the complaint a second time, a motion to strike defendant's motion to dismiss, a motion for summary judgment, a motion for a hearing on their motion to strike, and now this second motion to strike. These motions and pleadings repetitively express the Simons' unhappiness with their decision to voluntarily settle a law suit brought by the United States against them for unpaid taxes in the District Court for the District of Utah. They further express the Simons' unhappiness with the district court, and the Court of Appeals for the Tenth Circuit, which refused to allow the Simons to renege on their voluntary settlement, and had previously decided two appeals against the Simons. We have addressed all of the arguments raised by the Simons in this new motion to strike before in our motion to dismiss and in our response to the Simons' first

motion to strike. As we stated in those documents, all of the Simons claims arising from the efforts of the Government to collect their unpaid 1974 taxes were or should have been raised by the Simons in the district court action. The Simons fail to state any coherent argument as to why they could not have raised their defenses/claims in the district court action. They now suggest at page 12 of their new motion that the district court was not impartial, but they fail to cite any specific evidence of bias by that court and they refuse or fail to understand that this is not the proper forum for litigants unhappy with the results of district court litigation. Although we have addressed most of the Simons' arguments twice before in our earlier filings, we will again address briefly the arguments the Simons make in their new motion to strike.

## ARGUMENT

### I. All Issues Relating To The Simons 1974 Taxes Are Res Judicata

At page 3 of their motion, the Simons again raise their argument that they paid their taxes for 1972-74 in full after the settlement in the Tax Court. If they had paid in full, this would, of course, have been a complete defense to the Government's district court collection action. In fact, the Simons raised this affirmative defense in the district court, arguing in their motion to dismiss for lack of subject matter jurisdiction that there was "no liability due to a fully satisfied settlement agreement," but they failed to persuade the district court of the merit of this argument. Appendix to motion to dismiss (Def. App.) at p. 48.

Notwithstanding their previous unsuccessful litigation of this defense in the district court, the Simons argue on page 3 of their new motion to strike that "not one piece of evidence on the planet exists showing the Simons did not fully pay for all three years in 1983 or the government would have produced [sic] in the last 25 years of collection activity. It is no longer a question of

fact." Further, at pages 14-20 of their brief, the Simons once again provide a lengthy discussion of what they assert was clear evidence supporting their case. If there was not only no evidence "on the planet" supporting the Government's case, but abundant evidence in favor of the Simons, one wonders why the district court did not dismiss the Government's case or enter judgment in favor of the Simons. The Simons raise an explanation more sinister than mere error. At page 12 of their motion, the Simons suggest that the district court judge was not impartial. However, other than the district court's failure to render decisions favorable to the Simons, they cite no evidence of bias in the district court. This unsupported suggestion of bias on the part of the district court judge is meritless. As the Supreme Court has explained, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Opinions formed by a judge upon the basis of facts introduced or events occurring in the course of a proceeding do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Liteky v. United States, 510 U.S. 540, 555-56 (1994).

The Simons suggestion of bias is not only meritless, but also irrelevant. The forum to have obtained relief would have been in the district court through a recusal motion, or through an appeal to the Tenth Circuit. This argument should have been raised in the district court and is now res judicata, like all of the arguments they have raised and which we discussed in earlier filings. See e.g., Garcia Carranza v. United States, 67 Fed. Cl. 106, 112 (2005).

II. The Simons Misunderstand The Jurisdiction Of Federal Courts

At pages 5-7 of their motion, the Simons attempt to explain why they are properly in this Court. However, their arguments demonstrate only that they fail to understand the jurisdiction of

this Court and the district court.

The Simons' reasoning starts with their contention that the settlement in the Tax Court is a contract between them and the United States. Since this contract was in excess of $10,000, they argue that, pursuant to the Tucker Act, the district court never possessed jurisdiction, but rather exclusive jurisdiction lay in this Court. Thus, they contend that both the district court and the Tenth Circuit did not possess jurisdiction to consider the dispute. Motion at 5. Next, they argue that, since the district court never possessed jurisdiction, it cannot now correct its mistake by considering a Federal Rule of Civil Procedure ("FRCP") 60 motion, even though that judgment is void, as we suggested in our earlier briefs. Motion at 7. On a related note, they assert that this Court can declare district court judgments void pursuant to RCFC 60, because this Court possesses equitable powers incidental to its general jurisdiction, and that a declaration that the district court and Tenth Circuit judgments are void would be within that grant of jurisdiction. Motion at 6. Finally, they allege that the Government's contention that the Court does not possess jurisdiction to overturn district court and Tenth Circuit judgments violates RCFC 11. Motion at 7.

