IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DANNY C. SIMONS AND SALLY J. SIMONS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-115C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO THE SIMONS' RESPONSE TO DEFENDANT'S MOTION TO STAY RESPONSES TO PLAINTIFFS' MOTIONS

Pursuant to Rules 1, 6.1, and 7.2 of the Rules of the Court of Federal Claims, defendant respectfully submits this reply to the Simons' response to defendant's motion to stay defendant's response to the Simons' motion for partial summary judgment and their motion to strike the defendant's response to the plaintiffs' motion to strike the defendant's motion to dismiss. Since we have already filed an opposition to the Simons' second motion to strike, we withdraw that portion of our motion which sought to stay our response to that motion to strike.

INTRODUCTION

The Simons have to this point filed a complaint, an amended complaint, a motion to amend the complaint a second time, a motion to strike defendant's motion to dismiss, a motion for summary judgment, a motion for a hearing on their motion to strike, a second motion to strike, and now a 15-page response ("Response") to the Government's two page motion to stay responses. Their Response follows the format of the Simons' two motions to strike in that it once again contains a lengthy discussion of the underlying facts which, in their view, should have led to their victory in the district court, and their meritless argument that Federal district courts do not possess subject matter jurisdiction to consider tax cases where the Government seeks

more than $10,000. We have already responded multiple times to the Simons' arguments and will not repeat needlessly our arguments. Our reply here is limited to clarifying the arguments that the Simons already made to the district court.

## ARGUMENT

### I. The Transcript Of The District Court Hearing Demonstrates That The District Court Has Already Considered All Of The Issues In This Case

In our motion to stay, we demonstrated that the Government should not be forced to respond to the Simons' summary judgment motion before the Government has even filed an answer and while its motion to dismiss is still pending. Our motion to dismiss established, in part, that all of the issues that the Simons are attempting to raise in this matter are res judicata because they were or could have been raised in a prior action in the United States District Court for the District of Utah. Our motion to stay established that it is wasteful of both the Government's and the Court's resources to require the Government to respond to the Simons' summary judgment motion while the motion to dismiss is still pending.

In support of their complaint, the Simons attached selected pages from a hearing in the district court on June 18, 2002. Appendix to amended complaint ("Pl. App.") at 225-30. We have just obtained a copy of the full transcript of that hearing from the district court. A review of the full transcript demonstrates beyond any doubt that the arguments that the Simons are making here have already been considered and rejected by that court. Defendant, therefore, should not be required to respond to the Simons' motion for summary judgment because the action is barred by res judicata. A full copy of the transcript ("Tr.") is attached to this reply.

The hearing occurred at the district court while the Government's motion for summary judgment and the Simons' motion to dismiss for lack of subject matter jurisdiction were pending, but also after the parties had reported a voluntary settlement to the court. Tr. page 3, lines 20-21 ("Tr. 3/20-21"). The district court allowed the Simons, through their current counsel, Susan Rose, to explain why they had not paid the Government pursuant to the settlement agreement. Tr. 5/11. Ms. Rose then made a series of arguments which demonstrate that the substance of their arguments in both Courts is the same. First, Ms. Rose argued that the Government's acceptance of the settlement was not valid because it did not mirror the Simons' offer. Tr. 5/16-21. This argument is made in this action, for example, in the amended complaint at page 62, paragraph 127 (Am. Compl. 62, ¶ 127), where the Simons allege that "The Department of Justice did not have mutual intent with the Plaintiffs, and vice versa, essentially redrafted what the handwritten settlement offer stated omitting the fact that the offer was for a 'global' settlement ...".

Ms. Rose then made the argument, repeated numerous times in this action, that the Simons paid in full in 1983 after the Tax Court settlement. Tr. 7/9-18. This argument appears, among other places, at Am. Compl. 30, ¶ 57, where the Simons state that they "fully paid" in November, 1983. She then argued that the 1983 Tax Court settlement was "silent" as to interest and, thus, interest was not owed.[1] Tr. 8/4; compare Am. Compl. 35/61 ("any ambiguities as to 'statutory interest' should be read for Plaintiffs").

[1] Actually, both of the Tax Court decisions, signed by the Simons' attorney, state "plus statutory interest." Pl. App. 13, 15.

Ms. Rose argued that there was no timely assessment by the Internal Revenue Service ("IRS"). Tr. 8/8 to 10/20. Among other places this argument appears in paragraph 57(i-u (sic)), pages 31-33 of the amended complaint. She argued that a faulty certificate of assessment deprived the court of jurisdiction. Tr. 10/21 to 13/15; compare Am. Compl. pp 35-63. In a related argument, Ms. Rose argued that the case was moot because the IRS computer had closed out all of the Simons' accounts with nothing owing, but the Department of Justice attorney had created evidence by instructing the IRS to add money owed back to the account. Tr. 13/16 to 14/3; compare Am. Compl. 33, ¶ 57(i-ii). Ms. Rose further advised the court that "There is not one piece of evidence that is credible or one case law that they can rely upon to say these people owe. So if there is no liability then what they are attempting to collect is an illegal exaction not a tax and it falls outside the Court's purview." Tr. 16/11-15; Compare, e.g., Simons second motion to strike at 3 ("not one piece of evidence on the planet exists showing the Simons did not fully pay for all three years in 1983, or the government would have produced in the last 25 years of collection activity. It is no longer a question of fact.")

