Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT
OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,

vs.

UNITED STATES OF AMERICA,
*Defendant*.

Case No. 06-115
Judge Susan Braden

---

PLAINTIFFS' MOTION TO STRIKE, DOCKET DOCUMENT 29, THE DEFENDANTS' RESPONSE TO THE PLAINTIFFS' MOTION TO STRIKE THE DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE THE DEFENDANT'S MOTION TO DISMISS

---

NOW COME THE PLAINTIFFS, by and through undersigned counsel, pursuant to this Court's inherent powers, equity powers, and Rules of the Court of Federal Claims (RFCR" Rules 12 and 7, 11, 1) and the Court's inherent powers, to strike from the record document 29, the Defendants Response to the Plaintiffs' motion to strike the Defendant's Response to the Plaintiffs' Motion to Strike the Defendant's motion to dismiss, based on the attached memorandum of law.

So signed this 4th day of August, 2006

/s/ Susan Rose Utah Bar no. 7985

ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

Certificate of Filing

I hereby certify that on this 4th day of August, 2006, a copy of the Plaintiff's motion to strike from the record Docket Document 29, Defendant's Response to Plaintiffs' Motion to Strike the Defendant's Response to Plaintiffs' Motion to Strike the Defendant's Motion to Dismiss was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Susan Rose

# TABLE OF CONTENTS

**MATERIAL FACTS** 1

**ARGUMENT** 7

**Striking the Filings are Appropriate and the Government Knows it 10**

**There is absolutely NO excuse for the government not to truthfully admit to this Court that the Simons fully paid their agreement of 1983, for three years, 1972, 1973, and 1974, in 1983 11**

**The government, acknowledging the 1983 agreement, then misrepresents the Simons voluntarily 'settled' a law suit in District Court. Pg. 1 of response. 13**

**The Government *falsely* states, "The Simons fail to state any coherent argument as to why they could not have raised their defenses/claims in the district court action." 14**

**The Government seeks to Patronize the Simons and this Court by saying the Simons don't 'understand' this Court's jurisdiction. FALSE again. Pg. 5 15**

**The Government Misrepresents the Case Law Relied Upon by the Plaintiffs 16**

**The Government Misrepresents its Accomplishments and the Law in this Court 17**

**It is an absolute falsehood that the government did not bill the Simons again in 2004 (see attachment that U.S. has also) 17**

**THE STATUTES OF LIMITATION COULD NOT RUN PRIOR TO THE SIMONS OBTAINING THEIR ORIGINAL RETURN AND OTHER ESSENTIAL DOCUMENTS AND THE SIMONS HAD A FAIR OPPORTUNITY TO STUDY THE YEAR 2000 OVER 1000 PAGE DISGORGMENT OF THEIR RECORDS 18**

**CONCLUSION 18**

**CERTIFICATE OF FILING 20**

**ATTACHMENT FOR EXHIBITS 139b 21**

# TABLE OF AUTHORITIES

## *Cases*


*American Fire & Casualty Co.* v. *Finn,* 341 U. S. 6 (1951) 7

*Anthony v. United States*,987 F.2d 670(10th cir.1993)) 12,14,18

*Bender* v. *Williamsport Area School Dist.*, 475 U. S. 534, 541 (1986) 7

*Boatmen's First Nat'l Bank v. Kansas Public Employees Retirement System*, 57 F.3d 638, 640 n.4 (8th Cir. 1995) 8,9

*Carney v. United States*, 199 Ct. Cl. 160, 462 F.2d 1142 (1972) 8

*Catawba Indian Tribe of South Carolina v. United States*, 982 F.2d 1564, 1571 (Fed. Cir. 1993) 18

*Catellus Dev. Corp. v. United States*, 31 Fed. Cl. 399, 407-08 (1994) 18

*Cobell v. Norton*, No. 96-1285, 2003 WL 721477 (D.D.C. Mar. 3, 2003) 11

*Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948) 10

*Cromwell v. County of Sac*, 94 U.S. 351, 352-353 (1877) 10

*Entines v. United States*, 39 Fed. Cl. 673, 680 (1997) 18

*Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) 10

*Goble v. Marsh*, 684 F.2d 12 (D.C. Cir. 1982) 8

*Hurt v. United States*, 70 F.3d 1261(4th Cir.1995) 12,14, 18

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982) 10

*Japanese War Notes Claimants Assoc. of the Phillippines, Inc. v. United States*, 178 Ct. Cl. 630, 634, 373 F.2d 356, 358-59 (1967)) 18

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, ___, 114 S. Ct. 1673, 1675 (1994) (citations omitted) 8,9

*Kurio v. United States, 281 F. Supp. 252 (S.D. Texas 1968)* 12,14,18

*Link v. Wabash R. Co.*, 370 U.S. 626, 630 –631 (1962) 20

*Larouche v. Department of the Treasury*, No. 91-1655, 2000 WL 805214 (D.D.C. Mar. 21, 2000) 11

*Marbury v. Madison*, 5 U.S. 137, 162-3 (1803) 18

*Newhard, Cook & Co. v. Inspired Life Ctrs., Inc.,* 895 F.2d 1226, 1228 (8th Cir. 1990) 8,9

