Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT
OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA, Case No. 06-115
*Defendant*. Judge Susan Braden

---

**PLAINTIFFS' REPLY TO Dkt. 29, THE DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE THE DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE THE DEFENDANT'S MOTION TO DISMISS**

---

NOW COME THE PLAINTIFFS, by and through undersigned counsel, to reply to the defendants response to the Plaintiffs' motion to strike the Defendants' response to the Plaintiffs motion to strike the defendant's motion to dismiss, as follows:

The defendants' filings in this Court are a 'magnificent fantasy', well constructed as to law (albeit inapplicable in this case) and to presumed and *un*substantiated bare and empty allegations. Their filings have four absolutely insurmountable problems that make them absolutely irrelevant and immaterial, defamatory and prejudicial to the Plaintiffs. If the filings are allowed to be in the record, they will consume the Court and counsel's time in the only litigation strategy left to the government---- exhaustion of the

Plaintiffs' time and resources, definitely harassing and prejudicial, in violation of CFCR Rule 11 and 1.

**FIRST PROBLEM WITH THE GOVERNMENT'S FILINGS – no explanations of how or why**

First, the filings address the *who* (The Simons and the government, all agreed), the *what* (the 1983 settlement contract for all three years, memorialized in two Tax Court decisions that were inseparable based on the U.S. Tax Court stipulated decisions and required Tax Court Rule 155 computations income averaging all three years- all agreed), the *where* ( Tax Court riding circuit in Utah and U. S. District Court in Utah), the *when* (April, 1983 and the 1992 District Court case). But, they fail completely to adequately address (1) *how* or *why* the Simons owed any money on their 1974 tax account after 1983's payment of $49, 546.55, or (2) *how* or *why* the Simons claims could ' arise', such that they could 'know' them, and meet their burden of proof, as is the Plaintiffs' obligation, with the government withholding their original returns, the form 872 extending the statutes of limitation for assessment to a date certain, the District Counsel's decision, among others until about Feb. 15, 2000.

**SECOND PROBLEM WITH THE GOVERNMENT'S FILINGS- no evidence to rebut the Simons evidence**

Second, the I.R.S. motion and response lacks evidence to rebut the Simons. The IRS is devoid of evidence to show how the Simons' 1983 payment of $49,546.55 was not fully equitably satisfying all three years, no matter how the Simons were credited with the payment by the IRS (P. App. pg. 98, 9-10, 52-56). And the IRS is devoid of any evidence whatsoever as to how the Simons were given a Congressionally-required timely

statutory I.R.C. 6215, 6501 assessment or written I.R.C. 6303 notice and demand, or prior I.R.C. 6331 notice of a levy (P. App. pg. 80) to the levies and liens they sought to foreclose upon. (P. App. pg. 81-95). ALL four elements Congressionally required for U.S. District Court subject matter jurisdiction and personal jurisdiction, are missing, and not addressed by the government. Further, IRC 7121 absolutely bars any further contracts on the 1974 account as there was full payment and is not addressed by the government in their motion or response.

With a fully paid account, without a timely assessment and without a written notice and demand, and without a timely PRIOR issued notice of levy and liens, without the Simons records, the government (1) usurped the District Court's processes for unjust enrichment, breached the contract numerous times, and (2) did a U.S. Constitutional Article V takings of the Simons property interest in the 1983 contract and in the good faith of the government's word, their good names, Mr. Simons' professional licenses, their business' goodwill, their interest in their properties, and (3) denied them administrative and the Court's due process and the ability to exhaust all their remedies anywhere, (4) and caused them tortuous damages directly associated with all the foregoing breaches of contract.

All is within this Court's exclusive Tucker Act jurisdiction that is exclusive and independent of all other Courts. 28 U.S.C. 1346 and 1491. *Carney v. United States*, 199 Ct. C 462 F.2d 1142, 1144, 1145 (1972); *Indian Head Nat'l Bank of Nashua v. Brunelle*, 689 F.2d 245 (1st Cir. 1982). The Defendants admit that the Tenth Circuit Court noted that if fraud was used in any respect to procure any judgment or consent decree, it is void. Defs. Brief. Pg. 8. Withholding their documents for so many years that

the District Court would not consider going all the way back to 1983 to listen to the Simons, completes the fraud on the Simons and the District Court. (P. App.pg. 225-230). Similarly, fraud eliminates res judicata and collateral estoppel, as do statutory limits on the District Courts. 28 U.S.C. 2201 and 2202. The government does not address the facts of fraud as part of the Simons claims.

**THIRD PROBLEM WITH THE GOVERNMENT'S FILING- The government does not rebut, or address, the fact that the Simons' most important documents were withheld from them until about Feb. 15, 2000, so as to not allow their Tax professionals to understand or know of their claims until a reasonable time thereafter.**

28 U.S.C. 2415 (a) mandates that any government claims "founded upon any contract express or implied in law or fact, shall [also] be barred unless the complaint is filed within **six year**s after the **right of action** accrues. or within one **year** after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later:…" Id. A 'right of action accrues' when the party can not only make a claim, but meet their burden to *explain* the why and how of their claim, their injury with some degree of specificity.

