Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA,
*Defendant*.

Case No. 06-115
Judge Susan Braden

PLAINTIFFS' MOTION TO STRIKE DKT. 26 REPLY TO THE PLAINTIFFS' RESPONSE TO THE DEFENDANTS MOTION TO STAY RESPONSES TO SUMMARY JUDGMENT BASED ON THE DEFENDANTS RAISING A NEW ISSUE AND NEW EVIDENCE AND ARGUMENT NOT RAISED IN THE MOTION

NOW COME THE PLAINTIFFS, by and through undersigned counsel, pursuant to RCFC Rule 7 and 11 and 12 and the Court's inherent authority, to strike the Defendants' reply to the Plaintiffs' response to the government's motion to stay all responses to the Plaintiffs summary judgment motions, as surplusage, because the government raised new issues in its reply to which the Plaintiffs' cannot respond, based on the attached memorandum of facts and law in support thereof.

So signed this 9th day of August, 2006

/s/ Susan Rose, Utah Bar no. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

This is an electronic filing case and is understood to be served upon the defendants by the court.

/s/ Susan Rose

Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA, Case No. 06-115
*Defendant*. Judge Susan Braden

---

PLAINTIFFS' MOTION TO STRIKE DKT. 26 REPLY TO THE PLAINTIFFS' RESPONSE TO THE DEFENDANTS MOTION TO STAY RESPONSES TO SUMMARY JUDGMENT BASED ON THE DEFENDANTS RAISING A NEW ISSUE AND NEW EVIDENCE AND ARGUMENT NOT RAISED IN THE MOTION

---

NOW COME THE PLAINTIFFS, by and through undersigned counsel, pursuant to RCFC Rule 7 and 11 and 12 and the Court's inherent authority, to strike the Defendants' reply to the Plaintiffs' response to the government's motion to stay all responses to the Plaintiffs summary judgment motions, because the government raised new issues in its reply to which the Plaintiffs' cannot respond, based on the following memorandum of facts and law in support thereof;

1. The government file a motion to stay responses to the summary judgment motion.
2. The Simons filed a response articulating why the summary judgment motion should be answered and showing throughout how the District Court had no jurisdiction, how the government had not addressed this issue, how the government had not addressed its standing issue, and how the government had

never signed any alleged District Court 'agreement' with anyone with delegated authority.

3. Instead of the government freely and forthrightly admitting all the reasons why the District Court had absolutely no jurisdiction, and this Court's jurisdiction is exclusive under 28 U.S.C. 1346 and 1491, it refuses to answer the Plaintiffs' claims in their response.

4. Instead the government in its reply, raises a new argument, *res judicata*, reply brf. 2 and 6, even attaching evidence to convince the Court to rely blindly on a District Court's declaratory judgment as to an alleged 2001 handwritten agreement, prohibited by 28 U.S.C. 2201 and 2202 for tax matters, and 26 U.S.C. 7121 as an alteration, modification, annulment of the 1983 Tax Court agreements that were one contract. P. App. pg. 28.

5. Further, the government wishes the Court to rely on the District Court's 'finding' when the same Court would not listen to the Plaintiffs' evidence, due to so many years passing from the time of the first settlement until the Plaintiffs brought their claims. P. app. pg. 219.

6. Listen to the District Court's view of the Plaintiffs evidence, found so very long after the fact in 2000, (and raised after six experts reviewed it and found their arguments sound, )for any Court's prejudice to the Simons for not raising their claims earlier…. Due to not having their records.

> "The defendants' arguments are legally completely lacking in merit. They are inventive, they are attempts at being creative, and *they want to work backwards all the way back to 1973 and '74 and 1983,* and THE COURT IS NOT HAVING ANY OF IT. You can throw four inches of material at me, but it does not eliminate the simple fact….. "

P. App. pg. 230. emphasis added.

Further, the District Court was relying on what to find an agreement?

" COURT: Mr. Snow, was anything communicated to the Simons to indicate that department was willing to accept this $55,000 amount.

MR.SNOW: Absolutely. It was signed by the chief of the section.

COURT: You don't happen to have that with you ?

MR. SNOW: I have it back at my hotel. I can get it out here pretty quickly by Fax." P. App. pg. 227

The Court was relying on the Counsel's word, when the typewritten signed alleged acceptance was never produced. Instead the Court just lays into the Simons, presuming they were liars and welchers on a real deal. P. App. pg. 227.

