Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA,
*Defendant*.

Case No. 06-115
Judge Susan Braden

---

PLAINTIFFS' RESPONSE TO THE DEFENDANT'S MOTION FOR A 30 DAY EXTENSION OF TIME AND AGREEMENT OF AN ENLARGEMENT OF TIME UNTIL AUG. 25, 2006

---

NOW COME THE PLAINTIFFS, by and through undersigned counsel, to the Defendant's motion for an enlargement of time, and agreeing to an extension until Aug. 25, 2006, as follows:

1. This is not the 'first' time the government has asked for an enlargement of time. See dkt. no. 10.
2. The extension of time to answer the complaint was not used to 'answer' the complaint, but was used to litigation to file a motion to dismiss that was baseless, misleading, defamatory as to fact or applicable law, wasted the Plaintiffs and the Courts resources, and is subject to a motion to strike it entirely from the case file, even though allegedly signed under RCFC Rule 11, upon due research and good faith, allegedly.

3. The government admits that their motion is only to avoid answering the summary judgment altogether. Defs. Motion fn. 1.

4. The claim the IRS and DOJ can't get the Simons' records from the National Records center is likewise bogus. The RCFC Rule 56 is based on the Court's record under the rules. The Simons documents are the Court's record. Further, the government admits it already knows that Special Procedures function has the records. The U.S. Attorneys Manual states:

> "…To assist the United States Attorney in the collection of the judgment, at the same time that the Tax Division refers the case to the United States Attorney, the Tax Division will request the ***Special Procedures function*** *of the IRS's District Director's office to advise the United States Attorney* directly of the existence of potential assets for collection by procedures in aid of execution and to send the United States Attorney annually a copy of their Investigation Report of Judgment Debtor (Form 3347), if one is prepared. The Tax Division will also request the IRS, if it deems appropriate, to request the United States Attorney to extend the judgment lien.

United States Attorneys' Manual, 6-8.200 Responsibility of the United States Attorney section 6-8.000 post-judgment collection matters. [[1]] emphasis added. http://www.usdoj.gov/usao/eousa/foia_reading_room/usam/title6/8mtax.htm#6-8.200

5. Further, in Appendix X of the *Department of Justice Settlement manual*, technical service assistant offices of the IRS are found for Utah being "MS5021 DEN, 600

---

[1] United States Attorneys manual section 6-5.323 Procedures
**Notice to Tax Division and IRS.** In foreclosure, partition, condemnation and, except as provided in paragraph B, most quiet title actions, it is not necessary to forward the summons and complaint to the local District Counsel or the Tax Division, but the local IRS Special Procedures function should be asked to provide the information necessary to prepare an answer. A copy of the government's answer should not be forwarded to the Tax Division. It is unnecessary for the United States Attorney to correspond with the Tax Division with regard to these cases unless an offer in compromise is submitted or an appellate issue arises. These matters and any questions should be directed to the Chief of the appropriate Civil Trial Section (the former Tax Lien Unit has been abolished and its remaining duties transferred to the various Civil Trial Sections).
http://www.usdoj.gov/usao/eousa/foia_reading_room/usam/title6/5mtax.htm#6-5.323

17th St., Denver, CO 80202-2490 [phone] **303-446-1469 303-446-1496**."

http://www.justice.gov/tax/readingroom/settlemn/x.pdf

6. Likewise, the Department of Justice *Tax Division Judgment Collection manual* also shows that one is to contact Special Procedures function, sec. 33, with instructions on writing a letter to Special Procedures function in sec. 38. http://permanent.access.gpo.gov/lps9890/lps9890/www.usdoj.gov/tax/foia/jcmanpdf/toe.htm

7. And finally, in the *U.S. Attorneys' Manual* (USAM) at section 6-5000, sec. 6-5.521 Contested Cases and Adversarial Proceedings

> "In contested cases and adversarial proceedings any pleading involving matters relating to the internal revenue laws should be promptly forwarded to the Tax Division, the District Counsel and the IRS Special Procedures Function."

Id.
http://www.usdoj.gov/usao/eousa/foia_reading_room/usam/title6/5mtax.htm

8. As the DOJ attorney and the IRS *knows*, all records of special accommodation deals, and multiple year settlements, are in the IRS ***Special Procedures function in Wyoming***, P. App. pg. 63-66a. I.R.C. 7122. The fax number, unless it has changed, is also on these DOJ documents.

9. The IRS Rocky Mountain District Office knows where Special Procedure function is located, if it moved from the Wyoming location. The IRS has the phone number of the Rocky Mountain District Office of which Utah is a part.

10. All this work should have been done months, and months ago under RCFC Rule 11. It was simply ignored, with now an unspoken presumption that the Simons' documents are somehow untrustworthy even though they were placed into this Court's record under RCFC Rule 11, and by sworn affidavit. Again, prejudicial

and inflammatory and derogatory to those who can prove without any credible dispute that they fully paid for a 1983 agreement that is res judicata to all else. I.R.C. 7121.

