# In the United States Court of Federal Claims

DANNY C. SIMONS AND SALLY J. SIMONS ) Electronic Filing

Plaintiffs, )

) No. 06-115C

v. )

) The Honorable Judge Braden

THE UNITED STATES, )

)

Defendant.

**PLAINTIFFS' MOTION FOR RULE 11 AND 28 U.S.C. 1927 SANCTIONS**

NOW COME THE PLAINTIFFS, to respectfully move the Court for an order of sanctions against the government under RCFC at Rule 11, and 28 U.S.C. § 1291, and its inherent authority , see the following relief:

1) The government is to stop all further possible billing of the Simons under Internal Revenue Code (IRC) at 108 or for any other reason on this year;
2) This Court has exclusive authority over the Simons breach of contract and other claims, for amounts over $10, 000. (28 U.S.C. §§1346, 1491);
3) The statutes of limitations are tolled due to concealed documents;
4) The Plaintiffs' summary judgment motion is granted for good cause shown;
5) The government will pay to the Simons counsel the amount of _________ for her work in this case to date;
6) The government is permanently barred from claiming that Danny C. and Sally J. Simons did anything other than pay their 1983 contract in full;
7) The government will notify all credit reporting agencies to clear the names of Danny C. and Sally J. Simons and any children suffering from having levies or

liens damaging their credit. A report on the clearing of their credit will be mailed to this Judge as verification the Simons credit is clear, including family members;

8) This Court finds that it is fair in equity and just under the law to order ___________________ to pay Plaintiffs' counsel the amount of _________ No later than ten days from now;

9) A status conference will be held by phone to determine establishing a schedule for determining damage amounts for all the claims raised by the Simons in their amended complaint, for which this Court finds the government liable.

This motion is made upon the good faith belief that Rule 11 has been violated by the government as explained in the attached memorandum of facts and law in support of this motion.

The safe harbor part of RCFC Rule 11 was complied with regarding the government's motion to dismiss the Plaintiffs' complaint dkt 12 on or about June 13, 2006. Plaintiffs also seek relief under 28 USC §1927 and the Courts' inherent powers to stop the pattern of interference with and waste of the Court and Plaintiffs' resources with unsupported or unsupportable frivolous factual allegations, and using inapplicable law based on these allegations, showing lack of adequate Rule 11 research or bad faith.

This Counsel as an officer of the Court must bring the Rule 11 violation to this Court's attention, and inform the Court of further ongoing violations, so as to protect the Court's judicial processes and protect the Plaintiffs due process rights. The relief sought is not intended as malicious or retaliatory, but is designed for fair compensation, and to further deter future government prejudicial and careless and expensive transgressions,

that overtax the Plaintiffs, this Court and the appeals record, as is supported by the attached memorandum of fact and law.

So Signed this 9th day of August, 2006
/s/Susan Rose, (Utah Bar No. 7985)
*Counsel for the Plaintiffs*
9553 South Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441

CERTIFICATE OF SERVICE

This case is electronically filed. It is counsels understanding that this motion will be electronically served to all opposing counsel by the Court. /s/ Susan Rose

**<u>MEMORANDUM OF FACT AND LAW</u>**

# TABLE OF CONTENTS

**<u>RELIEF SOUGHT</u>** 1

**<u>MATERIAL FACTS</u>** 2

***Plaintiffs Very Simple Proposition*** 2

***Two Simple Choices End This Case as to Liability Right Now with Winner Take All as to Liability Only*** 2

***What the Government is Not Telling this Court: There are Seven Doors to Open Before the Federal District Court's Rulings are Res Judicata or Anything but Void Ab Initio-- as if They Had Never Been*** 4

**DOOR # (1) Did the government have an Article III injury from the Simons for standing in District Court, administrative levies, liens, to demand offers in compromise, and in Appeals Court**? 6

**DOOR # (2) Did the IRS do a timely post-Tax Court decision IRC 6215, 6501 assessment**? 6

**DOOR #(3) Was there a timely written IRC 6303 notice of assessment and demand for payment**? 7

**DOOR # (4) Did the government notify the Simons with a IRC 6331 notice of intent to levy, issued prior to placing the levies on the Simons accounts**? 7

**DOOR #(5) Was the 1983 multiple year package agreement a final, compromised, settlement, closing agreement so any later annulment, modification, or change was prohibited by IRC 7121(b)(2)?** 8

**DOOR # (6) Did the government fully disclose to the Simons their key material records administratively or in District Court, such that they had access to a fair and impartial U.S. Constitutional Article V hearing?** 10

**DOOR # (7) Did the Government make material misrepresentations such that the Simons were harmed by the misrepresentations**? 12

***Where the Simons Documents Are Probably Located*** 14

**<u>ARGUMENT</u>** 15

***Conflicts in the Government's Assertions show the U.S. is filing Papers signed Without Adequate Research or in Bad Faith or With Recklessness And Taking a Position at Variance with their Original 1983 position*** 18

**CONCLUSION** 20

**PROPOSED ORDER**

# TABLE OF AUTHORITIES

**CASES**

*Anthony v. United States*,987 F.2d 670(10th cir.1993) 14,15

*Belloff v. Comm'r*, 996 F.2d 607, 615 (2d Cir. 1993) 7

*Business Guides, Inc. v. Chromatic Comm. Entr. Inc.*, 892 F.2d 809 (9th Cir. 1989) 15

*Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 393 (1990) 18

*Gillespie v. Seymour*, 250 Kan. 123, 129-30, 823 P.2d 782 (1991);

*Hurt v. United States*, 70 F.3d 1261(4th Cir.1995) 14,15

*In re Keegan Management Co*., 78 F.3d 431, 436 (9th Cir. 1996) 17

*Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997 17

*Kurio v. United States*, 281 F. Supp. 252 1970.STX.0000028 http://www.versuslaw.com ) (S.D. Texas 1968) 7,10,14,15

*Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130, 2136 (1992) 6

*Marbury v. Madison*, 5 U.S. 137, 163 (1803) 2

*Mock v. T.G. & Y. Stores Co*., 971 F.2d 522, 526 (10 th Cir. 1992) 2,10

*Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950) 7

*Ram Co. v. Estate of Kobbeman,* 236 Kan. 751, 766, 696 P.2d 936 (1985) 20

*Thatcher v. Powell*, 19 U.S. (6 Wheat.) 119, 125 (1821) 8

*U.S. v. Simons*, 10th cir. unpublished, case no. 04-4201 2, 15

**Statute provisions**

IRC §§6215, 6501 5,6,7,10
IRC §6303 5,7
IRC §6331 5, 7
IRC§ 7121 4,9
28 U.S.C. § 1346 1,2
28 U.S.C. § 1491 1,2
28 U.S.C. §2415 (a) 2,4
28 U.S.C. §2501 4
28 U.S.C. §1927 1

**Government Manuals**

U. S. Attorneys' Manual
6-8.200 14
6-5.323 14
6-8.000 14
Department of Justice Settlement manual 15

# In the United States Court of Federal Claims

| | |
|---|---|
| DANNY C. SIMONS AND SALLY J. SIMONS, | ) |
| | ) Electronic Filing |
| Plaintiffs, | ) |
| | ) No. 06-115C |
| v. | ) |
| | ) The Honorable Judge Braden |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PLAINTIFFS' MOTION FOR RULE 11 AND 28 U.S.C. § 1927 SANCTIONS**

NOW COME THE PLAINTIFFS, by and through undersigned counsel, to respectfully move the Court for an order of non monetary sanctions against the government under RCFC at Rule 11 and 28 U.S.C. §1927, as found in the prayer for relief below, as based upon the following facts and law:

**RELIEF SOUGHT**

Plaintiffs seek, as per *Marbury v. Madison* [[1]] and Rules of the Court of Federal Claims "RCFC" at Rule 1 and 11, and 28 U.S.C. 1927, the following relief:

1) The government is to stop all further possible billing of the Simons under Internal Revenue Code (IRC) at 108 or for any other reason on this year;
2) This Court declares it has exclusive authority over the Simons breach of contract and other claims, for amounts over $10, 000. (28 U.S.C. §§1346, 1491);
3) The statutes of limitation are tolled due to concealed documents, and other reasons;
4) The Plaintiffs' summary judgment motion is granted for good cause shown.
5) The government will pay to the Simons counsel the amount of _________ for her work in this case to date.
6) The government is permanently barred from claiming that Danny C. and Sally J. Simons did anything other than pay their 1983 contract in full.
7) The government will notify all credit reporting agencies to clear the names of Danny C. and Sally J. Simons and any children suffering from having levies or liens damaging their credit. A report on the clearing of

[1] "…every right, when withheld, must have a remedy, and every injury its proper redress.' [particularly with U.S. contractual relations]. The government of the United States has been emphatically termed a government of laws, and not of men. It will certainly cease to deserve this high appellation, if the laws furnish no remedy for the violation of a vested legal right. " *Marbury v. Madison*, 5 U.S. 137, 163 (1803)

their credit will be mailed to this Judge as verification the Simons credit is clear, including family members.

8) This Court finds that it is fair in equity and just under the law to order ____________________ to pay Plaintiffs' counsel the amount of __________

No later than ten days from now.

9) A status conference will be held by phone to determine establishing a schedule for determining damage amounts for all the claims raised by the Simons in their amended complaint.

**MATERIAL FACTS**

***Plaintiffs Very Simple Proposition***

1. The government wishes this Court to rely on other Court's actions that truly lacked all federal jurisdiction in the matter. The Tenth Circuit in *U.S. v. Simons*, 10th cir. unpublished, case no. 04-4201 cites *Mock v. T.G. & Y. Stores Co*., 971 F.2d 522, 526 (10 th Cir. 1992) (collecting cases) .

2. This case is far from a mere " retroactive attempt to undo consent properly given. " Id. at 526 n.5 (quotation omitted). The Simons came into this Court with evidence, primarily government records, showing a "lack of actual consent [to the alleged 2001 and 2002 'agreement'], fraud in obtaining consent, lack of federal jurisdiction or mistake are shown," id. All render those Court's judgments, even consent decrees *void ab initio*.

3. This Court's 28 U.S.C. §§1346, 1491 jurisdiction over contract claims, and use of its powers tolling the statutes of limitation of six years (28 U.S.C. 2415), for several reasons, depends on this Courts *independent examination* of the Simons facts and records showing they fully paid and the government met the statute requirements for further collections in district court. Under Rule 11, the government has a responsibility to likewise facilitate, not waste, the judicial resources by placing before the Court *only* those

filings made in good faith after reasonable research. Here, the government is admitting in dkt. 33 par. 2 they are not using the Plaintiffs' collected and referenced records, that are this Court's records. A wholly unreasonable excuse for placing before this Court all their filings claiming the Simons paid or the government did nothing wrong.

