Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT
OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA,
*Defendant*.

Case No. 06-115
Judge Susan Braden

**PLAINTIFFS'
MOTION TO ALLOW THE PLAINTIFFS WITHDRAWAL OF THEIR MOTION FOR SANCTIONS**

NOW COMES THE PLAINTIFFS, by and through undersigned counsel, pursuant to Rules of the Court of Federal Claims ("RCFC") at Rule 7 to move the Court to allow the Plaintiffs to withdraw their motion for sanctions, based upon the memorandum of points and authorities attached hereto.

So signed this 24th day of August, 2006

/s/ Susan Rose, Esq.
Counsel for the Plaintiffs
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441
susan_rose@comcast.net

Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT
OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA,
*Defendant*.

Case No. 06-115
Judge Susan Braden

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PLAINTIFFS' MOTION TO ALLOW THE PLAINTIFFS TO WITHDRAW THEIR MOTION FOR SANCTIONS**

NOW COMES THE PLAINTIFFS, by and through undersigned counsel, pursuant to Rules of the Court of Federal Claims ("RCFC") at Rule 7 to move the Court to allow the Plaintiffs to withdraw their motion for sanctions, based upon the attached memorandum of fact and law below:

MATERIAL FACTS

(1) On about August 15, 2006 this Court held a status conference. The Court expressed its displeasure with the Plaintiffs' motions to strike, their tort claims, and the Plaintiffs' sanctions motion in particular.

Plaintiffs counsel explained:

A) The tort claims originated directly from the government's breaches of a 1983 fully paid contract, wherein the Claims Court would have jurisdiction to hear them.

B) The motions to strike were to eliminate from the record any filings by the government not based on accurate facts or evidence or law consistent with the Cobell v. Norton case strategy.

C) The Plaintiffs proffered to withdraw their motion for sanctions at that time.

(2) The Court stated there would be a fair and impartial hearing on the Simons claims by telephone.

ARGUMENT

The purpose of sanctions under RCFC Rule 11 is to deter baseless filings and streamline the administration of the courts. Id. (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (applying FED. R. CIV. P. 11). Every time the government

filed a document, it was refusing to address the foregoing facts and legal arguments as they are bound to do under Rule 11. The Court's gracious agreement to have an impartial hearing satisfies the Plaintiffs that the government will have to answer the Simons claims that they fully paid the 1983 agreement, streamlining this Court's proceedings.

In light of the foregoing, the Simons pray the Court will allow them to withdraw their motion for sanctions.

So signed this 24th day of August, 2006

/s/ Susan Rose, Esq.
Counsel for the Plaintiffs
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441
Susan_rose@comcast.net

This case is an electronic filing case and it is counsel's understanding that service will be done by the Court of claims. /s/ Susan Rose