Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT
OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,

vs.

UNITED STATES OF AMERICA, Case No. 06-115

*Defendant*. Judge Susan Braden

---

PLAINTIFFS' MOTION TO STAY PROCEEDINGS

---

NOW COME THE PLAINTIFFS, by and through undersigned counsel, under RCFC Rule 7 to move this Court to stay proceedings until the Federal District Court will determine if it will keep or dismiss the Simons motion to vacate that Court's judgments.

So Signed this 14th day of July, 2006

________/s/________________________

Susan Rose, Utah Bar. No. 7985
*Counsel for the Plaintiffs*
9553 S. Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441
susan_rose@comcast.net

A true and correct copy of this motion is being mailed the 2nd day of September, 2006, to the U.S. District Court, Judge Dee Benson, and also all opposing counsel, Paul Warner and Jeffery Snow, in that case.

/s/ Susan Rose

Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT
OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,

vs.

UNITED STATES OF AMERICA, *Defendant*.

Case No. 06-115
Judge Susan Braden

---

MEMORANDUM IN SUPPORT OF THE
PLAINTIFFS' MOTION TO STAY PROCEEDINGS

---

NOW COMES THE PLAINTIFFS, by and through undersigned counsel, under RCFC Rule 7 to move the Court to stay proceedings based upon this memorandum of fact and law, as follows:

Defendants oppose this motion as they believe there is no basis for a motion to vacate judgment in Federal District Court, though they argue that the Simons are in the wrong court. Dkt. 19 pg. 6. "If the Simons are seeking to have the district court judgment declared void, they need to do so in the district court or the Tenth Circuit."

While the Simons do not believe this is the case, because the District Court can't hear their breach of contract and takings claims, in an effort to satisfy the government and the Court, they are filing the attached motion to vacate in U.S. District Court case no. 92cv1071. And they are asking this Court to stay proceedings.

The Plaintiffs had a contract, as Tax Court decisions are, that was final and closing as to all matters associated with 1974. *Anthony v. United States*, 987 F.2d 670 (10th Cir.

1992); *Hurt v. U. S.* 70 F.3d 1261 (4th Cir. 1995); *Kurio v. U. S.*, 429 F. Supp. 42, 1970.STX.0000028http://www.versuslaw.com

The two Tax Court decisions entered in 1983, signed by persons with delegated authority, P. App. pg. 12, 13, were *absolutely inseparable* by way of their required Tax Court rule 155 computation that income averaged all three years. P. App. pg. 16-21, and by agreement with the Plaintiffs' offer. P. App. pg. 25-27. . The Plaintiffs fully paid $49, 546.55 as per a verbal collection of Mr. Dal Lawsen. P. App. pg. 140, 51. Four attorneys and at least three tax experts attest to their full payment, one Patricia White, who is currently the Dean of the Sandra Day O'Connor school of law. P. App. pg. 6-10, 64-66a, 52a, 119-122, 123-125. Two prior tax professionals attest to a lack of records, though they requested them administratively and in Court. P. App. pg. 117-118, 123-125. The Simons counterclaims in District Court and in this Court based on full payment are not frivolous nor disingenuous. These long time professionals are not signing false statements. However, to 'know' the Simons claims, and be able to state them, they could not 'know' without the original documents. In another case, involving the IRS and withheld material information, the *Dixon v. CIR,* 2003 U.S. App. LEXIS 640,*12-13, 14;316 F.3d 1041, circuit court found the withholding to materially defile the Court's processes.

The government knew where the records were and at all times were available to them in Special Procedures function. P. App. pg. 63, 68. Aside from full payment, the government never did a timely and statutorily required assessment in 1983 and thereafter, nor provided the Simons with a written notice and demand or receipt for their payment.

I.R.C. 7121 strictly prohibits any other agreements or judgments that will annul, modify, disregard the terms of the Tax Court agreement. The Simons, without their key documents, were helpless to defend themselves.

Having identified all the foregoing, any collection activity after 1983 is a breach of contract, and torts stem from those breaches amounting to well over possibly $40 million dollars to the Simons because the levies and liens for 1974 prevented them from obtaining loans to capitalize development of Traverse Ridge, now developed by Sun Crest who has made about $130 million dollars in profits on the project, and has not fully developed it yet. All because no one would provide them and their tax professionals with their own documents. Each collection effort damaged the Simons and stems directly from breach of the government's fiduciary duty to cease further collections on its Tax Court contract.

All the foregoing being said, it is evident to the Plaintiffs that the U.S. is claiming res judicata of the 2001 and 2002 U.S. District Court decrees in their motions to dismiss, and other filings. This Court in its status conference made it known that the Court was probably in agreement, though a hearing would be held, by relieving the government of having to respond to the Plaintiffs' claims. No doubt the claims are unpleasant. They were unpleasant in Dixon too. But they happened. And the Simons' were injured deeply, irreparably, and unendingly, because these latest judgments of the District Court also constitute a breach of a contract, IF the agreement was legitimate, and the Plaintiffs are facing further problems. There just unfortunately are no short cuts. Unquestionably, the Court ordered the Simons to pay. That is not consent or meeting of any minds.

While the Plaintiffs believe their claims are properly, exclusively, and timely in this Court, they also believe that a motion to vacate the District Court's judgment may facilitate this Court's work. A motion to stay preserves the statutes of limitation, the contract claims having been filed within 28 U.S.C. 2501 six years of discovery of concealed records, and within less than two years after the government, violating the District Court's orders, P. App. pg. 139b, rejected the Plaintiffs' request for an abatement of their payment, with exception of about $23.17.

Needless to say, while everyone paints the Simons so negatively, they are taxpayers that obeyed their government, and understood full well there was not a 'meeting of the minds' in 2001 or 2002, and won't be for years to come. The Simons trusted their government in 1983 and have been subjected to public embarrassment, fear, name calling, humiliation before the District, Appeals, and now this Court. It was not the Simons who disregarded the total 1983 agreement, hauled them into Court without timely assessments or notices of demand, misrepresenting they had, and then replaced a zero'ed out account with a debt, even backdating it to 1995, and most importantly concealed all these facts from them and the Court so they could not timely defend themselves. P. App. pg. 67, 110-111. Logically, if the government would have filed a complaint in District Court, truthfully announcing full payment of the 1983 account, or a late assessment, or lack of or late notice and demand, the Court would have dismissed the case. That records to show such was the case, did not surface for about 12 years from 1988, P. App. pg. 68, until 2000, P. App. pg. 126-129, exceeds all possibility of accident, particularly when specific records were requested by prior counsel, DOJ counsel knew their whereabouts, and they were not received. P. App. pg. 125.

Based on the foregoing, the Simons are filing the attached motions in Federal District Court. The Simons respectfully request that this Court stay proceedings until the Federal District Court determines if it will entertain and rule upon the motion. Due to the exclusivity of the Tucker Act and its jurisdiction, the Simons pray this Court will understand that they are caught in what some legal professionals term the 'Claims Court shuffle'. Plaintiffs pray further for all other relief as may be found to be fair in equity or just under the law.

So Signed this 1st day of September, 2006

/s/ Susan Rose
9553 South Indian Ridge Drive
Sandy, Utah 84092
801-545-0441
It is understood this is an electronic file case, and the motion will be served electronically.

A true and correct copy of this motion is being mailed the 2nd day of September, 2006, to the U.S. District Court, Judge Dee Benson, and also all opposing counsel, Paul Warner and Jeffery Snow, in that case.

/s/ Susan Rose