Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT
OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,

vs.

UNITED STATES OF AMERICA, Case No. 06-115

*Defendant*. Judge Susan Braden

---

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO THE PLAINTIFFS' MOTION TO STAY PROCEEDINGS**

---

NOW COME THE PLAINTIFFS, by and through undersigned counsel, to reply to the defendants response to the Plaintiffs' motion to stay proceedings:

The government states the Plaintiffs have no colorable claim in this Court. The Simons, as found in Simons v. CIR, Nos. 98-9012 & 98-9013, Tenth Circuit Court, 7/12/1999, had a contract with the United States of America, in 1983 that involved, not one but two stipulated final closing Tax Court agreements, as follows:

> The taxpayers filed a petition for redetermination with the Tax Court on July 13, 1979, disputing the notice of deficiency (Tax Ct. No. 79-10312). In 1980, the IRS issued another notice of deficiency, this time relating to taxpayers' 1972 and 1973 income taxes. Again, the taxpayers filed a petition for redetermination in Tax Court disputing the notice of deficiency (Tax Ct. No. 80-13016). During the course of the Tax Court proceedings, the taxpayers' counsel negotiated with the IRS to settle the disputed taxes. The record before us does not contain a copy of the settlement agreement ultimately reached between the taxpayers and the IRS, but it does contain some

> correspondence from the taxpayers' counsel concerning proposed terms of the settlement. On April 22, 1983, the Tax Court entered decisions in both cases, each of which purported to be "[p]ursuant to agreement of the parties." Tax Ct. Rec. No. 79-10312, Doc. 13 at 1; Tax Ct. Rec. No. 80-13016, Doc. 10 at 1. In No. 79-10312, the Tax Court found that the taxpayers owed additional taxes of $17,071 and a negligence penalty of $854 for tax year 1974. In No. 80-13016, the Tax Court found that the taxpayers owed no additional taxes or penalties for tax year 1972, but that they owed additional taxes of $23,573 and a negligence penalty of $1,179 for tax year 1973.

Id.

This is the law of the case. This case in Tax Court and then the Tenth Circuit was based on a Notice of Deficiency the Plaintiffs believed was a year late in issuance, because the Plaintiffs were told by the government that they had signed no consents for extensions, and the government never disclosed to them the existence of a form 872 years extension on assessments. Both disclosed in 2000.

The two Tax Court decisions were inseparable, as the IRS drafted and Plaintiff approved work documents interlinked them mathematically and legally by income averaging them. If there are any ambiguities they are to be construed against the drafter. *Anthony v. United States*, 987 F.2d 670 (10th Cir. 1992); *Hurt v. U. S*. 70 F.3d 1261 (4th Cir. 1995); *Kurio v. U. S.*, 429 F. Supp. 42,

970.STX.0000028http://www.versuslaw.com.

There can be no further final closing agreement after the 1983 agreement under 26 U.S.C. §7121. After the Simons full payment of the 1983 agreement, the government sued them for none payment of the 1973 account, based on withheld documents they repeatedly requested through their tax professionals and Freedom of Information Act and Privacy Act, to no avail. The government closed the 1972 and 1974 accounts, so automatically, the only payment would go into only 1973's account. The IRS computer can't calculate any special or netted interest and could only accommodate the payment

with full interest in the 1973 account plus an additional about $2000 in penalties to even out the amount. The reason for limited or restricted and not full interest in this agreement is simply due to the IRS' baseless pursuit, as the IRS freely admits, in the District Counsel's decision. It was the IRS' admitted ministerial error and refusal to relinquish civil and criminal fraud claims after the failed criminal pursuit of Mr. Simons.

**THIS COURT'S JURISDICTION IS THE ONLY JURISDICTION**

Having a fully paid final closing agreement, the government breached it, either through mistake or intention. The breach of the 1983 contract for amounts over $10,000 is before this Court of the only exclusive jurisdiction. However, in a status conference about August 11, 2006 and then later, the Court made clear its displeasure with the Plaintiffs' filings, though it had not fully examined the Plaintiffs filings totally, and that the government would not have to answer the Plaintiffs' complaint.

