Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA,
*Defendant*.

Case No. 06-115
Judge Susan Braden

---

PLAINTIFFS' REPLY TO THE GOVERNMENT'S RESPONSE TO THE PLAINTIFFS' RULE 59 AND 60 MOTION

---

## TABLE OF CONTENTS


| | |
|---|---|
| *Why the Government Should Answer the Complaint or this Motion* | *1* |
| *The 2001 alleged 'contract' compared to the 1983 contract* | **4** |
| *The Court Makes Six Assumptions of Fact and Law While passing by the Plaintiffs Facts, Evidence and Law Without the government answering the Complaint or this Motion* | *5* |
| *The Government Does Not Say How the Claims of the Plaintiffs are Disassociated from the 1983 Tenth Circuit Court found Contractual Agreement* | *7* |
| *The Government Does Not show how these Plaintiffs are Bad Faith Litigants* | *7* |
| *Grounded in Contract Claims* | *8* |
| *Split Jurisdictions are Fostered the government's position* | *9* |
| *Void Judgments of a District Court Are Reviewable de novo by this Court* | *10* |
| *26 U.S.C. 7121 applies to both parties* | *11* |
| *The Government never addresses the Lack of Timely Assessment Issue* | *12* |
| *Government Does Not Address the Full Payment Issue* | *15* |
| *The Order and Government are silent as to lack of written notice and demand.* | |
| *The Government Does Not Address Why Res Judicata Did Not Bar them From Seeking the District Court's Authority, forcing this Court to Presume it Applies to the 2001 alleged contract* | *16* |
| **CONCLUSION** | **18** |
| **PROPOSED ORDER** | |


## TABLE OF AUTHORITIES

**CASES**


| | |
|---|---|
| *Anthony v. United States*, 987 F.2d 670 (10th Cir. 1992) | passim |
| *Alaska Packers Assn. v. Domenico*, 117 F. 99 (9th Cir. 1902) | 5,6 |
| *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) | 1 |

*Awad v. United States*, 301 F.3d 1367, 1372 (Fed. Cir. 2002) 7

*Christopher Village, L.P. v. United States*, 360 F.3d 1319, 2004.CFC.0000046 <http://www.versuslaw.com> passim

*Crnkovich v. United States*, 202 F.3d 1325 (Fed. Cir. 02/01/2000) 2000.CFC.0042038 http://www.versuslaw.com 13

*Fafel v. DiPaola*, 399 F.3d 403, 410 (1st Cir. 2005) 9

*Ferreiro v. United States*, 350 F.3d 1318, 1324 (Fed. Cir. 2003) 2

*Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) 2

*Freytag v. Commissioner*, 1991 U.S. LEXIS 3818,*49-50 ;501 U.S. 868 9

*Guthrie v. Sawyer*, 1992.C10.40894 <http://www.versuslaw.com>; 970 F.2d 733 16

*Hurt v. U. S.* 70 F.3d 1261 (4th Cir. 1995) 12

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) 1

*Interoceanica Corp.* v. *Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997)

*Joseph Morton Co., Inc. v. United States*, 757 F.2d 1273, 1278 (Fed. Cir. 1985) 10

*Joshua v. U.S.* 17 F.3d 378, 380 (Fed. Cir. 1994) 3

*Kurio v. U. S.*, 429 F. Supp. 42, 1970.STX.0000028http://www.versuslaw.com passim

*Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000) 1

*Nevada v. United States*, 463 U.S. 110, 129-130, 103 S. Ct. 2906, 2918, 77 L. Ed. 2d 509 (1983) 11

*Ripley v. Commissioner of Internal Revenue*, 103 F.3d 332 (4th Cir. 12/18/1996) 4,14

*Roszkos v. Commissioner*, 850 F.2d 514, 516-17 (9th Cir. 1988), cert. denied, 489 U.S. 1012, 103 L. Ed. 2d 183, 109 S. Ct. 1121 (1989) 4,14

*Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)* 1

*Simons v. CIR*, 10th Cir. docket no. Nos. 98-9012 & 98-9013, July 12, 1999 passim

| | |
|---|---|
| *U.S. v. Simons*, 92 cv 1071, August 5, 2002, Final Order and Judgment | |
| *U.S. v. Simons*, http://www.kscourts.org/ca10/cases/2003/12/02-4201.htm | 8 |
| *Valley v. Northern Fire & Marine Ins. Co*., 254 U.S. 348 (1920) | 11 |
| *Watts v.Pinckney*, 752 F.2d 406 (9th Cir. 1985) | 11 |
| 26 U.S.C. 6303 | 11 |
| 26 USC 6601(a) AND 66012(e)(2) | 12 |
| 26 U.S.C. 7121 | passim |
| C.F.R. § 301.6203-1 (1991). | 1 |

. NOW COME THE PLAINTIFFS, by and through undersigned counsel, to reply to the Defendants' response to the Plaintiffs' Rule 59 and 60 motion, as follows:

First, the Plaintiffs welcome the Court inviting the government to respond to just seven simple questions that will (1) assist the Court in identifying material omissions in its Nov. 30 order of partial dismissal, and (2) assist the Plaintiffs in fulfilling this Court's order for the Plaintiffs to amend their complaint, identifying each element of the breach of the 2001 District Court declared 'contract'.

