Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA, Case No. 06-115
*Defendant*. Judge Susan Braden

---

PLAINTIFFS' RULE 54(b) MOTION

---

NOW COME THE PLAINTIFFS, by and through undersigned counsel, to move this Court for a RCFC rule 54(b) order based upon the attached memorandum of fact and law.

So Signed this 14th day of December, 2006

/s/ Susan Rose, Utah Bar. No. 7985
*Counsel for the Plaintiffs*
9553 S. Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441
susan_rose@comcast.net

This Document is electronically filed and it is the information of this Counsel that the Court will serve opposing counsel through this electronic filing process.
/s/ Susan Rose

Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA, Case No. 06-115
*Defendant*. Judge Susan Braden

MEMORANDUM IN SUPPORT OF THE
PLAINTIFFS' RULE 54(b) MOTION

NOW COME THE PLAINTIFFS, by and through undersigned counsel, to move this Court for a RCFC Rule 54(b) order granting permission to the Plaintiffs to appeal its November 30, 2006 order dismissing the Plaintiffs' claims, except for breach of a second alleged agreement from District Court, based on the following facts and law:

This motion is being submitted, in the event this Court does not choose to reconsider its November 30 dismissal. If the Court reverses its dismissal, there would be no need of this motion.

1. The Plaintiffs must be able to state there was a valid contract, prior to pleading its breach, and can not do so, because after a thorough research of all the evidence and law, the second agreement fails in the following ways:
    a. Lack of legal capacity of the parties to contract:
    26 U.S.C. 7121 specifically bars any modification or amendment to any final closing agreement, here a 1983 agreement memorialized in two Tax Court decisions with stipulated IRS drafted Rule 155 computations, interlinking three tax years inseparably by income averaging. This issue has been passed sub silentio by the District and Tenth Circuit Courts.
    b. Full payment, with the Plaintiffs uncontrovertable evidence, precludes the government from providing any material consideration for a second agreement, in that the government had a preexisting duty to forbear collections. *Alaska Packers Assn. v. Domenico*, 117 F. 99 (9th Cir. 1902). The District Court and Tenth Circuit Court passed *sub silentio* on this issue.

c. Lack of a meeting of the minds and lack of acceptance. The government eliminated the word 'worldwide' that included potential claims from the Plaintiffs' offer, and preserved this objection to the District Court's final judgment. The government may have a point, as 26 U.S.C. 60 and 108 mandate collection of any forgiven debt, such that the Plaintiffs are potentially liable if they do not declare some amount as forgiven by the second settlement. The District court and Tenth Circuit courts did not address the evidence of the governments' position on this issue. The District Court ORDERED the Plaintiffs to pay, and, as the final judgment states, they paid 'for an order', not for an agreement.

d. The District Court presiding over the second agreement was without any jurisdiction due to the lack of a timely assessment of the first agreement for year 1974. The uncontrovertable evidence of the internal manager supervision of a purposefully late assessment and the Plaintiffs form 872, not given them until the year 2000, shows the District Court had no authority over any further collection actions of the government. The District Court and Tenth Circuit courts passed sub silentio on this issue.

e. The res judicata and claim preclusion of the 1983 agreement precludes any other reformation of or challenge to that contract. All the Court's excellent arguments as to res judicata and claim preclusion apply directly to the Tenth Circuit found 1983 Tax Court entered stipulated decision final agreements, where there was a meeting of the minds, legal capacity

to bind the parties and enter the agreement, that was intended to be final on all issues.

f. The government not only withheld the documents of the Plaintiffs until 2000, it denied their existence affirmatively (form 872), the disclosure of which would have shown there was a late assessment and the District Court was without jurisdiction. Instead, it misrepresented a material fact to the District Court, i.e. these Taxpayers owed further amounts for year 1974, while not disclosing full payment and affirmatively representing to the District Court a timely assessment.

g. The government had a duty to forbear collections based on both full payment and lack of timely assessment, grounded in the 1983 Tax Court agreement, that they tortuously violated with further collection activities. This Court denies it has authority over torts *Joshua v. U.S.* 17 F.3d 378, 380 (Fed. Cir. 1994) (a case involving no contract with the government). Yet, the Federal Circuit Court of Appeals says that if torts, particularly fraud, is grounded in contracts, this Court has authority over them. *Joseph Morton Co., Inc. v. United States*, 757 F.2d 1273, 1278 (Fed. Cir. 1985)(any degree of fraud is material as a matter of law. ); *Awad v. United States*, 301 F.3d 1367, 1372 (Fed. Cir. 2002) ("It is well established that where a tort claim stems from a breach of contract, the cause of action is ultimately one arising in contract, and thus is properly within the exclusive jurisdiction of the United States Court of Federal Claims to the extent that damages exceed $10,000.").

h. The Tenth Circuit Court recognized The " rule [against challenging a consent judgment] does not apply, however, if "lack of actual consent, fraud in obtaining consent, lack of federal jurisdiction, or mistake are shown,". *U.S. v. Simons*, Tenth Cir. 02-4201, Jan. 22, 2004 [unpublished but binding on this case]). As the foregoing shows, these Plaintiffs challenge their second agreement on these claims.

