Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA, Case No. 06-115
*Defendant*. Judge Susan Braden

PLAINTIFFS' UNOPPOSED MOTION FOR A 30 DAY EXTENSION IN FILING THEIR AMENDED COMPLAINT

NOW COME THE PLAINTIFFS, by and through undersigned counsel, to move this Court for a 30 day extension of time to file an amended complaint, or until jurisdictional issues are resolved. Opposing counsel is not opposed to this motion. The motion is based upon the facts and law in the memorandum in support thereof.

So Signed this 14th day of December, 2006

/s/ Susan Rose, Utah Bar. No. 7985
*Counsel for the Plaintiffs*
9553 S. Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441
susan_rose@comcast.net

This Document is electronically filed and it is the information of this Counsel that the Court will serve opposing counsel through this electronic filing process.
/s/ Susan Rose

Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA, Case No. 06-115
*Defendant*. Judge Susan Braden

---

MEMORANDUM IN SUPPORT OF THE
PLAINTIFFS' UNOPPOSED MOTION FOR A 30 DAY EXTENSION IN FILING
THEIR AMENDED COMPLAINT

---

NOW COME THE PLAINTIFFS, by and through undersigned counsel, to move this Court for a 30 day extension of time to file an amended complaint, or extension until the jurisdictional issues are resolved. Opposing counsel has stated he is not opposed to this motion. The Defendants' response to the Plaintiffs' rule 59 and 60 motion identified that the government could not respond without the Court's request. In their reply, Plaintiffs ask the Court to ask the government to respond to the motion. The government fully answering the motion will assist the Court in carefully determining its own jurisdiction, will clarify the contractual elements of a valid contract, that must be plead when amending a complaint charging a breach. Further, until the Court determines its position as to the Rule 59 and 60 motion, the Plaintiffs can not amend their complaint, as the Court's position may change, especially if the government responds.

The Rule 59 and 60 motion issues go to whether there was a void judgment in District Court, and the Tenth Circuit Court, and the passing sub silentio by those Courts as to questions of fact and law going to their own jurisdiction, to which this Court has an affirmative duty *not* give any *res judicata* or claim preclusion effect. *Christopher Village, L.P. v. United States*, 360 F.3d 1319, 2004.CFC.0000046 http://www.versuslaw.com; *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982);

Further, responding to the motion allows the government to meet its prerequisites of being granted a Rule 12 motion. Rule 12(b)(1) can be granted when the government either disputes the truth of the jurisdictional facts alleged therein, see, e.g., *Ferreiro v. United States*, 350 F.3d 1318, 1324 (Fed. Cir. 2003), or by challenges the sufficiency of the allegations on the face of the complaint**,** see, e.g., *Folden v. United States*, 379 F.3d

1344, 1354 (Fed. Cir. 2004). Allowing the government to respond fully to the Rule 59 and 60 motion, and submit evidence in support of the government's position will clarify and delineate how the Plaintiffs are in some way not telling the truth, and identify specifically in what way their claims as supported by uncontrovertable government documents are somehow insufficient. It will allow the Court to examine its full authority under the mandates of *Christopher Village*, in a careful manner, and prevent the Court from error and will preserve Judicial and parties' resources, while giving the Plaintiffs their de novo review of the 1983 Tax Court decision agreement that was a final closing agreement, and the second alleged agreement.

Further, the Plaintiffs have submitted a RCFC Rule 54 motion to allow them to appeal the dismissal of all their claims, except breach of a second agreement. And are appealing the refusal of the District court to vacate its judgments or refer the Plaintiffs' contract claims to this Court. A judgment on that issue will effect any amended complaint.

Plaintiffs pray the Court will grant this 30 day extension or until such time as the issue of jurisdiction is resolved, so the Plaintiffs may better understand how the second agreement was an agreement at all, as they are obligated to do, prior to asserting how it was breached.

So Signed this 14th day of December, 2006

/s/ Susan Rose, Utah Bar. No. 7985
*Counsel for the Plaintiffs*
9553 S. Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441
susan_rose@comcast.net

This Document is electronically filed and it is the information of this Counsel that the Court will serve opposing counsel through this electronic filing process.

/s/ Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,

vs.

UNITED STATES OF AMERICA, Case No. 06-115

*Defendant*. Judge Susan Braden

ORDER GRANTING THE PLAINTIFFS' 30 DAY EXTENSION

NOW COME THE COURT, having received and reviewed the Plaintiffs unopposed 30 day extension, hereby grants the same. The Plaintiffs' amended complaint will be due no later than Monday, January 15, 2007, and the government's reply will be due Thursday, February 15, 2007, and the Plaintiffs' reply will be due Wednesday, February 28, 2007.

So Signed this ____________ day of December, 2006

Judge Susan Braden