# In the United States Court of Federal Claims

DANNY C. SIMONS AND SALLY J. SIMONS,)

) Electronic Filing

Plaintiffs, )

) No. 06-115C

v. )

) The Honorable Judge Braden

THE UNITED STATES, )

)

Defendant.

## MEMORANDUM IN SUPPORT OF THE PLAINTIFFS' MOTION FOR THE COURT TO ORDER BRIEFING ON WHETHER THE CFCR 56 STANDARD FOR DISMISSAL INSTEAD OF THE RULE 12 STANDARD AND ASSOCIATED JUDICIAL DOCTRINES

NOW COME THE PLAINTIFFS, by and through undersigned counsel, to move the Court, to apply a Rule 56 Summary Judgment standard for dismissal of the Complaint instead of the Rule 12 and judicial doctrines as the Court used, based upon the phone conference of the Court yesterday at 4 p.m. e.t. , in the memorandum that follows:

Facts

1. Not one Court, that is examining the evidence submitted to this Court, since 1983 has made a finding that the Plaintiffs owed money to the government after their payment in 1983 for all three years.

2. As the conference call progressed, it became evident that whether payment was made, whether there was a timely assessment was made, became evident that it was impossible to separate the facts going to the merits from jurisdiction.
3. These Plaintiffs are not litigious and are honorable tax payers who paid for a highly complex Tax Court settlement involving income averaged (legally and mathematically interconnected) tax years of 1972-1974. [[1]]
4. The only Tax Year credited with payment *on the computer* that year was 1973 because the IRS had closed out years 1972 AND 1974 on the computer prior to payment. The only open year remaining for collection via the computer was 1973. The reason for closing 1974 also is, the IRS can only calculate interest back all the way to the due date of the return, **[[2]]** so the IRS did a *manager supervised* late

---

[1] The Simons Contract and proof of full payment consists of *at least* eight elements:

a. the IRS' District Counsel's decision [P. App. 28] memorializing the acceptance of the Simons offer [P. App. 22-28] and terms of the agreement for all three tax years 1972, 1973, and 1974,

b. the Simons' offer to settle showing offers nearly perfectly mirroring the District Counsel's decision and showing negotiations, [P. App. 22-28];

c. the IRS drafted <u>two</u> tax court decisions including the IRS drafted underlying Tax Court rule 155 computational documents inseparable from the Tax Court decisions that unify all three years by income averaging and that were identical for all three years, [P. App. 12-21]

d. signatures of persons with proper authority to sign the documents and bind the parties, [Id.]

e. Collection [P. App. 140] and Payment [P. App. 51] of the only amount collected for all three years of $49, 546.55, in 1983, and

f. A CPA certified calculation showing how the entire payment for all three years satisfies tax, penalties and interest to within .07 cents [P. App. 52];

g. A 25 year veteran IRS appeals officer's statement showing that it would be 'astronomically impossible' to reconstruct a three year multiple year settlement with income averaging to within .07 cents, using IRS rev. proc. Tables and eight place factoring numbers as applicable, unless the government calculated it the same way. [P. App. 119-122]

h. The IRS computer is incapable of posting global net payments.

[2] Netting of Interest on Tax overpayments and Underpayments, report to Congress, 1997,

assessment. P. App. pg. 5. 1974's computer readout has a 'restricted' or limited interest code TC 340 on it that also holds notices.

5. On July 12, 1999, the 10th Circuit Court found all the components of a contract for a final closing agreement existed in the 1983 Tax Court agreement existed.
6. The Plaintiffs did not have a written notice and demand for their payment for all three years in 1983, and the government withheld their key records until 2000 when the District Court would not allow them to supplement the record, and refused to look back to the 1983 action, while promising a finding of summary judgment for the government if the Simons did not pay an additional $55,000 as ordered.
7. The Plaintiffs provided to the Court proof of no meeting of the minds, no consideration, no signature of an authorized person for any 2001 alleged contract.
8. The Plaintiffs have expended over about $300,000 up until they found their records in 2000, exclusive of this counsel's fees to defend themselves, not initiate and pursue the government.

