IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DANNY C. SIMONS AND SALLY J. SIMONS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-115C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CLARIFICATION, AMENDMENT AND RECONSIDERATION OF THE COURT'S NOV. 29, 2006 ORDER

Pursuant to Rule 60(b) of the Rules of the Court of Federal Claims ("RCFC"), as well as the discussions at the status conference on January 10, 2006, at which the Court requested defendant to submit a short brief, defendant respectfully submits this response to the Simons' motion for clarification, amendment and reconsideration of the Court's Nov. 29, 2006 order.[1]

INTRODUCTION

As Judge Benson of the District Court for the District of Utah aptly noted, the Simons are carrying on a "decades long feud" against the Government. See, district court hearing transcript at p. 30, line 12 (Tr. 32/12) (docket no. 30, appendix). The arguments that they make in their Rule 60 motion can best be explained in the context of this feud. The feud also explains why the Simons filed this action after losing conclusively in the Court of Appeals for the Tenth Circuit. It explains why they recently filed a Rule 60 motion in the district court, appealed the district

---

[1] Subsequent to the status conference on January 10, 2007, the Simons filed a "motion for the Court to apply the CFCR 56 standard for dismissal instead of Rule 12 standard." In an e-mail from the Court's law clerk on January 11, 2007, the law clerk stated that the Court would advise the parties if the Court would like additional briefing on this issue. Therefore, the Government will not respond to this motion unless requested to do so by the Court.

court's denial of that motion to the Court of Appeals for the Federal Circuit, and have filed numerous motions and other documents in this Court subsequent to the Court's dismissal of their complaint on November 30, 2006. Apparently, no judgments or orders of any court will impede their continuation of this feud.

ARGUMENT

RCFC 60(b) provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for six reasons set forth in the Rule. The motion must be filed within a reasonable time, and for RCFC 60(b)(1-3) motions, it must be filed within one year after the judgment, order or proceeding. The Simons do not state which of the six bases for relief from judgment in the Rule they are relying upon. Relief pursuant to Rule 60(b) is granted only in exceptional circumstances. Ciaccio v. Sec'y of Health & Human Resources, 27 Fed. Cl. 202, 203 (1992). We briefly address the plaintiff's arguments below.

At pages 3-6 of their motion, the Simons allege that the "crux of the problem" is that the Simons fully paid the original 1983 settlement which should have prevented the Government from seeking further payment from them. This argument is barred by the doctrine of res judicata. See, Simons v. United States, November 30, 2006 slip opinion at 5 (discussing standard for res judicata). As we have previously stated, if the Simons had paid in full in 1983, this would have been a complete defense to the Government's 1992 district court action. In fact, the Simons raised these arguments in the district court, but the district court emphatically rejected them. At oral argument on the Government's motion for summary judgment and the Simons' motion to dismiss for lack of subject matter jurisdiction, Judge Benson stated: "[t]he ruling will be, so there is no misunderstanding, the Court will rule for the United States. I find no disputed issue of fact

here. I find the facts completely clear in favor of the government." Tr. 32/14 to 32/17. Judge Benson further stated to the Simons' that "your position has no legal merit in my view whatsoever. None. The motion to dismiss for lack of subject matter jurisdiction is so off that I don't even know where to begin to address it as a legal proposition." Tr. 35/16 to 35/18.[2]

As the Tenth Circuit's fourth decision in this case notes, the Simons then voluntarily settled the district court action. United States v. Simons, 86 Fed. Appx. 377 (2004). Because a consent judgment issued in the district court, the Tenth Circuit held that the Simons "waived their right to appeal ..." Id. at 378.

At pages 6-13 and 21-25 of their motion, the Simons again argue that the district court lacked jurisdiction to consider the Government's action to collect the taxes owed by the Simons. This arguments lacks any merit. It is simply another exhibition of the Simons' refusal to accept the decision of the Tenth Circuit. As the Tenth Circuit explained to them, "this action to reduce a tax assessment to judgment clearly falls within the broad grant of jurisdiction to the district courts over matters arising under the internal revenue laws." Id. at 379; (citing 28 U.S.C. §§ 1340 & 1345; 26 U.S.C. § 7402(a); United States v. Anderson, 584 F.2d 369, 370 (10th Cir.1978); United States v. Scherping, 187 F.3d 796, 798 (8th Cir.1999).

The Simons also continue to argue that the district court judgment is void and that this Court, therefore, possesses jurisdiction to consider this action. Motion at 7. However, their motion utterly fails to address the Court's correct statement of the law that the Court does not

---

[2] Later in the motion, the Simons state that they submitted "undisputed" proof of full payment in 1983. Motion at 11. Based upon, among other things, Judge Benson's assessment of the legal and factual merits of the Simons' claim, we see no good faith basis for counsel to the Simons to make this representation to the Court.

possess jurisdiction to review the decisions of other Federal courts. Slip op. at 9 (citing Verda, Ltd. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001). Nor can the Court declare a district court judgment void pursuant to RCFC 60(b)(4). Carney v. United States, 462 F.2d 1142 (Ct. Cl. 1972).

At pages 13 to 15 of their motion, the Simons contend that the Court erred in dismissing their fraud claims because they allege that the fraud related to the Government's "carrying out the express and implied terms of the 1983 agreement." Motion at 13. However, even if they are correct, which they are not, this would have been a defense to the Government's 1992 district court action and is now barred by res judicata.

Finally, at pages 15-21 of the motion, the Simons discuss the 1983 and 2002 settlements. The Simons discuss these settlements in light of the leave to amend their complaint that the Court granted the Simons with respect to the Government's alleged breach of the 2002 settlement. Slip op. at 9. The Simons state that they "need the assistance of the government ... to show them how" to amend their complaint. Motion at 15. However, at the status conference on January 10, 2007, counsel for the Simons stated that the Simons would not attempt to amend the complaint to state a cause of action relating to the 2002 settlement agreement. Thus, this section of the Simons' motion is now moot.

CONCLUSION

For the foregoing reasons, and for the reasons stated in our earlier briefs, defendant respectfully requests that the Court deny the Simons' motion for clarification, amendment and reconsideration of the Court's Nov. 29, 2006 order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Michael N. O'Connell
MICHAEL N. O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-0282
Attorneys for Defendant

Dated: January 19, 2007

Certificate of Filing

I hereby certify that on this 19th day of January, 2007, a copy of the defendant's response to the Simons' motion for clarification, amendment and reconsideration of the Court's Nov. 29, 2006 order was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Michael N. O'Connell
Michael N. O'Connell