# In the United States Court of Federal Claims

| | |
|---|---|
| DANNY C. SIMONS AND SALLY J. SIMONS, | ) |
| | ) Electronic Filing |
| Plaintiffs, | ) |
| | ) No. 06-115C |
| v. | ) |
| | ) The Honorable Judge Braden |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | |

## MEMO IN SUPPORT OF PLAINTIFFS' MOTION TO DISQUALIFY THE COURT AND MOVE THE CASE TO ANOTHER JUDGE FOR A NEW TRIAL AND REPLY TO THE U.S.' RESPONSE

**NOW COME THE PLAINTIFFS**, by and through undersigned counsel pursuant to the Rules of the Court of Federal Claims 'RCFC', and 28 U.S.C. §144 and §455 and Judicial Cannon 3 for the Court to disqualify itself, and assign the case for a new trial to another judge, the facts and law of which also reply to the government's response on the reconsideration motion, based upon the following memorandum of fact and law:

MATERIAL FACTS

1. On August 15, 2006 the Court promised it would read the complaint more closely, and the plaintiffs would have a hearing with a court reporter and transcription upon their complaint, expressed displeasure at the motions to strike and for sanctions, and denied permission for personal appearances, stating to the government that if Plaintiffs were not going to be physically present, neither would they. All the Plaintiffs requested was a hearing on the facts and evidence, by an impartial tribunal, on the record.

2. On about November 30, 2006 the Court issued a dismissal order without the promised hearing.
3. Plaintiffs file a Rule 59 and 60 motion, among others, and a status conference was held January 11, 2007.
4. That hearing was not transcribed nor taped by the Court, and was on the merits, with citations to the record and evidence in the appendix, though the Court clerk took a notes for any orders that would have to be written.
5. The Plaintiffs asked the Court to have the government respond with evidence to the issue of 1) full payment of the Plaintiffs' 1983 agreement, and 2) lack of timely assessment, both which deprive a District Court of giving relief to the government, the first by lack of injury or standing, and second, by statutory bar.
6. The government, again without citing one scintilla of any reliable evidence whatsoever, 1) made the bald assertion that the Plaintiffs had not paid in 1983, did not address the lack of timely assessment, 2) did not address the withholding of evidence until 2000, 3) stated the Plaintiffs should have addressed their claims early on in District Court ( material records were not available until 2000), 4) were litigious, but failed to site one other case aside from the government initiated District Court case, and 5) stated the damages were about $75 million, to which the Court replied, yes, I saw that. Both the government and the Court used a tone of voice of incredulity and agreement as to the amount being outrageous. The term $75 million is not found anywhere in the original or amended complaint.
7. The debate was heated and lasted about an hour. The Court stated to the government in an approving tone of voice that it would draft an order

immediately or today, (though it was the end of the day), and told the government it could take however long it wished to respond to the Rule 59 or 60 motion, that it would have to respond because the higher courts want to see that Plaintiffs were given every opportunity to make their case, and that it need not respond to anything it did not wish to respond to. The government said it would respond by February 2, 2007.

8. The Court could have stopped the debate at any time, but asked questions as to the activities in the District Court government initiated case, and about the facts and the lack of any agreement in 2001.

9. The evidence here is incorporated into the complaint and goes to both the merits and jurisdiction as discussed in both the August 15 and January 11 hearing.

10. The Plaintiffs seek to have the Court rely upon the finality of the 1983 agreement that they could not express or describe with any accuracy until 2000 when their original returns, district counsel's decision, form 872 statutory extension of time for assessment, an internal assessment requisition form signed by a manager to do a late assessment, were found.

11. The government seeks to have the Court rely upon the District Court's 2002 judgment.

12. Res judicata attaches to both the Tax Court and District Court decisions.

13. The Tenth Circuit has upheld both.

14. The Tenth Circuit upheld the District Court with the proviso that there would be no valid final judgment if "lack of actual consent, fraud in obtaining consent,

lack of federal jurisdiction, or mistake are shown," citing to *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 526 (10th Cir. 1992).

15. Here, there is a statutory bar to any further 'consent' to alter, modify, disregard, or nullify a final closing agreement, of which the 1983 Tax Court decisions and stipulated underlying documents, demonstrate there was.

16. Denial of and misrepresentation of the administrative file to the Plaintiffs constitutes fraud and mistake.

17. Full payment and lack of timely assessment deprive the District Court of federal jurisdiction.

18. This Court recognized that its jurisdiction relies on whether or not 1) there was full payment of the 1983 agreement, 2) timely assessment after the decisions, 3) whether the documents were withheld until 2000 (to toll the statutes), and 4) written notice and demand, that go to the merits in the January 11, 2007 hearing, and the August 15, 2006 hearing wherein it promised an evidentiary transcribed hearing.

