IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DANNY C. SIMONS AND SALLY J. SIMONS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-115C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY

Pursuant to Rules 1 and 40.3 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this opposition to the Simons' motion to recuse Judge Braden and to reassign the matter. As we demonstrate, the Simons fail to demonstrate any bias or favoritism on the part of Judge Braden that requires recusal.

FACTUAL BACKGROUND

On November 30, 2006, the Court issued an opinion dismissing the Simons' amended complaint. Simons v. United States, -- Fed.Cl. --, 2006 WL 3488862 (2006). However, the Court granted the Simons leave to amend one small aspect of their complaint which alleged that the Internal Revenue Service had breached a contract with the Simons by sending them a bill for $4,100. The Court ordered the Simons to file a second amended complaint by December 15, 2006.

The Simons did not file an amended complaint. However, as has been their practice throughout this case, they continued to file other motions with the Court which reargued the merits of the case that they voluntarily settled at the district court. See, United States v. Simons, 86 Fed. Appx. 377 (2004). On December 8, 2006 they filed a motion for reconsideration/relief

from judgment; on December 15, 2006, they filed a motion for the entry of judgment pursuant to Rule 54(b). On January 8, 2007, they filed a notice of appeal even though no judgment has been entered by the Court.

On January 10, 2007, the Court conducted a status conference by telephone. The status conference apparently was not transcribed. The Simons never requested that the conference be transcribed, either before or during the hearing.

It appeared to defendant's counsel that the topics that the Court intended to discuss during the status conference were: (1) whether the Simons intended to amend their complaint pursuant to the leave granted by the Court. Much of the discussion centered upon this topic, with the Simons' attorney stating that they would not file an amended complaint; and (2) whether the Court would direct the Government to file a response to the Simons' motion for reconsideration. Although these topics were essentially procedural in nature, the Simons attorney persistently sought to argue the merits of the case. Thus, to the extent that substantive matters were discussed during the conference, such discussions were driven by the Simons insistence upon discussing the merits of the case.

ARGUMENT

The Simons seek recusal of Judge Braden based upon 28 U.S.C. §§ 144 and 455. Section 144 provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Section 455 provides that:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

In order to remove a judge for personal bias or prejudice, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." Charron v. United States, 200 F.3d 785, 789 (Fed. Cir. 1999) (quoting United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). The Supreme Court has also explained that judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Opinions formed by the judge on the basis of facts introduced or events occurring in the course of a proceeding do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Liteky v. United States, 510 U.S. 540, 555-56(1994). Thus, "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display" do not establish bias. Id.

Finally, the Federal Circuit has also explained that:

> A judge is not to be faulted as biased or prejudiced because he has considered that the effective discharge of his responsibility over proceedings before him ... has demanded the consistent rejection of an attorney's contentions or strong measures to prevent what he regards as inexcusable waste of time. Moreover, an occasional display of irritation, usually regretted as soon as made, does not suffice to show personal bias or prejudice, whether the irritation was justified or not.

Charron, 200 F.3d at 789 (quoting Rosen v. Sugarman, 357 F.2d 794, 798 (2nd Cir. 1966)).

Here, the Simons do not even attempt to make a showing that the Court issued “an opinion on the merits on some basis other than what the judge learned from [her] participation in

the case." Charron, 200 F.3d 789. The sole basis of the Simons recusal motion appears to be the January 10, 2007 telephonic status conference between the Court and the parties. As the Simons state, the status conference was not transcribed. The Simons cite no precedent which provides that when a Court conducts a status conference that is not transcribed, the judge must thereafter be recused. Nor are we aware of any such precedent.

In support of their motion, the Simons state that the "Seventh Circuit has held that in Court hearings without transcripts, the Court comes into personal knowledge within the meaning of [section] 455(b)(1)." Simons memorandum at 7 (citing Edgar v. K.L., 93 F.3d 256 (7th Cir. 1996)). In Edgar, a judge met ex parte with a panel of experts that he appointed to investigate Illinois mental health institutions. The purpose of the meeting was for the judge to receive a preview of the panel's conclusions and for the panel to persuade the judge that their methodology was sound. Edgar, 93 F.3d at 257. The language that the Simons quote from Edgar refers to these ex parte meetings. See, id. at 259. The judge blocked discovery from the other participants in the meeting and refused to state on the record what had occurred. Id. at 258. The Seventh Circuit held that these ex parte communications were grounds for recusal of the judge. Simply put, Edgar has nothing in common with the present case.

Pages 7 to 10 of the Simons motion again re-argue the merits of the case and protest the Court's opinion that dismissed the Simons' complaint. However, the Court's rejection of the Simons' arguments is not a basis for recusal. Charron, 200 F.3d at 789.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny the Simons' motion to disqualify.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Michael N. O’Connell
MICHAEL N. O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 353-1618
Attorneys for Defendant

Dated: February 1, 2007

Certificate of Filing

I hereby certify that on this 1st day of February, 2007, a copy of the defendant's response to the Simons' motion to disqualify was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Michael N. O'Connell
Michael N. O'Connell