IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DANNY C. SIMONS AND SALLY J. SIMONS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-115C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR THE COURT TO APPLY THE CFCR 56 STANDARD FOR DISMISSAL INSTEAD OF RULE 12 STANDARD AND DEFENDANT'S MOTION TO BAR PLAINTIFFS FROM FILING ANY FURTHER MOTIONS OR ACTIONS WITHOUT ADVANCE WRITTEN LEAVE OF THE COURT

Pursuant to Rules 1 and 60 of the Rules of the Court of Federal Claims ("RCFC"), defendant respectfully submits this opposition to the Simons' motion for the Court to apply the RCFC standard for dismissal instead of the Rule 12 standard. In addition, we request that the Court bar the plaintiffs' from filing any further motions, or another action, with this Court without obtaining prior written approval from this Court.

## ARGUMENT

### I. The Simons Invocation Of RCFC 56 Does Not Change The Result

The Simons' misunderstanding of the doctrine of res judicata and the jurisdiction of this Court is set forth plainly at page 3 of their memorandum of law where they state:

> A debt owed (standing), timely 26 U.S.C. 6215 assessment and 26 U.S.C. 6303 timely written notice and demands are prerequisites to the District Court's authority over government collective actions. If they are missing, this Court can not give the District Court or Circuit Court rulings deference.

Despite making this extraordinary statement, the Simons cite no precedent that even suggests that this Court, before applying the doctrine of res judicata, must consider whether the United States

District Court for the District of Utah and the United States Court of Appeals for the Tenth Circuit decided the case correctly. Controlling precedent is to the contrary. In Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 325 (1927) the Supreme Court explained that an "erroneous conclusion" in an earlier case "cannot have the effect of depriving the defendants in the second action of their right to rely upon the doctrine of res judicata." Thus, the res judicata effect of an earlier decision "is the same whether resting upon an erroneous view of the law or not." Id. An erroneous decision by a court "is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause." Id.

This Court correctly cited and applied the res judicata test in its November 30, 2006 opinion. Simons v. United States, -- Fed.Cl. --, 2006 WL 3488862 (2006). As the Court's opinion demonstrates, to be entitled to a dismissal based upon the doctrine of res judicata defendant need only establish that "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." Id. (quoting Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n. 5, (1979); Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003); Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1362 (Fed. Cir. 2000). Nothing in this test provides for the Court to review the underlying merits of the case.[1]

In addition, the Simons fail to address the Court's holding that "the United States Court of Federal Claims does not have jurisdiction to review final judgments of the United States

[1] At pages 7-8 of their motion, the Simons argue that Judge Benson should have recused himself in the district court action. It is now, apparently, the Simons' strategy to question the impartiality of the judges involved in this matter. However, they cite no authority that provides that they may avoid the bar of res judicata by questioning the impartiality of the judge in the earlier action.

District Court for the District of Utah or final judgments of the United States Court of Appeals for the Tenth Circuit." Simons at WL p. 9 (citing, among other cases, Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts."). The Simons cite no cases that would allow the Court to hear this matter on the merits when it lacks jurisdiction, nor are we aware of any.

At page 5 of their brief, the Simons again argue that "Proof of a void judgment also eliminates res judicata and claim preclusion ..." However, as we have stated in our earlier briefs, this Court cannot declare a district court judgment void pursuant to RCFC 60(b)(4). Carney v. United States, 462 F.2d 1142 (Ct. Cl. 1972). The Simons have never explained why the Court of Claims decision in Carney does not foreclose this argument.

At page 6 of their brief, the Simons argue that "when the facts as to jurisdiction go to the merits, as here, then the Court is obliged to use a summary judgment standard." Even if this is correct, it does not help the Simons. In support of their argument, the Simons cite Steen v. John Hancock Mutual Life Ins. Co., 106 F.3d 904, 910 (9th Cir. 1997), in which the 9th Circuit held that when jurisdiction is intertwined with the merits, the trial court should employ a summary judgment standard. However, the court of appeals then explained that, if the plaintiff's claim is barred by collateral estoppel, there can be no dispute as to any material fact, and the defendant is entitled to judgment as a matter of law. Id. Thus, even if this rule applied to this Court, it would not help the Simons. The Government would be entitled to summary judgment because it demonstrated that the Simons' claim is barred by res judicata.

The balance of the Simons' motion again re-argues the merits of their case. Because we have addressed their arguments in several briefs, we will not respond to them here.

II. The Court Should Bar The Simons From Filing Any Further Motions

As Judge Benson of the District Court for the District of Utah aptly noted, the Simons are carrying on a "decades long feud" against the Government. See, district court hearing transcript at p. 30, line 12 (Tr. 32/12) (docket no. 30, appendix). Were it not for the Simons apparent intent to continue this feud, the denial of the Simons' appeal by the Tenth Circuit would have ended this action. United States v. Simons, 86 Fed. Appx. 377 (2004). Notwithstanding their loss in the Tenth Circuit, the Simons filed this action, making this case precisely the type of vexatious litigation that the doctrine of res judicata is designed to prevent. Since the Court dismissed their complaint on November 30, 2006, the Simons have filed an additional five motions with this Court. Prior to the Court's dismissal of their complaint, the Simons filed numerous, repetitive motions, including several motions to strike and a RCFC 11 motion. Moreover, they have also continued to litigate the district court action. Our review of the docket of the United States Court of Appeals for the Federal Circuit indicates that, on February 1, 2007, the Federal Circuit transferred the Simons' appeal of the district court's denial of their Rule 60 motion to the Tenth Circuit.

The Simons have had more than their day in court. Because there appears to be no end to their desire to continue this litigation, the Court should require the Simons to obtain advance written permission from this Court before filing any further motions, or another action relating to their 1973 and 1974 taxes, in this Court. Anderson v. United States, 46 Fed. Cl. 725, 730-31 (2000).

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny the Simons' motion to apply an RCFC 56 standard and grant defendant's motion to bar the plaintiffs from filing any further motions or another action in this Court without obtaining advance written permission from the Court.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Michael N. O'Connell
MICHAEL N. O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 353-1618
Attorneys for Defendant

Dated: February 6, 2007

Certificate of Filing

I hereby certify that on this 6th day of February, 2007, a copy of the defendant's response to the Simons' motion for the Court to apply the RCFC standard for dismissal was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Michael N. O'Connell
Michael N. O'Connell