Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092
Phone/fax (801) 545-0441

**UNITED STATES COURT**
**OF FEDERAL CLAIMS**

Danny C. Simons and Sally J. Simons

*Plaintiffs*,
vs.
UNITED STATES OF AMERICA,
*Defendant*.

Case No. 06-115
Judge Susan Braden

**REPLY TO THE U.S. RESPONSES**
**TO**
**PLAINTIFFS' MOTIONS TO DISQUALIFY AND TO USE RULE 56**
**AS A STANDARD FOR DISMISSAL**

---

The Plaintiffs reply to both U.S. responses, because the facts and law, will pertain to both, and judicial economy will be served. Plaintiffs are not waiving their motion for disqualification by doing so. It is Plaintiffs position that the U.S. responses provide no challenge to the Plaintiffs' case law and facts in support of disqualification and the use of a RCFC 56 summary judgment standard, as will be found below. The U.S. invites the Court to error regarding dismissal and denial of these motions, when it says *res judicata* is just a final ruling that this Court has no duty, right, or entitlement to examine for jurisdiction, when this Court's own jurisdiction is at stake, as found in *Crnkovich* and *Christopher Village*, among others. **[[1]]** Particularly, in light of the Supreme Court ruling giving these Plaintiffs and entitlement to relief. **[[2]]**

As an initial matter, In this case, Plaintiffs peacefully sought finality for the 1974 tax year, due to ongoing potential collection under IRC. 61, 108**[[3]]** for a 'forgiven debt [never owed] under an invalid 2001 alleged contract that never existed, from a 1992 U.S.-

[1] *Christopher Village L.P. v. United States*, 360 F.3d 1319 (Fed. Cir. 03/08/2004)( citing to the Restatements of judgments, recognizing a collateral attack on judgments, when "[a]llowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government." Id. 12(2) [citations omitted]" holding the District Court and Fifth Circuit Court had no subject matter jurisdiction over the Appellants claims, so as to prevent the Appellant from having access to the Court of Federal Claims.); *United States v. United States Fidelity & Guaranty Co.*, 309 U.S. 506 (1940); *Crnkovich v. United States*, 202 F.3d 1325 (Fed. Cir. 02/01/2000)

[2] *Dynes v. Hoover*, 61 U.S. 65, 81, 82 (1857)( " civil courts have *never* failed, upon a proper suit, to give a party redress, who has been injured by a void process or void judgment ."'Id. emphasis added. "Where there is no jurisdiction over the subject matter, there is..no discretion to ignore …lack of jurisdiction.") F.R.Civ.P.12(h)(3). *Joyce v. U.S.*,474 F.2d 215, 219 (3rd Cir. 1973).

[3] "COD income," refers to income arising from a "discharge of indebtedness." See *Alpert v. United States, 430 F. Supp. 2d 682, 685 n.1 (N.D. Ohio 2006)*. For tax purposes, a discharge of indebtedness is defined as "gross income." See 26 U.S.C. § 61(a)(12). "Forgiveness of debt is income because it frees up assets that the taxpayer previously had to dedicate toward repaying its obligations." *Pugh v. Comm'r, 213 F.3d 1324, 1326-27 (11th Cir. 2000)* (citations omitted).

initiated (*U.S. v. Simons* 92cv1071) District Court having no jurisdiction whatsoever, to which the parties could not consent. **[[4]]** Like, the Crnkoviches and Christopher Village, these Plaintiffs only humbly and respectfully requested one thing from this Court-- A fair and impartial hearing before a completely objective Court, as to their breach of a Tenth Circuit Court ratified -1983 breach of a final closing agreement contract claims, that make the tax years 1972, 1973 and 1974 inseparable. **[[5]]** The government can not dispute that it has already argued a 1983 contract involving 1974 is binding on all parties.**[[6]]** *Simons v. CIR*,185 F.3d 875,84 A.F.T.R.2d 99, 1999.C10.42905 http://www.versuslaw.com. **[[7]]** Damages exceed $10,000 **[[8]]** involving specific facts as to

