# In the United States Court of Federal Claims

No. 06-115C
Filed: February 21, 2007
**TO BE PUBLISHED**

*************************************
                                      *
DANNY C. SIMONS and                   *
SALLY J. SIMONS,                      *
                                      *
    Plaintiffs,                      *
                                      *
                                      *    Jurisdiction;
v.                                    *    RCFC 7, 12(b), 15(a), 54(b), 59, 60(b);
                                      *    *Res Judicata.*
THE UNITED STATES,                    *
                                      *
    Defendant.                       *
                                      *
*************************************

**Susan Rose,** Sandy, Utah, counsel for plaintiff.

**Michael N. O'Connell, Jr.,** United States Department of Justice, Commercial Litigation Branch, Washington, D.C., counsel for defendant.

### MEMORANDUM OPINION AND FINAL JUDGMENT

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY.**[1]

    This case arises from a long-standing dispute between Plaintiffs and the Internal Revenue Service ("IRS") regarding two settlement agreements that were intended to resolve all litigation concerning disputed tax payments made in the 1970s and 1980s. The First Settlement Agreement resolved two tax deficiency cases that were pending before the United States Tax Court, memorialized "by agreement of the parties" in two decisions of that court issued on April 22, 1983. *See* Decision, *Simons et al.* v. *Comm'r of Internal Revenue*, No. 10312-79 (T.C. Apr. 22, 1983); Decision, *Simons et al.* v. *Comm'r of Internal Revenue*, No. 10316-80 (T.C. Apr. 22, 1983). The Second Settlement Agreement resolved a case instituted in 1992 in the United States District Court for the District of Utah to collect a 1974 tax assessment, as well as tax deficiencies for 1982 and 1987. *See United States* v. *Simons*, 86 Fed. Appx. 377 (10th Cir. 2004) (affirming the District Court's ruling that Plaintiffs had entered into a valid, binding settlement agreement ending the tax litigation.)

---

[1] The relevant facts previously were discussed in the court's November 30, 2006 Memorandum Opinion and Order. *See Simons* v. *United States*, __ Fed. Cl. __, 2006 WL 3488862.

On November 30, 2006, the court issued a Memorandum Opinion and Order granting-in-part and denying-in-part the Government's June 29, 2006 Corrected Motion to Dismiss. Therein, the court dismissed Plaintiffs' April 3, 2006 Amended Complaint, except those allegations that appeared to state a claim for breach of the Second Settlement Agreement. Plaintiffs were granted leave to amend the Complaint to provide a more definite statement of such a claim so the court could ascertain whether jurisdiction had been established. *See Simons* v. *United States*, __ Fed. Cl. __, 2006 WL 3488862 at *7.

On December 8, 2006, Plaintiffs filed a Motion for Clarification, Amendment and Reconsideration/Reversal of the Court's November 29, 2006 Order of Dismissal, pursuant to RCFC 59 and 60. On December 11, 2006, Defendant ("Government") filed a Response. On December 15, 2006, Plaintiffs filed a Reply. On December 15, 2006, Plaintiffs also filed a Motion for Entry of Judgment under RCFC 54(b). On January 8, 2007, Plaintiffs filed a Notice of Appeal indicating their intent to "appeal to the United States Court of Appeals for the Federal Circuit from this Court's [November 30, 2006] dismissal, pursuant to judgment/order." On January 9, 2007, Plaintiffs filed a Motion to Stay Proceedings.

On January 10, 2007, the court held a telephone status conference to ascertain whether Plaintiffs intended to further amend the April 3, 2006 Amended Complaint. Plaintiffs' attorney represented that, because Plaintiffs contested the validity of the Second Settlement Agreement, they elected not to amend. During that conference the court entertained argument on Plaintiffs' December 8, 2006, Motion for Clarification, Amendment, and Reconsideration/Reversal. Thereafter, the court advised the parties that an Order would be issued, converting the November 30, 2006 Memorandum Opinion and Order to a Final Judgment dismissing Plaintiffs' April 3, 2006 Amended Complaint. The court requested that the Government file a summary document in response to Plaintiffs' remaining motions by February 2, 2007. The court also invited Plaintiffs to file a Reply.