There are multiple flaws in this argument. The most obvious problem with the argument is, if the district court did not possess jurisdiction to consider the case because it was for an amount in excess of $10,000, how could the Government have sought to collect the unpaid taxes? The Simons seem to be arguing that this Court was the proper forum, but apparently do not understand that while the Government sometimes asserts counterclaims in this Court, it cannot file suit as a plaintiff. 28 U.S.C. § 1491. In addition, this Court possesses jurisdiction to consider only actions for refunds of taxes paid by the taxpayers. 28 U.S.C. § 1346(a)(1). When

the Government filed the district court action in 1992, the Simons were still 10 years from making their payment which settled the case, so that neither the Simons nor the Government could have filed suit in this Court.

Indeed, the Tenth Circuit has already held that the district court did possess jurisdiction to consider the Government's lawsuit, explaining to the Simons that the action "clearly falls within the broad grant of jurisdiction to the district court over matters arising under the internal revenue laws." United States v. Simons, 86 Fed. Appx. 377, 379 (10th Cir. 2004) (citing 28 U.S.C. §§ 1349 & 1345; 26 U.S.C. § 7402) (Simons IV)). There is no doubt that the Simons are unhappy with this result, but they have had their day in court. The doctrine of res judicata bars them from continuing to litigate this jurisdictional issue which has been decided by the Tenth Circuit.

Equally meritless is the Simons contention that the district court cannot consider an FRCP 60(b)(4) motion in this matter on the purported basis that the judgment is void, but this Court may provide them such relief. In support of their argument that the district court cannot consider an FRCP 60 motion, the Simons cite Woodrum v. Southern Railway Co., 750 F.2d 876 (11th Cir. 1985). However, Woodrum merely stands for the proposition that Rule 60 does not expand the jurisdiction of a court. Id. at 882-83. Contrary to the Simons' argument, FRCP 60(b)(4) is a proper method of obtaining relief where the court lacked subject matter jurisdiction when it entered the judgment. E.g., United States v. Forma, 42 F.3d 759, 762 (2nd Cir. 1994).

In our opposition to the Simons' first motion to strike, we established that the Court of Claims decision in Carney v. United States, 199 Ct. Cl. 160, 462 F.2d 1142 (1972), held that the Tucker Act does not grant jurisdiction to this Court to declare a district court judgment void. The Simons attempt to avoid this precedent by arguing that they are only asking the Court "to declare

purported 'contracts' as declared by the District Court as a basis for judgment, valid or void." The Simons cite no authority for the proposition that this Court may strike down rulings of the district court. As we have stated in our earlier filings, it is well-established that the Court "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994).

Moreover, it is not clear what ruling of the district court the Simons are referring to on page 7 of their motion when they state that the district court declared a contract as a basis for judgment. As the Tenth Circuit noted, after the parties agreed to settle, the Simons themselves drafted the final order and judgment which the district court entered and closed the case. Simons IV, 86 Fed. Appx. at 379. Review of this final order and judgment shows that the court did not declare any contract to be valid or invalid. Appendix to amended complaint (Pl. App.) at 215-16. Rather, the final order and judgment simply reflects that the parties had voluntarily settled and the Simons had performed pursuant to the agreement by paying the Government $55,000. Id.

III. The Simons Action Is Time Barred

In our motion to dismiss and in our response to the Simons' first motion to strike we established that equitable tolling and the continuing claims doctrine do not apply to this dispute, and that the Simons claims are, therefore, time barred. In those responses we established that, to the extent that the Simons alleged that the Government was violating the law in the tax collection efforts which culminated in the 1992 law suit, the Simons should have, and in fact did, raise those alleged violations as a defense to the 1992 law suit. Thus, there is no basis for a separate law suit in this Court. However, even if there were a basis for a separate suit in this Court,

pursuant to the six year statute of limitations in the Tucker Act, this action should have been filed by 1998, and is untimely by about eight years.

The Simons have proposed various dates much later than 1992 at which they contend that the statute of limitations began to run. At page 11 of their amended complaint they argued that the statute of limitations did not begin to run until 2004 when, they allege, that "the IRS once again billed the plaintiffs ... for year 1974 in violation of the 2002 District Court ordered decree ... for about $4100." This argument is untenable since the document to which they refer (Pl. App. 139) shows only that the IRS was refunding them $23.17. A small refund would not cause the statute of limitations to begin again, or cause the Simons an injury.

At page 15, paragraph 32 of their first motion to strike, the Simons next claimed that the statute of limitations began to run in December 2003 when the Tenth Circuit issued a ruling "completely ignoring all the Plaintiffs subject matter jurisdiction claims." Thus, if we understand this argument, the Tenth Circuit would have breached a contract between the IRS and the Simons by denying the Simons' appeal. This contention is meritless.