After giving the Simons considerable time to be heard, the district court then stated:

> I am going to try to be as clear as I can be on this. This case as I indicated last time has quite a history. Litigation is supposed to be designed to be the way people resolve disputes in a civilized society, one in which we have a system of justice that allows a place with rules and procedures that are followed in reaching resolutions of disputes. An effort is to reach just ends and to the extent possible speedy resolutions so people can get on with their lives. That includes disputes against the government or disputes by the government against some of the citizens.
>
> It is not designed to foster an ongoing feud. It is not a place for decades long feuds. Usually when sensible civilized litigation turns into a feud it is because at least one of the parties or both of them is unwilling to be responsible and to act in ways that genuinely attempt to end the matter with some resolution ...

> In the Court's view Mr. Simons is turning this into a decades long feud and he is sitting here and he should hear this. He hides behind counsel who spouts legal theories to the Court that I have rarely heard.

Tr. 29/13 to 30/ 14. The court further stated that "This settlement is not unclear. It is not. It obligates Mr. Simons to pay a cash payment of $55,000 made payable to the Department of the Treasury. The only condition that needed to occur after that is for the Department of the Treasury to accept his offer which they undisputedly did." Tr. 31/6-11.

The district court then explained its intended disposition of the Government's motion for summary judgment if the Simons continued to refuse to follow the settlement agreement:

> The ruling will be, so there is no misunderstanding, <u>the Court will rule for the United States. I find no disputed issue of fact here. I find the facts completely clear in favor of the government</u>. The decision, the original United States Tax Court decision indicates very clearly that statutory interest was contemplated. <u>The defendants' arguments are legally completely lacking in merit</u>. They are inventive, they are attempts at being creative, and they want to work backwards all the way back to 1973 and '74 and 1983, and the Court is not having any of it ...
>
> Mr. Simons, I am disappointed in you. You can honor this agreement and pay maybe half of what they are going to assess if I enter this order ten days from now, and then you can go ahead and appeal that to the Tenth Circuit and you'll still have all of the legal processes to fool around with and maybe you can do it until the day you die, but it is no way to use the Court system. It is not. It is no way to try to manufacture after the fact a story that is not supported in law, and apparently to this Court's present point of view supported in fact.

Tr. 32/14 to 33/12 (emphasis added).

Finally, the district court then stated its view of the attempt by the Simons and their attorney to renege on the settlement agreement:

> THE COURT: Ms. Rose, if you're going to represent a client while he is engaged in a settlement negotiation that is reduced to writing, there is some obligation of good faith that attaches to that.
>
> Wouldn't you agree?

> MS. ROSE: I agree that --
>
> *  *  *  *  *
>
> THE COURT: Well, Ms. Rose, he shouldn't have signed this if he still wants to fight that fight. This was a resolution of those difficulties and you were his lawyer. He signed it. There is no question that the matter was resolved by agreeing to pay a sum certain by a date certain. There is a good faith obligation that attaches to an agreement to resolve the very issues that you just raised.
>
> Now, I don't know how I can get that through to you, but I can make the rulings that I am empowered to make and that is what I have done. And in case it hasn't sunk in, my delaying this for ten days is yet another effort by the Court to encourage a settlement that will end this matter.
>
> I could grant summary judgment for the government right now from this bench and apparently the tax liability is somewhere above $100,000. I could do it if I wanted to be as harsh as I could be to your client and to your position, but your position has no legal merit in my view whatsoever. None. <u>The motion to dismiss for lack of subject matter jurisdiction is so off that I don't even know where to begin to address it as a legal proposition</u>.
>
> So I am encouraging you, and I know I have expressed plainly my disappointment and my bewilderment that this settlement was not adhered to, and talk about an example of bad faith, entering into this agreement and then at the same time digging back into it through a federal Freedom of Information requests? Talk about exhibits, <u>that is Exhibit A of bad faith</u>.

Tr. 34/15 to 33/25 (emphasis added).

The Simons' subsequent appeal to the Tenth Circuit, and their filing of this action demonstrate that the district court judge was correct when he stated that Mr. Simons is carrying on a "decades long feud" supported only by arguments that "are legally completely lacking in merit." As our earlier filings and our summary of the hearing in the district court demonstrate, the Simons have had their day in court. They are not entitled to relitigate a case that they settled and this action is barred by res judicata. The Government respectfully requests that the Court stay the Government's response to the Simons' motion for summary judgment, and act upon the

Government's motion to dismiss.

CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court stay defendant's response to the Simons' motion for summary judgment, or dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Michael N. O'Connell
MICHAEL N. O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-0282
Attorneys for Defendant

Dated: August 2, 2006

INDEX TO APPENDIX


| Document | Pages |
|---|---|
| Transcript of Hearing | 1-39 |

Certificate of Filing

I hereby certify that on this 2nd day of August, 2006, a copy of the Defendant's Response to Plaintiffs' Motion to Strike the Defendant's Response to Plaintiffs' Motion to Strike the Defendant's Motion to Dismiss was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Michael N. O'Connell
Michael N. O'Connell