*Pigford v. Veneman*, 215 F.R.D. 2, 4 n.1 (D.D.C. 2003) 20

*Shaw v. Dow Brands, Inc*., 994 F.2d 364, 371 (7 th Cir. 1993) 7,14,17

*U.S. Philips Corp. v. Sears Roebuck & Co.,* 55 F.3d 592 (Fed. Cir. 1995) 11

*Willy* v. *Coastal Corp.,* 503 U. S. 131, 136-137 (1992) 7,8

*Woodrum v. Southern Railway Co*., 750 F.2d 876 (11 Cir. 1985) 1985.C11.41890 http://www.versuslaw.com ¶47 11

*Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002) 7,8

## *IRC [IRS code]*

IRC 108 13

IRC 6213 8

IRC 6303 passim

IRC 6501 passim

IRC 7121 passim

28 U.S.C. §2201, 2202

28 U.S.C. §1346 8, 13

28 U.S.C. § 1491(a)(1) 8, 11

*RCFC RULES*

*Rule 1* 1,20

Rule 5.2 1,20

Rule 7 1,20

Rule 11 1,20

Rule 12 1,20

U. S. Attorneys Civil Resource Manual 47 Court of Federal Claims litigation.
http://www.usdoj.gov/usao/eousa/foia_reading_room/usam/title4/civ00047.htm 8,20

Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA,
*Defendant*.

Case No. 06-115
Judge Susan Braden

---

**PLAINTIFFS' MOTION TO STRIKE, DOCKET DOCUMENT 29, THE DEFENDANTS' RESPONSE TO THE PLAINTIFFS' MOTION TO STRIKE THE DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE THE DEFENDANT'S MOTION TO DISMISS**

---

NOW COME THE PLAINTIFFS, by and through undersigned counsel, pursuant to this Court's inherent powers, equity powers, and Rules of the Court of Federal Claims (RFCR" Rules 11, 1, 12 and 7), and the Court's inherent powers, to strike from the record document 29, the Defendants Response to the Plaintiffs' motion to strike the Defendant's Response to the Plaintiffs' Motion to Strike the Defendant's motion to dismiss, based on the following memorandum of law:

**MATERIAL FACTS**

(1) The document 29 response to the Plaintiff's motion to strike has no table of contents as required by the rules when filing any document exceeding 10 pages. RCFC Rule 5.2. Plaintiffs oppose any permission to repair this problem based on the following information:

(2) The Document 29 response to the Plaintiffs' motion to strike, and the defendants motion to dismiss and other filings do not dispute, and therefore concedes:

a. The Simons filed and completely paid a 1975 assessment for year 1974.

b. The Simons entered into a 1983 contract consisting of three tax years, 1972, 1973, and 1974, all three connected and inseparable by

i.) offer (P. App. 22-27), ii.) Acceptance (P. App. pg. 28-30), iii.) Meeting of the minds, (P. App. pg. 6-11) iv.) To be treated 'together' (P. App. 28, 16-21) v.) signed by persons with delegated authority (P. App. pg. 30, 13, 15). Vi) with the IRS –drafted income averaging documents (P. App. pg. 16-21), vii.) with restricted or limited interest, tc 340 (App. pg. 100-109) --interest that the IRS does not mention

anywhere in any of their documents with specificity, viii.) Memorialized in two Tax Court Decisions, ix) that allow immediate 26 U.S.C. (" IRC") IRC §§6215, 6213, and 6501 'assessment' of all three years.

c) The government did a manager-supervised statutorily-late I.R.C. §§6215, 6213, 6501, assessment on year 1974, (P. App. pg. 5 and 58 [form 872 setting the expiration date by a date certain]) closing 1974 out on the Simons computer IMF, one working day after the Simons agreed to fully pay their $49, 546.55 for all three years.

d) In 1983 there was no written IRC §6303 notice and demand within 60 days of a 'timely' assessment, a reason why Rev. Officer Dal Lawsen collected 'verbally' over the phone on Oct. 21, 1983.

e) The Simons fully paid for all three years. The government produces no facts, no evidence, no calculations, or legal reasoning to the contrary, only a fine wording to have the Court presume the Simons did not pay.

f) The Simons deliberately consented to pay for some items that the government would not be able to prove, for purposes of a 'settlement'. (P. App. 28-29), a final closing agreement for a dispute, IRC §7121, making the contract one for settlement outside of any bona fide 'taxes' due.

g) The delay in resolving the matter was due to the IRS bringing baseless criminal and civil fraud claims, that the government acknowledges were without foundation and a reason the Appeals office could not settle the matter earlier, as is documented by the IRS in the District Counsel's

Decision (P. App. pg. 28), such being a valid reason for waiving full interest that was not the Simons fault for accruing.

h) The Simons fully paid $49,546.55 payment fully satisfying all three years as supported by a) an expert CPA report by Bryan Bolander, current president of the Utah Association of CPAs, (P. App. pg. 6-10), b) the certified check of $49,546.55 (Id. pg. 51) reflecting the amount verbally collected on Oct. 21, 1983 by Rev. Officer Dal Lawsen ( Id. at pg. 141) paid about Nov. 9, 1983; c) a calculation restructuring the collection calculations for what was paid for all three years with restricted interest to within .07 cents or .001% error rate of what was paid, as certified by affidavit of CPA Henry Van Tiendren and ex Appeals officer Gail Anger who observed this would be astronomically rare to do unless the IRS did the calculations identically (P. app. pg. 120-121). and properly account for the full payment of the 1983 settlement contract, a complete 'closing agreement' 26 U.S.C. §7121, (IRC ) IRC §7121.

i) The government had the Simons ' records showing the foregoing, in 1988 and did not give them to the Simons administratively or in District Court discovery, until about Feb. 15, 2000 in response to a FOIA and Privacy Act request.

j) The Simons could not explain how or why the government was seeking further collections, much less explain why the collection efforts were unjustified, without their original returns and form 872 and District Counsel's Decision. (P. App. pg. 117-118, 123-129)

**k)** The IRS proceeded with collections even though the Rev. Officer documents that in 1988 he knew there "appears no open issues on 1974" (P. App. pg. 68), with levies and liens (P.App. 81-95) without the I.R.C. 6331 PRIOR notice of levy (P. App. 80).