The government claims all sorts of reasons the Simons should have 'knew' of their claims prior to within 6 years of this suit. What the government does not admit or explain is how or why the Simons had a 'right of action' without evidence to support it. Here, the Simons' Tax Professionals were at a loss as to understand how or why the government was pursuing further collections against the Simons after 1983. (P. App. pg. 117-119, 123-129), much less defend the Simons. The government just dances over the fact that

the Simons records were not disgorged until about Feb. 15, 2000, and then their tax professionals had to see the documents and align the factual events in them with the IRS code to 'know' of their claims. The Simons could say the IRS 'closed' their account in 1983, but could not explain why or how to rebut the government's adverse claims until they received their original returns, form 872 showing there was a late assessment closing the account, and internal quick assessment (P. App. pg. 5) showing that IRS management did a purposefully late assessment.

The government does not adequately dispute the Simons firm assertion that the tolling of the statutes of limitation is justified, because it ignores their claims of having their documents concealed and other claims, until the Simons tax professionals could understand the case. Therefore, the Simons claims are raised in this Court of proper jurisdiction and within the 6 year statutes of limitation from when they 'arose'. *Holmberg v. Armbrecht* , 327 U.S. 392, 397 (1946); *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1229-30 (10th Cir. 1999).; *Marbury v. Madison*, 5 U.S. 137, 163 (1803) (mandating redress for injuries); *Catawba Indian Tribe of South Carolina v. United States*, 982 F.2d 1564, 1571 (Fed. Cir. 1993) (quoting *Japanese War Notes Claimants Assoc. of the Phillippines, Inc. v. United States*, 178 Ct. Cl. 630, 634, 373 F.2d 356, 358-59 (1967)); accord *Entines v. United States*, 39 Fed. Cl. 673, 680 (1997); *Catellus Dev. Corp. v. United States*, 31 Fed. Cl. 399, 407-08 (1994). *Kurio v. United States*, 281 F. Supp. 252 (S.D. Texas 1968); *Hurt v. United States*, 70 F.3d 1261(4th Cir.1995); *Anthony v. United States*,987 F.2d 670(10th cir.1993)).

## CONCLUSION

Based on the foregoing, the governments' expert lawyers have constructed a beautiful fantasy castle in the sky, built on nothing but thin air. The government was shooting from their hip. Just presuming that anyone who challenges the governments wrongful acts against them is dirt to be crushed under its heel, with the end justifying the means…. And insisting that this Court support their actions also, by minimally allowing the government's tainted filings into this Court's record.

No matter how well constructed, no matter how artfully written, no matter how beautiful their writings may ring, as done by almost a half a dozen experts, placing their names and reputations on the line under RCFC at Rule 11, the government's position is a vaporous palace of nothingness upon which this Court is to rely in violation of Rule 1.

The government would have this Court rely on whatever it tells this Court, dismiss the Simons' claims, and face an appeals court with nothing in the record to support the government's fantasies. P. App. pg. 139b. As an officer of this Court, this counsel was duty obligated to do nothing less than respectfully move this Court to strike such pleadings, as irrelevant, immaterial, defamatory, a continued breach of the governments duty of honesty and forthrightness, *Hurt, Anthony, and Kurio*, and that would seek to partner with this Court in doing so.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiffs respectfully pray for the government's response to the Plaintiffs' motion to strike the government's motion to dismiss, to be stricken from the record, and grant the Plaintiffs' motion to strike the government's

motion to dismiss, and pray for this honorable Court to grant all other relief as is fair and just in equity and the law.

So signed this 8th day of August, 2006

/s/ Susan Rose, Esq.

*Counsel for the Plaintiffs*
9553 S. Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441susan_rose@comcast.net

It is understood by Counsel that this case is an electronic file case and service to opposing counsel will be performed by the Court. /s/ susan rose

UNITED STATES COURT
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA, Case No. 06-115
*Defendant*. Judge Susan Braden

ORDER GRANTING THE PLAINTIFFS' MOTION TO STRIKE
THE DEFENDANTS' RESPONSE TO THE PLAINTIFFS' MOTION TO STRIKE

NOW COMES THE COURT, having received and reviewed the Plaintiffs' motion to strike the defendants' response to the Plaintiffs' motion to strike the Defendants' motion to dismiss, and received and reviewed the Defendants' response to the Plaintiffs' motion, hereby strikes the defendants' response to the Plaintiffs' motion to strike, for good cause shown.

All filing schedules are to remain the same.

So signed this _______ day of July, 2006

______________________________
Judge Susan Braden