7. The District Court record shows that government *fought* that alleged handwritten 'agreement' (P. App. pg. 130), unsigned by anyone with delegated authority (P. App. pg. 222), by (1) *rewriting* the 2001 handwritten offer to settle (P. App. pg. 130-132) changing the key word of 'universal' (P. App. pg. 206-206b), thus negating it, showing *no* meeting of the minds, and evidencing a total lack of *un*equivocal acceptance (*Kurio v. U. S.*, 429 F. Supp. 42, 1970.STX.0000028http://www.versuslaw.com; 1 Corbin §86; 1 Williston §72.); (2) by objecting to the Court's final order based on the handwritten offer to settle explaining the government Department of Justice was changing the meaning of the word 'universal' P. App. pg. 206-206b; and (3) demonstrating its contempt for the order by REBILLING the Simons again in February, 2004, after the statutes had run for appealing their failed Appeal of the District Court's judgment. (P. Ap.

pg. 139a-b). See, January, 2004 issued U.S. v. Simons, Tenth circuit case no. 02-4201.

8. The government doesn't deny that it will likely attempt further collections for a Court claimed forgiven debt under I.R.C. 108, leaving the Simons potentially vulnerable to further collections for a debt never owed, for years to come.

9. Further, the government never responded to or explained how any Court or agency supercedes Congress' the statutory bar of I.R.C. 7121, Pltfs. response pg. 8 and 9.

Sec. 7121. Closing agreements

-STATUTE-
(a) Authorization
The Secretary is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal revenue tax for any taxable period.

(b) Finality
If such agreement *[ here 1983, two Tax Court decisions (P. App. pg. 12-15, 28-30)]* is approved by the Secretary (within such time as may be stated in such agreement, or later agreed to [form 872 here sets a time certain) ***such agreement shall be final and conclusive***, and, ***except*** upon a showing of fraud or malfeasance, or misrepresentation of a material fact -
(1) *the case* ***shall not*** *be reopened* as to the matters agreed upon or the agreement ***modified*** by ***any*** officer, employee, or agent of the United States, and
(2) in ***any*** suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, abatement, refund, or credit made in accordance therewith, ***shall not*** be **annulled**, **modified**, **set aside**, or **disregarded**.

I.R.C. 7121 emphasis added.

The 1983 agreement, as memorialized formally in U.S. Tax Court in two decisions, mathematically and legally inseparable, is wholly incapable of being modified by anyone. And the government has no facts as to the Simons not fully paying.

**ARGUMENT**

Search as this Court may for any reference to *res judicata* in the government's motion to stay responses, or the Plaintiffs' response, it won't be found. The government pulls a Mulligan punch, below the belt, by filing a new argument for *res judicata* in its reply brief, for which the Simons cannot respond.

All the Simons are asking for is a level playing field. This Court was founded on traditional notions of fair play and justice to give that *level* playing field to those who enter into Contracts with the government. 28 U.S.C. 1346, 1491. See also I.R.C. 7121. The government prejudiced a void Federal Court judgment, and wishes this Court to rely upon that Court's findings, rather than the District Court's record, thus upholding the government's unjust enrichment, with no sound basis in fact or law.

The government has profited unjustly, without any mutual consideration, by usurping the District Court's label on its own baseless arguments, then claiming res judicata. Withheld documents, which the government refuses to mention, clearly prejudiced the District Court and Appeals Court. The District Court "is not having any of it" going back to 1983. P. App. pg. 227. The District Court was not allowing new evidence into the record. P. App. pg. 219. Concealed documents deprived the Simons of any impartial tribunal, so far, and now they wish Court to rely on the other Courts without giving the Simons a chance to argue.

The District Court relied on the false representation of Mr. Snow of the Department of Justice who deftly avoided clearly stating that the government had agreed to the Simons and government's handwritten 'offer', (P. App. pg. 227) only by rewording the key term of the entire offer, 'universal' meaning all claims, parties, etc.

narrowing the term that the Simons did not agree with (P. App. pg. 206-206b). The document was never signed by anyone with authority. P. App. pg. 222, 227. And the District Court had no declaratory judgment authority in the matter by statute. 28 U.S.C. 2201, 2202. [[1]]

Further, Mr. Snow did not mention to the District Court that he added the amounts owing onto the IRS computer records, that the IRS had closed out in 1995, prior to the 2001 alleged settlement, while Kirk Lusty obtained another person to hand calculate what was owed, and did not inform the Court of the Computer zero closing. P. App. pg. 110-111, 67.