11. Further, the Simons provided the government's documents with bates stamps on most of them still visible, from their Freedom of Information Act and Privacy Act request Feb. 15, 2000 disgorgement to the Court and to the IRS, among other responses here and there.
12. No where does the government assert why or how answering the asserted undisputed facts is impossible to achieve in less than three or four hours, using the RCFC Rule 56 Court's record, or explain why the Department of Justice four to six attorneys signing the pleadings could not pick up their Department of Justice Settlement manuals, Department of Justice Tax Division manuals, United States Attorney's Manual, and read them, even if the government was refusing to read the Simons FOIA/Privacy Act obtained documents, to contact Special Procedures function.

*Answering is Simply a Matter of Sitting Down and Doing So*

13. Was there a single package deal for three years 1972, 1973, 1974? Yes/no - answer P. App. pg. 28.
14. Was there an offer for a single package deal? Yes/no- answer P. App. pg. 22-27.
15. Was the single package deal memorialized in two Tax Court stipulated decisions filed the same day, signed by duly delegated authorized agents of the U.S. in Utah when the Tax Court rode circuit in April 1983? Yes/no- answer P. App. pg. 12-15.

16. Were the two Tax Court decisions and all three years, inseparable mathematically and legally, by IRS drafted Tax Court rule 155 computations, identical for both tax court decisions? Yes/no – answer P. App. pg. 16-21.
17. Was 1972 a statutorily closed year? Yes/no.- answer P. App. pg. 12.
18. Did the IRS make 1974 a statutorily 'closed' year with a manager supervised statutorily late assessment? Yes/no. – answer P. App. pg. 5, 57-59, 62a, 100-109.
19. Did the IRS admit to the Simons that only one timely assessment with a written notice and demand for year 1974 was done in 1975, which the Simons promptly paid? Yes/no -answer P. App. pg. 100-109.
20. Why should the Simons have to fairly pay full statutory interest on the three years, when the government admits it was not the Simons fault, but the government's fault, for delaying resolution of the three years, through baseless criminal and civil fraud claims, involving some amounts the government admits were duly filed and paid on in subsequent years, and the government placed 'restricted interest' codes on the 1974 account? Yes/no Answer pgs. 28-30, 112-114, 108-110 [TC 340], and 6-10.
21. Is it astronomically impossible for anyone to reconstruct how an amount fully pays for three tax years, using income averaging, and eight place factoring tables, unless the IRS did the computation exactly the same way? Yes/no. – Answer pg. 52-56, 119-122.
22. As demonstrated above, answering the facts is as simple as looking at the fact, looking at the document it references, or list of exhibits, and answering yes or no.

**23.** Because the asserted facts are from those in the Plaintiffs' amended and verified original complaint, the research should be done as obligated by RCFC Rule 11, *prior* to the government filing its motion to dismiss and other filings as signed under Rule 11 and 7(b)(3). **This motion admits and verifies that the government filings were signed in violation of Rule 11 and 7(b)(3) *without* apparent good faith research, because the government was refusing to use the Simons RCFC Rule 11 and oath verified documents, and did not have their own … another reason those filings should be entirely stricken from the record.**

24. If the IRS or DOJ can show within .07 cents how the amount collected and paid for all three years, no matter how it was credited, did not satisfy all three years, the government has an obligation to do so. P. App. pg. 52-56. A revenue agent in less than half an hour can substantiate or negate the Simons figures with the information in the Court's records. If that is substantiated, all other acts by the government are *ultra vires* of equity and the law in further collection actions against the Simons.

25. This process should not take more than three hours of concentrated effort because the answer to every asserted fact is followed by page references, and should have been completed months ago when the amended complaint was filed under RCFC Rule 11.

26. With the exception of the following pages, P. App. pg. 6-10, 25, 52, 96, 117-129, 142-169, and damages as verified in the original and amended Complaint by affidavit, all the rest of the documents *for liability only,* of the government, what

the partial summary judgment is for –liability- are taken from the same IRS and DOJ administrative files the government has always had access to for about a quarter of a century as shown most often by bates stamps on the bottom.

**ARGUMENT**

The plaintiffs out of respect for the Courts' resources, and government resources, went to a lot of trouble and time to very meticulously plead their claims as required under RCFC Rule 9, and the continuing claims doctrine, with specificity. They worked diligently, understanding the Court's limited resources, to *also*, provide proof supporting their claims, making them readily available to this Court's clerk and to the U.S. government.

Such meticulous work was done to ensure that if this Court ruled for the Plaintiffs, there would be ample evidence upon which the Court could make its findings and legal conclusions, so as to make them unassailable in the Appeals Court.