4. This Court is supposed to be a fair, impartial, level playing field. Well, now, the Plaintiffs' have their records. The government has a Rule 11 obligation to research the Simons claims, *months ago*, and their records, incorporated into the well supported amended complaint, and from which the facts of the summary judgment are primarily taken. There has never been any evidence to show the Simons or their Tax Professionals why or how the government had a right to try to collect more money from the Simons after their $49,546.55 payment in 1983. Without evidence to rebut the Simons claims, by RCFC Rule 11, the Simons ask this Court to order them to be estopped from claiming any longer that the Simons did not fully pay their 1983 contract debt. To keep filing such claims, particularly from a District Court the government used, while concealing the Simons documents so they could not timely fight the claims. Either the research is not being done on this Court's record, or it is, and is being ignored, not explained, and constitutes frivolous, vexatious, harassing filings that waste everyone's time needlessly.

***Two Simple Choices Make or Break the Entire Case for either Party***
***Winner Take All-Within this Court's Authority- with this motion***

5. All parties agree there was a contract in 1983. The District Court's judgments are either valid or void. ***Choice 1***. <u>If valid</u>, then the government wins all. This Court has no jurisdiction. And the Court will make factual findings on the evidence that the Simons never fully paid in 1983, and explain how or why the record shows it. Sanctions and motions to strike will be denied. *Res judicata* will apply as long as this Court's findings

are not in error, reflected in the Court's records, and the like. ***Choice 2***. If void, then the Simons win all, and this Court's jurisdiction is exclusive under 28 U.S.C. §§1346, 1491, as the Simons fully completely paid for one agreement for all three years, 1972, 1973, and 1974, recorded in Two Tax Court decisions. The Court will be able to identify statutes disallowing any District Court jurisdiction, or the parties alteration, annulment, disregard, or modification to the 1983 contract, IRC §7121. Plaintiffs assert that tolling of the six year statutes 28 U.S.C. §2415 (a), 28 U.S.C. §2501 will be justified in light of the 'government—caused' Simons' inability to bring their claims earlier, and due to the misrepresentations of the government to the Plaintiffs and to the District Court upon which the District Court relied. Motions for summary judgment, sanctions and to strike will be completely justified. And within this Court's exclusive jurisdiction for this case's breach of contract, takings, other claims.

6. This motion's ruling, after investigation of the Simons' evidence and facts, fairly and impartially, will expedite the end of this litigation one way or the other, comporting with RCFC Rule 1, and this Court's sound judicial duties and discretion.

***What the Government is Not Telling this Court: There are Seven Doors to Open Before the Federal District Court's Rulings are Res Judicata or Anything-- but Void Ab Initio, as if They Had Never Been***

7. The U.S. omits **one** material fact, the silence of which obliterates the government's defenses entirely, substantiates this Court's jurisdiction. The District Courts of the United States have ***seven*** doors that the government *in this case* might unlock, ***if the U.S. had true claims***, to legitimately obtain federal jurisdiction to further collect for year 1974, and make the government's now-claimed District Court 2001 'agreement' and 2002 judgment, and $55,000 payment, *res judicata*. However, *if any*

_one_ *of these seven doors is locked shut*--- _they all are_, and then federal jurisdiction did not lie in District Court, making the District Court's judgment *void ab initio*. Likewise, the Appeals Court judgment, as the Appeals Court recognized when there is no federal jurisdiction, no voluntary consent, or fraud. *Simons supra.*

8. These seven doors for the District Court's 2002 judgment to be *res judicata* are; (1) U. S. Constitution's Article III standing (2) a *timely* post-Tax Court IRC §§6215, 6501 assessment; (3) a written IRC §6303 notice and demand within 60 days of the timely assessment; (4) a written IRC §6331 notice of levy (P App. pg. 80) issued *prior* to the levies and liens (P. App. pg. 81-95), (5) *no* final settlement closing agreement wherein the government gave up collection of certain amounts to finally and forever close these accounts. IRC§ 7121; (6) the government must have given the Simons all their material records so as not to bias the Court against them, and they could prove their defenses and counterclaims; (7) the government must have made no material omissions or representations to the Simons administratively or in District Court or to the District Court upon which the Court relied.

9. Does the government meet every one of seven requirements to open the door to federal District Court jurisdiction? No. Not one. With the government now claiming they did not get records from the government, they don't explain if they have the Simons Special Procedures file, where documents for special contracts are kept. P. App. pg. 125-129. Nearly all the Simons evidence here comes from filings to motions in other courts the government possess. Dkt. 12 pg. 7. The plaintiffs work is wasted and ignored by the government. So has been the Courts.

**DOOR # (1) Did the government have an Article III injury from the Simons for standing in District Court administrative levies, liens, to demand offers in compromise, and in Appeals Court**? No. The 1983 contract for three years being treated together for purposes of settlement (P. App. pg. 28), 1972, 1973 and 1974, mathematically and legally inseparable by IRS drafted income averaging Tax Court rule 155 Computations, memorialized in two inseparable, but independently filed bona fide stipulated Tax Court decisions, on the same day, was fully paid. See P. App. pg. 6-10, 12-15, 52-56,16-21, 140, 51, 113-114, 62a, 104, 119-121. Full payment means the government had no injury, no Article III case or controversy, and no standing to collect further. Collection stops. 10. The government in entering into this final compromised and settlement agreement, takes on a fiduciary duty of trust to the Simons to forebear collections. The government describes that the contract was not for taxes per se, but to settle a dispute, because the government could not prove the Simons owed for some of the amounts the Simons were 'consenting' for settlement to pay. District Counsels Appeals Office approved and legitimately signed Decision. P. App. pg. 29. There is no evidence anywhere, at anytime, to rebut this evidence. [[2]]

The first door is shut.. <u>all</u> others are shut. U.S. Constitution's Article III.