Plaintiffs withdrew one of those filings out of respect for the Court. In keeping with the government's claim that the District Court should address the Simons claims, and this Court's displeasure, the Simons have filed an action to vacate the District Court's judgment in District Court. That Rule 60 motion is based on the following criteria that supports only this Court's jurisdiction:

1. Any agreement after the Tax Court decisions of 1983 final closing agreement is prohibited by 26 U.S.C. 7121.
2. The District Court's judgment discharged an illegal alleged 'debt', but one the Simons may still be charged with having to report under 26 U.S.C. 108, amounting to hundreds of thousands of dollars (estimated), that the Court never intended in its judgment.

3. The Court never had jurisdiction over the government claims in 1992 based upon a) full satisfaction and accord of the 1983 contract that about six tax professionals have asserted in that Court, b) there was no 1983 timely 26 U.S.C. 6215, 6501, assessment done on the 1974 account [prohibiting further collections on it as part of the deal], c) there was no timely written 1983 26 U.S.C. 6303, notice and demand on any of the three accounts [prohibiting further collections on it as part of the deal].
4. Supplementary assessments never had any required 26 U.S.C. 6213 Notices of deficiencies.

Since 1983's full payment, the government has violated the 1983 contract in a long chain of breaches. The Simons believe this Court could easily have vacated the District Court's decision, and they do not waive this Court's jurisdiction. They can't. No more than this Court can waive its own jurisdiction, or the government can eradicate the prohibition of 26 U.S.C 7121.

Out of courtesy to the government, and to this Court, and to the District Court, and an abundance of caution, the Simons have filed their motion to vacate the District Court's decision in District Court. The District Court lacks jurisdiction over contracts. The law of the case shows the 1983 two Tax Court decisions were a final closing contract.

The Plaintiffs' contractual claims before this court are supported by Bryan Bolander, president of Utah's CPA association, Patricia White, Esq. currently dean of the Sandra Day O'Connor School of Law, Gail Anger 23 year veteran IRS appeals officer, Henry Van Tiendren, CPA for nearly two decades, and myself, and Dennis Larsen, CPA,

who does tax and municipality and complex tax work. The Plaintiffs have been injured in excess of about $40 million dollars if not tens of millions more, based on reliance damages that could have easily been avoided with disclosure of their records.

In the alternative, if the motion to stay is not granted, then Plaintiffs respectfully request that the government minimally answer their complaint. They never owed after their full payment for all three years that could not post to the IRS computer any other way. Their records are or should be readily available in Special Procedures function in Wyoming. As it stands, the District Court has filed the Rule 60 motion and overlength memorandum, and the government will have to answer it, and those answers should verify this Court's jurisdiction. Based on the foregoing, staying proceedings is judicially economical, prevents redundancy, is not prejudicial to the government, and balances the statutory conflicts called the Claims Court shuffle, between the government claims in District Court and the Plaintiffs breach of contract claims here. Plaintiffs respectfully request the motion to stay be granted until the District Court makes its determination.

So signed this 2th day of October, 2006

/s/ Susan Rose, Esq.

*Counsel for the Plaintiffs*
9553 S. Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441susan_rose@comcast.net

It is understood by Counsel that this case is an electronic file case and service to opposing counsel will be performed by the Court. /s/ susan rose

UNITED STATES COURT
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA, Case No. 06-115
*Defendant*. Judge Susan Braden

ORDER GRANTING THE PLAINTIFFS' MOTION TO STRIKE
THE DEFENDANTS' RESPONSE TO THE PLAINTIFFS' MOTION TO STRIKE

NOW COMES THE COURT, having received and reviewed the Plaintiffs' motion to strike the defendants' response to the Plaintiffs' motion to strike the Defendants' motion to dismiss, and received and reviewed the Defendants' response to the Plaintiffs' motion, hereby strikes the defendants' response to the Plaintiffs' motion to strike, for good cause shown.

All filing schedules are to remain the same.

So signed this _______ day of July, 2006

______________________________
Judge Susan Braden