Second, the government's statement that they fully responded to the Plaintiffs is inaccurate, and invites this Court to commit reversible error, by assuming or avoiding key issues as to this and the District Court's jurisdiction, as the following will show.

Third, there are no claims currently pending in U.S. District Court, the District Court summarily dismissing them. They will be appealed to the Federal Court of Appeals.

***Why the Government Should Answer the Complaint or this Motion***

The Court of Federal Claims operates under its statutory grant of authority, and its ability to redress an alleged wrong is defined therein. *See Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000). An order, such as the District Courts, in excess of jurisdiction is a void order, see *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). So as to avoid wasting resources and to uphold the constitutional and statutory framework determining this court's powers - "subject-matter delineations must be policed by the courts on their own initiative even at the highest level[,]" *Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)*

RCFC 12(b)(1), relied upon here by the defendant, expedites compliance with these precepts by enabling parties to raise by motion, as a defense to a claim, lack of subject matter jurisdiction. The party seeking to invoke this court's jurisdiction carries the burden of establishing it. *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998). As this Court in its order observes, there are two contracts in dispute involving the same parties, the same issue, i.e. 1974, with the 1983 Tax Court decision being ruled to be a contract, and a final agreement, and thus res judicata on all issues, precluding the District Court's jurisdiction, and further consent to any further 'final' agreements. *Simons v. CIR*, 10th Cir. docket no. Nos. 98-9012 & 98-9013, July 12, 1999. The second alleged contract is a 2001 handwritten document determined by the District Court to be a final agreement. *U.S. v. Simons*, 92 cv 1071, August 5, 2002, Final Order and Judgment

The government relies upon the res judicata attaching to the second contract, that is staturorily barred by 26 U.S.C. 7121. By not answering the Complaint, and by not submitting any records or evidence to counter the Plaintiffs' as incorporated into their complaint, the government only raises a bald assertion of non payment, and does not raise a material fact issue as to full payment of the 1983 Tax Court agreement for all three years.

When asserting lack of jurisdiction over a claim presented in a complaint, a defendant can invoke Rule 12(b)(1) by either **disputing the truth of the jurisdictional facts** alleged therein, see, e.g., *Ferreiro v. United States*, 350 F.3d 1318, 1324 (Fed. Cir. 2003), or by **challenging the sufficiency of the allegations on the face of the complaint,** see, e.g., *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Here, this Court and the government rely on a claimed *res judicata* effect and claim

preclusion effect of the 2001 contract and the 2002 final judgment order based upon it as issued by the District Court. *Christopher Village, L.P. v. United States*, 360 F.3d 1319, 2004.CFC.0000046 <http://www.versuslaw.com> fn. 5 counsels against this Court giving a District Court *res judicata* and claims preclusion effect to a District Court dealing with the Plaintiffs' contract claims. Giving such effect to the District Court ruling accomplishes three things: (1) it gives authority to the District Court that Congress did not give to it to hear the Plaintiffs' breach of contract and other claims, grounded in contract violations; and (2) destroys the *res judicata* effect of the Congressionally mandated authority of the Tax Court agreement of 1983, and (3) displaces this Court as a fact finder, when the Plaintiffs claims are to be given a de novo treatment. *Christopher Village, L.P. v. United States*, 360 F.3d 1319, 2004.CFC.0000046 <http://www.versuslaw.com> fn. 5 "The Court of Federal Claims correctly declined to afford res judicata effect to the Fifth Circuit's decision, but it erred in ascribing collateral estoppel effect to the contract issues decided by the Fifth Circuit. Those issues should have been decided de novo by the Court of Federal Claims." Id. at [63]. The case used by the Court, *Joshua v. U.S.* 17 F.3d 378, 380 (Fed. Cir. 1994) is not relevant to the facts here, nor is it on point, as *Joshua* did not even involve a contract. *See, Christopher at [33]*, ("res judicata presumes that the first court had jurisdiction over the claim . . . [and the] Fifth Circuit clearly recognized that it was up to this court to rule on the contract question." Id. at 188.").

Here, this Court determines that all the Plaintiffs claims arise from the continued collection activity of the government. The collection activity stems directly from the 1983 agreement and is barred by full payment and lack of a timely assessment, two

essentials for the government to follow. [1] If full payment of the contract is unchallenged by any facts or law or evidence, as here, then how can the Court rule for the government, and give the District Court any *res judicata* effect, without making assumptions as to *un*challenged facts for the Plaintiffs, and without becoming an advocate for the government.