i. There was finality to the 1983 agreement, there is no finality in a second, as the government did not agree to giving up all their potential claims as the Plaintiffs offered, and filed an objection to doing so in District Court. Statutes provide for possible further collection that the agency may be helpless to ignore. 26 U.S.C. 60 and 108. *Hurt v. United States*, 70 F.3d 1261 (4th Cir. 11/30/1995)

> "First, the purpose of a settlement agreement between parties to a lawsuit is to put an end to litigation. See Richardson v. Richardson, 10 Va. App. 391, 392 S.E.2d 688, 692 (Va. Ct. App. 1990). And second, a valid settlement agreement merges all antecedent claims directly tied to the settled dispute and bars a later attempt to recover on antecedent claims. See, e.g., Sylvester v. Animal Emergency Clinic, 72 Haw. 560, 825 P.2d 1053, 1058 (Haw. 1992); In re Estate of Engels, 10 Kan. App. 2d 103, 692 P.2d 400, 402 (Kan. Ct. App. 1984); State ex rel. Derryberry v. Kerr-McGee Corp., 516 P.2d 813, 821 (Okla. 1973); Beauchamp v. Clark, 250 N.C. 132, 108 S.E.2d 535, 539-40 (N.C. 1959)….
> The signed agreements between the parties were clearly meant to settle all issues in dispute with respect to the 1986 tax year, not merely the matter as pending before the Tax Court."

Id.

Importantly, not since at least 1805, has Courts' judgments ever been held to be binding on those issues passed upon *sub silentio*. *U.S. v. More*, 1805 U.S. LEXIS 248,*15;7 U.S. 159; 2 L. Ed. 397;3 Cranch 159: *The Edward* 1816 U.S. LEXIS

328,*20;14 U.S. 261;4 L. Ed. 86;1 Wheat. 161 ("The answer to all this is, that the condemnation alluded to passed sub silentio, without bringing the point distinctly to our view, and is, therefore, no precedent").

Based on the foregoing, if this Court chooses to not reverse its dismissal of the Plaintiffs claims, the dismissal order fosters a situation where Plaintiffs can not plead a *bona fide* valid contract, based on issues this Court says it cannot hear, while saying it can look at the breach of such an alleged contract. Without knowing why the second agreement is valid, how can the Plaintiffs possibly amend their complaint, and how can this Court know how to rule on its breach?

The motion preserves this Court's resources, supports judicial economy, and expedites final resolution of the entire case.

Another reason for granting the motion is that the Plaintiffs are appealing to the Federal Circuit Court of Appeals, the dismissal of their District Court's motion to vacate and assign their claims to this Court, issued on or about December 13, 2006. Combining both appeals will facilitate final resolution of the jurisdictional matters.

If the 1983 agreement is fully paid, or if the assessment was untimely, the case is over. This Court has authority to determine if a timely assessment was made as a material component of a second settlement agreement, that must be determined to be valid, prior to determining its breach. See, *Crnkovich v. United States*, 202 F.3d 1325 (Fed. Cir. 02/01/2000) 2000.CFC.0042038 http://www.versuslaw.com[¶104, 105]

> "This court's role, however, is simply to apply the tax laws as Congress drafted them. Congress has determined that a crucial part of its statutory scheme covering taxes is the inclusion of statutes of limitations. By their very nature, statutes of limitations can produce outcomes that can be categorized as windfalls because the limitations periods serve to bar claims presented by taxpayers or the IRS that otherwise are meritorious. In Stanley v. United States, 140 F.3d 1023,

> 1030 (Fed. Cir. 1998)… It was the IRS's failure to timely record the tax assessment that resulted in its giving the erroneous tax refund; it was the IRS that failed to timely bring suit or reassess the relevant tax year once the error was discovered."

Id. and fn. 7

In conclusion, if the Court determines it will not reverse its dismissal, the Plaintiffs pray for this Court to grant to them a RCFC Rule 54 order, and also delay the Plaintiffs time for amending their complaint until the jurisdiction issues are finally answered.

So Signed this 15th day of December, 2006

/s/ Susan Rose, Utah Bar. No. 7985
*Counsel for the Plaintiffs*
9553 S. Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441
susan_rose@comcast.net

This Document is electronically filed and it is the information of this Counsel that the Court will serve opposing counsel through this electronic filing process.

/s/ Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA, Case No. 06-115
*Defendant*. Judge Susan Braden

---

RCFC RULE 54(b) ORDER

---

NOW COME THE COURT, having received and reviewed the Plaintiffs motion for a RCFC Rule 54(b) motion, hereby grants the Plaintiffs permission to immediately appeal this Court's dismissal of all their claims, save the breach of the 2001 second settlement agreement. The Court further grants the Plaintiffs leave to amend their complaint as to the breach of the second settlement agreement, after the Federal Circuit Court of Appeals has issued its decision, and for 30 days thereafter.

So Signed this ____________ day of December, 2006

Judge Susan Braden