LEGAL ARGUMENT

A debt owed (standing), timely 26 U.S.C. 6215 assessment and 26 U.S.C. 6303 timely written notice and demands are prerequisites to the District Court's authority over government collection actions. If they are missing, this Court can not give the District Court or Circuit Court rulings deference. No Court, since 1983 has found the Plaintiffs owe or there was a timely assessment. See, *Crnkovich v. United*

---

http://66.102.7.104/search?q=cache:KAPWrIHBKc8J:www.treas.gov/offices/tax-policy/library/t0neting.pdf+IRS+global+netting+of+interest+computer&hl=en

*States*, 202 F.3d 1325 (Fed. Cir. 02/01/2000) 2000.CFC.0042038

http://www.versuslaw.com[¶104, 105]

> “This court's role, however, is simply to apply the tax laws as Congress drafted them. Congress has determined that a crucial part of its statutory scheme covering taxes is the inclusion of statutes of limitations. …It was the IRS's failure to timely record the tax assessment that resulted in its giving the erroneous tax refund….”

Id.

*Also, Christopher Village, L.P. v. United States*, 360 F.3d 1319 (Fed. Cir. 03/08/2004)

> “A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect. . . ..”. *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir.

1972)) [[3]]

Where the facts as to jurisdiction go to the merits, a Rule 12 dismissal converts to Summary Judgment standard. Due to the phone call yesterday, it became evident that the Court would not look at evidence as to the merits. Yet discussion of the merits was inescapable because the same facts to this Court’s jurisdiction over the Plaintiffs’ claims.

The case law on this matter appears uniform throughout the circuits. In a Rule 12(b)(1) motion, the plaintiff bears the burden to show by a preponderance of the

[3] . *Osborn v. United States Bank, 9 Wheat. 737; Smith v. Adams, 130 U.S. 167;* Story on the Constitution, 4th Ed., § 1646; *In re Pacific Ry. Comm., 32 Fed. 241.* It is fundamental that "the controversy, in a suit, is the one actually presented by the pleadings, and not what it might have been." Vulcan Detinning Co. v. American Can Co., 130 Fed. 635. Consent, as in any filings in the District Court, does not confer jurisdiction where there was no "case" or "controversy," within the meaning of the Federal Constitution. Little v. Bowers, 134 U.S. 547; California v. San Pablo R. Co., 149 U.S. 308; Muskrat v. United States, 219 U.S. 346; Torrence v. Shedd, 144 U.S. 527; Liberty Warehouse Co. v. Grannis, 273 U.S. 70. *See Freytag v. Commissioner*, 1991 U.S. LEXIS 3818,*49-50 ;501 U.S. 868;

evidence that this Court has subject matter jurisdiction. See Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994). The Court itself must make an independent investigation of its own jurisdiction. *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). Such necessitates the Court going outside the pleadings.

Yet if this Court will not examine the proof, because it goes to the merits, the Plaintiffs are in an impossible spot. Proof of a void judgment also eliminates res judicata and claim preclusion, as well as, court rulings that are *sub silentio* on the issues of full payment, timely assessment, and written notice and demand. The Plaintiffs were incapable of payment of any amounts further in 1983 because no written notice and demand for the actual payment, P. App. pg. 141, was given them. The computer transaction codes for the year 1974, show only a 'limited' interest was to apply, but further, the account was closed to further collection by a purposefully late assessment. P. App. at pg. 5 and the Plaintiffs' form 872 only allowing collection to a date certain . P. app. 57-59, which date was about a month earlier than the date of late assessment 7-25-83. The amount written on the business card of Dal Lawsen was via a phone call and written by the Plaintiff Mr. Simons.

Rule 12(b)(6) was used here, but if the Court looks to evidence, as here it examined the check for $49, 546.55, (while avoiding examining or referencing the rest of the Plaintiffs' evidence of full payment) it converts the Rule 12 dismissal to a summary judgment motion, wherein the burden shifts to the government to show that no genuine issue of material fact exists. Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc., 988 F.2d 1157, 1164, 26 USPQ2d 1038, 1044 (Fed. Cir. 1993) ("Rule 12(b)(6)

provides that if matters outside the complainant's pleading are presented to the court the motion shall be treated as one for summary judgment under Rule 56.").