19. Presuming an appeal, counsel discovered in preparation, that having a record of the proceedings would be material as to showing the lack of any evidence by the government as to if there was or was not full payment of a 1983 final closing agreement, timely assessment, withheld documents, and written notice and demand, and the fact that the bald assertions by the government were untrue, defamatory, prejudicial, all supportive of why they should be stricken from the record.

20. The Court denied the request of Plaintiffs' counsel for the clerks notes to be made available to both the government and plaintiffs.

21. Attached is an affidavit of good faith showing that this motion is not being brought for purposes of delay or harassment or in any intent other than good faith. Attachment A.

**LEGAL ARGUMENT**

It is important to state up front that this motion in no way reflects on the integrity of the Court. This Court has a judge of high and exemplary qualifications, decades of litigation experience in complex litigation that far exceeds that of this counsel or government's counsel, for that matter. This Court was ratified by the United States Senate, and to date, appears to have an exemplary record. There is no accusation in this motion implied or specific as to any conduct that could be remotely be viewed as bringing dishonor upon the Court.

The Court described a very heavy case calendar on January 11, 2007, is planning to go out of the country within the next month or so, and may not be viewing the case from the standpoint of a disinterested reasonable person, the test for application of 28 U.S.C. §455 (a) . [[1] ] The First, Fifth, Sixth, Tenth, and Eleventh Circuits have said that close

[1] *See, e.g., United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998), *cert. denied*, 119 S. Ct. 1793 (1999); *In re* Hatcher, 150 F.3d 631, 637 (7th Cir.1998); *Baldwin Hardware Corp. v. Franksu Enter. Corp*., 78 F.3d 550, 557 (Fed. Cir. 1996); *Blanche Rd. Corp. v. Bensalem Township*, 57 F.3d 253, 266 (3d Cir.1995); *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992); *Vieux Carre Prop. Owners v. Brown*, 948 F.2d 1436, 1448 (5th Cir. 1991); *In re* Barry, 946F.2d 913, 914 (D.C. Cir. 1991); *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990); *Little Rock Sch. Dist. v. Arkansas*, 902 F.2d 1289, 1290 (8th Cir.1990); *Parker v. Connors Steel Co*., 855 F.2d 1510, 1524 (11th Cir. 1988); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *In re* United States, 666 F.2d 690, 695 (1st Cir.1981).

questions should be decided in favor of recusal [2]. However, most circuits hold "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." [3]

Canon 3A(4) forbids judges to initiate or consider ex parte communications on the merits of pending or impending proceedings. Canon 3C is mirrored in Section 455(a) of the Judicial Code requires judges to recuse themselves when their "impartiality might reasonably be questioned." 28 U.S.C. s 455(a). Section 445(b) applies without discretion of the Court. *Liljeberg v. Health Services Acquistion Corp*. 486 U.S. 847, 860 n. 8 (1988). If any circumstances of the facts fall under 28 U.S.C. 455(b), they satisfy 455(a) also. *Liteky v. U.S.* 510 U.S. 540, 553. The Supreme Court has also held that a violation of section 455(a) takes place even if the judge is unaware of the circumstance that created the appearance of impropriety. In *Liljebergv. Health Services Acquisition Corp.* the Supreme Court held that the purpose of section 455(a) is to promote public confidence in the integrity of the judicial process, and the Court observed that such confidence "does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew."

---

[2] *See Republic of Pan. v. American Tobacco Co*., 217 F.3d 343, 347 (5th Cir. 2000) (citing *In re* Chevron, 121 F.3d 163, 165 (5th Cir. 1997)); *In re* United States, 158 F.3d 26, 30 (1st Cir. 1998); *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995); *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993); *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989).

[3] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). *Accord Nakell v. AG of N.C.*, 15 F.3d 319, 325 (4th Cir. 1994); *In re* Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988); *Easley v. University of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988); *Suson v. Zenith Radio Corp*., 763 F.2d 304, 308–09 n.2 (7th Cir. 1985); *Brody v. President & Fellows of Harvard College*, 664 F.2d 10, 12 (1st Cir. 1981).

Discussion of the merits may have been unintentional, but the Court, being in a place of greater litigation experience and authority, would know and understand the necessity for a record upon which the Court announced its decision, and could have stopped the discussion and rescheduled an evidentiary hearing as to reconsideration motions. The Court likewise instructed the plaintiffs had to meet their burden, but announced it would not look at the evidence until jurisdiction was addressed, and then listened to great debate as to the facts and evidence. So if the Plaintiffs have a burden to meet, and the Court refuses to examine the evidence, yet makes up its mind upon colloquy of the attorneys and without the government submitting evidence, upon what record can the Plaintiffs' challenge the Court? None.