[4] *Freytag v. Commissioner*, 1991 U.S. LEXIS 3818,*49-50 ;501 U.S. 868 (J. Scalia, concurrence); *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 247-48; *Curtis v. United States*, 144 Ct. Cl. 194, 199, 168 F. Supp. 213, 216 (1958), cert. denied, 361 U.S. 843 (1959), reh'g denied, 361 U.S. 941 (1960); *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir. 1972))( "A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect. . . . ..*".).* *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 81 L. Ed. 2d 694, 104 S. Ct. 2778 (1984).*

[5] The offer references a 'package' settlement inseparable by year (Plt. App. 25-26), the District Counsel's decision says that all three years will be treated 'together for purposes of settlement', (Plt. App. 28) and the IRS-drafted and Plaintiff approved Tax Court 155 computations (Plt. Ap. 16-21) represent an offer from the IRS approved by the Plaintiffs, or they could not be stipulated for both Tax Court decisions, as they were, and the U.S. never disputes in any Court. The mutually agreed stipulated computations are the agreement as to financial adjustments. Nothing mentioning interest.

[6] The U.S. has never disputed that in their brief to the Tenth Circuit Court on Oct. 1, 1998, they successfully argued, "The long and short of the matter before this Court is that the stipulated decision is binding on the parties without regard to whether it is correct on the merits." Accord *Stamm International Corp. v. Commissioner*, 90 TC. 315, 321-322 (1988). " and argued that that stipulated decision was *final.*

[7] *Simons v. CIR* finds all the necessary components of a final closing agreement. "….the IRS issued a notice of deficiency relating to taxpayers' 1974 income taxes. The taxpayers filed a petition for redetermination with the Tax Court on July 13, 1979, disputing the notice of deficiency (Tax Ct. No. 79-10312). In 1980, the IRS issued another notice of deficiency, this time relating to taxpayers' 1972 and 1973 income taxes. Again, the

fraud and mistake, as per RCFC at 9, with evidence incorporated into the Complaint, within the *exclusive* jurisdiction of the Federal Circuit Court (28 U.S.C. 1292) and the Court of Federal Claims (28 U.S.C. §§1346, 1491). The U.S. must agree. **[9]** Tax Court

---

taxpayers filed a petition for redetermination in Tax Court disputing the notice of deficiency (Tax Ct. No. 80-13016). During the course of the Tax Court proceedings, the taxpayers' counsel negotiated with the IRS to settle the disputed taxes. The record before us does not contain a copy of the settlement agreement ultimately reached between the taxpayers and the IRS, but it does contain some correspondence from the taxpayers' counsel concerning proposed terms of the settlement. On April 22, 1983, the Tax Court entered decisions in both cases, each of which purported to be "[p]ursuant to agreement of the parties." Tax Ct. Rec. No. 79-10312, Doc. 13 at 1; Tax Ct. Rec. No. 80-13016, Doc. 10 at 1. In No. 79-10312, the Tax Court found that the taxpayers owed additional taxes of $17,071 and a negligence penalty of $854 for tax year 1974. In No. 80-13016, the Tax Court found that the taxpayers owed no additional taxes or penalties for tax year 1972, but that they owed additional taxes of $23,573 and a negligence penalty of $1,179 for tax year 1973.

The taxpayers allege that they sent the IRS a check for what they believed to be the total obligation due under their settlement agreement with the IRS for tax years 1973 and 1974. They further allege that the IRS erroneously applied the entire payment toward their 1973 tax obligations, plus interest. The IRS has since commenced proceedings in federal district court to collect the allegedly unpaid 1974taxobligation.“

[8] For eight years the Appellant Mrs. Simons and her eight children were fearful of answering the door for fear armed treasury agents were coming to seize their home, and property, based on the numerous threats of such seizures, ECA, enforced collection action, by Rev. Officer Don Thurman (plt. Ap. 68-74). They had no ability to freely use bank accounts, real estate licenses, and develop and capitalize property holdings, from 1988 through at least 1995,with only IRS bad credit. One piece of property is valued at about $140 million dollars, not completely developed.