On January 11, 2007, Plaintiffs filed a Motion and Memorandum to Apply a RCFC 56 Standard for Dismissal Instead of a RCFC 12 Standard. On January 19, 2007, the Government filed a Supplemental Response to Plaintiffs' December 8, 2006 Motion for Clarification, Amendment and Reconsideration/Reversal. On February 6, 2007, the Government filed a Response to Plaintiffs' January 11, 2007 Motion to Apply a RCFC 56 Standard for Dismissal.

On January 22, 2007, Plaintiffs filed a Motion and Memorandum to Disqualify the Court and Reassign Case. On February 1, 2007, the Government filed an Opposition. On February 15, 2007, Plaintiffs filed a Reply.

## II. DISCUSSION.

### A. Plaintiffs' April 3, 2006 Amended Complaint Does Not State A Claim Over Which The United States Court of Federal Claims Has Jurisdiction.

As discussed herein, the court's November 30, 2006 Memorandum Opinion and Order dismissed Plaintiffs' April 3, 2006 Amended Complaint, except those allegations that appeared to

state a claim for breach of the Second Settlement Agreement. Accordingly, Plaintiffs were provided with the opportunity to further amend the April 3, 2006 Amended Complaint to provide a more definite statement of such a claim. Plaintiffs, however, have elected not to further amend. Since the April 3, 2006 Amended Complaint does not state a claim over which the court has jurisdiction, the Clerk of the United States Court of Federal Claims is hereby ordered to dismiss Plaintiffs' April 3, 2006 Amended Complaint.

### B.   The Court's Disposition Of Other Outstanding Motions.

In order to facilitate any appeal of the court's November 30, 2006 Memorandum Opinion and Order and this Memorandum Opinion and Final Judgment to the United States Court of Appeals for the Federal Circuit, the court hereby resolves other outstanding motions filed by Plaintiff.

#### 1.   Plaintiffs' June 13, 2006 Motion To Strike.

On June 13, 2006, Plaintiffs filed a Motion to Strike the Government's May 13, 2006 Motion to Dismiss. On November 30, 2006, the court issued a Memorandum Opinion and Order granting-in-part, and denying-in-part the Government's June 29, 2006 Corrected Motion to Dismiss. Because Plaintiffs' June 13, 2006 Motion to Strike addressed substantive issues raised by the Government in the May 13, 2006 Motion to Dismiss, the court treated Plaintiffs' Motion to Strike as a Response to the Government's Motion to Dismiss. *See Simons*, 2006 WL 3488862 at *2 ("On June 13, 2006, Plaintiffs filed a Response [to the Government's Motion to Dismiss], captioned as a Motion to Strike the Government's Motion to Dismiss."). Plaintiffs' June 13, 2006 Motion to Strike, however, is now moot in light of the court's jurisdictional ruling herein.

#### 2.   Plaintiffs' June 29, 2006 Motion To Amend Pleadings.

On June 29, 2006, Plaintiffs filed a Motion to Amend Pleadings to add a claim of fraud upon the court arising from prior litigation before the United States District Court for the District of Utah. *See* Plaintiffs' Memorandum in Support of Motion to Amend Complaint at 1, *Simons* v. *United States*, 06-115C (Fed. Cl. June 29, 2006). This claim apparently is based upon Plaintiffs' belief that the Government's Motion for Summary Judgment filed in the United States District Court for the District of Utah was "filled with misrepresentations." *See* Plaintiffs' Motion to Amend at 2, *Simons* v. *United States*, 06-115C (Fed. Cl. June 29, 2006) ("Pl. Mot. Amend").