In their second motion to strike at pages 9-10, the Simons provide a grab bag of dates as to when the statute of limitations began to run. Thus, they again allege the 2004 refund for $23 started the limitations period. Motion at 9. Next, they allege that the statute began to run when the district court entered its final order and judgment, (p. 10) (Pl. App. 215-16). Thus, according to this version of the argument, the district court breached the contract by adopting an order that the Simons themselves had drafted for the Court (Simons IV, 86 Fed. Appx. at 379) after they had voluntarily settled the case. However, the Simons point to no cases where the judicial branch has caused a breach of an executive agency contract, and we are aware of none. The

Simons' attempts to pin the statute of limitations dates on the Tenth Circuit and district court decisions once again demonstrate their unhappiness with those decisions and their desire to have those decisions reversed. However, as we have stated above and in our earlier filings, this Court cannot overturn decisions of those courts.

For their next contention with respect to the date on which the statute of limitations began to run, the Simons make an argument, which we do not understand, that appears to relate to the time in which the Government had to file a notice of appeal of a 1995 district court decision. We cannot respond to this argument other than to state that if the statute of limitations began to run in 1995, they needed to file this action by 2001, and it is untimely by 5 years.

Finally, the Simons allege at page 10 that the statute began to run in 2001 when the Simons allege that the Government attempted to change the terms of the settlement. However, the Tenth Circuit has already held that the "handwritten original draft of the agreement is fairly reflected in the consent judgment, which defendants [the Simons] themselves prepared for the court to sign." Simons IV, 86 Fed. Appx. at 379. Thus, this issue is also res judicata.

The Simons fail to present any reasonable argument as to why this action is not time barred. If the Court does not dismiss this action as barred by the doctrine of res judicata, the Court should dismiss it as time barred.

IV. The Simons Voluntarily Settled This Case

The Simons allege at page 11 of their second motion to strike that they did not want to settle but were merely "paying as ordered" by the district court. It is true that the district court gave the Simons the option of paying the agreed upon settlement amount of $55,000 or it would enter summary judgment in an amount "considerably more than $55,000." Simons IV, 86 Fed.

Appx. 378; Def App. 64-65; Pl. App. 229. However, simply because the alternative to settlement was unattractive to the Simons does not mean that they may rescind the settlement.

As the term "accord and satisfaction" indicates, both an accord and a satisfaction are necessary to bar a claim. Robinson Contracting Co., Inc. v. United States, 16 Cl.Ct. 676, 685 (1989). An accord is an agreement by one party to give or perform and by the other party to accept, in settlement or satisfaction of an existing or matured claim, something other than that which is due. Id. (citing Chesapeake & Potomac Telephone Co. v. United States, 654 F.2d 711, 716, 228 Ct.Cl. 101, 109 (1981) (quoting 6 Corbin on Contracts Section 1276 (1962)). Satisfaction is the execution or performance of the agreement, or the actual giving and taking of some agreed thing. Id. (citing Chesapeake, 654 F.2d at 716). An accord may not be rescinded without cause. Id. Here, there was an accord because the Government agreed to forego the right to pursue a claim against the Simons for an amount much greater than the $55,000 settlement amount, and the Simons agreed to settle to avoid liability at that much greater amount. Def. App. 64-65. The satisfaction occurred when the district court entered judgment stating that the Simons had paid and the Government released all of its claims against the Simons. Pl. App. 215-16. As this Court stated in Robinson, this accord may not be rescinded unless the Simons have good cause. Robinson, 16 Cl.Ct. 685.

The Simons allege at page 11 of their motion that they did not want to settle, but merely paid "as ordered." To the extent that the Simons are claiming that they only paid as a result of duress, this argument does not help them. A payment under duress can be recovered as it is not considered voluntary if made because of the wrongful acts or threats of the Government. Employers Ins. of Wausau v. United States, 764 F.2d 1572, 1575 (Fed. Cir. 1985). "However,

the requirements to establish duress are exacting. Three elements must be found: (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party." Id. at 1576. Here, the Simons voluntarily accepted the settlement and had an alternative to settling. As quoted by the Tenth Circuit, the district court informed the Simons that if they did not settle, it would enter summary judgment, but the Simons would be entitled to pursue an appeal and other judicial remedies. Simons IV, 86 Fed. Appx. at 379. They could then have pursued their jurisdictional and other arguments at the Tenth Circuit, but they chose to settle at a lower amount. Thus, the Simons' suggestion that the settlement is not binding lacks merit.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny the Simons' second motion to strike, and dismiss the Simons' complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Michael N. O'Connell
MICHAEL N. O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-0282
Attorneys for Defendant

Dated: July 31, 2006

Certificate of Filing

I hereby certify that on this 31st day of July, 2006, a copy of the Defendant's Response to Plaintiffs' Motion to Strike the Defendant's Response to Plaintiffs' Motion to Strike the Defendant's Motion to Dismiss was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Michael N. O'Connell
Michael N. O'Connell