**l)** The Department of Justice never provided these key documents in Federal Rule of Civil Procedure at Rule 26 discovery. (P. App. pg. 123-125)

**m)** The statutory bars of IRC §§7121, 6215, 6213, 6501, 6303, 6331 prohibit further collections on the 1974 account, and prevent any further 'settlement' agreements that would modify or annul the first agreement the government has never disputed with evidence of any kind, that the Simons fully paid in 1983.

**n)** The government secured District Court actions falsely, by design or mistake, informing the District Court that the Simons had received timely assessment and written notice and demand, (P. App. 182, 183), when none had been given in 1983, and none timely given as to the 1989 notice of levy (P. App. pg. 80), provide only AFTER the levy on the Simons (P. App. pg. 81-83)

**o)** The DOJ attorney signing the 2001 alleged settlement had no authority to bind the government. (P. App. 222).

**p)** The District Court issued its orders to the Simons to pay $55,000 based on that exhibit A. (P. App. pg. 203-205) while the District Court was falsely informed that the Department of Justice had fully and unequivocally accepted the terms of the handwritten agreement, (P. App. 225-230), when

the IRS had rewritten the handwritten offer, (P. App. pg. 207-208), and then objected to the District Court's final judgment based only on the handwritten document (P. App. pg. 206-206b) and the Simons objecting to the Court's subject matter jurisdiction (P. App. pg. 209-214).

**q)** The District Court stated it would not hear the Simons claims going back to the beginning, (P. App. pg. 255-230) and placed the blame of the long litigation on the Simons unwillingness to pay tens of thousands of more dollars for something they knew they did not owe. (Id.).

**r)** The District Court ordered the Simons to pay the $55,000 and found their claims frivolous and meritless, setting them up for paying all the government's litigation costs prior to being able to appeal. (id. ).

**s)** The Simons paid as ordered and the check states the payment is for a Court order. (P. App. pg. 140)… not for a 'settlement'.

**t)** The IRS closed the 1974 account on the computer with a TC 300 for a zero amount, and a disposal code of 01, one working day after Mr. Simons agreed to pay the VERBAL demand of Rev. Officer Dal Lawsen on Oct. 20, 1983 [P. App. pg. 141, computer readout pg. 98].

**u)** The 1974 account was 'closed' on the computer until at least 27 Jul 1989, P. App. pg. 62a.

**v)** All the money paid, $49, 546. 55 with years '72, '74 'closed' on the computer, went into the only remaining year's account, 1973, leaving all three years closed, *as per the agreement*. P. App. pg. 6-10.

**w)** By not doing a timely assessment on year 1974, by not giving written notice and demand, by closing the account with a ZERO assessment, the IRS was taking intentional steps requiring manager approval of at least two to five levels, to ensure further collections on the account could not take place, except the Simons records were withheld so they could not show the who, what, where, when, how, and especially why, until the District Court and Appeals Courts were totally fed up with the case. (P. App. pg. 225-230).

**x)** The IRS itself admits that the only timely assessment done on the account was done in 1975, that the Simons also fully paid. P.App. pg. 100-109 particularly at 108 showing the IRS highlighting of the computer record.

**y)** The government also does not dispute that the Simons sought their records by CPA (P. App. 118), by Problems Resolution Person (P. App. pg. 118, 77), by attorney (P. App. pg. 123-129), by dozens of Freedom of Information Act (FOIA) and Privacy Act requests.

**z)** And finally, the government does not dispute that the government mislead the Simons at least three ways in the FOIA/Privacy Act responses, by

i. telling the Simons not consents for extensions were signed by them. P. App. 137-138, where there was a form 872, pg. 57-59, and this form was vital to understanding there was no timely assessment done on the 1974 account, on purpose, with manager approval (P. App. pg. 5);

ii. telling the Simons that there could be no taxpayer initiated abatement requests, (P. App. pg. 171)

iii. telling the Simons their records were either at the Service Center, or at the District Office, (P. App. pg. 173, 177-178), and that no documents had been withheld (P. App. pg. 167), when they were at Special Procedures function (P. App. pg. 63).

All the foregoing facts are absolutely undisputed in any of the Government's filings with any evidence, statements, or other documents. The only documents the government relies on are the fallacious empty arguments argued previously in a District Court completely without any jurisdiction over the 1974 tax year.