The government in raising the *res judicata* argument had a duty under RCFC Rule 11 to explain in this reply how *res judicata* is void when there is a decree or judgment from a Court without jurisdiction, that this Court of independent exclusive substantive jurisdiction has full authority to override. 28 U.S.C. 1346 and 1491, and *Carney v. United States*, 199 Ct. Cl. 160, 462 F.2d 1142, 1144 (1972). *Simons, infra*.

The court of appeals in the Simons case, stated that if "lack of actual consent, fraud in obtaining consent, lack of federal jurisdiction, or mistake are shown," then this rule does not apply. (quoting Mock v. T.G. & Y Stores Co., 971 F.2d 522, 526 (10 Cir. 1992). U.S. v. Simons, Tenth Circuit Court, dkt. no. 04-4201 (unpublished),

---

[1] Now the government in its most recent motion to for an enlargement of time, dkt. no. 33, is relying on this Court to rule to stay proceedings, rather than make the government forthrightly admit to and explain how or why any Court, other than this Court, would have exclusive jurisdiction over the Simons contract claims, exceeding $10,000 arising from a 1983 final closing settlement agreement contract both parties acknowledge, that is statutorily barred from being modified, annulled, set aside, or disregarded. I.R.C. 7121-----Just precisely and exactly what the District Court, and Tenth Circuit Court did, without any jurisdiction to begin with, when they refused to look back to 1983, and years 1973 and 1974.

http://www.ck10.uscourts.gov/opinions/02/02-4201.pdf, pg. 3. With late provided evidence, the District Court refused to 'increase the factual record or supplement the factual record which was, in any event, untimely." P. App. pg. 219. It stated it was not looking back to 1983, P. App. pg. 227, 230. The *only way out* for the Simons, since they were not getting an impartial tribunal, was to pay *as ordered*. P. App. pg. 228. Voluntary? No.

The court of appeals held that this exception to the general rule did not apply because the "handwritten original draft of the agreement is fairly reflected in the consent judgment, which defendants themselves prepared for the court to sign." Id. (Emphasis added). What the Court of Appeals refused to examine is that *nothing* was owed, the federal court had *no* jurisdiction due to lack of a I.R.C. 6215, and 6501 assessment and 6303 written notice and demand, and 6331 prior written notice of levy *before* the levy and liens issued, and the absolute jurisdictional bar of I.R.C 7121, the government's typewritten letter that varied substantially from the handwritten document relied upon by the Court (P. App. pg. 130-132), and the governments objections to any final order ( P. App. pg. 206-206b), and the Simons consistent raising of jurisdictional objections, (P. App. pg. 209-214). Why? The government said not to, without proof, without any accurate facts, and by concealing their documents for a dozen years.

Not having their records undisputedly biased the Courts. The District Courts *could not* hear the Simons' contractual claims, and the Simons contractual claims are the only claims asserted by any party consistent with I.R.C. 7121 and satisfaction and accord and the finality of the 1983 agreement, finally, in this Court of exclusive jurisdiction.

There simply is **no** *res judicata* from the District Court, but there is from 1983's Tax Court, that deprives the government of any defenses.

Further, the recent motion for an enlargement of time admits the government's filings are not being put forth based on RCFC Rule 11 research of the Simons' administrative file, as they claim they have not received it yet, while the Simons have provided it. Dkt. 33.

**CONCLUSION**

Based on the foregoing, the Plaintiffs pray for this Court to strike the Defendants' reply to the Plaintiffs' response to the Defendants' motion to stay responses to the Plaintiffs' summary judgment motion, as an unfair tactic the Simons could not respond to, and as irrelevant and immaterial, *Cobell v.Norton*, No. 96-1285, 2003 WL 721477 (D.D.C. Mar. 3, 2003)); *Larouche v. Department of the Treasury*, No. 91-1655, 2000 WL 805214 (D.D.C. Mar. 21, 2000) and based on the *res judicata* of the 1983 fully paid Tax Court decisions, and the bar of I.R.C. 7121, deny the defendants' motion to stay responses, altogether. Plaintiffs pray for all other relief as is fair and just.

So signed this 9th day of August, 2006

/s/ Susan Rose, Utah Bar no. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

This is an electronic filing case and it is this counsel's belief that the Court is serving all other counsel. /s/ Susan Rose