Likewise, part of any settlement process, which this Court encourages, and Rule 1 strongly suggests, must be based on litigation dangers to the government. Here, the government's position is so weak as to be non- existent. All the time of the Plaintiffs, all the time of the Court is wasted on filings the government *now admits* were not based on the Court's RCFC 56 records, and had **no adequate research under Rule 11 as to the government's copy of the records.**

When the Plaintiffs documents were first delivered to the government, the IRS and DOJ KNEW, as DOJ attorney Kirk Lusty before them KNEW, as the manuals attest, that *Special Procedures function* had their documents by policy and statutory requirement. See, I.R.C. 7122.

The government is still violating its duty to deal honestly and forthrightly with the Plaintiffs. *Kurio v. United States*, 281 F. Supp. 252 (S.D. Texas 1968); *Hurt v. United States*, 70 F.3d 1261(4th Cir.1995); *Anthony v. United States*,987 F.2d 670(10th cir.1993)). That same duty is owed to this Court. A duty violation the government wishes this Court to hide, and thereby support. Not obtaining the Simons records from the National Records Center, is simply not a reasonable excuse because the DOJ knew where they were as shown in the foregoing U.S.Attorney Manual sections. P. App. pg. 63-65. The Simons pled in their original and amended complaint as to their whereabouts. P. App. pg. 63, 126-129. [[2]]

The government could have asked for an enlargement of time with a time certain to receive the administrative records, and not filed anything before this court, to save all time, expenses, and efforts. They didn't. They could have moved the court to rule upon the administrative record, and asked for time to receive it. They didn't. The government now, without any proof whatsoever that the Simons documents are in some way tainted, claim they can't rely upon this Court's record, as submitted by this counsel under RCFC Rule 11 and verified by oath.

Instead, they filed a motion to dismiss the Simons complaint, and other filings. The defendants now admit they did not base their filings upon adequate research under rule 11, because they refused to use this Court's record, i.e. the Simons proffered documents

---

[2] Perhaps no one in the government can understand the years of ongoing, unrelenting stress, pain, suffering, anger and frustration that the Simons endured, still leaving them possibly vulnerable under I.R.C. 108 for further collection. And now, after all the expense and trouble of filing this case, they can't get a straight answer from the government and are faced with filings outside of the obligatory Rule 11 research, readily available in this Court's record, that is signed for by Plaintiffs' counsel under Rule 11.

incorporated into their amended verified complaint, and didn't have their own copy. *Instead, the government methodically wasted the Plaintiffs and Court's valuable time and resources on filings not in accord with the rules, or candor to the tribunal, ABA Rules of Professional Conduct 3.3 and 3.4*. Further, the defendants seek to penalize the Simons for doing what the Simons had to do under RCFC Rule 9, and the continuous claims doctrine. List the facts of their claims with specificity.

Plaintiffs aver that the Plaintiffs can not do the government attorneys work for them. Try as they may, the Plaintiffs can't read their own Department of Justice United States Attorneys manuals. They can't call the offices and ask for records to be sent to the Department of Justice as they could and should have done months and months ago.

This is not a case of inability to get the Simons documents from the proper source. It is an admission that the government has had its hands caught in the cookie jar and they want this Court's robes to hide behind, and do not wish to answer the Simons factually and evidentiary supported claims.

There is nothing in RCFC Rule 56 (c) or other rules that allow for extensions of time to deprive the Plaintiffs of all due process, based on motions and filings the government now admits were done without adequate RCFC Rule 11 research, and records outside those in the Court record, that defendants never moved the Court to supplement with.

Plaintiffs most respectfully object to this governments' motion for an enlargement of time until Sept. 14, 2002. A 30 day extension for what can be ascertained from the RCFC Rule 56 record can be done in a single day. Plaintiffs however will not object to an enlargement of time, until August 25, 2006, for the government to respond to the

Plaintiffs' partial summary judgment motion, provided that the government agrees to answer each proposed fact and law upon due diligence and from the Court's current record, as found in RCFC Rule 56(c).

So signed this 9th day of August, 2006

/s/ Susan Rose

Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

It is understood this is an electronic filing case and service is to be done on opposing counsel by the court. /s/ Susan Rose

Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA, Case No. 06-115
*Defendant*. Judge Susan Braden

ORDER GRANTING THE DEFENDANT
AN ENLARGEMENT OF TIME UNTIL AUG. 25, 2006
TO FILE ITS RESPONSE TO THE PLAINTIFFS' SUMMARY JUDGMENT MOTION

NOW COMES THE COURT, having received and reviewed the Defendants' motion for an enlargement of time, and the Plaintiffs' response, the Court hereby enters this order allowing the government until August 25, 2006 to file its response to the Plaintiffs' summary judgment motion, based upon the Court's current record under RCFC at Rule 56(c), for good cause shown. The government will file this response under the obligations of RCFC Rule 11 and 7(c). No further enlargement of time will be granted for this motion.

So signed this ______ day of August, 2006

______________________________
Judge Susan Braden