---

[2] Standing requires "(1) injury in fact, which means an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct, which means that the injury fairly can be traced to the challenged action of the defendant, and has not resulted from the independent action of some third party not before the court; and (3) a likelihood that the injury will be redressed by a favorable decision, which means that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative. *Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130, 2136 (1992) (Lujan). Based on the Court file, there can be no presumption of the governments correctness.

**DOOR #(2) Did the IRS do a timely post-Tax Court decision IRC 6215, 6501 assessment**? No. P. App. Pg. 5 shows an IRS manager ordered a *purposefully* statutorily late assessment. The Simons signed a form 872 allowing an assessment to within a time certain, that expired by Simons calculations about June 24, 1983. By either means, the 7-25-1983 assessment was entirely legally invalid. Collection stops one second after midnight on 7-20-1983. The second door is shut… all others are shut. IRC 6501, 6215.

**DOOR # (3) Was there a timely written IRC 6303 notice of assessment and demand for payment**? No. The amount collected for 1972, 1973 and 1974 was collected verbally. P. App. pg. 141. The 1974 computer record P. App. pg. 104, shows a TC 340 that holds notices, as a restricted interest code. See Plaintiffs' summary judgment motion appendix pg. 4. Also the litigation suspension code TC 520 holds notices. Id. The government would not issue a written notice and demand, for a statutorily void assessment of zero. None were produced administratively, P. app. pg. 117-119, nor in discovery under FRCP Rule 26 as was obligated (*Kurio v. U. S.*, 429 F. Supp. 42, 1970.STX.0000028 http://www.versuslaw.com ) in District Court or in the Plaintiffs' FOIA and Privacy Act requests (P. App. pg. 163-179), prior to the IRS year 2000 disgorgement of files. P. App. pg. 121-125, 126-129.

The third door is shut… **all** others are shut. IRC 6303.

**DOOR #(4) Did the government notify the Simons with a IRC 6331 notice of intent to levy, issued prior to placing the levies on the Simons accounts**? No. See, P App. pg. 80 and 81-83's dates. A "levy"…..involves a formal notice-and-hearing process governed by statute in which the government typically seeks to seize property not already within its control to satisfy a taxpayer's liability. *See Belloff v. Comm'r*, 996 F.2d 607,

615 (2d Cir. 1993); *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950) (stating that "there can be no doubt that at a minimum [the due process clause] require[s] that deprivation of life, liberty or property by adjudication be ***preceded*** by notice and opportunity for hearing appropriate to the nature of the case"). Without a liability, and without a prior notice preceeding the levy seizures, or liens, do not give a District Court jurisdiction. IRC §6331 . Chief Justice Marshall that "the person invested with such a power [to convey land] must pursue with precision the course prescribed by the law, or his act is invalid . . . ." *Thatcher v. Powell*, 19 U.S. (6 Wheat.) 119, 125 (1821). The fourth door is shut…. All are shut. IRC §6331

**DOOR # (5) Was the 1983 multiple year package agreement a final, compromised, settlement, closing agreement so any later annulment, modification, or change was prohibited by IRC 7121(b)(2)?** Yes. The government, courts, Simons could not change it if they wished. But, the Simons could not explain it until they got their records in 2000. Congress said that the 1983 agreement as entered into two Tax Court decisions, though not involving 'taxes' so much as amounts consented to for settlement, some that the government could not prove the Simons owed, just to settle the dispute, '***shall not*** be ***annulled, modified, set aside, or disregarded***." IRC 7121(b)(2). emphasis added.

'Finality' and 'closing' is clear from **(1)** the Simons letters, P. App. pg. 22-27, **(2)** the District Counsel's Decision P. app. pg. 28-30, **(3)** the Simons original returns (P. App. pg. 31-51), **(4)** the Tax Court decisions (P. App. pg. 12-14), **(5)** the IRS drafted underlying documents for both Tax Court decisions, mathematically and legally interlinking them forever, (P. App. pg. 16-21), **(6)** the closing of the 1972 account (P. App. pg. 12); **(7)** the 1974 computer file was ***closed*** out with a TC 300 audit exam (

summary judgment Attachment pg. 4) and ZERO balance, and a disposal code 01 (summary judgment Attachment pg. 1b) showing no changes to be made to this tax year, and 'hold code 2 and 3' that holds notices (summary judgment Attachment pg. 1), and a 'restricted interest' code of TC 340 (summary judgment Attachment pg. 4), that also holds notices , *within one working day after Mr. Simons agreement to pay the $49, 546.55*, on 10-24-1983,. (Summary Judgment Attachment pg. 10[notes by counsel]. See. P. App. pg. 104 for ZERO audit 10-24-83. This closing remained on the 1974 account until at least July 1989 as shown on the computer readout. P. App. pg. 62a. And in the year 2002, the IRS self admitted that only ONE timely assessment ever took place on the 1974 account, that the IRS highlighted as from 1975, fully paid by the Simons. P. App. pg. 100-110 at 109. The IRS computer can not 'net' or input 'restricted interest' or interest that is not 6601(a) full interest all the way back to the date the return was due. (See Summary Judgment motion Attachment pg. 7-8). P. App. pg. 117-119.