A comparison of the two 'contracts' shows why res judicata to the District Court destroys the finality of the first contract, and facilitates its further breach.

***The 2001 alleged 'contract' compared to the 1983 contract***

| | |
|---|---|
| 1983 agreement was final as to all issues associated with the matter in any way. *Anthony v. United States*, 987 F.2d 670 (10th | 2001 handwritten offer to settle was intended as worldwide, but 'worldwide' was omitted from the government's |

[1] *Crnkovich v. United States*, 202 F.3d 1325 (Fed. Cir. 02/01/2000) 2000.CFC.0042038 http://www.versuslaw.com[¶104, 105]

> "This court's role, however, is simply to apply the tax laws as Congress drafted them. Congress has determined that a crucial part of its statutory scheme covering taxes is the inclusion of statutes of limitations. By their very nature, statutes of limitations can produce outcomes that can be categorized as windfalls because the limitations periods serve to bar claims presented by taxpayers or the IRS that otherwise are meritorious. In Stanley v. United States, 140 F.3d 1023, 1030 (Fed. Cir. 1998)… It was the IRS's failure to timely record the tax assessment that resulted in its giving the erroneous tax refund; it was the IRS that failed to timely bring suit or reassess the relevant tax year once the error was discovered."

Id. and fn. 7("I.R.C. § 6501(a) unambiguously states that the IRS has only three years to make an assessment ("any tax . . . shall be assessed within 3 years" (emphasis added)).")

*Ripley v. Commissioner of Internal Revenue*, 103 F.3d 332 (4th Cir. 12/18/1996) <http://www.versuslaw.com>; 103 F.3d 332(though a Form 872 is a waiver of the applicable limitations period, not a contract, many courts have recognized that principles of contractual interpretation must be utilized in construing them. See, e.g., Holof, 872 F.2d at 52. Consequently, because the IRS drafted the Form 872, including the language specifying the date of termination of the extension agreement, to the extent that the language is ambiguous it is construed against the IRS. See Anthony v. United States, 987 F.2d 670, 673-74 (10th Cir. 1993); Roszkos v. Commissioner, 850 F.2d 514, 516-17 (9th Cir. 1988), cert. denied, 489 U.S. 1012, 103 L. Ed. 2d 183, 109 S. Ct. 1121 (1989).)

| | |
|---|---|
| Cir. 1992), *Hurt v. U. S.* 70 F.3d 1261 (4th Cir. 1995), *Kurio v. U. S.*, 429 F. Supp. 42, 1970.STX.0000028http://www.versuslaw.com | 'counteroffer' that extinguished their ability to accept the offer as to all claims and all issues. (Second) Restatement Contract §60 |
| 1983 agreement was formal and entered as a binding 'final' judgment in Tax Court. *Simons v. CIR, supra. Anthony v. United States*, 987 F.2d 670 (10th Cir. 1992), *Hurt v. U. S.* 70 F.3d 1261 (4th Cir. 1995), *Kurio v. U. S.*, 429 F. Supp. 42, 1970.STX.0000028http://www.versuslaw.com | 2001 handwritten offer to settle was an 'offer', that provided for either party to opt for summary judgment and, as accepted, did not include all claims or future claims. |
| 1983 agreement was signed with persons having delegated authority. *Simons v. CIR* | 2001 offer to settle held to be a contract was signed by DOJ attorney Jeffery Snow, who had no authority to bind the government and said so in 2001. |
| 1983 agreement is provided for by law. | 2001 offer is prohibited by 26 U.S.C. 7121. |
| 1983 was entered by a Court with proper jurisdiction. | The 2001 agreement was declared to be a contract in violation of 28 U.S.C. 2201 and in a Court without any jurisdiction due to no timely assessment, full payment, and other issues. |
| 1983 agreement had material consideration of payment and forbearance in further collection. | 2001 handwritten offer has no material consideration due to preexisting duty to forbear collections. *Alaska Packers Assn. v. Domenico*, 117 F. 99 (9th Cir. 1902) |
| 1983 contract and plaintiffs unchallenged evidence shows full payment | Taxpayers, as ordered, paid $55,000 in accord with the District Court's order and the IRS further billed them for $4100. |

**Not one case can be found wherein any Court in its judgments found the Plaintiffs owed further amounts after their payment of the 1983 contract.**

***The Court Makes Six Assumptions of Fact and Law***
***While passing by the Plaintiffs Facts, Evidence and Law***
***Without the government answering the Complaint or this Motion***

This Court, without the government countering the Plaintiffs specific facts or challenging their evidence of their claims, (1) presumes there was no full payment of the