Further, when the facts as to jurisdiction go to the merits, as here, then the Court is obliged to use a summary judgment standard. Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983); Steen v. John Hancock Mutual Life Ins. Co., 106 F.3d 904, 910 (9th Cir. 1997).

There is no doubt that the parties, issues, and all involved in the District Court were identical to the 1983 agreement. For this reason, as discussed yesterday, these Plaintiffs could not amend their complaint to cover a breach of a 2001 alleged contract that had no meeting of the minds, government consideration, legal capacity under 26 USC 7121. There were no issues left to be determined after the 1983 agreement, and *res judicata* and claim preclusion apply to the 1983 contract, that was breached. *Anthony v. United States*,987 F.2d 670(10th cir.1993); *Kurio v. U. S.*, 429 F. Supp. 42, 1970.STX.0000028http://www.versuslaw.com. *Hurt v. United States*, 70 F.3d 1261(4th Cir.1995. The Tucker Act provides that only this Court has authority to hear these Plaintiffs' breach of contract claims. Finally, the record shows there was no handwritten agreement as it was (1) not signed by anyone with authority, (2) had no meeting of the minds [4]; the Plaintiffs were acting under the duress not being able to meet their burden

[4] **Offer**: The 2001 handwritten offer, later declared contract, reads as follows:

"1. Snow to recommend to his superiors a "worldwide" settlement (all claims in any way related to the matters in this case (thurmond, Lusty, Lawson, etc.) For a cash payment of $55,000 on behalf of [?] offeror Dan C. Simons, by cashier's check, to the Deparment of Treay 30 days after notification of offer's acceptance.
2. If the Department does not accept, Plaintiffs' motion for summary judgment will be [ set?] for argument.

of proof, by supplementing the record with evidence withheld in 8 years of litigation from 1992 until 2000, [[5]] and a District Court refusing to consider the 1983 agreement. [[6]]. Under the 2004 Simons 10th circuit ruling, nothing from the District Court would be binding as a contract if "lack of actual consent, fraud in obtaining consent, lack of federal jurisdiction, or mistake are shown,". *U.S. v. Simons*, Tenth Cir. 02-4201, Jan. 22, 2004 [unpublished but binding on this case]. There were misrepresentations that the District Court refused to examine, and a 1983 agreement memorialized as stipulated twice, thus destroying its res judicata and claim preclusion protections. Additionally, it appears, as almost a footnote, that Judge Benson should have disqualified himself under 28 U.S.C. 455, due to being considered for a an appointment with the then new Bush administration

---

3. If Simons' payment is not made, Plaintiffs' Motion will be [set? ] for argument.
4. Upon payment all IRS claims against the Simons (Dan & Sally & all the defendants named in this case 2:92cv10718 will be forever discharged, released, extinguished- and any and all lines assessments etc. shall be released if they have not already been released.

[Signed Dan C. Simons Jeffrey Snow Susan R. Schildmeyer] "
(P. Am. Complt. App. pg. 130)

**Lack of Acceptance and Counteroffer:** The government's response reworded the handwritten offer, deleted the term 'worldwide'and then stated

"If the proponent agrees to the conditions set forth above, then the Simons need to cause a cashier's or certified check, made payable to the United States Treasury to be received at this office within 30 days after your receipt of this letter." P. App. pg. 207-208. . The government's response letter was clearly a counteroffer that extinguished its acceptance of the original offer. (Second) Restatements of Contract at §§59 and 60. The government told the District Court it was preserving potential claims not currently in the case before the Court. P App. 206a.

[5] "….and under the circumstances that that was an inappropriate effort to increase the factual record or supplement the factual record which was, in any event, untimely." Transcript of March 21, 2001 plt. App. pg. 219.