*Personal knowlege*

28 U.S.C. 455(b)(2) requires disqualification where information comes into the 'personal knowledge' of the Court from extrajudicial sources. The Seventh Circuit has held that in Court hearings without transcripts, the Court comes into personal knowledge within the meaning of 455(b)(1). See, *Edgar v. K.L.*, 93 F.3d 256, 259 (7th Cir. 1996) ("The point of distinguishing between 'personal knowledge' and knowledge gained in a judicial capacity is that information from the latter source enters the record and may be controverted or tested by the tools of the adversary process."); *Liteky v. United States*, 510 U.S. 540 (1994). Unlike, *In Re Hatcher*, 150 F.3d 631m 635 (1998), where the Court transcripts from one court essentially place the Court in the position of being an observer, the transcripts of the District Court here, show no debate over the evidence of these claims here, because in the District Court case, the Judge said he would not look back to 1983 and would not supplement the evidentiary record. Here, the Court by eliminating

the duty of the government to respond to the facts of the complaint or even the key jurisdictional issues in the motion for reconsideration, agreeing with the government's bald assertions, stating it would draft the order before any response was filed by the government, and given the denial of the Clerk's notes and lack of assistance in reconstructing a record, albeit, inadvertently probably, the Court has deprived the Plaintiffs of any factual record upon which to test the evidence of the government. Further, the Court has already expressed it opinion without testing the evidence, or making the government produce even a scinitilla of evidence to counter all the evidence of the Plaintiffs. Moreover, it is difficult, if not impossible, for a judge, no matter how sincere, to purge untested evidentiary or bald assertions and such information from her mind - and, maintain the perception of impartiality necessary under 28 USC 455(a).

The government has a duty under Rule 12(b)(1) and a RCFC 56 summary judgment standard that must be applied facts and evidence that go to both the merits and jurisdiction. The Court, being much more experienced in litigation, was more likely to be aware of this standard and the government's duty to prove there were no contested material facts. Yet, neither the Court nor government responded to this counsel's query on the matter. Additionally, both the government and Court addressed a '$75 million dollars' in damages that is not found in the original or amended complaint. How could the Court say she saw that, when it did not exist, raising the question as to if the Court has thoroughly read the complaint.

The Complaint was filed with detail based upon the requirements of RCFC Rule 9 as to time, dates, places, persons involved, with the administrative record referenced, due to charges of fraud and mistake in the breach of the 1983 contract. Here, the Court's

decisions, made prior to a response to the Rule 59 and 60 motion, rest on out of court statements, untranscribed and unrecorded, that could have been stopped, and through which the Plaintiffs can find not basis for the Court's ruling, much less document the basis for the Court's presumptions for the government in the face of so much evidence to the contrary from government records not disclosed until 2000. The Court's unwillingness to share the court clerks notes and reconstruct the record of the hearing, also creates, at least an appearance of proceedings that would challenge the impartiality of the Court in a reasonable persons' mind under 28 U.S.C. 455(a).

CONCLUSION

Based upon the foregoing, the Court's proceedings, lack of court record, lack of willingness of the court to reconstruct a record, the court's determination to write a favorable decision on the Rule 59 and 60 motions prior to response being filed by the government, the lack of evidentiary hearing going to this Court's jurisdiction and the merits, the lack of application of a Rule 56 standard for dismissal, and the breaking of a promise that the Court shows no desire to cure for an evidentiary hearing, given the large amount of evidence from experts and the administrative and prior judicial record placed before the court by the plaintiffs, would lead the reasonable person to question the impartiality of the court under RCFC 455(a). The conversion of the status conference to one on the merits without the availability of a transcript or tape or clerks notes, disallowing the Plaintiffs the ability to challenge any government evidence upon which it relies, in the normal adversarial processes attended for all others, brings the Court's information upon which it relying under 'personal information' as per 28 USC 455(b).

Based on the foregoing, the case should be reassigned to another judge for a new trial, with the rule 59 and 60 motion granted if necessary for such a purpose.

So Signed this 21st day of January, 2007

________/s/___________________
Susan Rose, (Utah Bar No. 7985)
*Counsel for the Plaintiffs*
9553 South Indian Ridge Drive
Sandy, Utah 84092
(801) 545-0441

CERTIFICATE OF SERVICE

This case is an electronic filing case and so it is understood that this motion will be electronically transmitted by the Court to the following counsel on this 21st day of January, 2007. /s/ Susan Rose
MICHAEL O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530
Attention: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, DC 20530