[9] See, Tucker Acts 28 U.S.C. 28 U.S.C. § 1346(a)(2)), 28 U.S.C. § 1491,
Department of Justice U.S. Attorney’s manual

**“4-4.220 Federal Circuit**

Commercial Litigation Branch attorneys handle the majority of cases in the United States Court of Appeals for the Federal Circuit. *The Federal Circuit possesses exclusive jurisdiction to entertain an appeal from a final decision of a district court if the jurisdiction of the district court is based "in whole or in part" on the Little Tucker Act. See* 28 U.S.C. § 1295(a)(2); *United States v. Hohri,* 482 U.S. 64 (1987).”

**47 Court of Federal Claims Litigation**

“Under the "Little Tucker Act," 28 U.S.C. § 1346, the district courts possess concurrent jurisdiction with the Court of Federal Claims to entertain any monetary claim against the United States for an amount not exceeding $10,000 …. ***When more than $10,000 is***

stipulated decisions are closing agreements, under contract law, with the finality of *res judicata*. **[10]** just like other contracts. **[11]** The damages exceed $10,000, with Appellants paying $300,000 as of about 1999, in legal fees/costs.**[12]**

The failure of the U.S. to rebut the Plaintiffs' factual and legal assertions are material and significant, because the U.S. gives this Court *no* legally viable facts or law upon which to deny the motions for disqualification, reconsideration, or in the alternative for using a rule 56 motion for dismissal.

(1) There is no U.S. rebuttal to the evidentiary unchallenged fact of full payment of the 1983 contract and untimely assessment, such that the U.S. had no standing, and thus, the District Court and Tenth Circuit court, no type of jurisdiction over the 1992 U.S.-initiated action, based on false claims of a debt, invalid assessment, and untimely notice and demand, among other statute violations by the U.S., **[13]**

---

***claimed, the Court of Federal Claims possesses exclusive jurisdiction in these cases. 28 U.S.C. § 1491.*** Although the general rule is that jurisdiction is established at the time of filing, *there is precedent that a claim which is for less than $10,000 when filed but is accruing so that it will be for more than $10,000 at the time of judgment is within the exclusive jurisdiction of the Court of Federal Claims. Goble v. Marsh*, 684 F.2d 12 (D.C. Cir. 1982)…... E.g., Stone v. United States, 683 F.2d 449, 451 (D.C. Cir. 1982)." emphasis added

[10] *Anthony v. United States*,987 F.2d 670(10th cir.1993)*, Hurt v. United States*, 70 F.3d 1261(4th Cir.1995); *Kurio v. U. S.*, 429 F. Supp. 42, 1970.STX.0000028 http://www.versuslaw.com

[11] *Rink v. Commissioner*, 47 F.3d 168, 171 (6th Cir. 1995); *Alexander v. United States*, 44 F.3d 328, 332 (5th Cir. 1995).

[12] For eight years the Appellant Mrs. Simons and her eight children were fearful of answering the door for fear armed treasury agents were coming to seize their home, and property, based on the numerous threats of such seizures, ECA, enforced collection action, by Rev. Officer Don Thurman (Aplt. Ap. 68-74). They had no ability to freely use bank accounts, real estate licenses, and develop and capitalize property holdings, from 1988 through at least 1995,with only IRS bad credit. One piece of property is valued at about $140 million dollars, not completely developed.

[13] There exists (1) *no* I.R.C.§§ 6501, 6503, required timely assessment;

from the beginning. **[[14]]** Nowhere is there any contradiction of these facts in the responses, representing a change in the government's position in this case, possibly due to the necessity of candor to the court, after more precise file review.

(2) The U.S. is completely silent and fails to rebut the fact that the Plaintiffs' evidence shows the 2001 falls within the exception of the rule that an agreement will not be disturbed if there is "lack of actual consent, fraud in obtaining consent, lack of federal jurisdiction, or mistake are shown," *U.S. v. Simons*, Tenth Cir. 02-4201, Jan. 22, 2004 [unpublished] , and likewise, factually fails **[[15]]**to meet the requirements of the Federal Circuit for government contract standards. **[[16]]** The