Under RCFC 15(a), a party may only amend a pleading once as a matter of course; all subsequent amendments are within the discretion of the trial court. *See* RCFC 15(a); *see also Mitsui Foods, Inc.* v. *United States*, 867 F.2d 1401, 1403 (Fed. Cir. 1989). Grounds for denying a motion to amend under RCFC 15(a) include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Te-Moak Bands of Western Shoshone Indians of Nevada* v. *United States*, 948 F.2d 1258, 1260 (Fed. Cir. 1991) (citing *Foman* v. *Davis*, 371 U.S. 178, 182 (1962)); *see also Mitsui Foods, Inc.* v. *United States*, 867 F.2d 1404-04 (Fed. Cir. 1989). Where "futility is asserted as a basis for denying a

proposed amendment, courts do not engage in an extensive analysis of the merits of the proposed amendments[.] . . . Instead, courts simply decide whether a party's proposed amendment is facially meritless and frivolous[.]" *St. Paul Fire & Marine Ins. Co.* v. *United States*, 31 Fed. Cl. 151, 155 (1994) (citing *State of Alaska* v. *United States*, 15 Cl. Ct. 276, 280 (1988)).

Plaintiffs' June 29, 2006 Motion to Amend Pleadings seeks to relitigate a Motion for Summary Judgment filed by the Government in prior litigation in another federal forum. *See* Pl. Mot. Amend at 4-9.c  Plaintiffs had the opportunity to contest the Government's Motion for Summary Judgment in the United States District Court of Utah. In fact, as the Government explains, Plaintiff made these arguments in that litigation and they were rejected by the District Court. *See* Response at 2-4, *Simons* v. *United States*, 06-115C (Fed. Cl. July 17, 2006). Accordingly, Plaintiffs' Motion to Amend Pleadings is denied on grounds of futility, since the proposed claim is barred by *res judicata*. *See Federated Dep't Stores, Inc.* v. *Moitie*, 452 U.S. 394, 398 (1981) ("[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

### 3. Plaintiffs' July 13, 2006 Motion For Partial Summary Judgment.

Because the court has determined that it does not have jurisdiction to adjudicate any of the claims alleged in Plaintiffs' April 3, 2006 Amended Complaint, Plaintiffs' July 13, 2006 Motion for Partial Summary Judgment is also denied as moot.

### 4. Plaintiffs' July 14, 2006 Motion To Correct Clerical Errors.

On July 14, 2006, Plaintiffs filed a Motion to Correct Clerical Errors in Plaintiffs' July 13, 2006 Motion for Summary Judgment and Plaintiffs' July 14, 2006 Reply. Because the court does not have jurisdiction to adjudicate any of the claims alleged in Plaintiffs' April 3, 2006 Amended Complaint, this motion is also denied as moot.

### 5. Plaintiffs' July 14, 2006 Motion To Strike; July 19, 2006 Motion For A Hearing Thereon; August 5, 2006 And August 9, 2006 Motions To Strike.

On July 14, 2006, Plaintiffs filed a Motion to Strike the Government's June 30, 2006 Response to Plaintiffs' June 13, 2006 Motion to Strike, citing RCFC 7 and 12(f). On August 5, 2006, Plaintiffs filed a Motion to Strike Defendant's July 31, 2006 Response. On August 9, 2006, Plaintiffs also filed a Motion to Strike the Government's August 2, 2006 Reply.

Because the court does not have jurisdiction to adjudicate any of the claims alleged in Plaintiffs' April 3, 2006 Amended Complaint, Plaintiffs' July 14, 2006, July 19, 2006, August 5, 2006 and August 9, 2006 motions are denied as moot.[2]

### 6.  The Government's July 18, 2006 Motion To Stay Responses.

On July 18, 2006, the Government filed a Motion to Stay Plaintiffs' July 13, 2006 Motion for Partial Summary Judgment and Plaintiffs' July 14, 2006 Motion to Strike. Because the court does not have jurisdiction to adjudicate any claims alleged in Plaintiffs' April 3, 2006 Amended Complaint, this motion is denied as moot.