**ARGUMENT**

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see *Willy* v. *Coastal Corp.,* 503 U. S. 131, 136-137 (1992); *Bender* v. *Williamsport Area School Dist.*, 475 U. S. 534, 541 (1986), which the Court itself cannot expand, by decree or judgment, *American Fire & Casualty Co.* v. *Finn,* 341 U. S. 6 (1951). The subject matter jurisdiction of the Article III District Court's cannot be obtained by consent or waiver. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 371 (7 th Cir. 1993). With no debt owing on the 1974 account, the government would have no standing to bring any future collection actions against the Simons administratively or in the Courts. *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002). Without the contractually and statutorily required timely IRC 6215,6213, and 6501, assessment and IRC §6303 written notice and demand, the District Court, and likewise the Appeals Court, had no authority whatsoever at any time over any further

collections by the government. All their actions would be *void ab initio*. 26 U.S.C. 6501. *See, Bender, supra*. [[1]]

Absolutely the government knows without a doubt, that this Court has the full exclusive authority, [[2]] over a 1983 contract with the United States, and the Simons claims arising there under, over $10,000, by way of numerous RCFC Rule 9 breaches, while concealing their documents. [[3]] As to this Court's authority over a District Court decision "When the prior judgment is attacked in a different court, "The new Court must be one having 'independent and substantive equity jurisdiction" as the action is equitable in nature." Citing *Carney v. U. S. , 462 F.2d 1142, (1972).* The twin Congressional directives of 28 U.S.C. §§1346 and 1491, gives this Court precisely this 'independent' and 'substantive' authority. Standing is a basic Article III requirement that simply cannot be waived by a party. *Zurich, supra*. Without a debt owed, and the contractually and statutorily required timely assessment and written notice and demand missing entirely, the District Court, and likewise the Appeals Court, had no authority whatsoever at any time. IRC §§6501, 6215, 6213. *See, Bender v. Williamsport Area School Dist*., 475 U.S. 534, 541 (1986). See fn. 1. No valid decree could issue, because the Simons could not

[1] see also *Boatmen's First Nat'l Bank v. Kansas Public Employees Retirement System*, 57 F.3d 638, 640 n.4 (8th Cir. 1995); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, ___, 114 S. Ct. 1673, 1675 (1994) (citations omitted); see also Newhard, Cook & Co. v. Inspired Life Ctrs., Inc., 895 F.2d 1226, 1228 (8th Cir. 1990) .

[2] As taken from this Court's website, " From the Tucker Act of 1887 to the Federal Courts Improvement Act of 1982, the U.S. Court of Federal Claims has been entrusted with nationwide jurisdiction over money claims (other than in tort) founded on federal statutes, executive regulations, government contracts, and the Constitution."

[3] "Although the general rule is that jurisdiction is established at the time of filing, there is precedent that a claim which is for less than $10,000 when filed but is accruing so that it will be for more than $10,000 at the time of judgment is within the exclusive jurisdiction of the Court of Federal Claims. *Goble v. Marsh*, 684 F.2d 12 (D.C. Cir. 1982)."
U. S. Attorneys Civil Resource Manual 47 Court of Federal Claims litigation. http://www.usdoj.gov/usao/eousa/foia_reading_room/usam/title4/civ00047.htm.

consent to the District Court's jurisdiction by the prohibitions of IRC §7121, among others. The Simons fully informed the District Court of their contract, and full payment, but the District Court would not hear of their claims or go back to 1983 because of the age of the case. (P. App. pg. 225-230). In fact, the District Court could not entertain their claims, and should have referred the case to this Court. *Goble, supra* fn. 1.

**CONGRESS** *ORDERS* under IRC §7121, that a) the 1983 contract, for all three years, 1972, 1973 and 1974, inseparably connected mathematically and legally, is 'final and conclusive'; b) "the case **SHALL not** be reopened" ***or*** 'agreement modified'; c) by **ANY** officer, employee, or agent of the United States [this includes federal court judge employees]; and d) if there is a suit, as in District Court, the **agreement**, **assessment**, *payment*, done **in accord with the 'agreement'** ***SHALL NOT*** be 'annulled, ***modified***, set aside or disregarded." IRC §7121. There is absolutely no question that the 1983 contract was intended to do anything other than completely close the three tax years, as the IRS did on the computers. P. App. pg. 62a, 100-109, and admits that the only timely assessment on 1974's year was in 1975, which was fully paid. P. App. pg. 100, 108-109.

Similarly, Congress protects the Simons from further collections by IRC §6215

> **(a) General rule**
> If the taxpayer files a petition with the Tax Court [P. App. pg. 12, 14], the entire amount redetermined as the deficiency by the decision of the Tax Court which has become final [P. App. pg. 13, 15] shall be assessed [within form 872's time certain or IRC 6501's 3 years], and shall be paid upon [IRC 6303 written] notice and demand from the Secretary. **No part** of the amount determined as a deficiency by the Secretary **but disallowed** as such by the decision of the Tax Court [P. App. pg. 22-30 offer and acceptance, 16-22 IRS underlying work documents, all not referencing interest specifically] which has become final [P. App. pg. 13, 15] shall be assessed or be collected by levy or by proceeding in court with or without assessment.

IRC §6215 emphasis added.

Congress requires a timely assessment of all agreements memorialized in Tax Court stipulated settlement closing agreements. Here the IRS had full permission to immediately assess all three years, P. App. pg. 13, 15, did not do so. Instead, the IRS assessed the 1974 tax year *after* the Assessment Statute Expiration Date by IRS calculations being 7-19-1983, and by the form 872 being about 6-24, 1983, with manager supervision, a purposeful act, [P. App. pg. 5], and without anything written as a notice and demand, based only on a verbal collection by Rev. Officer Dal Lawsen on about Oct. 20, 1983. [P. App. pg. 141]. On about Oct. 23, 1983, one working day after agreeing to pay the verbally demanded $49, 546.55 by Rev. Officer Dal Lawson, (P. App. pg. 141), the IRS using a transaction code 300 and disposal code 01, on Oct. 23, 1983,closed the 1974 account, with a ZERO assessment. (P. App. pg. 100-109).