All the money then went into only the remaining open year, 1973, with the computer programmed IRC 6601(a) interest back to the date of the return. There was about a $2000 difference between what balanced out all three years, (P. App. pg. 52) and only 1973's account with full interest. (P. App. pg. 97-99). The IRS added extra penalties of about $2000, to 1973's account, never disclosed to the Simons at the time, or agreed to in the 1973 Tax Court decision (P. App. pg. 12-13, P. App. pg. 98). Regardless, all three years were closed by the IRS. P. App. pg. 6-10. No one, the Simons, the District Court, DOJ attorneys Kirk Lusty, Jeff Snow, could in any fashion whatsoever, change the 1983 contracts' terms, but they could and did accommodate a computer that cannot post netted

interest from cojoined or income averaged tax years. IRC §7121. The fifth door is shut…. All others are also. IRC §7121(b)(2).

**(6) Did the government fully disclose to the Simons their key material records administratively or in District Court, such that they had access to a fair and impartial Article V hearing?** No. Without such disclosure, the party is denied his ability to make the case against the government, when the government has the party's best records, permanently denying the party of a fair and impartial tribunal and due process. *Kurio, supra* (best evidence original returns were withheld to the Kurio's irreparable harm). The Simons district court case began in about 1992. Key documents only appeared by a Freedom of Information Act /Privacy Act response about Feb. 15, 2000, from Special Procedures function disgorging the Simons' (1) original returns proving there was not a greater than 25 % omission to extend the statutes for IRC 6501 assessment; (2) form 872 essential for determining the required IRC §§6215, 6501 assessment expiration date; (3) District Counsel's decision, required for compromise settlement (IRC 7122), showing the reasons for the settlement and showing a mutual meeting of the minds with the Simons, reflected also in the Tax Court decisions and also approved by the Appeals office. P. App. pg. 28-30 (4) the manager supervised late assessment P. App. pg. 5. The government doesn't deny that without these records the Simons could not explain or know their claims. P. App. pg. 117-129. Nor do they deny their concealment. The records were copied and available in 1988(P. App. pg. 68). They were not disclosed though the Simons sought them by (a ) a cpa (P. App. pg. 117-119); b) in Federal Court discovery under FRCP at Rule 26 by prior attorney Patricia White, now dean of the Sandra Day O'Connor law school (P. App. pg. 121-125); c) by dozens of

FOIA requests, represented here by a few samples, P. App. pg. 163-179. As a litigant, the U.S. had a duty to disclose these key documents and did not. *Kurio, supra*.

Was the length of time of the suit, and non disclosure of material evidence prejudicial to the Simons? Yes. [[3]] Even now, in the motion to dismiss, the government ignores the records concealment and seeks to have this Court support their unjust enrichment by ignoring it too as a basis for tolling the statutes of limitation.

In what way was the District Court litigation giving U.S. Constitution's Art. V due process, (1) without additional supplementation of a very old record (P. App. pg. 219), (2) without the Court giving any credibility to the Simons defenses and counterclaims (P. app. pg. 227-230), (3) without going back to 1983 and understanding the original contract (P. App. 230), (4) with Court's orders to settle ,P. App. pg. 219-220, (5) under threat of the Court finding summary judgment for the government and making the Simons pay much more (P. App. pg. 229 l. 25). The Simons were like the Kurios, deprived of due process by non production of material documents, controlled by the entity the Simons were defending against. Any judgment under such conditions is unconstitutionally void or has been not overturned, but wholly ignored by a Court of proper jurisdiction, for a lack of due process. *T.G.Y.* and *Kurio, supra*.

---

[3] Listen to the District Court once the Simons received their disgorged records in 2001 and 2002. " Well, this case should settle out of respect for the shortness of life. It has been going on since '72. Well, at least the controversy reflects a dispute over tax years that go back to 1972. That is getting on now towards half a person's lifetime." P. App. pg. 220 l. 7-11. "under the circumstances that that was an imappropriate effort to increase the factual record or supplement the factual record which was, in any event, untimely. " P. App. pg. 219 l. 19-21. "They are inventive, they are attempts at being creative,. And they want to work backwards all the way back to 1973 and '74 and 1983, and the Court is not having any of it." P. app. pg. 230 l. 21-23. "In the Court's view Mr. Simons is turning this into a decades long feud and he is sitting here and he should hear this…. I am ordering that this $55,000 agreement be honored. This Court REQUIRED theses parties to go out and attempt to reach a settlement. … " P. App. pg. 228.

The sixth door is shut… All are shut.

**(7) Did the Government make material misrepresentations such that the Simons were harmed by the misrepresentations**? Yes.

The government knew : (A) they needed an injury, timely assessment and timely written notice and demand to obtain the District Court's authority. The government simply stated such was the case in its Complaint to the District Court. P. App. pg. 182-183, 180-192. All the government had to say in District Court was they sent a timely notice and demand to the Simons in 1983. They did.