1983 contract, not recognizing the Plaintiffs' unchallenged evidence incorporated into the complaint; (2) presumes there was a valid and timely assessment, despite the fact that no contemporaneously dated certificate of assessment, or non defective computer readout to base it on, is in existence, and an uncontrovertable document shows an IRS manager supervised a purposefully late assessment, and in 1995, the IRS disclaimed all debt on its computer, replaced only upon the insistence of the DOJ attorney after the offer was made; (3) presumes the Plaintiffs reneged on a 2001 'contract', without evidence showing it, or relying on any District Court references to specifically why or how they reneged, when the offer provided that both parties could opt for a summary judgment hearing, and when Plaintiffs did so after the government changed the terms of the offer, thereby rejecting them, (Second) Restatement of Contracts §§59-60, while leading the District Court to believe unequivocal acceptance had occurred; (4) presumes all the elements necessary for a 2001 'contract' entered into in District Court exist, when by 26 U.S.C. §7121, the terms of the 1983 contract could not be altered in any manner, thereby making the parties legally incapable of entering into any further agreement: (5) presumes the government unequivocally accepted the illegal 2001 offer, when it omitted material terms, when the only consideration the government can offer is a preexisting duty, that is no material consideration at all, *Alaska Packing, supra; (5*) presumes the District Court could hear breach of contract claims for over $10,000, when the District Court has not been given such authority by Congress; and (6) presumes the tort of fraud does not arise from the fully paid 1983 contract, possibly due to the assumption the taxpayers failed in some unknown as yet way to pay for 1974. Having the government answer these seven

issues with particularity will advantage all parties and prevent the Court from committing reversible material error.

**The Government Does Not Say How the Claims of the Plaintiffs are Disassociated from the 1983 Tenth Circuit Court found Contractual Agreement**

Because the Court presumes lack of full payment of the 1983 agreement, it claims the tortuous breach of contract claims are not grounded in contract and are outside this Court's jurisdiction. Alternatively, the Court presumes the District Court could do, what the Tenth Circuit Court refused to do in 1998, i.e. terminate the 1983 agreement and displace it with a new alleged contract, barred by 26 U.S.C. §7121. If there was full payment, then the collection activity was barred, is grounded in a contract, and any and all torts are within this Court's authority. See *Awad v. United States*, 301 F.3d 1367, 1372 (Fed. Cir. 2002) ("It is well established that where a tort claim stems from a breach of contract, the cause of action is ultimately one arising in contract, and thus is properly within the exclusive jurisdiction of the United States Court of Federal Claims to the extent that damages exceed $10,000."). The government should address this claim, so the Court is alleviated from making factual findings, unsupported by the lack of defendants not submitting or countering the Plaintiffs' claims and evidence. .

***The Government Does Not show how these Plaintiffs are Bad Faith Litigants***

As long as this Court does not require the government to minimally answer the complaint or this motion, it upholds the labels of dishonesty bestowed on these Plaintiffs ***without*** just cause, so as to protect the government from the Plaintiffs obtaining redress. it was not enough that the District Court, upon being presented with absolutely uncontrovertable evidence that the IRS did no timely assessment, (Amend. Complt. Par. 54,57a.), purposefully and with manager approval, for the year 1974 computer account,

denied giving it any consideration. The District Court went on to label Taxpayers as acting in bad faith, basically welching on their 2001 offer, when they had no legal ability to make an offer to settle, and determined the government had not unequivocally accepted it anyway, opting instead for a summary judgment hearing.

The District Court, again relying on a verbal colloquy of the Department of Justice Attorney Jeffery Snow, to conclude without a doubt that the government wholly agreed to the offer, totally lambasted the Taxpayer Plaintiffs, and ordered them unequivocally to pay the offered $55,000. They did so, then appealed, and the Tenth Circuit latching onto the bad faith and deal welching label, and emotion of the District Court, determined in its unpublished decision, there was no way these Plaintiffs would prevail, but fairly and justly left a contract claims open window, on the District Court's judgment of 2002. *U.S. v. Simons*, http://www.kscourts.org/ca10/cases/2003/12/02-4201.htm (The " rule [against challenging a consent judgment] does not apply, however, if "lack of actual consent, fraud in obtaining consent, lack of federal jurisdiction, or mistake are shown,". *U.S. v. Simons*, Tenth Cir. 02-4201, Jan. 22, 2004 [unpublished but binding on this case]). Plaintiffs automatically become defendants, viewed as hostile enemies of the government, when all they wish is finality and redress, as Congress and the Constitution have provided.