[6] "..they want to work backwards all the way back to 1973 and '74 and 1983 and the Court is having none of it." Transcript of June 18, 2002 District Court plt. App. pg. 230

in the Department of Justice. [7] While the government may seek no further payment on the District Court case, potential claims are statutorily in place under 26 U.S.C. 60 and 108 that no attorney or Court can guarantee the government will not pursue, leaving the Plaintiffs totally unprotected by a Court order incapable of extinguishing powers guaranteed by Congress. There is no basis for res judicata to apply to the district Court under these facts and law. If 1983's decision and agreement never existed, then the Court would be correct, but it does exist and these Plaintiffs' seek its protection and their rights there under for its breaches and the withholding of their evidence that cost them millions in damages.

Plaintiffs pray the Court will mandate that a Rule 56 summary judgment standard should have applied to the motion for dismissal, and order the parties to brief the appropriateness of dismissal under the Rule 56 standard, or reverse its dismissal due disagreement as to material facts after exercising its burden under CFCR 12(b)(1).

So signed this 11th day of January, 2007

/s/ Susan Rose
Attorney for the Plaintiffs
9553 S. Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441

CERTIFICATE OF SERVICE

It is understood that this is an electronic filing case and this document will be electronically transferred to : /s/
MICHAEL O'CONNELL
Trial Attorney
Commercial Litigation Branch

---

[7] http://www.appointee.brookings.org/resourcecenter/tracker2.htm (The Brookings Project). Further, since 2004, the U.S. Attorney for Utah has been Brett Tolman, over this case, clerked for Judge Benson, from 1998-2000, and was privy to any discussions of the case in chambers with Judge Benson. Deseret News, January 18, 2004, People on the Move column. No one advised the Plaintiffs of this relationship.

Civil Division
United States Department of Justice
Washington, D.C. 20530
Attention: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, DC 20530

# In the United States Court of Federal Claims

DANNY C. SIMONS AND SALLY J. SIMONS,)
) Electronic Filing
Plaintiffs, )
) No. 06-115C
v. )
) The Honorable Judge Braden
THE UNITED STATES, )
)
Defendant.

**ORDER GRANTING THE PLAINTIFFS' MOTION**

NOW COMES THE COURT, having received and reviewed the Plaintiffs motion to finds that the Rule 12 .

Signed this _____ day of _______, 2006

________________________________
Judge Susan Braden

# In the United States Court of Federal Claims

DANNY C. SIMONS AND SALLY J. SIMONS,)
) Electronic Filing
Plaintiffs, )
) No. 06-115C
v. )
) The Honorable Judge Braden
THE UNITED STATES, )
)
Defendant.

## PLAINTIFFS' RCFC RULE 15 AMENDMANT/SUPPLEMENT of THE AMENDED COMPLAINT

The Plaintiffs' amendment and supplement of the Amended Complaint, without displacing it, without displacing its verification and without displacing the exhibits attached to the Amended Complaint as incorporated within the Amended Complaint, as follows:

"162a. Plaintiffs further assert that the government by and through its officers of the court, in District Court, committed fraud upon the Court, but the enumerated activities cited above, and by the submission of a summary judgment motion, upon which the Court relied to deny Plaintiffs relief from the government's prior collection action, and to ORDER the Plaintiffs to pay an additional $55, 000 while making them possibly continuing liable for claims under statute provision 26 U.S.C. 108 for a forgiveness of a debt the Plaintiffs' never owed. '

"254a. Plaintiffs seek for the Court to find and declare that fraud upon the court was committed by the government in the District Court, and its judgments are vacated in their entirety. The 1983 agreement, involving two Tax Court decisions, was fully paid, and

breached by the government's refusal to forebear further collections under 26 U.S.C. 7121. "

So Signed this 29th day of June, 2006

________/s/___________________

Susan Rose, (Utah Bar No. 7985)
*Counsel for the Plaintiffs*
9553 South Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing is being emailed and mailed by U.S. mail to opposing counsel, by U.S. mail on this 29th day of June, 2006

MICHAEL O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530
Attention: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, DC 20530