---

(2) *no* identification of the 'statutory' interest to apply to their Tax Court decisions in the IRS drafted documents(Aplt. Ap. 12-21, 28-30), as required by policy and two Circuit Courts (IRM 8.7/1.1.2 and 35.10.7 and *Anthony v. United States*, 987 F.2d 670 (10th Cir. 1992) *Hurt v. U. S*. 70 F.3d 1261 (4th Cir. 1995))(ambiguities construed against the drafter); also, *Kurio v. U. S.*, 429 F. Supp. 42, 1970.STX.0000028http://www.versuslaw.com ;
(3) no timely written notice and demand for payment(Aplt. Ap. 100, 109, 110) (26 U.S.C. §6215, with no written notice of assessment (Aplt. Ap. 100) within 60 days thereafter. 26 U.S.C. §§6303, 6501, 6503);
(4) no 26 U.S.C. §6321 *prior* written notice and demand (Aplt. Ap. 80) PRIOR notice of levy and liens, PRIOR to the levies and initial lien (Aplt. Ap. 81-84) (depriving them of any administrative appeal prior to the 1992 Court action);
(5) no 26 U.S.C. §§6212, 6213 Notices of Deficiency for supplemental assessments *Singleton v. U. S*., (4th Cir. 1997) http://laws.findlaw.com/4th/961924p.html.

[14] *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 81 L. Ed. 2d 694, 104 S. Ct. 2778 (1984)*

[15] *Botany Worsted Mills v. United States,* 278 U.S. 282, 289, 49 S.Ct. 129 (1929) ("it is stated that-'… The authority of officers of the United States to compromise claims on behalf of or against the United States is strictly limited. … The statutes which authorize conclusive agreements and settlements to be made in particular ways and with the approval of designated officers raise the inference that adjustments or settlements made in other ways are not binding.')

[16] *City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998))(' A binding implied-in-fact contract arises between a private party and the government *upon proof by the person* of: (1) mutuality of intent to contract; (2) consideration; (3) an unambiguous offer and acceptance, and (4) "actual authority" on the part of the government's representative to bind the government.")

U.S. does not dispute the fact that these plaintiffs have never had a Court thoroughly examine the 1983 contract, as the District Court expressly stated it was doing, **[17]** without allowing the Plaintiffs to supplement their evidentiary record **[18]** as to the lack of the District Court's jurisdiction. *See Broughton Lumber Co. v. Yeutter*, 939 F.2d 1547, 1555 (Fed. Cir. 1991) (Thus, even if the issue is not properly raised, this the Tucker Act courts may consider all bases for the trial court's jurisdiction.) To say this Court can't second guess a District Court, denies the binding precedents of *Crnkovich* and *Christopher Village* and *Broughton Lumber*, **[19]** that did precisely that, so as to protect this Court's jurisdiction under the Tucker Act.

*(3)* The U.S. most significantly fails to produce any case law to show how the parties could consent to the District Court's void jurisdiction, fn. 4, **[20]**based on, here, *Un*disputed and *Un*challenge*able* evidence of *false* District Court claims of

---

[17] "..they want to work backwards all the way back to 1973 and '74 and 1983 and the Court is having none of it." Transcript of June 18, 2002 District Court Aplt. App. pg. 230
[18] "….and under the circumstances that that was an inappropriate effort to increase the factual record or supplement the factual record which was, in any event, untimely." Transcript of March 21, 2001 Aplt. App. pg. 219.

[19] *Christopher Village L.P. v. United States*, 360 F.3d 1319 (Fed. Cir. 03/08/2004)( citing to the Restatements of judgments, recognizing a collateral attack on judgments, when "[a]llowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government." Id. 12(2) [citations omitted]" holding the District Court and Fifth Circuit Court had no subject matter jurisdiction over the Appellants claims, so as to prevent the Appellant from having access to the Court of Federal Claims.); *United States v. United States Fidelity & Guaranty Co.*, 309 U.S. 506 (1940).