### 7.  Plaintiffs' September 1, 2006 Motion To Stay Proceedings.

On September 1, 2006, Plaintiffs filed a Motion to Stay Proceedings until the United States District Court for the District of Utah considered a Motion to Vacate, filed by Plaintiffs, regarding the Second Settlement Agreement. On December 11, 2006, the United States District Court for the District of Utah denied Plaintiffs' Motion to Vacate. *See* Order, *United States* v. *Simons*, No. 92-1071 (D. Utah Dec. 11, 2006). Accordingly, Plaintiffs' September 1, 2006 Motion to Stay Proceedings is denied as moot.

### 8.  Plaintiffs' December 8, 2006 Motion For Clarification, Amendment And Reconsideration/Reversal Of The Court's November 29, 2006 Order Of Dismissal.

On December 8, 2006, Plaintiffs filed a Motion for Reconsideration of the court's November 30, 2006 Memorandum Opinion and Order, pursuant to RCFC 59. Because Plaintiffs have failed to identify or evidence any manifest error of law or mistake of fact, however, Plaintiffs' Motion for Reconsideration is denied. *See Coconut Grove Entm't, Inc.* v. *United States,* 46 Fed. Cl. 249, 255 (2000) (holding that to prevail on a Motion for Reconsideration, a movant must "point to a manifest error of law or mistake of fact" (citing *Franconia Assoc.* v. *United States*, 44 Fed. Cl. 315, 316 (1999))).

Plaintiffs' December 8, 2006 Motion also seeks relief from the court's November 30, 2006 Memorandum Opinion and Order pursuant to RCFC 60(b). RCFC 60(b) allows the court to "relieve

---

[2] Assuming, *arguendo*, that the court had jurisdiction over any claims alleged by Plaintiffs, RCFC 12(f) states that "the court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." RCFC 12(f). RCFC 7 defines a "pleading" as a complaint, an answer, and a reply to a counterclaim. *See* RCFC 7(a). Accordingly, neither a Response to a Motion, nor a Reply to a Response to a Motion, is a pleading for purposes of RCFC 12(f). Therefore, for these additional reasons, these motions are denied.

a party . . . from a final judgment, order, or proceeding" for six enumerated reasons.[3]  *See* RCFC 60(b).  Plaintiffs' Motion fails to state the particular grounds under which they seek relief pursuant to RCFC 60(b).  *See* RCFC 7(b)(1) ("An application to the court for an order shall be by motion which . . . *shall state with particularity the grounds therefor*[.]") (emphasis added).  Furthermore, Plaintiffs' Motion does not provide a substantive basis for the court to grant relief from the November 30, 2006 Memorandum Opinion and Order.  *Id*.  Instead, Plaintiffs reargue the same contentions raised in other motions.  Accordingly, Plaintiffs' December 8, 2006 Motion is denied.

> 9.      **Plaintiffs' December 15, 2006 Motion For Entry Of Judgment Under RCFC 54(b).**

On December 15, 2006, Plaintiffs filed a Motion for Entry of Judgment, pursuant to Rule 54(b).  RCFC 54(b) provides that where there is more than one claim for relief, the court may enter final judgment as to one or more, but fewer than all of the claims, upon the "express determination that there is no just reason for delay."  *See* RCFC 54(b).  Since Plaintiffs have elected not to amend the April 3, 2006 Amended Complaint to allege a claim over which this court has jurisdiction, the court has entered a final judgment dismissing Plaintiffs' April 3, 2006 Amended Complaint.  Accordingly, Plaintiffs' December 15, 2006 Motion for Entry of Judgment is denied as moot.

> 10.     **Plaintiffs' January 9, 2007 Motion To Stay Proceedings**.

On January 9, 2007, Plaintiffs filed a Motion to Stay Proceedings, "under RCFC Rule 62 and 7 . . . due to an appeal of this Court's November 30, 2006 Order that dismissed the Plaintiffs' entire complaint, with permission to amend, and the appeal from the United States District Court of Utah, central division, refusal to vacate its judgment/orders of 2001, and 2002, [sic] refusal to remand these Plaintiffs' Contract claims to this Court."  *See* Memorandum Supporting Motion to Stay at 1, *Simons* v. *United States*, 06-115 (Fed. Cl. Jan. 9, 2007).  Plaintiffs' January 9, 2007 Motion is denied since this case is not a proper subject for interlocutory appeal and the court's Final Judgment entered herein provides Plaintiff with the opportunity to appeal.