The government very deftly and carefully does not dispute, but avoids, the issue that it is *the government that challenged the 1983 contract*, and did so by accidental or intentionally false statements to the District Court and administratively, in violation of *res judicata*, contractual obligations, and IRC §§7121, 6215, 6501, 6303, 6331, that deprived the District Court of any subject matter jurisdiction, and that this Court is now supposed to uphold by dismissing the Simons bona fide and undisputed claims? [[4]]

**Striking the Filings are Appropriate and the Government Knows it**

Violating IRC §7121 is exactly, precisely, what the government did, and what the government desires this Court to uphold. ***Congress*** says the government will honor its

[4] It is well settled, *res judicata* "precludes the parties or their privies from relitigating issues that were Or could have been raised." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (emphasis added, citing *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948); *Cromwell v. County of Sac*, 94 U.S. 351, 352-353 (1877)), *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982).

contracts absolutely. The governments' filings with constantly misrepresented facts and law, made to mislead this Court and future courts, and to waste the Plaintiffs' resources are precisely the type of filings that are harassing, not to just the Plaintiffs, but the Court's very machinery, and that should be stricken from the record. *Cobell v. Norton*, No. 96-1285, 2003 WL 721477 (D.D.C. Mar. 3, 2003)); *Larouche v. Department of the Treasury*, No. 91-1655, 2000 WL 805214 (D.D.C. Mar. 21, 2000) (striking declaration that contained information that was irrelevant, speculative and redundant under Rule 12(f) and Rule 56(e)). The government is judicially estopped from claiming differently here. See *U.S. Philips Corp. v. Sears Roebuck & Co.,* 55 F.3d 592 (Fed. Cir. 1995). And in fact, the government fails in document 29 and its other filings, fails to show *how* or *why* striking the government pleadings is not absolutely correct. [[5] ]

**There is absolutely NO excuse for the government not to truthfully admit to this Court that the Simons fully paid their agreement of 1983, for three years, 1972, 1973, and 1974, in 1983**.

Aside from the foregoing violations, the government owes the Simons and this Court a duty to be honest, forthright in its dealings, here and now. *Anthony v. United States*, 987 F.2d 670 (10th Cir. 1992); *Hurt v. U. S.* 70 F.3d 1261 (4th Cir. 1995), RCFC at Rule 11. What is tragic here, is that the government continues to demand this Court rely on the presumption of the government's correctness, when the government fails to address the material facts and material law with any administrative records or proof the Simons facts are in error. Absolutely bare allegations, that are without foundation, of the harassing type prohibited by RCFC at Rule 11.

[5] The government is essentially saying there was a reformed or modified agreement in 2001, admitting a violation of IRC §7121, upholding the Simons' claims. The government's law and facts are inaccurate and misrepresented wholly.

This IRS administrative activity of further collections, particularly with documents they had in 1988 (P. App. pg. 68), copied, and then told the Simons CPA that if the Simons did not have evidence of the government being in error they could not prevail in Court (P. App. pg. 69-74) was (1) in violation of the equitable fiduciary promise to forbear future collections for a fully satisfied 1983 contract encompassing all three years, memorialized in two Tax Court decisions; (2) in violation of the collection bar of I.R.C. §§6215 and 6501, 6303, 6331, 7121, based on a manager-supervised late assessment on the 1974 account (P. App. pg. 5), and limitations from the form 872 (P. App. pg. 58), that the IRS purposefully ordered in 1983 to prevent further collections on year 1974- no matter how the amounts the Simons paid for all three years were credited on the computer, to close the 1974 year, and other two years as well, and protect the Simons from future collections; (3) in violation of the government's fiduciary duty of uncompromising honesty toward the citizen's with whom it contracts. *Anthony, Hurt, supra, Kurio*[[6]].

---

[6] See, *Kurio v. U. S.*, 429 F. Supp. 42, 970.STX.0000028http://www.versuslaw.com. Once "the mistakes were finally discovered, the Government [and, here, District Court] failed promptly to admit them. The resulting snarl is now before the Court for resolution." *Kurio* ¶ 15.
"The returns sought by plaintiff from the Government were material and relevant because they were the best evidence of the facts on which this issue turned. [ P. App. pgs. 9, 123] They were immediately accessible to all participating IRS and Justice Department personnel, any of whom could have determined their location by computer search in the regional Service Center or the National Computer Center and obtained them by oral request. [P. App. pg. 63, 68]. See Treas. Reg. §§ 301.6103(a)-1(e), -1(h). They were sought by plaintiff through duly ordered, established, and well understood discovery procedures [and FOIA and Privacy Act requests]. Nevertheless, they were not furnished and this increased plaintiff's burden of proving his case beyond that contemplated by the Congress and the courts. In effect, plaintiff was deprived the opportunity of satisfying his burden of proof on an important part of his case."
*Kurio v. U. S.* , ¶39 [notes by Plaintiffs].

Here, once the government filed its 1992 complaint,

**The government, acknowledging the 1983 agreement, then misrepresents the Simons voluntarily 'settled' a law suit in District Court. Pg. 1 of response.**

How can the government, courts and the Simons do something Congress strictly prohibits in 26 U.S.C. §7121, and that *res judicata* prevents, and that equity prevents, without a meeting of the minds, without an agreement signed with a person with authority, before a Court without jurisdictional authority that the U.S. was usurping by unsupported and unsupportable claims of timely assessment and written notice and demand, all missing here? No one can.