The government knew that if the Simons had their files, they could prove the government was in error, but without them, they would fail. (compare P. App. pg. 68 and 71a 9/8/88). So the government never disclosed their existence until about Feb. 2000. P. App. pg. 117-129). Rev. Officer Thurman had the originals, copied them and noted 'no open issues on 1974". See, Pg. 68, 71a. Rev. Officer Thurman threatened the Simons with seizure of their property numerous if they did not get all their information together for him, and voluntarily sign an offer in compromise to extend the alleged statutes, the Simons and their professionals were being told was about to run. P. App. pg. 71a, 70, 72, 73, 117-119, all show the Simons and CPA were trying to find the info to give to the Rev. Officer. Collections had already ran but no one would allow the Simons to calculate that for themselves by divulging their records to them.

CPA Dennis Larsen states that no one gave him a history of the account or any information helpful and he did request the information. P. App. pg. 117-119, 77. No one explained to the Simons, honestly and forthrightly, the 1974 account had a late assessment and you do not owe us a dime. Instead, the Simons were told their records

were either at the Service Center or District Office. P. App. pg. 167, 173, 177-178. No one told them the records were in Special Procedures function. SPf is not even an office that was listed on any public organization charts of the IRS.

The Simons asked if any consents for an extension of time were made, necessary for statute expiration calculations. The government told them no, when there were. (P. app. pg. 137-138 compare pg. 57-59). Based on this, the Simons concluded that the notice of deficiency was late issued and the Tax Court had no jurisdiction for their Tax Court decision. P. App. pg. 60-62. If the form 872 setting the assessment date to a date certain had been provided, the Simons would never have challenged the Tax Court case. Wouldn't need to. They could have shown collections barred and no federal jurisdiction by using the form 872 to show a late assessment. Form 872, P. App. pg. 57-59, coupled with the original returns (P. App. pg. 31-50) and the District Counsel's decision (P. App. pg. 28-30) required to be kept by IRC 7121, would had explained the deal, along with the records they had. Without them, the Simons had nothing.

The government also told the Simons that they could not self initiate a request for an abatement. P. App. pg. 171. See form 843, P. App. pg. 3-4. And also, the government stated to the Simons that no records were withheld, P. App. pg. 173, and there was no denial of records. P. App. pg. 167. Compare with 125-129. This led the Simons, like any reasonable person, to conclude the IRS had destroyed them. The Simons' Attorney Trish White documents in a proposed settlement letter says that the records appear to be destroyed. P. App. pg. 64. Dean White expresses her inability to understand why the government was collecting on the 1974 Tax year. P. App. pg. 123-124. Also, on 8/07/1995, the IRS computer closed the Simons account. P. App. pg. 108. Without

informing the Simons, DOJ attorney 7-20-2001 ordered the debt as of 1995 reinstated. P. App. pg. 111, 111a. In 1995, instead of informing the Court and Simons that the computer readout showed zero, DOJ attorney Mr. Lusty, ordered an IRS employee to calculate all the hundreds of thousands of dollars the U.S. claimed owing so it could be presented to Mrs. White and the District Court. P. App. pg. 67.

The concealment of the Simons documents effectively repealed, only for the Simons, all their statutory and Constitutional protections, and wholly continually violated the governments fiduciary duty of trust to the Simons. *Anthony v. United States*, 987 F.2d 670 (10th Cir. 1992); *Hurt v. U. S.* 70 F.3d 1261 (4th Cir. 1995); *Kurio supra*. No Article I agency can do this. Now, despite further billing of the Simons after their 2002 payment, EXHIBIT 1 attached, the IRS says to this Court that the Simons have no claims in this Court for breach of that alleged agreement. Dkt. 12.

The seventh door is shut. All others are shut.

***Where the Simons Documents Are Probably Located***

The Simons could have asked for a FOIA /Privacy Act request and obtained their documents quickly had they understood the government could not find them using internal methods. It is reasonable for the government counsels to read their own manuals. Special Procedures function where the Simons records were found, P. App. pg. 125-129, is referenced in U.S. Attorney Manual and Tax Division Settlement Manual, 6-8.200 Responsibility of the U.S. Attorney section, 6-8.000 post-judgment collection matters. [[4]] http://www.usdoj.gov/usao/eousa/foia_reading_room/usam/title6/8mtax.htm#6-8.200

[4] United States Attorneys manual section 6-5.323 Procedures
**"……**the local IRS ***Special Procedures function*** should be asked to provide the information necessary to prepare an answer. A copy of the government's answer should

Appendix X, Department of Justice Settlement manual, IRS technical assistant offices are found for Utah being "MS5021 DEN, 600 17th St., Denver, CO 80202-2490 [phone] 303-446-1469 303-446-1496." http://www.justice.gov/tax/readingroom/settlemn/x.pdf [2003?]

If counsel can find this information in less than five minutes on the computer, with google, the government doesn't need months and months to research and find the Simons records. Particularly given IRC 7122's order to keep them.

The government is further not showing the Court, with documents, how or *why* any records from the National Records center are essential, when they reside in Special Procedures, and the government may have those. Also, the documents attached to the Simons filings have been attached to two different Courts' files, that the government says it has. Dkt. 12 pg. 7. *Anthony, Hurt, Kurio, supra.* They were not challenged there.