***Grounded in Contract claims***

These Plaintiffs hereby brought their claims into this Court, identifying with specificity by way of RCFC at Rule 9, fraud and breach of contract claims, with tort damages grounded in contract violations of the government's duties to forbear further collection, to fully disclose the information necessary for the Plaintiffs to understand and

explain their 1983 contract. Further, the only way any 'consent', i.e. payment could be obtained from these plaintiffs in 2002, was by Court order, and threats of the Court as to making them pay all the government's costs by labeling their evidence and claims of full payment, and lack of timely assessment, as raised by about four prior tax professionals in the Plaintiffs' behalf, as frivolous and meritless. Once the fact of no timely assessment was found, the District Court had a duty to stop all proceedings and examine that evidence. *Freytag v. Commissioner*, 1991 U.S. LEXIS 3818,*49-50 ;501 U.S. 868. The parties can not consent to the District Court's jurisdiction, yet by res judicata, this Court is sanctioning it. *Fafel v. DiPaola*, 399 F.3d 403, 410 (1st Cir. 2005).

All acts of the Courts, all the claims of the Plaintiffs, all the basis for any 2001 alleged contract, are grounded in the 1983 contract and the full payment thereof, and the IRS' late assessment preventing further collections. The government's continued collection after a five year hiatus, that is in violation of government implied duties under the 1983 agreement, and refusal to disclose until 2000, caused these Plaintiffs horrendous damages. Without the government answering the complaint in this Court, any dismissal is based on the presumptions of the Court, lacking a defendant-originated evidentiary basis.

***Split Jurisdictions are Fostered by the Government's position***

The government, without responding to the motion, fosters split jurisdiction to unfairly prevent Taxpayers from enforcing Tax Court binding final closing agreements.. The District Court and Tenth Circuit Court can't hear breach of contract claims involving over $10,000, belonging exclusively in this Court. *Christopher Village, L.P. v. United States*, 360 F.3d 1319, 2004.CFC.0000046 <http://www.versuslaw.com> fn. 5. And this

Court says it has no authority over torts, like fraud, while stating "Again, the tort claims in this case arise from the Government's actions seeking to collect the past due taxes litigated in the District Court." Order sec. 4.a**.** Either this Court's determination of fraud being a tort, is correct, or….. Congress and the Federal Circuit Court of Appeals rulings are flawed, that like the Restatement and (Second) Restatement of Contracts that acknowledge fraud as a material flaw or breach of contracts. But not both. *Joseph Morton Co., Inc. v. United States*, 757 F.2d 1273, 1278 (Fed. Cir. 1985)(any degree of fraud is material as a matter of law. )

***Void Judgments of a District Court Are Reviewable by this Court***

"Assuming *arguendo* that the doctrine of *res judicata* is not applicable to the claims enumerated above, nevertheless, the United States Court of Federal Claims does not have jurisdiction to review final judgments of the United States District Court for the District of Utah or final judgments of the United States Court of Appeals for the Tenth Circuit." Order sec. 5.

The Court of Federal Claims observes that this Court has the only and exclusive jurisdiction over all claims grounded in contract, including breach of contracts, and fraud and mistake, RCFC at Rule 9, even displacing Federal District Court and the Tenth Circuit Court. *Christopher Village, supra*, that includes fraud claims. Christopher at [69] Using Christopher's reasoning here, "We think that the submission of false data generated by [the government] under common control with the [agencies], [submitted to the District Court to obtain its authority] constitutes a material breach as a matter of law at least when the commonly controlled [government] generated those data in a conscious effort to defraud the [Plaintiffs and Court]." Id. [70].

The government had a duty to ensure that the District Court was fully informed as to the timeliness of any assessments, the original returns, the basis for the 1983 agreement, any form 872 that would effect the date of assessment. Without disclosure, these Plaintiffs were permanently deprived of any OBJECTIVE hearing on their evidence, once it was disclosed in 2000. The Plaintiffs tax professionals, Dennis Larsen and Patricia White, a tax expert and current dean of the Sandra Day O'Connor School of law, both attest they had no ability to understand why the government was continuing collections. See (Second) Contracts §§7,8, notes regarding government contracts particularly. "A judgment is void only when the record affirmatively establishes that the court did not acquire jurisdiction. See, e.g., Vallely v. Northern Fire & Marine Ins. Co., 254 U.S. 348 (1920); Watts v.Pinckney, 752 F.2d 406 (9th Cir. 1985)."
Department of Justice brief in *Webb v. C.I.R.*, U.S. Supreme Court pg. 11.
http://www.usdoj.gov/osg/briefs/1995/w951538w.txt". The unequivocal and uncontrovertable evidence of lack of a timely assessment and full payment, go directly to the lack of the District Court's jurisdiction, and to establishing this Court's authority that can not, by statutes, be relinquished elsewhere.

If the government responds to this motion and the answer with specificity, then this mental exercise may assist them in realizing they made grave mistakes in procuring a void District Court judgment, that the parties could not consent to.