[20] *Kokkonen v. Guardian Life Ins*., 511 U.S. 375 (1994). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, [citations omitted] which is not to be expanded by judicial decree, *American Fire & Casualty Co.* v. *Finn*, 341 U.S. 6 (1951)." *Fafel v. DiPaola*, 399 F.3d 403, 410 (1st Cir. 2005). ("A court without subject-matter jurisdiction may not acquire it by consent of the parties." ).

statutory prerequisite requirements being met prior to bringing the 1992, so as to allow this Court to support a District Court final judgment which no parties supported, because there was no meeting of the minds [[21]] due to NO U.S. unequivocal acceptance (Id.) of a offer made under the duress of 12 years of untimely undisputedly withheld evidence not allowed into the record, NO material consideration,[**[22]**] and a final judgment, to which the U.S. (Plt. App. 206-206b) and Plaintiffs (Plt. App. 209-214) objected, showing 'no actual consent', 'no federal jurisdiction', 'fraud' or 'mistake', (*U.S. v. Simons*, *supra,* fn.4 *supra)*

(4) The U.S. fails to produce any sound case law to rebut the Plaintiffs' cases for a 28 U.S.C. 455(a), (b) disqualification when (a) the Court, as here, has promised a fair and impartial hearing with a court transcriber, and then dismissed the claims breaking that promise, (b) when the Court has relieved the U.S. of any 26 U.S.C. 7194 burden, as did the District Court and Tenth Circuit, so as to avoid this Court's jurisdiction (*Crnkovich, Christopher Village*), (c) when the Court dismissed Plaintiffs complaint, piecemeal, by the Court's arbitrary discarding, *de facto*, excluding by 'cherry picking' the Plaintiffs U.S.-*Un*challenged, and unchallengeable evidence… actually incorporated within the complaint, going directly to supporting this Court's jurisdiction, and to a lack of jurisdiction of the District Court, and Tenth Circuit Court's jurisdiction… without so much as a single answer to the complaint or a single motion by the U.S. challenging any of the facts and evidence in the Complaint, placing the Court in a prohibited position

---

[21] *Kurio v.U. S.*,429 F.Supp.42,1970.STX.0000028 http://www.versuslaw.com
[22] *Alaska Packers Assn. v. Domenico*, 117 F. 99 (9th Cir. 1902).

of advocacy for the U.S., (d) holding a hearing on the merits-- off the record, making such an unofficial hearing 'ex parte' 'personal' knowledge… while refusing Plaintiffs request to reconstruct the record, supporting 28 U.S.C. 455(b) mandatory disqualification (e) and the Court's statement that would draft an order in the U.S. behalf that day or immediately after the hearing off the record in January, 2007.

(5) The U.S. never provides one case upon which the Court can rely, in light of the undisputed 1983 contract, to rebut the Plaintiffs' cases showing when questions of fact go to merits and jurisdiction, RCFC 56 is the standard, not 12. Nor does the U.S. explain how *res judicata*, for this Court, can be applied without questioning the jurisdiction of another Court who expressly states it was ruling against the Plaintiffs by avoiding the 1983 contract issue altogether, thus attempting to circumvent this Court's jurisdiction.

**Here, at no time, in ANY Court has there been one scintilla of credible evidence to show these Plaintiffs ever owed anything further after full payment in 1983 or that there was evidence of a timely valid assessment or written notice and demand that would provide the U.S. with standing in the District Court.** For over a decade the Plaintiffs were denied the essential documents to show this fact, *that is undisputed in these responses*. All any Court had to do is simply ask for the credible evidence supporting the government claims, as mandated under IRC 7491, and the U.S. has none. Depriving the Plaintiffs of having the U.S. answer their complaint, and hearings on the record, going to the merits and to this Court's jurisdiction, as undisputed by the U.S. responses, deprives them of traditionally available adversarial tools, and the

Appellate Court of an adequate reliable record upon which to rely, likewise, for these Plaintiffs to challenge.

A closing agreement, to be valid, requires high-level approval, *Urso v. United States*, 72 F.3d 59, 60 (7th Cir. 1995), and the requirement would be undermined if after five years of silence after payment, the U.S. could (1) claim it meant something different by separating 1974 that was NEVER intended to be separated by the 1983 parties, (2) consistently make false claims as to these *NOW RECOGNIZED Plaintiffs full payment* and UNDISPUTED lack of valid assessments, and other Plaintiffs' claims, (3) violate nearly every Congressional protection for these Plaintiffs, and (4) profit by its own drafted ambiguities that do not identify with particularity the interest to be applied **fn. 10**, computer inadequacies, (5) profit from UNDISPUTED withholding evidence for over a decade disallowed as 'untimely', fn.17, *supra*, denying the Problems Resolution person aid, (6) profit from the UNDISPUTED affirmative misrepresentation to the Plaintiffs and their counsel that their records were destroyed (Plt. Ap. 64), not available, (P. Ap. 163-179), or that no consents for statute extensions for assessments had been signed by them (Plt. App. 137-138 compare 57-59), essential for calculating the assessment statute expiration date, (7) all the while the IRS and DOJ had open access to records and the REV. Officer even documents there are 'no open issues on 1974" (P. App. 68), and that 'restricted interest' applied on the account, not full statutory interest as the U.S. has been maintaining. (P. Aplt. 72).