---

[3] RCFC 60(b) allows the court to relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . , misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

RCFC 60(b).

> **11.  Plaintiffs' January 11, 2007 Motion To Apply A Rule 56 Standard For Dismissal Instead Of A Rule 12 Standard.**

On January 11, 2007, Plaintiffs filed a Motion to Apply a Rule 56 Standard for Dismissal of the Complaint Instead of a Rule 12 Standard.  *See* Memorandum in Support of Plaintiffs' Motion at 1, *Simons* v. *United States*, 06-115C (Fed. Cl. Jan. 11, 2007).

The United States Court of Federal Claims may grant reconsideration "for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States."  RCFC 59(a)(1).  The decision to grant a motion for reconsideration is within the court's discretion.  *See Yuba Natural Res., Inc.* v. *United States,* 904 F.2d 1577, 1583 (Fed. Cir. 1990) (holding that "the decision whether to grant reconsideration lies largely within the discretion of the [trial] court").  To prevail, the moving party must identify a manifest error of law or mistake of fact.  *See Coconut Grove Entm't, Inc.* v. *United States,* 46 Fed. Cl. 249, 255 (2000) (holding that a movant must "point to a manifest error of law or mistake of fact").

RCFC 59(b) provides that "a motion for . . . reconsideration . . . *shall be filed no later than 10 days* after the entry of judgment."  RCFC 59(b) (emphasis added).  Plaintiffs motion, however, was not filed until January 11, 2007, well after the ten day time period had elapsed.  Accordingly, Plaintiffs' January 11, 2007 Motion to Apply a Rule 56 Standard for Dismissal of the Complaint is denied.

> **12.  Plaintiffs' January 22, 2007 Motion to Disqualify.**

Finally, on January 22, 2007, Plaintiffs filed a Motion to Disqualify requesting that the court to reassign this case to a new judge.  Because the United States Court of Federal Claims does not have jurisdiction to adjudicate any claims alleged in Plaintiffs' April 3, 2006 Amended Complaint, the court also denies this motion.

### III.  CONCLUSION.

The Clerk of the United States Court of Federal Claims is directed to dismiss Plaintiffs' April 3, 2006 Amended Complaint.  In addition, with respect to other outstanding motions, the parties and the Clerk are advised of the following final dispositions:

> Plaintiffs' June 13, 2006 Motion to Strike was converted to a Response to the Government's May 13, 2006 Motion to Dismiss at the direction of the court, and is moot;
>
> Plaintiffs' June 29, 2006 Motion to Amend Pleadings is denied;
>
> Plaintiffs' July 13, 2006 Motion for Partial Summary Judgment is denied as moot;
>
> Plaintiffs' July 14, 2006 Motion to Correct Clerical Errors is denied as moot;

Plaintiffs' July 14, 2006 Motion to Strike, July 19, 2006 Motion for a hearing thereon, August 5, 2006 and August 9, 2006 Motions to Strike are denied as moot;

Defendant's July 18, 2006 Motion to Stay Responses is denied as moot;

Plaintiffs' July 19, 2006 Motion seeking a hearing on Plaintiffs' Motions to Strike is denied;

Plaintiffs' September 1, 2006 Motion to Stay Proceedings is denied;

Plaintiffs' December 8, 2006 Motion for Clarification, Amendment and Reconsideration/Reversal of the Court's November 29, 2006 Order of Dismissal is denied pursuant to RCFC 54(b);

Plaintiffs' December 15, 2006 Motion for Entry of Judgment under Rule 54(b) is denied as moot;

Plaintiffs' January 9, 2007 Motion to Stay Proceedings is denied;

Plaintiffs' January 11, 2007 Motion to Apply a Rule 56 Standard for Dismissal is denied as untimely filed; and

Plaintiffs' January 22, 2007 Motion to Disqualify is denied as moot.

**IT IS SO ORDERED.**

    s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**