**Further, on pg. 9, the government states*, untruthfully*,**

> Here, there was an accord because the Government agreed to forego the **right to pursue a claim** against the Simons for an amount much greater than the $55,000 settlement amount, and the Simons agreed to settle to avoid liability at that much greater amount. Def. App. 64-65. The satisfaction occurred when the district court entered judgment stating that the Simons had paid and the Government released all of its claims against the Simons. Pl. App. 215-16. As this Court stated in Robinson, this accord may not be rescinded unless the Simons have good cause. Robinson, 16 Cl.Ct. 685.

**Defs. Brief. Pg. 9 emphasis added.**

***What right to pursue***? The government's own statement shows 'accord' rests on the Simons owing more in District Court. Without the Simons owing, there can be no 'accord' under IRC §7121. Here, in 2001, there was no mutual consideration because the government was already supposed to forebear in 1983, and did so for five years only. To say there could be a 'settlement' of the District Court suit, or the government had a 'right

---

"The Government as a litigant is, of course, subject to the rules of discovery." [citations omitted]. The Government therefore had no right to ignore plaintiff's discovery demands. {P. App. pg. 123-125]. Moreover, as representatives of the Government, all personnel connected with the litigation, including counsel, had an obligation "to be frank and fair and disclose all the facts." [citations omitted]. *Kurio*, ¶37

to pursue greater amounts', *entirely eliminates* all the IRS code provisions, I.R.C. §§7121, 7122, 6215, 6501, 6303, rendering Congress superfluous to the IRS desires for more money from the Simons. No Court, or agency or citizen, has that authority to supercede Congressional authority. (2) No one from the DOJ with delegated authority signed the alleged 2001 'agreement' to bind the government (P. App. pg. 222). (3) The DOJ *reworded* the handwritten document, changing the meaning of the word 'universal' from that intended (lack of unequivocal acceptance, *Kurio, supra*, ) (P. App. pg. 207, 208 compare with pg. 221-224). (4) The government consistently objected to the Court's interpretation of 'universal', in District Court (P. App. 206-206b), and (4) then 'broke' it, if it ever existed, by further billing the Simons when the time for appealing the 10th circuits unpublished decision to the Supreme Court. P. App. pg. 139-139a (showing billing amount of about $4100 and offered refund of about 27.00); (5) *The government wholly fails to explain* how a Court with a fully paid amount, they do not dispute with one shred of evidence, and without a timely assessment, without a written timely notice and demand, can have any authority for further collections on the Simons 1974 account. Lack of jurisdiction cannot be created by waiver or estoppel. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 371 (7 th Cir. 1993). The U.S. had no injury administratively or in District Court. But the Simons most certainly do.

**The Government *falsely* states, "The Simons fail to state any coherent argument as to why they could not have raised their defenses/claims in the district court action."**

The Simons did and the Court would not hear of them. (P. App. pg. 225-230). Can anyone imagine how inflammatory and prejudicial that statement is, when the government fails entirely to dispute that Simons showed this Court and the government, how they administratively and in FRCP Rule 26 discovery, sought their records,

including their most important original returns, a) by their CPA (P. App. 118), b) by their lawyer (P. App. 123-129), c) by a Problems Resolution person (P. App. 118, 74), (d) and numerous Freedom of Information Act requests, and PRIVACY Act requests, (many not yet produced for this Court with the certified green cards showing government receipt) (P. App. pg. 163-179) and the governments further misleading them by stating no consents for extensions of time had been signed by them (P. App. 138-139), when the government had the form 872 (P. App. 58-59) all along, f) and both the service center and district office saying the other office had their records, ***with no one telling them their records were in Special Procedure function***, (163-179) where DOJ attorney Lusty knew they were all along ( P. App. 68, 63). **The government does not dispute these facts.**

If anything, the government is saying there was a contract in 1983, involving more than $10,000 (Plaintiffs agree), and another in 2001 (without proof, and plaintiffs do not agree), involving over $10,000, putting them squarely before this Court under 28 U.S.C. 1394, 1491. *The government knows it. Fn. 3.*

**The government *falsely* states, " they fail to cite any specific evidence of bias by that court and they refuse or fail to understand that this is not the proper forum for litigants unhappy with the results of district court litigation**." Defs. Pg. 2.

How misleading can the government be? The Simons specifically referenced the transcripts of the District Court showing that the District Court would not hear of their claims ( P. App. 225-230), and ordering them to pay ( id.) , calling their claims frivolous and meritless ( id) (a threat that if they didn't pay they were going to have to pay a lot more), and citing to specifically the length of time the case had gone on, (id) accusing the Simons, the plaintiffs hounded by the government for 25 years, as carrying on a 'feud' because they refused to pay for what they already knew they had paid for. (id). It is not

'sinister' to say the District Court had been biased by the U.S. concealed documents and ten years of relying on the government baseless proclamations that the Simons owed.

**The Government seeks to Patronize the Simons and this Court by saying the Simons don't 'understand' this Court's jurisdiction. FALSE again. Pg. 5**

The government under RCFC Rule 11 has a duty to admit that any claims of the Simons arising under any alleged contracts falls within this Court's EXCLUSIVE jurisdiction. See fn. 3. Here the 1983 contract was *bona fide*. Payment and the actions of the government show closure…. Accord and Satisfaction….. in 1983. After that, Congress prohibits the government from modifying, annulling, or further collections, without exception. I.R.C. §§7121, 6215, 6501, 6303, 6331. [[7]] However, breaches of contracts are fully exclusive to this Court by the Tucker Acts.