**ARGUMENT**

Rule 11 sanctions cover any signed papers filed in federal claims Court. Sanctions may be awarded for filing three types of papers: factually frivolous (not "well grounded in fact"); legally frivolous (not "warranted by existing law or a good faith argument for the exclusion, modification or reversal of existing law."); and papers "interposed for an improper purpose." *Business Guides, Inc. v. Chromatic Comm. Entr. Inc.,* 892 F.2d 809 (9th Cir. 1989). *Factually frivolous*: Without adequate records as the government asserts in dkt. 33 par. 2, if true, the motion to dismiss, and all other filings that claim the Simons owed and the government did nothing wrong, and the like, were not done with reasonable Rule 11 research. All the Plaintiffs' motions to strike, to

---

not be forwarded to the Tax Division. ….These matters and any questions should be directed to the Chief of the appropriate Civil Trial Section (the former Tax Lien Unit has been abolished and its remaining duties transferred to the various Civil Trial Sections)." Emphasis added. http://www.usdoj.gov/usao/eousa/foia_reading_room/usam/title6/5mtax.htm#6-5.323

preserve the integrity of the Court and narrow the appellate record, are *fully* justified by the dkt. 33 par. 2 admission of lack of adequate records from the agency, if true, and shows the purposeful ignoring of the Simons records that are fully part of this Courts' records and should be analyzed and relied upon as per Rule 7(c) and Rule 11. dkt. 33 par. 2. Plaintiffs' work sits ignored by the government who is signing filings inadequately researched, or in bad faith.

*Legally frivolous*. The Motion to Dismiss, dkt. no. 12, if it doesn't have the facts right, then puts to this Court law that is legally frivolous. The 1983 contract was fully paid. The proper law is that for all the foregoing reasons in doors (1) through (7) above, reliance on any other federal courts' judgments, even consent decrees, are as baseless and unreliable, as the District court's lack of jurisdiction. The government does not explain how or why anyone can circumvent Congress' mandate of IRC 7121 to annul, modify, the 1983 contract to allow the government to collect a second settlement base upon it. Once the parties enter a final settlement contract, it can't be changed, and that operates in both directions for everyone. All the law proffered by the government is baseless, frivolous, because the government refuses to research and honestly confront the facts of this case and support or explain why they deny the Simons fully paid.

*Improper purpose*: The government's motion to dismiss, and other filings are to have this Court simply rely on the government or another outside court, whose allegiance and patronage was taken by misrepresentations in complaints as to timely assessments and notices and demands that never existed, but the Simons could not prove until at least 2000 due to the government's concealment of their records.

Based on the foregoing, an award of sanctions under 28 U.S.C. 1927 or the district court's inherent authority requires a finding of recklessness or bad faith. See *In re Keegan Management Co*., 78 F.3d 431, 436 (9th Cir. 1996); *Chambers v. Nasco, Inc*., 501U.S. 32, 50 (1991). Dismissing the Simons complaint, upholds the 2002 illegal annulment, disregard, or modification of the 1983 contract. IRC §7121. The Courts say the government, and Courts, have a duty to deal honestly with the Simons. *Anthony, Hurt, and Kurio*, *supra*. Here, the government seeks to uphold its wrongdoing.

The Simons in compliance with RCFC at Rule 9, pled with specificity, and also referencing appropriate facts. Here is reasonable Rule 11 research… reading a fact and looking at the corresponding Appendix pg. number, looking at the referenced document and saying yes or no. Three or four hours is about all that is needed probably to read, and verify what the Simons are saying is true. Rather than do so, the government says they need records from the National Records Center. They don't say which ones, or why, or how they did any adequate research when filing the Motion for dismissal dkt. 12, pg. 7 Why? The government wants the Court to make presumptions and excuses for the government, adopt a protective role for the government, get tired of the filings, and make up their arguments to defend the government from baseless and defaming, harassing, untrue claims that the government can not substantiate, and no ability to plead against in good faith. Not doing adequate research prior to filing the motion to dismiss the complaint, dkt. 12, and other filings, in light of IRC §7121, and *res judicata* of the 1983 contract, is utterly reckless, and disregards the limitations on Plaintiffs and this Court's resources, time and expenses to counter false information coming into the . The United States Court of Appeals for the Federal Circuit has held that decisions concerning Federal

Rules of Civil Procedure are applicable to RCFC 11. *See Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997). The purpose of sanctions under RCFC Rule 11 is to deter baseless filings and streamline the administration of the courts. Id. (citing *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 393 (1990) (applying FED. R. CIV. P. 11)

***Conflicts in the Government's Assertions show the U.S. is filing Papers signed Without Adequate Research or in Bad Faith or With Recklessness And Taking a Position at Variance with their Original 1983 position***

Why was the government filing a motion to dismiss dkt. no. 12, pg. 7 with allegedly adequate research, if they truly believe the Simons' records before the Court are inadequate for a summary judgment response. Dkt. 33 par. 2. How does the government file a motion to dismiss all the Plaintiffs meticulous work produced in accord with RCFC at Rule 9, discarding examination of the Plaintiffs documents to see if the Simons fully paid, and then fail to explain HOW the 1983 contract was not paid. Alternatively, if their motion to dismiss to say the District Court's authority was valid, based on Court records, how are those court records inadequate for answering the Plaintiffs' Summary judgment motion? Dkt. 33 par. 2. Both are deficient in research and good faith filing. No *res judicata* may apply to deceptively or mistakenly obtained decrees, even consent decrees outside the Court's federal authority. See, *Simons supra*, citing to *Mock v. T.G. & Y. Stores Co*., 971 F.2d 522, 526 (10 th Cir. 1992) (collecting cases). This case is far from a mere " retroactive attempt to undo consent properly given. " Id. at 526 n.5 (quotation omitted) as the government characterizes the Plaintiffs.