***26 U.S.C. 7121 applies to both parties***

The Court should be able to advantage itself of the government's wisdom as to why 26 U.S.C. 7121 applies or does not apply to the Courts and government to prevent this type of contractual reformation when the 1983 Tenth Circuit opinion is on point as

to the finality, formality, and termination of all claims associated with all three years in 1983. See, *Simons v. CIR, supra*, law of the case; *Hurt v. United States*, 70 F.3d 1261 (4th Cir. 11/30/1995)

> "First, the purpose of a settlement agreement between parties to a lawsuit is to put an end to litigation. See Richardson v. Richardson, 10 Va. App. 391, 392 S.E.2d 688, 692 (Va. Ct. App. 1990). And second, a valid settlement agreement merges all antecedent claims directly tied to the settled dispute and bars a later attempt to recover on antecedent claims. See, e.g., Sylvester v. Animal Emergency Clinic, 72 Haw. 560, 825 P.2d 1053, 1058 (Haw. 1992); In re Estate of Engels, 10 Kan. App. 2d 103, 692 P.2d 400, 402 (Kan. Ct. App. 1984); State ex rel. Derryberry v. Kerr-McGee Corp., 516 P.2d 813, 821 (Okla. 1973); Beauchamp v. Clark, 250 N.C. 132, 108 S.E.2d 535, 539-40 (N.C. 1959)….
> The signed agreements between the parties were clearly meant to settle all issues in dispute with respect to the 1986 tax year, not merely the matter as pending before the Tax Court."

Id.

***The Government never addresses the Lack of Timely Assessment Issue***

Here, the Plaintiffs submitted to this Court direct evidence of the assessment being done after the statutes of limitation had run:

(1) an internal IRS document showing a manager supervising the assessment request identified the assessment statute expiration date as 7-19-83 and ordered it done 7-25,1983, purposefully.

(2) A form 872 that extends the statute of limitations on assessment to a date certain binds the IRS to performing that duty, here as calculated by the Plaintiffs, no later than about 6-21-1983.

(3) Public declarations by the IRS that the computer is incapable of posting any interest on an account other than full 26 U.S.C. 6601a interest all the way back to the date the return is due, rather than 6601(e)(2) statutory interest when restricted

or limited interest is provided due to delay by the IRS, as the District Court Decision explains.

(4) Proof that the IRS closed years 1972 and 1974, with the computer placing all money paid for all three years into the only open remaining year, 1973.

The government never challenged this evidence. The District Court, the Tenth Circuit Court, and now this Court takes no notice of this evidence and these facts, or the fact that this evidence was withheld from the Plaintiffs until 2000, and then they were barred from supplementing the District Court record with it, while the District Court ordered a further $55,000 payment-- as if this evidence, facts, and law did not exist.

If the assessment was timely, then this one prerequisite to further collection in 1992 in District Court by the government in a quiet title action claiming non payment of the 1983 agreement for 1974, would be met. If not, then the District Court was barred from hearing the case, and the government's assertion of a 'timely' assessment in its District Court complaint would be mistake or fraud upon the District Court, leaving its judgments *void ab initio*. It also precludes any material consideration for forbearing future collections in a 2001 District Court-Declared contract. This question requires no more than a simple math calculation in light of the form 872 within the government's possession. See, *Crnkovich v. United States*, 202 F.3d 1325 (Fed. Cir. 02/01/2000) 2000.CFC.0042038 http://www.versuslaw.com[¶104, 105]

> "This court's role, however, is simply to apply the tax laws as Congress drafted them. Congress has determined that a crucial part of its statutory scheme covering taxes is the inclusion of statutes of limitations. By their very nature, statutes of limitations can produce outcomes that can be categorized as windfalls because the limitations periods serve to bar claims presented by taxpayers or the IRS that otherwise are meritorious. In Stanley v. United States, 140 F.3d 1023, 1030 (Fed. Cir. 1998)… It was the IRS's failure to timely record the tax assessment that resulted in its giving the erroneous tax refund; it was the IRS

> that failed to timely bring suit or reassess the relevant tax year once the error was discovered."

Id. and fn. 7("I.R.C. § 6501(a) unambiguously states that the IRS has only three years to make an assessment ("any tax . . . shall be assessed within 3 years" (emphasis added)).")

*Ripley v. Commissioner of Internal Revenue*, 103 F.3d 332 (4th Cir. 12/18/1996) <http://www.versuslaw.com>; 103 F.3d 332(though a Form 872 is a waiver of the applicable limitations period, not a contract, many courts have recognized that principles of contractual interpretation must be utilized in construing them. See, e.g., Holof, 872 F.2d at 52. Consequently, because the IRS drafted the Form 872, including the language specifying the date of termination of the extension agreement, to the extent that the language is ambiguous it is construed against the IRS. See Anthony v. United States, 987 F.2d 670, 673-74 (10th Cir. 1993); Roszkos v. Commissioner, 850 F.2d 514, 516-17 (9th Cir. 1988), cert. denied, 489 U.S. 1012, 103 L. Ed. 2d 183, 109 S. Ct. 1121 (1989).)