Without dispute, or answer by the U.S., the U.S. *intentionally* never timely assessed to accommodate a computer the Treasury Department has stated to Congress is absolutely incapable of calculating 'restricted interest' (P. Aplt. 72), or issued collection

notices for 'closed' tax years. (P. App. 62a). See, http://www.ustreas.gov/offices/tax-policy/library/t0neting.pdf at page 8-10. Congress absolutely demands that any burden shift to the government. Yet here, all courts for these Plaintiffs are oblivious to 26 U.S.C. §7491, *res judicata* of the 1983 contract, the Tucker Act, and due process required under 28 U.S.C. 455(a),(b), the bars of I.R.C. §§7121, 6215, in reality, for these Plaintiffs to have no meaning, or equal application in light of *Crnkovich* ,*Christopher Village,* and *Broughton Lumber*. Fn. 16.

The Plaintiffs are not litigious, not 'reneggers' on the 2001 non existant 'deal' supported by evidence, as excluded by every Court to date without a formal U.S. challenge.. Under*Dynes, supra*, the Plaintiffs have an entitlement to the Court of Federal Claims assistance. Proceedings are verified under, ATTACHMENT A, under the Court of Appeals Federal Circuit Rule 10(b)(3) and this counsel's affidavit of proceedings. A complimentary copy of documents regarding the Federal Circuit Court, very coincidently, *sua sponte* proceedings, were served on this Court and opposing counsel.

Based on the foregoing, the motion for disqualification and transfer of the case to another court should be granted. The Court is aware of the Federal Circuit proceedings, and that they are looking at the same questions. If no Court can provide relief under this 1983 contract, given all the statutory violations, perhaps the only remedy left to these Plaintiffs for their protection, peace and finality, will have to be a private bill through a Congressional act, after a thorough investigation.

February 15, 2007

/s/ Susan Rose, Utah Bar. No. 7985
ATTORNEY FOR THE PLAINTIFFS
9553 South Indian Ridge Drive
Sandy, Utah 84092

ATTACHMENT A

**STATEMENT OF PROCEEDINGS**

**SIMONS V. UNITED STATES, DKT. NO. 06-115 COURT OF FEDERAL CLAIMS**

**August 15, 2006** conference call: The Court expressed total support for the government's position on dismissal. Then the Court asked about the torts in the complaint. Plaintiffs counsel explained that the torts were directly related to the breaches or long line of breaches of the 1983 contract. The Court stated it had not read the claims closely and would do that. The Plaintiffs' counsel requested a hearing on their evidence before an impartial tribunal, prior to any dismissal order being drafted. The Court said that it would give them such a hearing, with a court reporter and the date would be set at a later time. The Court stated the hearing would be telephonic. Defendants' counsel stated he could appear personally. The Court stated that if Plaintiffs would not be there personally, the Defendants counsel would not be either. The Court stated it would read the Plaintiffs' complaint more closely.

No prior notice as to discussion on the merits was given. A call to chambers confirms no tape or transcript was officially made by the Court.

**January 11, 2007** conference call. The Court stated she had not read the Plaintiffs' rule 59,60 motion. Plaintiffs counsel explained that it is impossible to file an amended complaint claiming a contract existed in 2001, as the 1983 contract was fully paid and not one aspect of a contract could be found to be attached to any 2001 handwritten offer. It was explained the government made a counteroffer the Plaintiffs never accepted, but that the District Court, without seeing the government's written response to the handwritten offer, declared there was a contract and then chastised the Plaintiffs for not honoring it. The Court asked questions about the District Court proceedings and the facts of why the District Court judgment was void were explained citing to evidence incorporated into the complaint. It was pointed out that the facts as to the merits and to the Court's jurisdiction were the same. All agreed the Rule 54 motion was moot as the Plaintiffs could not claim a 2001 contract existed. Plaintiffs explained that the motions before the court were to provide the court with maximum flexibility in its orders, not to overburden the Court or opposing counsel.