**The Government Misrepresents the Case Law Relied Upon by the Plaintiffs.**

"However, Woodrum merely stands for the proposition that Rule 60 does not expand the jurisdiction of a court. Id. at 882-83."

Defs. Brf. Pg. 5.

*Woodrum v. Southern Railway Co*., 750 F.2d 876 (11 Cir. 1985) 1985.C11.41890 http://www.versuslaw.com ¶47 is ***precisely on point***. *Woodrum* stands fully for the legal proposition that if the District Court had no authority over the Simons claims, as the government by evidence does not dispute, then a Rule 60 motion for fraud on the District Court, filed in the District Court, without it having original jurisdiction, and without the

---

[7] The alleged 2001 written document was anything but. The government fails entirely to address why it *rewrote* the 2001 handwritten document (P. App. 130, 131-132), interpreted the key word 'universal ' differently than as intended by Jeffery Snow and the Simons in district Court (P. App. 222), objected to the District Court's order based on the handwritten document (P. App. pg. 206-206b), and then billed the Simons further (P. App. 138-139a) [showing balance due of about $4100 and refund of about $27 dollars], and in a Court based on NO timely 'assessments', NO timely written notice and demand, NO prior notice of levies (P. App. pg. 80, compare 81-83 dates), and liens, and without full FRCP at Rule 26 discovery. *Kurio, supra*.

U.S. having standing, is utterly useless. *Shaw, Woodrum, supra.* A FRCP Rule 60 motion in District Court is without authority, completely. *Woodrum* applies, and this Court can overrule any void acts of other Court's lacking this Court's independent and exclusive powers. *Carney, supra.*

***The Government Misrepresents its Accomplishments and The Law in this Court.***

> "In our opposition to the Simons' first motion to strike, we established that the Court of Claims decision in Carney v. United States, 199 Ct. Cl. 160, 462 F.2d 1142 (1972), held that the Tucker Act does not grant jurisdiction to this Court to declare a district court judgment void." Defs. Brf. Pg. 5

The government did not *'establish'* any such thing unless the government IS this Court. *Carney v. United States*, 199 Ct. Cl. 160, 462 F.2d 1142 (1972) stands for the opposite. This Court is precisely a Court of independent jurisdiction, as here, by 28 U.S.C. 1349, 1491, having the *exclusive* power to strike down any void judgments involving government contracts over $10,000 from any tribunal without authority. There is NO argument, aside from bare and unsupported allegations, that the District Court has/had NO jurisdiction over the Simons breach of contract claims, and NO authority to 'declare' a handwritten document an 'agreement' regarding 'taxes' under 28 U.S.C. 2201 and 2202 prohibitions on using declaratory judgment authority for tax issues.

***It is an absolute falsehood that the government did not bill the Simons again in 2004 See attachment, a copy of which the U.S. has also.***

The government has the Simons entire administrative file. They have a duty to research the file and report candidly to this Court. This is not a disputed fact. Even if the Simons referenced a document showing a $27 refund, that same document also shows a *prior balance owing* of about $4100, billed in Feb, 2004. See attachment, p.app.139.

**THE STATUTES OF LIMITATION COULD NOT RUN PRIOR TO THE SIMONS OBTAINING THEIR ORIGINAL RETURN AND OTHER ESSENTIAL DOCUMENTS AND THE SIMONS HAD A FAIR OPPORTUNITY TO STUDY THE YEAR 2000 OVER 1000 PAGE DISGORGMENT OF THEIR RECORDS.**

The government ignores this fact, conceding it. No appellate Court would overturn this Court's equitable tolling the 6 year statutes of limitation of the Tucker Act until a reasonable time after Feb. 15, 2000. (*Holmberg* v. *Armbrecht*, 327 U.S. 392, 397 (1946)). *The government no where denies that the Simons' documents were concealed until about Feb. 15, 2000, as attested to by prior attorney Patricia White, current dean of the Sandra Day O'Connor School of Law at Arizona State University, and others* (P. App. pg. 123-125, 127-129, 117-118). See, *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1229-30 (10th Cir. 1999). *Marbury v. Madison*, 5 U.S. 137, 163 (1803) (mandating redress for injuries). No one, prior to ***at least*** Feb. 15, 2000 from a voluminous IRS disgorgement of documents, could 'know' or 'raise' the Simons claims (P. App. pg. 117-129). **[**[8]**]** The government knows the facts and law are contrary to their position and ***has a duty to so inform this Court and is ignoring those duties.*** *See*, *Anthony, Hurt, and Kurio,* RCFC at Rule 11, FOIA, Privacy Act.

## ***CONCLUSION***

As this Court well already knows, Congress set this very special Court aside, particularly and solely for takings and contract claims. The people, the public, wished a Court where contractors with the U.S. would be on an equal footing with the government when contracts and breaches of contracts were involved. The Simons, present

[8] See, e.g., *Catawba Indian Tribe of South Carolina v. United States*, 982 F.2d 1564, 1571 (Fed. Cir. 1993) (quoting *Japanese War Notes Claimants Assoc. of the Phillippines, Inc. v. United States*, 178 Ct. Cl. 630, 634, 373 F.2d 356, 358-59 (1967)); accord *Entines v. United States*, 39 Fed. Cl. 673, 680 (1997); *Catellus Dev. Corp. v. United States*, 31 Fed. Cl. 399, 407-08 (1994).

themselves to this Court as honorable contractors in 1983, filed and paid taxpayers, citizens with legal entitlements. These citizens had no bad credit, but for the IRS illegal liens, in decades. They contributed consistently to their community in church, youth recreation, their professional organizations, and worked to develop land they had started developing. P. App. pg. 142-162. These are citizens, honestly and forthrightly, paid completely for their closing agreement for three tax years in 1983, such that the IRS closed all three years out, in any form or fashion the IRS chose to do, in 1983. All satisfied in accord with the government and their contract, in 1983, that the Simons evidence shows, *without* dispute from the government here.