The Simons came into this Court with evidence, mostly government records, showing a "lack of actual consent [to the alleged 2001 and 2002 'agreement'], fraud in obtaining consent [see DOORS# (6) and (7) above], lack of federal jurisdiction (See sec.

DOORS # (1)-(7) above), or mistake (See DOORS # (1)-(7) above) are shown," id., or if the party expressly reserved the right to appeal, id. at 527. They also show the IRS takes one position in Tax Court with IRS drafted documents and the Simons full payment closing out all three years. Then the IRS takes another position, after the Simons relied and to their detriment on the first position. Equitable Estoppel.

Congress provided a legal entitlement for their breach of contract claims, in this Court exclusively, 28 U.S.C. 1346, 1491. "Under federal law governing statutes of limitation, a cause of action accrues when *all* events necessary to state a claim have occurred." *Chevron U.S.A., Inc. v. United States*, 923 F.2d 830, 834 (Fed. Cir. 1991). *All* events necessary for the Simons to state a claim occurred when the government refused to give them back their money and pay damages and fees and costs in Oct. 2004. P. App. pg. 139, before that, the illegal billing of Feb. 2004 [EXHIBIT 1] and before that, the IRS disgorgement of the Simons' records about Feb. 15, 2000 and sometime after so Tax professionals could study and compare the documents with the law to 'know' the claims.

The IRS acts of closing years 1972 [past the statutes] and 1974 [late assessment] and putting all the money into only 1973's account, closing it, plus the IRS' five years of non collection against the Simons, establishes the IRS position of their full payment. The Simons rightfully relied on the government's silence, then in 1988, was hit with a bill for over about $50000 claiming no payment. To now adopt the District Court's rulings, based on the IRS' opposite position, places this Court in a position of upholding a violation of the doctrine of equitable estoppel. In fact, silence and presumption of full payment led to the loss of the documents. P. App. pg. 70 7/17/88. Further, the definition of the agreement, its elements are quite easy to understand now (P. App. pg. 6-10, 28), as

the IRS described them in 1983. Equitably, the IRS should be barred from a change in that position. *Gillespie v. Seymour*, 250 Kan. 123, 129-30, 823 P.2d 782 (1991); *Ram Co. v. Estate of Kobbeman,* 236 Kan. 751, 766, 696 P.2d 936 (1985). Attachment EXHIBIT 2 shows the Simons raised breach of contract claims among others in Federal District Court- wrong court. Sanctions are correct also for the government's ongoing violations of its continuing fiduciary duty, to deal forthrightly and honestly with those with whom they contract and this Court. *Anthony, Hurt, Kurio.*

## CONCLUSION

Based on the foregoing, the Simons respectfully pray for this Court to issue sanctions under RCFC Rule 11 and under 28 U.S.C. 1927, and this Court's inherent authority, and grant and all other 'RELIEF SOUGHT' above, and as is in the proposed order, and grant all relief this Court may find to be fair in equity and just under the law.

August 11, 2006
/s/Susan Rose, (Utah Bar No. 7985)
Counsel for the Plaintiffs
9553 South Indian Ridge Drive
Sandy, Utah 84092 (801) 545-0441

This case is an electronic file case and it is counsel's understanding that this document will be served by the Court. /s/ susan rose
MICHAEL O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530
Attention: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, DC 20530

# In the United States Court of Federal Claims

DANNY C. SIMONS AND SALLY J. SIMONS,) 
) Electronic Filing
Plaintiffs, )
) No. 06-115C
v. )
) The Honorable Judge Braden
THE UNITED STATES, )
)
Defendant.

**COURT'S ORDER GRANTING THE PLAINTIFFS' MOTION FOR RULE 11 AND 28 U.S.C. 1291 SANCTIONS**

NOW COME THE COURT, having reviewed the Plaintiffs' motion for sanctions, and the Defendants response, and Plaintiffs' reply, hereby, grants the Plaintiffs' relief pursuant to this Court's inherent powers, RCFC Rule 11, and 28 U.S.C. 1291. This Court orders as follows:

1) The government is to stop all further possible billing of the Simons under Internal Revenue Code (IRC) at 108 or for any other reason on this year;
2) This Court has exclusive authority over the Simons breach of contract and other claims, for amounts over 10, 000. (28 U.S.C. §§1346, 1491);
3) The statutes of limitation are tolled due to concealed documents;
4) The Plaintiffs' summary judgment motion is granted for good cause shown.
5) The government will pay to the Simons counsel the amount of _________ for her work in this case to date.
6) The government is permanently barred from claiming that Danny C. and Sally J. Simons did anything other than pay their 1983 contract in full.
7) The government will notify all credit reporting agencies to clear the names of Danny C. and Sally J. Simons and any children suffering from having levies or

liens damaging their credit. A report on the clearing of their credit will be mailed to this Judge as verification the Simons credit is clear, including family members.

8) This Court finds that it is fair in equity and just under the law to order ____________________ to pay Plaintiffs' counsel the amount of _________ No later than ten days from now.

9) A status conference will be held by phone to determine establishing a schedule for determining damage amounts for all the claims raised by the Simons in their amended complaint for which this Court finds the government liable.

Further this Court saith naught.

So signed this _______ day of ________.

Judge Susan Braden