Circuits are **not** split on this issue. This counsel, after due research, can find no cases allowing for further collections on a stipulated Tax Court decision, when timely assessment, as here for a date certain, has not been performed by the IRS, *assuming arguendo*, the Plaintiffs did not pay for year 1974. Upon what law does this Court not find the District Court's judgment void? Christopher Village, supra.

***Government Does Not Address the Full Payment Issue***

NOV. 30,ORDER," The Amended Complaint in this case alleges that on November 7, 1983, Plaintiffs sent a check to the IRS for $49,546.55 to satisfy 1973 and 1974 obligations, as required by the Tax Court's April 22, 1983 decisions."

The Court has omitted, and the government has not addressed the issue of full payment, nor challenged the Plaintiffs' proof of full payment, as follows:

1) the check, as this Court fairly observes in the order.
2) A computation, certified by a qualified CPA, Henry Van Tiendran, using eight place factoring tables, applied by rev. proc. At the time, and the amounts of taxes and penalties, and restricted interest, showing how satisfaction for all three years was made with the $49,546.55 payment, to within 7 cents or .001 percent error.

3) Affidavit testimony of a 23 year IRS veteran appeals officer, Gail Anger, stating that it would be 'astronomically impossible' for taxpayers to perform such a calculation and come within 7 cents of what was ordered paid for all three years, without the IRS doing the calculation identically at the time.
4) An expert's report by Bryan Bolander, the current president of the Utah Association of CPAs, showing that the amounts on the original returns, letters of offer, district counsel's decision, underlying Tax Court work documents, the stipulated decisions, and underlying IRS work documents, all track through with the same or nearly similar amounts, evidencing agreement, give and take, and the like.
5) The testimony of the above two experienced professionals attesting that the IRS computer almost never credits payments on multiple year agreements accurately.
6) The published statements of the government that the IRS computer is incapable of netting interest or posting interest in any other way than under 26 U.S.C. 6601a, such that it was reasonable for the IRS to close two accounts with restricted or limited interest and place all the money into the third account with full interest and about $2000 in additional penalties [of which the Plaintiffs were never appraised or agreed to], thus closing all three years with one payment.

Upon what evidence of the government can this Court rely to presume lack of full payment, when the Defendants submit none? None. How can reliance upon the District Court, refusing their evidence, control this Court's jurisdiction? Impartiality is denied.

***The Order and Government are silent as to lack of written notice and demand.***

The Plaintiffs claimed, and the government did not address, lack of 26 U.S.C. 6303, written notice and demand, issued within 60 days of any legal assessment. .
*Guthrie v. Sawyer*, 1992.C10.40894 <http://www.versuslaw.com>; 970 F.2d 733 [34]. (The Wells claimed as these plaintiffs lack of written notice and demand, and lack of a notice of intent to levy issued PRIOR to the levies.)

By regulation, a taxpayer is entitled upon request to receive "a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of the assessment the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." 26 C.F.R. § 301.6203-1 (1991). Why is the government relieved of answering the fact that no such notice issued, and the only proof of any alleged notice being mailed is wholly defective, and can not be relied on for anything? How can this Court presume one issued, or ignore this fact?

***The Government Does Not Address Why Res Judicata Did Not Bar them From Seeking the District Court's Authority, forcing this Court to Presume it Applies to the 2001 alleged contract***

All the Courts citation to res judicata a claim preclusion, apply with full force to the 1983 agreement as memorialized formally in Tax Court, with any ambiguities construed against the government. *Anthony, Hurt, Kurio, supra*. Regarding *res judicata*, and claim preclusion, the Court correctly states, and Plaintiffs whole heartedly agree, as follows:

> "Pursuant to the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc.* v. *Moitie*, 452 U.S. 394, 398 (1981). The purpose of *res judicata* is to ensure "that there should be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled between the parties." *Id*. at 401 (quoting *Baldwin* v. *Traveling Men's Ass'n*, 283 U.S. 522, 525 (1931)). *Res judicata* applies when "(1) the

> parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Parklane Hosiery Co., Inc.* v. *Shore*, 439 U.S. 322, 326 n.5 (1979); *Ammex, Inc.* v. *United States*., 334 F.3d 1052, 1055 (Fed. Cir. 2003); *Jet, Inc.* v. *Sewage Aeration Sys.*, 223 F.3d 1360, 1362 (Fed. Cir. 2000)."