The proceedings were on the merits. It became evident that the facts underlying the District Court's case and jurisdiction were important for this Court's jurisdiction. Plaintiffs' counsel asked, what is the proper standard for dismissal when the facts go to both merits and jurisdiction, and there was no response from the government or the Court. Plaintiffs were unaware that the Court would not consider their evidence prior to dismissal because the dismissal order cited to the $49,546.55 check. The Court stated that it was the Plaintiffs' burden to prove their claims, yet also stated the Court would not take into consideration any evidence.

Plaintiffs explained there was about at least nine evidences of full payment, thereby giving the government no standing in the District Court, depriving the District Court of jurisdiction making its judgments void. Also, there was a lack of a timely assessment for year 1974 and lack of written notice and demand that would prohibit further collections by the government and was done so with manager approval in accord with the full payment of the 1983 contract. Plaintiffs also argued that there are about five kinds of statutory interest, and the code under 1314(d) prohibits full interest all the way back to the date of the return. Also the District Counsel's decision shows the delay in

resolving the three tax years in 1983 was the delay in the government's ministerial duty. Also, Plaintiffs asked the Court to make the government answer two questions: How did the Plaintiffs not fully pay and was there a timely assessment. Plaintiffs asserted that their evidence was not only unchallenged, but unchallengeable.

Once the government's counsel, without citing to any evidence to contradict the Plaintiffs' evidence of full payment, stated the bald assertion that the Plaintiffs only paid for 1973 and not hardly anything on 1974, the Court stated it would issue draft an order 'today', in the government's behalf. The government never responded to the claim of no timely assessment that would equally deprive the District Court of granting the government any relief. The government also, in a disgusted tone of voice, stated the damages were about $75 million. The Court, in an equally disgusted tone of voice, said, yes I saw that too. The government called the Plaintiffs litigious. The Court asked if there were any other suits pending and the government answered no. The government stated the government claims were considered fully paid with the $55,000. The government and court did not address the statutory claims arising from under IRS code 60 and 108 that are different claims.

The government never made an argument that the facts of whether the Plaintiffs owed or did not owe were irrelevant. The government argued that the Plaintiffs' should have paid all years in 1983. Plaintiffs' responded they did and further, how can Plaintiffs' pay for something without demand? It was due to the lack of written notice and demand that the Plaintiffs are deprived of showing why and what the government collected in 1983. It was pointed out that the Plaintiffs contemporaneously recorded the amount to be paid on a business card, appendix 141, when the amount was verbally collected, and that they have restructured the amount paid, using income averaging, and an 8 place factoring table applicable by rev. proc. At the time, to within 7 cents of what was paid and you don't do that unless the government did so identically, according to a 23 year IRS appeals officer veteran.

The Court stated the government could have as long as it wished to respond to the motion. That it would draft the order that day. That the government need not answer anything it didn't want to answer. The Court said an answer to the Rule 59,60 motion, would have to be filed because the appeals court is concerned with parties being given as much possible chance to make their case. It was evident that the Court was not giving any credence to the Plaintiffs' evidence.

The Court stated it never intended to have a hearing on the merits. The Court had the ability to stop such proceedings at any time and instead asked questions. The Court also asked if counsel had attempted settlement. Counsel explained she had met with the U.S. attorney for Utah Mr. Brett Tolman and that he said he would look into the matter in Washington, but then the Court issued its dismissal order, so what was left to discuss?

The Court stated it would not bar any further motions, that it recognized the Plaintiffs' duty to protect their clients interest in litigation. But the statement was cautionary.

No prior notice as to the proceedings being one on the merits was given. A call to chambers 1/17/07 confirms no tape or transcript was made by the Court.

Written 1-17-07
mailed to opposing Counsel
nearly three weeks
prior to 2-15-07 Susan Rose