When the government does not, and can not dispute these key material facts, *any* other alleged facts or arguments, in light of IRC §7121, and others, are completely immaterial, irrelevant, and overly burdensome to this Court and to the Simons, future courts, and prejudice the Simons by multiplying their litigation expenses unnecessarily.

The government does not dispute that they were helpless to defend themselves without their original records, as a Rev. Officer told their CPA in 1988, against baseless claims they did pay for year 1974. They respectfully have now brought their claims to this Court of proper and exclusive jurisdiction, within six years of knowing their claims and their 'claims' arising, from the February 2000 disgorgement of their files, such that they can meet their burden of proof of their claims.

The government fails to inform this Court upon what basis this Court may rely to rule for the Government in supporting all the fiduciary and statutory violations enumerated above. The government is asking this Court to support these violations,

neigh, encourage them, by overlooking all the breaches and injuries the Simons have brought to this Court, in accord with RCFC 9. *See Willy, supra.*

The Simons suggest that this Honorable Court should not accept the government's invitation to support the government's illegal and wholly *ultra vires* acts, by countenancing the government's misleading filings in this Court. *Pigford, infa.* The record of this Court should be factually and legally accurate. If the government will not forthrightly admit its error, mistakes, and frauds upon the Simons and the District Court, then their filings should be struck, as the government produces no evidence to rebut the Plaintiffs' meticulously cataloged Rule 9 evidence, or *accurately* represents the law. All violates Rule 1 and 11 entirely, and the very purpose of equality in this Court, as the people, Congress intended. *See, Cobell, supra*. *Pigford v. Veneman*, 215 F.R.D. 2, 4 n.1 (D.D.C. 2003), RFCF Rule 1, 11, 12, and 7, the Court's inherent authority. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 –631 (1962). The government never disputes the Simons claims that they may be subject to future potential collections under I.R.C §108.

The Simons, as honorable full paying citizen contractors, respectfully pray for this Court to strike the governments' document 29, all other government documents falsely claiming the Simons owed for year 1974 or did not fully pay in 1983, or the U.S. did nothing wrong, and grant all other relief as is fair in equity and just under the law.

So signed this 4th day of August, 2006

/s/ Susan Rose Utah Bar no. 7985

**Certificate of Filing**

I hereby certify that on this 4th day of August, 2006, a copy of the Plaintiff's motion to strike from the record Docket Document 29, Defendant's Response to Plaintiffs' Motion to Strike the Defendant's Response to Plaintiffs' Motion to Strike the Defendant's Motion to Dismiss was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. /s/ Susan Rose

**ATTACHMENT FEBRUARY 2004 BILL FOR MARCH 1, PAYMENT**
**PLEASE IDENTIFY IT AS 139b IN PLAINTIFFS' EXHIBITS**
**U.S. HAS A COPY IN THEIR ADMINISTRATIVE FILE ALREADY**
**SOCIAL SECURITY NUMBER INFORMATION IS REDACTED**
**THE TAX YEAR IS '7412' AND THIS BILL IS ISSUED AFTER THE STATUTES FOR APPEALING THE 10TH CIR. OPINION TO SUPREME COURT RAN**

CUT OUT AND RETURN THE VOUCHER IMMEDIATELY BELOW IF YOU ONLY HAVE AN INQUIRY. DO NOT USE IF YOU ARE MAKING A PAYMENT.

CUT OUT AND RETURN THE VOUCHER AT THE BOTTOM OF THIS PAGE IF YOU ARE MAKING A PAYMENT, EVEN IF YOU ALSO HAVE AN INQUIRY.

100649

CUT HERE

Return this voucher with your inquiry or correspondence.

Your Telephone Number: ( ) ____-______ Best Time to Call: ____AM____PM

63,904 0 1,042

☐ Correspondence enclosed:
- Write your Taxpayer Identification Number, tax period and tax form number on your inquiry or correspondence.

SB 200404 07 86254-416-18011-4

22A Internal Revenue Service
P.O. Box 9019
Holtsville, NY 11742-9019

DAN C SIMONS
9016 S 1300 E
SANDY UT 84094-3126166

[redacted] IL SIMO 30 0 197412 670 00000[redacted]

CUT HERE

Return this voucher with your payment or correspondence.

Your Telephone Number: ( ) ____-______ Best Time to Call: ____AM____PM

63,904 0 1,042

**Amount you owe: $4,189.83**
- You will avoid additional penalties and/or interest if we receive your full payment by March 1, 2004

☐ **Amount enclosed: $______**
- Make payable to United States Treasury
- Write Taxpayer Identification Number, tax period and tax form number on payment

☐ **Correspondence enclosed**

SB 200404 07 86254-416-18011-4

22A Internal Revenue Service
Cincinnati, OH 45999-0149

DAN C SIMONS
9016 S 1300 E
SANDY UT 84094-3126166

139b