Order pg. 5 ¶C
Likewise,

> "For purposes of *res judicata*, courts have defined a "final judgment on the merits" to include stipulated dismissals, entered pursuant to a settlement agreement. *See Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 327 (1955) (holding that a lawsuit, dismissed with prejudice pursuant to a settlement agreement "bars a later suit on the same cause of action"); *see also Harnett* v. *Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986) (holding that a case dismissed, with prejudice, pursuant to a settlement agreement is a "judgment on the merits" for *res judicata* purposes); *Brooks* v. *Barbour Energy Corp.*, 804 F.2d 1144, 146 (10th Cir. 1986) (holding that a dismissal with prejudice, upon an order of the court based on a settlement agreement, should be considered a judgment on the merits because it was entered pursuant to a settlement that resolved the substance of the disputed claims.); *Astron Indus. Assoc., Inc.* v. *Chrysler Motors Corp.*, 405 F.2d 958, 960 (5th Cir. 1968) ("It is clear that a stipulation of dismissal with prejudice, or, for that matter, a dismissal with prejudice at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action.").

Order C2. Likewise Order C. 3.

*Nevada v. United States*, 463 U.S. 110, 129-130, 103 S. Ct. 2906, 2918, 77 L. Ed. 2d 509 (1983). *Interoceanica Corp.* v. *Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997) (quoting *SEC* v. *First Jersey Sec.*, 101 F.3d 1450, 1463-64 (2d Cir. 1996)). ("A first judgment will generally have preclusive effect only where the transaction or connected series of transactions at issue in both suits is the same, that is where the same evidence is needed to support both claims, and where the facts essential to the second are present in the first." ). Here, the original returns, the District Counsel's decision, letters of offer and IRS Tax Court rule 155 work documents submitted by the IRS to the Taxpayers for approval, all are evidence that all parties relied upon for the first 1983 final closing

agreement, and without which, in the District Court, his attorneys could not understand or explain the continued collection activities against these Plaintiffs. The issue, the parties, the evidence are all the same. Res Judicata is appropriate to apply to the 1983 agreement, leaving the government to explain: (1) why 26 U.S.C. 7121 does not apply to these parties; (2) why there was not full payment of the 1983 account; (3) why there was not a timely or valid assessment on 1974's account; (4) why the District Court had any jurisdiction over the government's initial claims in 1992 for year 1974; (5) why the District Court and 2004 Tenth Circuit Court judgment does not fall within the void judgment rule, recognized in the governments' pleadings in 1998 to the Tenth Circuit and recognized by this and the Federal Circuit Court of Appeals; (6) why withholding of their 1983 records did not materially impair them from defending themselves early on administratively and judicially, and thereafter, due to their late production? These are just six simple questions going to the heart of the case, some of which may be answered with a yes or no answer, without further explanation. But if the answer disagrees with the Plaintiffs' evidence, then they should be answered. Simply put, the government did not respond to the Plaintiffs' claims in a full manner. The case law as provided to this Court, as Joshua, supra, by the government, is also without foundation or applicability to this case's facts.

## CONCLUSION

The good faith and faithfully paying citizen taxpayers has a claim of right, not favor, under a government contract they entered and fully paid in 1983. (Second) Restatement of Contracts at Sec. 7, 8. They have a right to a *de novo* review, *Christopher Village, supra*. Impartiality dictates that the government must do more than just

pronounce that the Plaintiffs failed to make full payment of the 1983 agreement for all three years. If the government can come up with evidence as to how they did not, in light of the Plaintiffs evidence, then, there is still a material fact issue that prevents dismissal, going directly to the outcome of the case and this Court's jurisdiction, that demands close attention too. .

Here, as the Court stated on or about July 11, 2006 in a status conference, the government would not have to even answer the complaint. The Court in its order is making six assumptions of fact and law, without the government even answering the issues, places the Court in a biased position of advocacy for the government. Some may see such advocacy as admirable, but it still denies the Plaintiffs their right of de novo review in an impartial tribunal. For all the foregoing reasons, the Plaintiffs respectfully pray for this Court to reverse its dismissal of the Plaintiffs' complaint based on the Courts' assumption of facts and law, without so much as asking the government to minimally file an answer to all the breaches of the 1983 binding final contract, or, in the alternative, answer minimally the foregoing seven issues.

Based on the forgoing, the Plaintiffs pray for this Court to grant them relief from its dismissal of their Complaint.

So Signed this 14th day of December, 2006

/s/ Susan Rose, Utah Bar. No. 7985
*Counsel for the Plaintiffs*
9553 S. Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441
susan_rose@comcast.net

This Document is electronically filed and it is the information of this Counsel that the Court will serve opposing counsel through this electronic filing process.
/s/ Susan Rose

Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,

vs.

UNITED STATES OF AMERICA,
*Defendant*.

Case No. 06-115
Judge Susan Braden

ORDER GRANTING THE PLAINTIFFS' RULE 59 AND 60 MOTION

NOW COME THE COURT, having received and reviewed the Plaintiffs Rule 59 and 60 motion, hereby reconsiders the dismissal of their complaint, and mandates the government answer the complaint, and provide evidence upon which their asserted facts rely, and submit this answer to the Court within the next 60 days. .

So Signed this ____________ day of December, 2006

________/s/_______________________
Judge Susan Braden